1  RICHARD A. JONES (Bar No. 135248)
   (rjones@cov.com)
2  COVINGTON & BURLING LLP
   One Front Street
3  San Francisco, CA 94111
   Telephone: (415) 591-6000
4  Facsimile: (415) 591-6091

5  (*Additional Counsel on Signature Page*)

6  Attorneys for Plaintiff
   Roots Ready Made Garments Co. W.L.L.

7

8

9

10 **IN THE UNITED STATES DISTRICT COURT
   FOR THE NORTHERN DISTRICT OF CALIFORNIA**

11

12 ROOTS READY MADE GARMENTS CO. W.L.L.,

                Plaintiff,                    Case No: C 07 3363 CRB

14       v.                                   PLAINTIFF'S MOTION TO
                                              CONSOLIDATE RELATED ACTIONS
15 THE GAP, INC., a/k/a, GAP, INC., GAP       PURSUANT TO FED. R. CIV. P. 42(a); and
   INTERNATIONAL SALES, INC., BANANA          EX PARTE ADMINISTRATIVE MOTION
16 REPUBLIC, LLC, AND OLD NAVY, LLC,          FOR AN EXPEDITED HEARING
                                              PURSUANT TO Local Rules 7-10, 7-11
17              Defendants.
                                              Date: TBD
18                                            Time: TBD
                                              Judge: Charles R. Breyer
19

20 GABANA GULF DISTRIBUTION LTD., and
   GABANA DISTRIBUTION LTD.,
21                                            Case No.: C 06 2584 CRB
                Plaintiffs,
22
         v.
23 GAP INTERNATIONAL SALES, INC., THE
   GAP, INC., BANANA REPUBLIC, LLC, AND
24 OLD NAVY, LLC,

25              Defendants.

26

27                                                              NY: 554796-3

28 MOTION TO CONSOLIDATE;
   EX PARTE MOTION FOR EXPEDITED HEARING
   C 06 2584 CRB
   C 07 3363 CRB

1  Pursuant to Fed. R. Civ. P. 42(a), Plaintiff Roots Ready Made Garments Co.
2  W.L.L. ("Roots") hereby applies for an Order consolidating two closely-related actions pending
3  in this Court against the same defendants — *Gabana Gulf Distribution Ltd., et al. v. Gap
4  International Sales, Inc., et al.*, C 06 2584 CRB (the "Gabana Action"), and *Roots Ready Made
5  Garments Co. W.L.L. v. The Gap, Inc., et al.*, C 07 3363 CRB (the "Roots Action").

6  Roots is simultaneously filing an *Ex Parte* Administrative Motion requesting that
7  the Court hold a hearing on the motion on Monday, July 30, or as soon thereafter as possible, so
8  that the actions may be consolidated in time for Roots to participate in depositions scheduled to
9  occur in the Gabana Action in Paris the week of August 6. Roots learned in recent days that
10 these depositions had been scheduled.

## BACKGROUND

12 The Gabana Action and the Roots Action arise out of the same transactions,
13 assert virtually identical causes of action, and seek to recover the same money based on the
14 purchase of the same goods.

15 In their April 21, 2006 First Amended Complaint, Gabana Gulf Distribution Ltd.
16 and Gabana Distribution Ltd. (together, "Gabana") allege that in 2003, they purchased 1.7
17 million pieces of outdated excess inventory from The Gap, Inc. ("Gap") for $6 million — an
18 amount above the fair market value of the inventory. *See* Gabana First Am Compl. ¶¶ 14, 18.
19 Gabana alleges that, in exchange, Gap promised to grant Gabana distribution rights for more
20 valuable Gap merchandise in the Middle East and Switzerland, *see id.* ¶¶ 17-18, and that Gap
21 wrongfully prevented Gabana from exercising the distribution rights. Gap ultimately terminated
22 its distribution agreement with Gabana without good cause. Gabana asserts claims for breach of
23 contract; breach of the implied covenant of good faith and fair dealing; interference with
24 prospective economic advantage; fraud; unlawful and unfair business practices; and quasi-
25 contract/quantum meruit. *See id.* ¶¶ 39-77. Gabana also seeks a declaratory judgment as to its
26 rights under its distribution agreement with Gap. *See id.* ¶¶ 78-81.

1    Roots and Gabana worked closely together on the transactions involving Gap
2    merchandise. *See* Roots Compl. ¶¶ 16-36. In fact, for a period of time, including at the time
3    Gabana filed its lawsuit, a principal of Gabana, Francois Larsen, served as the CEO of Roots.
4    We are informed that, in June 2006, disagreements arose between Roots and Mr. Larsen, and he
5    left Roots. In the months that followed, Roots and Gap had discussions and email
6    communications concerning a possible business resolution of the issues between them. (Haney
7    Decl. ¶ 8, Ex. 1.) Roots wanted to avoid litigation, and in June 2007 requested a tolling
8    agreement from Gap to facilitate further planned discussions. (Haney Decl. ¶ 9, Ex. 2.) Roots
9    commenced this action shortly after Gap refused to provide the tolling agreement. (Haney Decl.
10   ¶ 10.)

