1  KEKER & VAN NEST, LLP
   DARALYN J. DURIE - #169825
2  CHRISTA M. ANDERSON - #184325
   DAN JACKSON - #216091
3  ROSE DARLING - #243893
   710 Sansome Street
4  San Francisco, CA  94111-1704
   Telephone:  (415) 391-5400
5  Facsimile:  (415) 397-7188

6  Attorneys for Defendants
   THE GAP, INC., a/k/a, GAP, INC., GAP INTERNATIONAL
7  SALES, INC., BANANA REPUBLIC, LLC, AND OLD NAVY,
   LLC
8
                    UNITED STATES DISTRICT COURT
9
                  NORTHERN DISTRICT OF CALIFORNIA
10
                       SAN FRANCISCO DIVISION
11

12

13  ROOTS READY MADE GARMENTS CO. W.L.L.,    Case No. C 07-03363 CRB

14                                           **GAP INTERNATIONAL SALES, INC.,**
                        Plaintiff,           **THE GAP, INC., BANANA REPUBLIC,**
                                             **LLC and OLD NAVY, LLC's**
15       v.                                  **OPPOSITION TO ROOTS READY MADE**
                                             **GARMENT CO. W.L.L.'S MOTION TO**
16  THE GAP, INC., a/k/a, GAP, INC., GAP     **SHORTEN TIME ON THE HEARING OF**
    INTERNATIONAL SALES, INC., BANANA        **ITS MOTION TO CONSOLIDATE**
17  REPUBLIC, LLC, AND OLD NAVY, LLC         **ACTIONS**

18                      Defendants.

19

20

21

22

23

24

25

26

27

28

399994.01

## I. INTRODUCTION

Although under Civil Local Rule 6-3(c), defendants Gap International Sales, Inc, The Gap, Inc., Banana Republic, LLC, and Old Navy, LLC (collectively "Gap") have until July 30, 2007 to oppose the July 25, 2007 motion to shorten time filed by Roots Ready Made Garments Co. W.L.L. ("Roots"), Gap files this opposition early because Roots has asked, without justification and without meeting and conferring, that Gap respond on July 27, 2007 not just to Roots' motion to shorten time but to the motion to consolidate on which Roots seeks to shorten time. In other words, Roots wants Gap to respond to the substantive motion even before a response to the motion shortening time is due. Roots' motion to shorten time should be denied because it is procedurally invalid and provides Gap insufficient time to respond to Roots' contentions.

Accordingly, as explained in further detail below, the Court should deny Roots' motion for an order shortening time and order that Roots' motion to consolidate should be heard on a regular briefing schedule or, at the very least, that Roots must meet and confer with Gap on a reasonable briefing schedule as the Civil Local Rules require.

## II. ARGUMENT

**A.   Roots failed to follow the procedures for obtaining an order shortening time.**

The procedures for shortening time on a motion are set out in Civil Local Rules 6-1 through 6-3. Roots did not even attempt to follow those procedures. In particular:

- ➢ While Rule 6-3(a)(2) requires the party seeking to shorten time to describe the efforts it made to obtain a stipulation to the time change, the Declaration of Robert P. Haney filed in connection with Roots' motion contains no such description. That is unsurprising, as neither Mr. Haney nor any other counsel for Roots attempted to meet and confer with Gap's counsel on a briefing schedule for Roots' motion or attempted to obtain a stipulation to the time change. *See* Declaration of Christa M. Anderson ("Anderson Decl.") ¶ 3.

- ➢ While Rule 6-3(c) gives Gap three Court days—or until July 30, 2007—to oppose

Roots' motion for an order shortening time, Roots has asked the Court to order Gap to respond to the motion to consolidate that is the subject of the motion to shorten time on July 27, 2007. It is patently unreasonable to ask Gap to oppose the substantive motion before the Rules even require a response to the motion to shorten time.

- Roots asks for a hearing on the substantive motion on Monday, July 30, 2007, despite the fact that that is the day that Gap's opposition to the motion shortening time is due, as well as the fact that the Court hears motions on Fridays.

The Court should deny Roots' motion for an order shortening time based on these procedural defects alone.

**B.   The briefing schedule that Roots proposes is unreasonable.**

Aside from the procedural defects of Roots' motion to shorten time, it is simply unreasonable to unilaterally force Gap to respond in two days to the underlying motion to consolidate. Roots has known about the *Gabana v. Gap* litigation since its inception. Indeed, as Roots admits, Francois Larsen, Gabana's principal, was Roots' CEO when the Gabana case was filed. Mot. at 2:2-3. Having waited on the sidelines until the end of discovery to see how the *Gabana* case would turn out, Roots cannot use the fact that discovery is about to end as a reason that its motion to consolidate should be briefed and argued in the span of three court days.

True, several reasons why Roots' motion to consolidate should ultimately be denied are immediately obvious. As mentioned above, Roots has known about the *Gabana* case since it was filed. There is no excuse for its eleventh hour attempt to inject itself into the case. The deadline for serving written discovery in the *Gabana* case has already passed and the fact discovery cut-off is set for August 15, 2007. Anderson Decl. ¶ 4.

Roots claims that it can be ready for trial by December 3, 2007, but Roots is ignoring, among other things, the fact that Gap has yet to respond to Roots' complaint—which Roots just amended today, July 27, 2007. Notwithstanding that amendment, there are serious problems with Roots' claims, including the statute of limitations, that must be addressed by the Court first in regard to the motion to dismiss that Gap will file in response to Roots' First Amended

1  Complaint.

2  Furthermore, even if Roots elects to rush to trial on its claims, it cannot force Gap to do
3  so. Roots may believe that it can rely on the discovery from Gap that Gabana has taken, but
4  Roots itself has yet to produce a single document or respond to any written discovery. Roots
5  also has not yet served initial disclosures that would enable Gap to determine whom it will need
6  to depose or where those witnesses are located. But it is highly likely that at least some
7  witnesses will be located abroad. Taking the depositions of such witnesses may require service
8  under the Hague convention or other time-consuming procedures. Even under the cases on
9  which Roots relies, consolidation is inappropriate when the benefits "would only run in one
10 direction" or "where discovery in one action is virtually complete while it has just commenced in
11 another"—not to mention where, as here, discovery has not commenced at all in the second
12 action and no answer or other responsive pleading has been filed. *Internet Law Library, Inc. v.*
13 *Southridge Capital Mgmt. LLC*, 208 F.R.D. 59, 62 (S.D.N.Y. 2002).

14 In any event, Gap should not be required to set forth all of its arguments along with their
15 legal and factual basis in the two days that Roots has unilaterally allotted.

### III.   CONCLUSION

17 For these reasons, the Court should deny Roots' motion for an order shortening time and
18 either order that Roots' motion to consolidate be heard on a regular briefing schedule or, at the
19 very least, order Roots to meet and confer with Gap on a reasonable briefing schedule as the
20 Rules require.

Dated: July 27, 2007

Respectfully submitted,
KEKER & VAN NEST, LLP


By:    /s/ Dan Jackson
        DAN JACKSON

Attorneys for Defendants
GAP INTERNATIONAL SALES, INC.,
THE GAP, INC., BANANA REPUBLIC,
LLC, and OLD NAVY, LLC