1  MARTIN R. GLICK (No. 40187)
   Email: mglick@howardrice.com
2  SHAUDY DANAYE-ELMI (No. 242083)
   HOWARD RICE NEMEROVSKI CANADY
3        FALK & RABKIN
   A Professional Corporation
4  Three Embarcadero Center, 7th Floor
   San Francisco, California 94111-4024
5  Telephone:   415/434-1600
   Facsimile:   415/217-5910
6
   HAL K. LITCHFORD (*pro hac vice*)
7  G. STEVEN FENDER (*pro hac vice*)
   KEITH E. ROUNSAVILLE (*pro hac vice*)
8  LITCHFORD & CHRISTOPHER
   Professional Association
9  Bank of America Center
   390 North Orange Avenue
10 Post Office Box 1549
   Orlando, Florida 32802-1549
11 Telephone:   407/422-6600
   Facsimile:   407/841-0325
12
   Attorneys for Plaintiffs
13 GABANA GULF DISTRIBUTION, LTD., and
   GABANA DISTRIBUTION, LTD.
14

HOWARD
RICE
NEMEROVSKI
CANADY
FALK
& RABKIN
———
*A Professional Corporation*

15              UNITED STATES DISTRICT COURT

16            NORTHERN DISTRICT OF CALIFORNIA

17              SAN FRANCISCO DIVISION

18 | ROOTS READY MADE GARMENTS | Case No. C 07 3363 CRB
   | CO. W.L.L., |
19 |                          | Action Filed: June 26, 2007
20 |           Plaintiff,     | GABANA'S OPPOSITION TO ROOTS
   |                          | READY MADE GARMENTS' MOTION
21 |     v.                   | TO CONSOLIDATE
22 | THE GAP, INC., a/k/a, GAP, INC., GAP | Date:   August 24, 2007
   | INTERNATIONAL SALES, INC., | Time:   10:00 a.m.
23 | BANANA REPUBLIC, LLC, and OLD | Place:  Courtroom 8, 19th Floor
   | NAVY, LLC, | Judge:  Hon. Charles R. Breyer
24 |           Defendants. |
25 |                          | Trial Date:   December 3, 2007
26
27
28

1

**INTRODUCTION**

2    Though Roots Ready Made Garments Co., W.L.L. ("Roots") has been aware of the

3    litigation between Gabana Gulf Distribution Ltd. and Gabana Distribution Ltd. (collectively,

4    "Gabana") on the one hand, and Gap International Sales, Inc., The Gap, Inc., Banana

5    Republic, L.L.C. and Old Navy, L.L.C. (collectively, "Gap") on the other, since the

6    litigation began, Roots only now seeks to insert itself into the case, after the parties have

7    been litigating for over a year, and as discovery draws to a close in just two weeks. Roots'

8    late appearance on the scene threatens to disrupt the Gabana-Gap litigation altogether and, as

9    explained more fully below, is not warranted under the law in any event. Roots' motion to

10   consolidate should be denied.

11

12                                     **BACKGROUND**

13   Gabana filed suit against Gap on April 14, 2006, and amended its complaint on April

14   24, 2006. *See* Gabana's First Amended Complaint ("Gabana's FAC") (Docket No. 3 in

15   action No. C 06-2584 CRB (EDL)). In its First Amended Complaint, Gabana alleged that

16   Gap breached the parties' franchise agreement by wrongfully terminating it in contravention

17   of the California Franchise Relations Act ("CFRA"). Gabana also asserted other theories for

18   breach of contract, various business torts, unfair and unlawful business practices, a quantum

19   meruit claim, and sought a declaratory judgment that Gap has continuing obligations to

20   Gabana under their franchise agreement, which would have been alive but for Gap's

21   wrongful termination. *See* Gabana's FAC ¶¶ 39-81.

