| | |
|---|---|
| 1 | MARTIN R. GLICK (No. 40187)<br>Email: mglick@howardrice.com |
| 2 | SHAUDY DANAYE-ELMI (No. 242083)<br>Email: sdanaye-elmi@howardrice.com |
| 3 | HOWARD RICE NEMEROVSKI CANADY<br>    FALK & RABKIN |
| 4 | A Professional Corporation<br>Three Embarcadero Center, 7th Floor |
| 5 | San Francisco, California 94111-4024<br>Telephone:   415/434-1600 |
| 6 | Facsimile:    415/217-5910 |
| 7 | HAL K. LITCHFORD (*pro hac vice*)<br>G. STEVEN FENDER (*pro hac vice*) |
| 8 | KEITH E. ROUNSAVILLE (*pro hac vice*)<br>LITCHFORD & CHRISTOPHER |
| 9 | Professional Association<br>Bank of America Center |
| 10 | 390 North Orange Avenue<br>Post Office Box 1549 |
| 11 | Orlando, Florida 32802-1549<br>Telephone:   407/422-6600 |
| 12 | Facsimile:    407/841-0325 |
| 13 | Attorneys for Plaintiffs<br>GABANA GULF DISTRIBUTION, LTD., and |
| 14 | GABANA DISTRIBUTION, LTD. |

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | | |
|---|---|---|
| ROOTS READY MADE GARMENTS CO. W.L.L., | | Case No. C 07 3363 CRB |
| | | Action Filed: June 26, 2007 |
| Plaintiff, | | |
| v. | | DECLARATION OF G. STEVEN FENDER IN SUPPORT OF GABANA'S OPPOSITION TO ROOTS READY MADE GARMENTS' MOTION TO CONSOLIDATE |
| THE GAP, INC., a/k/a, GAP, INC., GAP INTERNATIONAL SALES, INC., BANANA REPUBLIC, LLC, and OLD NAVY, LLC, | | |
| | | Date:     August 24, 2007<br>Time:     10:00 a.m.<br>Place:    Courtroom 8, 19th Floor<br>Judge:    Hon. Charles R. Breyer |
| Defendant. | | |
| | | Trial Date:   December 3, 2007 |

DECL. OF G. STEVEN FENDER ISO OF OPP. TO THE MOT. TO CONSOLIDATE     C 07 3363 CRB

-1-

I, G. STEVEN FENDER, declare as follows:

1. I am a member of The Florida Bar. I am admitted to appear *pro hac vice* in the State of California in this action and I am a shareholder in the law firm Litchford & Christopher Professional Association, counsel of record for Plaintiff Gabana Gulf Distribution, Ltd. and Gabana Distribution, Ltd. (collectively, "Gabana"). Except as otherwise stated, the representations made in this declaration are based on my personal knowledge and, if called upon to do so, I could and would testify competently to them.

2. This declaration is submitted in support of Gabana Gulf's Opposition to the Motion to Consolidate brought by Roots Ready Made Garments Co., W.L.L.

3. Written discovery in this case commenced when Gabana Gulf served its first request for production to the Defendants (collectively, "Gap"), on July 28, 2006.

4. To date, the parties have engaged in the following discovery: (1) a two-day deposition of Gabana Gulf pursuant to Federal Rule of Civil Procedure 30(b)(6) (which required Gabana's principal to travel from Geneva, Switzerland to San Francisco, California); (2) full day depositions of key Gap witnesses Ron Young (current Gap employee) and Jon Ehlen (former Gap employee); (3) document productions have been exchanged from at least two different sets propounded by each party; (4) multiple rounds of interrogatories have been served, and answers exchanged; (5) three discovery motions have been filed, one was ruled upon, the other two are pending further actions by the parties as ordered by the Court; and (6) potential experts have been retained, as disclosed between the parties under the Protective Order.

5. Several months ago, and prior to Roots filing its lawsuit, Gabana Gulf and Gap agreed that fact discovery would close on August 15, 2007. Gap and Gabana Gulf have agreed to conduct limited discovery between then and early September, and stipulated to moving related deadlines for the filing of dispositive motions and expert disclosures and discovery to September as well.

6. The representation in Roots' motion to consolidate that Gabana Gulf did not oppose consolidation provided that the trial date is unaffected is a misunderstanding. I have made an investigation as to the source of that statement of consent. I conferred with co-counsel and law partner, Hal Litchford. I learned that Keith Rounsaville of our office has had some conversations about the cases with counsel for Roots and that the subject of consolidation was raised and discussed conceptually. My understanding is that Mr. Rounsaville was never specifically asked to articulate a formal position on behalf of our clients to a motion to consolidate. More fundamentally, counsel for Gabana Gulf did not have their client's authority to take any final position with respect to consolidation before Roots filed its motion. The position set forth in Gabana Gulf's opposition is what Gabana Gulf ultimately authorized and approved .

7. I am declaring as to the contents of Paragraph 5 of this declaration because Mr. Rounsaville is out of the office in British Columbia this week.

8. I have been the lead attorney for Gabana with respect to discovery. None of Gabana's written discovery requests have been calculated to discover what, if any, oral representations Gap made to Roots, or whether Gap entered into the franchise agreement with Gabana for the purpose of benefiting Roots.

9. The depositions of Francois Larsen, John Ehlen, and Ron Young have already been taken in the Gabana-Gap litigation.

10. Counsel for Roots has asked to see documents produced in the Gabana-Gap litigation, but Gabana has not produced any such documents to date; I am informed and believe that Gap has not done so yet either.

11. Gap has taken the position that Gabana must indemnify Gap for Roots' claims against Gap.

12. Scheduling the international depositions of four to five witnesses, several of which neither Gabana nor Gap controls, has been exceedingly challenging.

13. I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct to the best of my knowledge. Executed this 3rd day of August 2007, at Orlando, Orange County, Florida.

By: _____/s/_____
G. STEVEN FENDER