KEKER & VAN NEST, LLP
DARALYN J. DURIE - #169825
CHRISTA M. ANDERSON - #184325
DAN JACKSON - #216091
ROSE DARLING - #243893
710 Sansome Street
San Francisco, CA  94111-1704
Telephone:  (415) 391-5400
Facsimile:  (415) 397-7188

Attorneys for Defendants
THE GAP, INC., a/k/a, GAP, INC., GAP INTERNATIONAL SALES, INC., BANANA REPUBLIC, LLC, AND OLD NAVY, LLC

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| ROOTS READY MADE GARMENTS CO. W.L.L.,<br><br>　　　　　　　　　　　Plaintiff,<br><br>　　v.<br><br>THE GAP, INC., a/k/a, GAP, INC., GAP INTERNATIONAL SALES, INC., BANANA REPUBLIC, LLC, AND OLD NAVY, LLC<br><br>　　　　　　　　　　　Defendants. | Case No. C 07-03363 CRB<br><br>**[PROPOSED] PROTECTIVE ORDER** |

1  WHEREAS, certain documents and information have been and may be sought, produced or exhibited by and between the parties to this litigation which relate to the parties' financial information, competitive information, personnel information or other kinds of commercially sensitive information which the party making the production deems confidential; and

WHEREAS, it has been agreed by and among the parties through their respective counsel, that, to expedite the flow of discovery material and to preserve the confidentiality of certain documents and information, a protective order should be entered by the Court; and

WHEREAS, the court has reviewed the terms and conditions of this Protective Order submitted by the parties,

IT IS HEREBY ORDERED THAT:

1. This Protective Order shall govern all documents, the information contained therein, and all other information produced or disclosed during this litigation whether revealed in a document, deposition, other testimony, discovery response or otherwise, by any party in this proceeding (the "supplying party") to any other party (the "receiving party"), when same is designated in accordance with the procedures set forth herein. This Protective Order is binding upon the parties including their respective corporate parents, subsidiaries and affiliates and their respective attorneys, agents, representatives officers and employees and others as set forth in this Protective Order.

2. Any supplying party shall have the right to identify and designate as "Confidential" or "Highly Confidential" any document or other materials it produces or provides (whether pursuant to court order, notice or subpoena or by agreement), or any testimony given in this litigation, which testimony or discovery material is believed in good faith by that supplying party to constitute, reflect or disclose its confidential and proprietary information, as those terms are understood under Rule 26(c)(7) of the Federal Rules of Civil Procedure ("Designated Material").

3. "Confidential Information" as used herein means any Designated Material that is designated pursuant to this Protective Order as "Confidential" by the supplying party, whether it is a document, information contained in a document, information revealed during a deposition or

other testimony, information revealed in an interrogatory answer or information otherwise revealed. In designating material as "Confidential," the supplying party will make such designation only as to that material that it in good faith believes to be entitled to confidential treatment.

4. Specific documents and interrogatory answers produced by a supplying party shall, if appropriate, be designated as "Confidential" by marking the first page of the document and each subsequent page thereof containing Confidential Information with the legend:

**CONFIDENTIAL**

5. Information disclosed at a deposition taken in connection with this proceeding may be designated as "Confidential" as follows:

(a) A supplying party (or its counsel) may designate testimony, given by it or its present or former employee(s), officer(s), director(s), partner(s), representative(s), or any expert(s), as "Confidential" on the record during the taking of the deposition, in which case the stenographic employee or court reporter recording or transcribing such testimony shall be directed to bind any transcript page(s) containing Confidential Information separately and apart from any transcript page(s) containing no such Confidential information; or

(b) A supplying party (or its counsel) may notify all other parties in writing, within twenty (20) calendar days of receipt of the transcript of a deposition, given by it or its present or former employee(s), its officer(s), director(s), partner(s), representative(s), or any expert(s), of specific pages and lines of the transcript which are designated as "Confidential," whereupon each party shall attach a copy of such written designation to the face of the transcript and each copy thereof in that party's possession, custody or control. To facilitate the designation of Confidential Information, all transcripts of depositions shall be treated, in their entirety, as Confidential Information for a period of twenty (20) calendar days following delivery by the court reporter of certified transcripts to all parties.

6. All "Confidential Information" produced or exchanged in the course of this litigation shall be held in confidence by each person to whom it is disclosed, and that person shall use the "Confidential Information" for the purposes of this litigation only.