11   In its Complaint, filed on June 26, 2007, Roots alleges that Gabana, acting on
12   behalf of Gap, solicited Roots to purchase the same excess inventory from Gap; that Roots —
13   not Gabana — ultimately paid the $6 million for the merchandise; and that Gap promised in
14   exchange to grant Roots rights to distribute more valuable Gap apparel in the Middle East.
15   *See* Roots Compl. ¶¶ 16-32. Roots asserts claims for breach of contract; unlawful, unfair, and
16   fraudulent business practices in violation of California's Business & Professions Code § 17200;
17   fraud; tortious interference with contract; tortious interference with prospective business
18   relations; breach of the covenant of good faith and fair dealing; promissory estoppel; quantum
19   meruit; and unjust enrichment. *See id.* ¶¶ 60-100.

20   Discovery in the Gabana Action is ongoing, and a trial date has been set for
21   December 3, 2007. Roots has been informed that three depositions have occurred thus far: Gap
22   executives Ron Young and Jon Ehlen, and a 30(b)(6) deposition of Gabana. Additional
23   depositions are scheduled for the end of the July and the week of August 6, including Jim Bell
24   (former manager of Gap's Outlet Division); Amin El Sokary (a business partner of Gabana's
25   principal); one of the principals of GS, a Lebanese retailer; and a 30(b)(6) deposition of Gap.

26
27
- 2 -
28
MOTION TO CONSOLIDATE;
EX PARTE MOTION FOR EXPEDITED HEARING
C 06 2584 CRB
C 07 3363 CRB

1    Because the Gabana Action and the Roots Action involve the same factual and
2 legal issues, discovery in the two cases will overlap substantially. Roots is ready and able to
3 participate in discovery immediately. Gap and Gabana have already produced a number of
4 documents that will be relevant to the Roots Lawsuit. Roots understands that these documents
5 are available in a searchable electronic database, which will facilitate an expeditious review by
6 Roots. Roots has also assembled significant documents in its possession, and will be prepared
7 to produce them immediately.

8    Roots will need to take the depositions of the same witnesses that are to be
9 deposed in the Gabana Action. With respect to witnesses who have already been deposed,
10 Roots may need the opportunity to ask a limited number of additional questions. Because a
11 round of depositions is scheduled to occur in the Gabana Action in Paris the week of August 6,
12 Roots seeks an expedited hearing on its motion to consolidate the Gabana Action and the Roots
13 Action, so that it can participate in these depositions. Although a brief extension of fact
14 discovery — which we understand is currently scheduled to be completed in mid August —
15 may be required, Roots believes that if the Court grants consolidation, discovery could
16 nevertheless be completed in time for the trial to commence on December 3, 2007. In the
17 interests of efficiency, and to obviate the risk of inconsistent judgments, Roots requests that the
18 Court consolidate the Gabana Action and the Roots Action for trial, as well.

19    Gabana's counsel has indicated that Gabana supports a Motion to Consolidate the
20 Gabana Action and the Roots Action, provided that the December 3 trial date is not postponed.
21 Gap, however, opposes the motion.

22
**ARGUMENT**
23
   Fed. R. Civ. P. 42(a) provides that "[w]hen actions involving a common question
24 of law or fact are pending before the court," the court may order the actions consolidated, and
25 may issue any other orders necessary "to avoid unnecessary costs or delay." Rule 42 is intended
26 to encourage consolidation of actions in order to avoid unnecessary duplication of proceedings

- 3 -

28    MOTION TO CONSOLIDATE;
EX PARTE MOTION FOR EXPEDITED HEARING
C 06 2584 CRB
C 07 3363 CRB

1   and eliminate the risk of inconsistent judgments, provided that consolidation will not result in
2   prejudice to any party.  *See Internet Law Library, Inc. v. Southridge Capital*, 208 F.R.D. 59, 61
3   (S.D.N.Y. 2002).  "The district court has broad discretion under this rule to consolidate cases
4   pending in the same district."  *Investors Research Co. v. U.S. Dist. Ct. for the Cent. Dist. of*
5   *Calif.*, 877 F.2d 777 (9th Cir. 1989).

6   Because of the overlap of factual and legal issues in the Gabana Action and the
7   Roots Action, consolidation will serve the interests of all the parties, and of the Court.  Both
8   action involve:

> **The same witnesses** (*e.g.*, Gap officers Ron Young, Jim Bell, and
> Jon Ehlen, and Gabana's principal, Francoise Larsen);
>
> **The same documents** (*e.g*., the same contracts, and the same
> emails and other documents relating to the negotiation of the
> relationship between the parties);
>
> **The same legal theories** (*e.g.*, claims against Gap for breach of
> contract, fraud, violations of Cal. Bus. & Prof. Code § 17200;
> intentional interference with business relations; and unjust
> enrichment); and
>
> **The same factual issues** (*e.g.*, the promises Gap made to induce
> Roots or Gabana to purchase the excess inventory, and the reasons
> Gap ended its business relationship with Gabana and Roots).