22   Written discovery between the parties began on July 28, 2006. Declaration of G.

23   Steven Fender in Support of Gabana's Opposition to Roots Ready Made Garments' Motion

24   to Consolidate ("Fender Decl.") ¶3. To date, Gabana and Gap have engaged in the

25   following discovery: (1) a two-day deposition of Gabana Gulf pursuant to Federal Rule of

26   Civil Procedure 30(b)(6);[1] (2) full day depositions of key Gap witnesses Ron Young (current

27

28   _____
     [1]Gabana's principal, Francois Larsen, traveled from Geneva, Switzerland to San
                                                                    (continued . . . )

HOWARD
RICE
NEMEROVSKI
CANADY
FALK
& RABKIN
*A Professional Corporation*

1  Gap employee) and Jon Ehlen (former Gap employee); (3) document productions

2  responding to two sets of requests, yielding tens of thousands of pages of documents; (4)

3  multiple rounds of interrogatories; (5) three discovery motions; and (6) retention of experts.

4  Fender Decl. ¶4.

5      Roots filed its Complaint against Gap on June 26, 2007—over a year after the Gabana-

6  Gap litigation commenced.  Fact discovery in the Gabana-Gap litigation closes, with just a

7  few exceptions, on August 15, 2007.  Fender Decl. ¶5.  The Gabana-Gap trial is set to

8  commence on December 3, 2007.  *See* Docket No. 26.  Discovery has not begun in the

9  Roots-Gap litigation.  Indeed, Gap's response to Roots' complaint has not yet become due.

10  Roots states that Gabana supports Plaintiff's Motion to Consolidate.  *See* Motion to

11  Consolidate Related Actions Pursuant to Fed. R. Civ. P. 42(a) (Docket No. 18) ("Motion") at

12  3:19.  However, Roots' statement reflects a misunderstanding.  *See* Fender Decl. ¶6-7.

13

14                              **LEGAL STANDARD**

15      Federal Rule of Civil Procedure 42(a) provides in relevant part that "[w]hen actions

16  involving a common question of law or fact are pending before the court, it may order . . .

17  the actions consolidated . . . ."  Fed. R. Civ. 42(a).  District Courts have broad discretion

18  under Rule 42(a) to consolidate cases.  *Investors Research Co. v. United States Dist. Court*

19  *for the Cent. Dist. of Cal.*, 877 F.2d 777 (9th Cir. 1989).  Apart from assessing whether

20  common questions of law or fact exist, the Court must also "weigh the interest of judicial

21  convenience against the potential for delay, confusion and prejudice caused by

22  consolidation".  *See Southwest Marine, Inc. v. Triple A Mach. Shop, Inc.*, 720 F. Supp. 805,

23  807 (N.D. Cal. 1989).

24

25

26

27    ( . . . continued)
      Francisco for this deposition.
28

HOWARD
RICE
NEMEROVSKI
CANADY
FALK
& RABKIN
*A Professional Corporation*

1

## ARGUMENT

2

3

## I.

4

## CONSOLIDATION IS INAPPROPRIATE IN THIS CASE.

5

6

### A.    Consolidation Is Unwarranted Because The Two Actions Do Not Share Sufficiently Common Questions Of Fact Or Law.

7

8          Roots asserts that Gabana and Roots have "[t]he same legal theories."  Motion at 4:13.

9    This is incorrect.  While both Gabana and Roots have claims for breach of contract against

10   Gap, the contracts at issue differ in material respects (*e.g.,* their parties, terms, and form);

11   each raises its own unique legal issues.  Gabana's contract claim involves application of the

12   California Franchise Relations Act whereas Roots' contract claim triggers entirely unrelated

13   legal questions regarding the requirements for oral agreements and third party beneficiary

14   status.[2]  Simply alleging breach of contract against a common defendant does not create

15   sufficient commonality for consolidation purposes.  *See Enterprise Bank v. Saettele*, 21 F.3d

16   233, 236 (8th Cir. 1994) (denying consolidation where "[b]oth cases involved breach of

17   contract claims against the [same defendants]" because "the fact that the [same people] were

18   defendants in both cases" was a "common factual thread" but an insufficient one).