7. Except with the prior written consent of the other parties, or upon prior order of this Court obtained upon notice to opposing counsel, "Confidential Information" shall not be disclosed to any person other than:

(a) counsel for the respective parties to this litigation, including in-house counsel and co-counsel retained for this litigation;

(b) employees of such counsel;

2
[PROPOSED] PROTECTIVE ORDER
Case No. C 07-03363 CRB

400424.01

1    (c)    individual parties, and any officer or employee of a party, to the extent deemed
2 necessary by counsel for the prosecution or defense of this litigation.  Each individual receiving
3 "Confidential Information" shall execute a copy of the Certification annexed to this Order which
4 shall be retained by counsel to the party so disclosing the "Confidential Information."
5    (d)    consultants or expert witnesses retained for the prosecution or defense of this
6 litigation, provided that the disclosure of "Confidential Information" shall be proceeded by the
7 signing of the Certification annexed to this Order as Exhibit A and which shall be retained by
8 counsel to the party so disclosing the "Confidential Information" and made available for
9 inspection by opposing counsel during the pendency or after the termination of the action only
10 upon good cause shown and upon order of the Court before being shown or given any
11 "Confidential Information";
12    (e)    any authors or recipients of the "Confidential Information";
13    (f)    the Court, Court personnel, and court reporters; and
14    (g)    witnesses (other than persons described in paragraph 7(e)).  A witness shall sign
15 the Certification before being shown a confidential document.  "Confidential Information" may
16 be disclosed to a witness who will not sign the Certification only in a deposition at which the
17 party who designated the "Confidential Information" is represented or has been given notice that
18 "Confidential Information" produced by the party may be used.  At the request of any party, the
19 portion of the deposition transcript involving the "Confidential Information" shall be designated
20 "Confidential" pursuant to paragraph 5 above.  Witnesses shown "Confidential Information"
21 shall not be allowed to retain copies.
22    8.    It is possible that there may be certain discrete categories of extremely sensitive
23 confidential and/or proprietary information, the disclosure of which, even if limited to the
24 persons listed in paragraph 7 above, may compromise and/or jeopardize the supplying party's
25 business interests ("Highly-Confidential Information") such that the supplying party may deem
26 such Highly-Confidential Information to require greater limitations on disclosure than are set
27 forth in paragraph 7 above.  Either party may designate as "Highly Confidential" the following
28 information:  (i) strategic planning documents concerning the supplying party's international

business; (ii) agreements with third parties in which the supplying party is bound by a nondisclosure or other similar confidentiality agreement, including any documents related to such agreements; (iii) non-public financial documents related to sales and performance; and (iv) board minutes.  The supplying party may designate Highly-Confidential Information by marking the first page of the document or interrogatory answer and each subsequent page thereof containing Highly-Confidential Information with the legend:

### HIGHLY CONFIDENTIAL

9.    If either party believes that information not falling within the four categories set forth above in paragraph 8 nevertheless constitutes Highly-Confidential Information, it shall provisionally produce the information to the opposing counsel.  If the opposing counsel agrees that the information is highly confidential, the supplying party may produce copies of the document or documents designated as such.  If, after conferring with the supplying party in good faith, opposing counsel disagrees that the information is highly confidential, the supplying party may seek relief from the Court in the form of a motion for protective order as to the information in question to be filed within ten days of receiving notice from the opposing counsel that it would not agree to the highly confidential designation.  If no such relief is sought within ten days, the information shall be treated as "Confidential" as provided herein.  Between the time of filing and the time of disposition of any such motion, the information shall be treated as Highly-Confidential Information.

10.    All the provisions set forth above applicable to Confidential Information shall apply equally to Highly-Confidential Information, except that disclosure of Highly-Confidential Information by the receiving party shall be limited to the following persons:

(a)    outside counsel for the respective parties to this litigation;

(b)    employees of such outside counsel;

(c)    consultants or expert witnesses retained for the prosecution or defense of this litigation, provided that the disclosure of "Highly-Confidential Information" shall be proceeded by the signing of the Certification annexed to this Order as Exhibit A and shall occur only after disclosure by email or facsimile to the opposing party the identity of such person two (2)

business days in advance to afford such opposing party the opportunity to seek relief if it believes any to be appropriate; if such party objects within such time frame, it shall, within five (5) calendar days seek such relief, pending which no disclosure shall occur;

  (d) any authors or recipients of the "Highly-Confidential Information"; and

  (e) the Court, Court personnel, and court reporters.