18  It would be grossly inefficient to conduct two separate proceedings relating to the same dispute.
19  The Court would literally be listening to the same witnesses twice, being cross examined with
20  two depositions (in two cases) about the same factual matters.

21  Most immediately, the Court should grant consolidation to facilitate the
22  coordination of discovery.  "Consolidation of actions in their pretrial stage, under many
23  circumstances, will be a desirable administrative technique and is within the power of the
24  court."  9 Wright & Miller, *Federal Prac. & Proc.* 2d § 2382; *see also Werner v. Quintus Corp.*,
25  148 F. Supp. 2d 965 (N.D. Cal. 2001) (granting motion to consolidate actions for discovery).
26  Allowing discovery in Gabana Action and the Roots Action to proceed on separate tracks will

- 4 -

MOTION TO CONSOLIDATE;
EX PARTE MOTION FOR EXPEDITED HEARING
C 06 2584 CRB
C 07 3363 CRB

1 impose unnecessary costs on all parties — *e.g.,* by requiring multiple depositions of the same
2 witnesses concerning the same transactions.

3 The interests of efficiency are likewise served by consolidating the Gabana
4 Action and the Roots Action for purposes of trial.  Conducting two separate jury trials on largely
5 identical claims, arising out of the same business transactions, and involving the same witnesses
6 would needlessly waste the resources of the parties and of the Court.  *See* 9 Wright & Miller,
7 *Federal Prac. & Proc.* § 2384 ("Consolidation has . . . been ordered where different plaintiffs
8 were seeking the same relief in separate actions.") (collecting cases).    Moreover, separate trials
9 could result in inconsistent judgments.  In their complaints, Roots and Gabana each assert that
10 they were fraudulently induced to pay $6 million to Gap for the excess inventory.  *Compare*
11 Gabana's First Am. Compl. ¶ 18; *with* Roots Compl. ¶ 36.  In all probability, only one of the
12 Plaintiffs should ultimately recover this sum.  Placing the issue before a single jury will ensure
13 that the question of Gap's liability is resolved in a consistent manner.

14 The fact that the Gabana Action is at a more advanced stage than the Roots
15 action does not counsel against consolidation where, as here, consolidating the two cases will
16 eliminate the need for duplicative discovery and separate trials, and the possibility of
17 inconsistent judgments.  Fact discovery is still ongoing in the Gabana Action, and Roots is
18 committed to preserving the December 3, 2007 trial date.  *See, e.g., Monzo v. American Airlines,*
19 *Inc.*, 94 F.R.D. 672 (S.D.N.Y. 1982) (fact that cases were at different stages of discovery not
20 dispositive where neither case was scheduled for an immediate trial); *Internet Law Library*, 208
21 F.R.D. at 62 ("short of cases ready for trial, cases at different stages of litigation are routinely
22 consolidated"; granting consolidation of cases arising out of same stock purchase agreement,
23 despite the fact that discovery was ongoing in one case for eight months, and had not begun in
24 the other).

25 Consolidation on the terms Roots proposes will not cause any genuine prejudice
26 to Gap.  Instead, Gap's opposition appears to be motivated by a desire to frustrate the most

27
- 5 -
28 MOTION TO CONSOLIDATE;
EX PARTE MOTION FOR EXPEDITED HEARING
C 06 2584 CRB
C 07 3363 CRB

efficient discovery and trial of Gabana's and Roots' claims by forcing these two plaintiffs, both much smaller companies than Gap, to litigate very similar claims in separate proceedings at much greater total expense to them and to the judicial system.

### EX PARTE ADMINISTRATIVE MOTION TO EXPEDITE HEARING

Because Roots seeks to participate in depositions scheduled to take place the week of August 6 in Paris, time is of the essence. Accordingly, Roots respectfully requests that the Court order Gap to submit any opposition papers by Friday, July 27, and that the Court hear oral argument on Monday, July 30, or as soon thereafter as the Court is available.

### CONCLUSION

For the reasons stated above, Roots seeks the immediate consolidation of the Roots Action and the Gabana Action for purposes of discovery and trial.

Respectfully submitted,

_____/s/_____
Richard A. Jones
COVINGTON & BURLING LLP
One Front Street
San Francisco, CA 94111

Robert P. Haney (admitted *pro hac vice*)
Bradley J. Nash (admitted *pro hac vice*)
COVINGTON & BURLING LLP
620 Eighth Avenue
New York, NY 10018
Telephone: (212) 841-1000
Facsimile: (212) 841-1010

*Attorneys for Plaintiff Roots Ready Made Garments Co. W.L.L.*

Dated: July 25, 2007

- 6 -

MOTION TO CONSOLIDATE;
EX PARTE MOTION FOR EXPEDITED HEARING
C 06 2584 CRB
C 07 3363 CRB

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

- 7 -

MOTION TO CONSOLIDATE;
EX PARTE MOTION FOR EXPEDITED HEARING
C 06 2584 CRB
C 07 3363 CRB