19          While both Gabana and Roots have claims against Gap for unfair business practices

20   and for various business torts, these broad allegations do not predominate—the plaintiffs'

21   respective individual issues do:  "even where cases involve some common issues of law or

22

23          [2]To the extent that Roots takes the position that the Gabana Action and the Roots
24   Action involve the same agreement because Roots was a third party beneficiary to the
     Gabana-Gap agreement, Roots' argument is without merit.  It is manifest from the face of
25   the Gabana-Gap agreement that Roots was, *at best*, an incidental beneficiary to the
     agreement; a third party that enjoys only an incidental benefit from an agreement cannot
26   enforce the agreement's terms.  *See TXU Energy Retail Co. LP v. Agri-Cel, Inc.*, No. C-01-
     20289 RMW, 2006 U.S. Dist. LEXIS 62385 at *24 (N.D. Cal. Aug. 17, 2006) ("It is well
27   settled . . . that Civil Code section 1559 excludes enforcement of a contract by persons who
     are only incidentally or remotely benefited [sic] by the agreement").  Roots cannot force its
28   way into the Gabana-Gap litigation by making facially deficient legal claims.

HOWARD
RICE
NEMEROVSKI
CANADY
FALK
& RABKIN
*A Professional Corporation*

1   fact, consolidation may be inappropriate where *individual issues predominate*." *Allen v.*

2   *Woodford*, No. 1:05-cv-01104-OWW-LJO, 2006 U.S. Dist. LEXIS 93150, at *31-32 (C.D.

3   Cal. Dec. 22, 2006) (emphasis added) (citing cases).  Here, for the past year, motion practice

4   and discovery has revolved around (and borne out) Gabana's claim for breach of a franchise

5   agreement.  Roots has no role in this critical fight, which is at the heart of the Gabana-Gap

6   litigation.  This difference between Gabana's and Roots' respective cases is significant, and

7   renders consolidation inappropriate.  *See In re Consolidated Parlodel Litig.*, 182 F.R.D. 441,

8   446 (D.N.J. 1998) (consolidation inappropriate where each case requires "copious evidence

9   unique to each Plaintiff's case"); *In re Repetitive Stress Injury Litig.*, 11 F.3d 368, 371 (2d

10  Cir. 1993) (plaintiffs' injuries included such diverse conditions as to negate any

11  commonality of fact).

12

13  **B.    Consolidation Is Neither More Efficient In This Case Nor Necessary To**
        **Protect Against Inconsistent Results.**

14

15      Without having attended a single deposition and without having seen a single

16  document produced in the Gabana-Gap litigation, Roots asserts that its case involves the

17  "same witnesses," the "same documents" (Motion at 4:9-12), and that Roots is "committed

18  to preserving the December 3, 2007 trial date." *Id.* at 5:17-18.  However, precisely because

19  Gabana's and Roots' respective claims involve different legal and factual questions,

20  discovery to date has not been calculated to prove up Roots' claims.  Fender Decl. ¶8.  The

21  depositions of three out of the four of the "same witnesses" listed by Roots have already

22  come and gone, and Roots' assumption that Gabana has obtained the documents Roots will

23  need to prove its case is a blind one. *See id.* ¶¶9-10.  Quite simply, if Roots truly intends to

24  rely on discovery to date, then Roots has little to no evidentiary support for its case.  Thus, if

25  the cases were consolidated, Roots would, no doubt, angle to stretch discovery out, which in

26  turn would delay Gabana's upcoming trial date, and disrupt the momentum of Gabana's suit

27  against Gap.  Because there is no "duplicative discovery" to avoid, consolidation would lead

28  to delay without achieving any counterbalancing efficiency.  *Cf. Lloyd v. Industrial Bio-Test*

HOWARD
RICE
NEMEROVSKI
CANADY
FALK
& RABKIN
*A Professional Corporation*

1  *Lab., Inc.*, 454 F. Supp. 807, 812 (S.D.N.Y. 1978) (delay as a result of consolidation

2  considered minimal, and offset by avoidance of duplicative discovery and trial).