 11. For applications and motions to the Court on which a party submits "Confidential" or "Highly Confidential" Information, all documents and chamber copies containing "Confidential" or "Highly Confidential" Information which are submitted to the Court shall be filed with the Court in sealed envelopes or other appropriate sealed containers. On the outside of the envelopes, a copy of the first page of the document shall be attached. If "Confidential" or "Highly Confidential" Information is included in the first page attached to the outside of the envelopes, it may be deleted from the outside copy. The word "CONFIDENTIAL" shall be stamped on the envelope and a statement substantially in the following form shall also be printed on the envelope:

> **This envelope is sealed pursuant to Order of the Court, contains Confidential Information and is not to be opened or the contents revealed, except by Order of the Court or agreement by the parties.**

 12. A party may designate as "Confidential" or "Highly Confidential" documents or discovery materials produced by a non-party by providing written notice to all parties of the relevant document numbers or other identification within thirty (30) days after receiving such documents or discovery materials. Any party or non-party may voluntarily disclose to others without restriction any information designated by that party or non-party as confidential or Highly Confidential although a document may lose its confidential status if it is made public.

 13. If a party contends that any material is not entitled to confidential treatment, such party may at any time give written notice to the party or non-party who designated the material. The party or non-party who designated the material shall have twenty-five (25) days from the receipt of such written notice to apply to the Court for an order designating the material as confidential. The party or non-party seeking to uphold or to support any confidentiality designation that is challenged shall have the burden of establishing that the document or material

1 is entitled to protection.

2     14.    Notwithstanding any challenge to the designation of material as "Confidential" or
3 "Highly Confidential" Information, all documents designated as such shall be treated as such and
4 shall be subject to the provisions hereof unless and until one of the following occurs:

5     (a)    the party or non-party who claims that the material is "Confidential" or "Highly
6 Confidential" Information withdraws such designation in writing; or

7     (b)    the party or non-party who claims that the material is "Confidential" or "Highly
8 Confidential" Information fails to apply to the Court for an order designating the material
9 confidential within the time period specified above after receipt of a written challenge to such
10 designation; or

11     (c)    the Court rules the material is not "Confidential" or "Highly Confidential"
12 Information.

13     15.    All provisions of this Order restricting the communication or use of
14 "Confidential" or "Highly Confidential" Information shall continue to be binding after the
15 conclusion of this action, unless otherwise agreed or ordered.  Upon conclusion of the litigation,
16 a party in the possession of "Confidential" or "Highly Confidential" Information, other than that
17 which is contained in pleadings, correspondence, and deposition transcripts, shall either (a)
18 return such documents no later than thirty (30) days after conclusion of this action to counsel for
19 the party or non-party who provided such information, or (b) destroy such documents within the
20 time period upon consent of the party who provided the information and certify in writing within
21 thirty (30) days that the documents have been destroyed.

22     16.    The terms of this Order do not preclude, limit, restrict, or otherwise apply to the
23 use of documents at trial.

24     17.    Nothing herein shall be deemed to waive any applicable privilege or work product
25 protection, or to affect the ability of a party to seek relief for an inadvertent disclosure of material
26 protected by privilege or work product protection.

27     18.    Any witness or other person, firm or entity from which discovery is sought may
28 be informed of and may obtain the protection of this Order by written advice to the parties'

1  respective counsel or by oral advice at the time of any deposition or similar proceeding.

Respectfully submitted,

Dated:  August 6, 2007                          KEKER & VAN NEST, LLP

By:   /s/ Christa Anderson
CHRISTA M. ANDERSON
Attorneys for Defendants
THE GAP, INC., a/k/a, GAP, INC., GAP INTERNATIONAL SALES, INC., BANANA REPUBLIC, LLC, AND OLD NAVY, LLC

Dated:  August 6, 2007                          COVINGTON & BURLING LLP

By:    /s/ Richard A. Jones
RICHARD A. JONES
Attorneys for Plaintiff
ROOTS READY MADE GARMENTS CO. W.L.L.

THE FOREGOING STIPULATION IS APPROVED AND IS SO ORDERED.

Dated:

_____
Charles R. Breyer
United States District Judge

# EXHIBIT A

# CERTIFICATION

I hereby acknowledge that on _____ I read the Protective Order filed in the above-captioned action, and that I understand the terms thereof and agree to be bound thereby. I further agree to submit to the jurisdiction of the Court and understand that the Court may impose sanctions for any violation of the Protective Order.

_____
Name  (typed or printed)

_____

_____

_____
Address

_____
Signature