3      Apart from efficiency concerns, consolidation is " . . . used to combine actions so as to

4  avoid producing inconsistent or conflicting results."  8 J. Moore, *Moore's Federal Practice*

5  §42.10[4][d] (3d ed. 2007).    But there is no threat of inconsistent or conflicting results in

6  this case.   Gabana alleges that it paid Gap a $6 million fee to enter into a franchise

7  agreement with Gap, which Gap impermissibly terminated.  Gabana's FAC ¶18.  Roots does

8  not dispute this.  *See, e.g.,* Roots' First Amended Complaint (Docket 22) ("Roots' FAC")

9  ¶77 (not specifying whether Roots paid Gap or Gabana $6 million for the merchandise);

10  Motion at 2:12-13 (admitting that Roots "*ultimately*" paid $6 million for the merchandise—

11  *i.e.,* only after Gabana paid Gap $6 million for the merchandise) (emphasis added).

12  Presumably Roots will argue that Gap induced Roots to purchase the $6 million inventory

13  from Gabana, and in that connection promised Roots ISP rights, which it did not deliver.

14  Thus, Gabana's and Roots' claims are not inconsistent—Gap could be deemed to have

15  impermissibly terminated its franchise agreement with Gabana and also to have breached an

16  oral contract with Roots.  Nor would it be inconsistent for either Gabana's or Roots' claims

17  to prevail, without both their claims prevailing.

18

19      **C.   Even If There Was Sufficient Commonality Between The Two Actions,
        Consolidation Would Still Be Inappropriate Because It Is Likely To Cause**

20      **Delay, Confusion, and Prejudice.**

21      As discussed above, discovery to date has not been geared towards supporting or

22  defending against Roots' driving legal theories.  Accordingly, Roots' aspiration to preserve

23  the Gabana-Gap trial date with Roots in the case and at counsels' table is unrealistic.

24  Consolidation is inappropriate where there are considerable differences in trial readiness.

25  *See Mills v. Beech Aircraft Corp.*, 886 F.2d 758, 762 (5th Cir. 1989), *aff'd*, *Lewis v. Four B.*

26  *Corp.*, 211 Fed. Appx. 663 (10th Cir. 2005) (consolidation denied where one party ready for

27  trial and one not); *Lewis v. Four B. Corp.*, 347 F. Supp. 2d 1017, 1020 (D. Kan. 2004)

28  (refusing to consolidate though the actions arose from the same disciplinary incident because

HOWARD
RICE
NEMEROVSKI
CANADY
FALK
& RABKIN
*A Professional Corporation*

GABANA'S OPP. TO ROOTS' MOT. TO CONSOLIDATE          C 07 3363 CRB

1   discovery in the first had been completed for several months, but had not yet begun in the

2   second action).  Here, Gabana and Gap are on the verge of concluding their extensive

3   discovery; Roots has not begun its own nor has Gap started its discovery of Roots.

4   Moreover, Gap is a large corporate defendant, in custody and possession of voluminous

5   documents.  As Gap has at least assented in discovery motions with Gabana, document

6   productions of the magnitude required in this type of litigation can be significant and

7   burdensome.  Accommodating Roots' belated desire to join the Gabana-Gap litigation will,

8   therefore, undoubtedly cause delay as Roots must catch up on a year of litigation, including

9   burdens on it that it may not waive.

10      Consolidation in this case will also cause unnecessary confusion—something

11   antithetical to the overarching purpose of Rule 42.  *See* 9 C. Wright & A. Miller *Federal*

12   *Practice and Procedure* §2383 at 441-42 (2d ed. 1995) (" . . . a motion under Rule 42(a)

13   may be denied if the common issue . . . will lead to confusion or prejudice in the

14   management or trial of the case").  The fact that the $6 million inventory is at issue in both

15   Gabana's and Roots' respective cases—as a franchise fee in one and as consideration for an

16   oral contract in the other—while not legally or logically inconsistent, is likely to confuse

17   jurors or cause prejudice.

18      Consolidation could prejudice Gabana in another way as well.  Gap has taken the

19   position that Gabana must indemnify Gap for Roots' claims against Gap.  Fender Decl. ¶11.

20   Gabana concluded, and has explained to Gap, that the latter's argument has no merit.

21   Nonetheless, Gap's position on this point places Gabana in the position of simultaneously

22   supporting and opposing Roots' claims against Gap.  *See* 9 C. Wright & A. Miller *Federal*

23   *Practice and Procedure* §2383 at 445-46 (2d ed. 1995) ("Consolidation often is improper if

24   it aligns a party in a portion of the litigation with other parties with whom he or she has a

25   conflicting interest in other portions of the consolidated litigation").

26

27

28

HOWARD
RICE
NEMEROVSKI
CANADY
FALK
& RABKIN
*A Professional Corporation*

GABANA'S OPP. TO ROOTS' MOT. TO CONSOLIDATE          C 07 3363 CRB

**II.**

**IN THE EVENT THAT THE COURT DEEMS PRETRIAL CONSOLIDATION APPROPRIATE, GABANA'S AND GAP'S PREARRANGED DISCOVERY SCHEDULE SHOULD REMAIN UNDISTURBED.**

It has been exceedingly challenging—nearly prohibitively so—for Gabana and Gap to schedule a number of international depositions of individuals, several of which neither party controls, and many of whom require a translator present. Fender Decl. ¶12. Gabana and Gap have finally been able to plan these depositions; inclusion of Roots threatens to throw the already precarious schedule off. In the event that the Court orders consolidation of the Gabana and Roots cases for discovery purposes, Roots should be permitted to attend remaining depositions but not to disrupt scheduling. Roots should be permitted to attend these depositions provided it agrees to produce its primary witness and chairman, Ashraf Abu Issa, to be deposed during the depositions now scheduled for the second week of September, and agrees to limit its questioning of the witnesses that week to no more than on half day.

As to the remaining domestic depositions, Gabana's scheduled 30(b)(6) deposition of Gap is presently estimated to last half a day, and its deposition of former Gap attorney and director, Julie Kanberg, is estimated to last two hours. The Court should therefore consider appropriate restrictions on Roots' participation in these depositions.

///

///

///

///

///

///

///

///

///

HOWARD
RICE
NEMEROVSKI
CANADY
FALK
& RABKIN
*A Professional Corporation*

GABANA'S OPP. TO ROOTS' MOT. TO CONSOLIDATE          C 07 3363 CRB

1

**CONCLUSION**

2    Roots took no action while it watched Gabana and Gap litigate vigorously for over a

3    year.   Now that Gabana and Gap approach trial, Roots has decided to insert itself in a

4    litigation that mainly revolves around a written franchise agreement—something with which

5    Roots has no direct involvement.   Consolidation at this stage is unwarranted, unfair, and

6    would not achieve any of the primary purposes underlying Rule 42.   Roots' motion should

7    be denied.

DATED:  August 3, 2007.

8

9                                        Respectfully,

10                                       MARTIN R. GLICK
                                         SHAUDY DANAYE-ELMI
                                         HOWARD RICE NEMEROVSKI CANADY
11                                            FALK & RABKIN
                                         A Professional Corporation

12
                                         HAL K. LITCHFORD
13                                       G. STEVEN FENDER
                                         KEITH E. ROUNSAVILLE
14                                       LITCHFORD & CHRISTOPHER
                                         Professional Association

15

16                                       By: /s/
                                                   MARTIN R. GLICK
17

18                                       Attorneys for Plaintiffs GABANA GULF
                                         DISTRIBUTION, LTD., and GABANA
                                         DISTRIBUTION, LTD.
19

20

21

22

23

24

25

26

27

28

HOWARD
RICE
NEMEROVSKI
CANADY
FALK
& RABKIN
A Professional Corporation