KEKER & VAN NEST, LLP
DARALYN J. DURIE - #169825
CHRISTA M. ANDERSON - #184325
DAN JACKSON - #216091
ROSE DARLING - #243893
710 Sansome Street
San Francisco, CA  94111-1704
Telephone:  (415) 391-5400
Facsimile:  (415) 397-7188

Attorneys for Defendants
THE GAP, INC., a/k/a, GAP, INC., GAP INTERNATIONAL SALES, INC., BANANA REPUBLIC, LLC, AND OLD NAVY, LLC

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| ROOTS READY MADE GARMENTS CO. W.L.L.,<br><br>   Plaintiff,<br><br>   v.<br><br>THE GAP, INC., a/k/a, GAP, INC., GAP INTERNATIONAL SALES, INC., BANANA REPUBLIC, LLC, AND OLD NAVY, LLC<br><br>   Defendants. | Case No. C 07-03363 CRB<br><br>[~~PROPOSED~~] **PROTECTIVE ORDER** |

1    WHEREAS, certain documents and information have been and may be sought, produced
2 or exhibited by and between the parties to this litigation which relate to the parties' financial
3 information, competitive information, personnel information or other kinds of commercially
4 sensitive information which the party making the production deems confidential; and
5    WHEREAS, it has been agreed by and among the parties through their respective
6 counsel, that, to expedite the flow of discovery material and to preserve the confidentiality of
7 certain documents and information, a protective order should be entered by the Court; and
8    WHEREAS, the court has reviewed the terms and conditions of this Protective Order
9 submitted by the parties,
10    IT IS HEREBY ORDERED THAT:
11    1.    This Protective Order shall govern all documents, the information contained
12 therein, and all other information produced or disclosed during this litigation whether revealed in
13 a document, deposition, other testimony, discovery response or otherwise, by any party in this
14 proceeding (the "supplying party") to any other party (the "receiving party"), when same is
15 designated in accordance with the procedures set forth herein.  This Protective Order is binding
16 upon the parties including their respective corporate parents, subsidiaries and affiliates and their
17 respective attorneys, agents, representatives officers and employees and others as set forth in this
18 Protective Order.
19    2.    Any supplying party shall have the right to identify and designate as
20 "Confidential" or "Highly Confidential" any document or other materials it produces or provides
21 (whether pursuant to court order, notice or subpoena or by agreement), or any testimony given in
22 this litigation, which testimony or discovery material is believed in good faith by that supplying
23 party to constitute, reflect or disclose its confidential and proprietary information, as those terms
24 are understood under Rule 26(c)(7) of the Federal Rules of Civil Procedure ("Designated
25 Material").
26    3.    "Confidential Information" as used herein means any Designated Material that is
27 designated pursuant to this Protective Order as "Confidential" by the supplying party, whether it
28 is a document, information contained in a document, information revealed during a deposition or

other testimony, information revealed in an interrogatory answer or information otherwise revealed. In designating material as "Confidential," the supplying party will make such designation only as to that material that it in good faith believes to be entitled to confidential treatment.

4. Specific documents and interrogatory answers produced by a supplying party shall, if appropriate, be designated as "Confidential" by marking the first page of the document and each subsequent page thereof containing Confidential Information with the legend:

**CONFIDENTIAL**

5. Information disclosed at a deposition taken in connection with this proceeding may be designated as "Confidential" as follows:

(a) A supplying party (or its counsel) may designate testimony, given by it or its present or former employee(s), officer(s), director(s), partner(s), representative(s), or any expert(s), as "Confidential" on the record during the taking of the deposition, in which case the stenographic employee or court reporter recording or transcribing such testimony shall be directed to bind any transcript page(s) containing Confidential Information separately and apart from any transcript page(s) containing no such Confidential information; or

(b) A supplying party (or its counsel) may notify all other parties in writing, within twenty (20) calendar days of receipt of the transcript of a deposition, given by it or its present or former employee(s), its officer(s), director(s), partner(s), representative(s), or any expert(s), of specific pages and lines of the transcript which are designated as "Confidential," whereupon each party shall attach a copy of such written designation to the face of the transcript and each copy thereof in that party's possession, custody or control. To facilitate the designation of Confidential Information, all transcripts of depositions shall be treated, in their entirety, as Confidential Information for a period of twenty (20) calendar days following delivery by the court reporter of certified transcripts to all parties.

6. All "Confidential Information" produced or exchanged in the course of this litigation shall be held in confidence by each person to whom it is disclosed, and that person shall use the "Confidential Information" for the purposes of this litigation only.

7. Except with the prior written consent of the other parties, or upon prior order of this Court obtained upon notice to opposing counsel, "Confidential Information" shall not be disclosed to any person other than:

(a) counsel for the respective parties to this litigation, including in-house counsel and co-counsel retained for this litigation;

(b) employees of such counsel;

   (c) individual parties, and any officer or employee of a party, to the extent deemed necessary by counsel for the prosecution or defense of this litigation. Each individual receiving "Confidential Information" shall execute a copy of the Certification annexed to this Order which shall be retained by counsel to the party so disclosing the "Confidential Information."

   (d) consultants or expert witnesses retained for the prosecution or defense of this litigation, provided that the disclosure of "Confidential Information" shall be proceeded by the signing of the Certification annexed to this Order as Exhibit A and which shall be retained by counsel to the party so disclosing the "Confidential Information" and made available for inspection by opposing counsel during the pendency or after the termination of the action only upon good cause shown and upon order of the Court before being shown or given any "Confidential Information";

   (e) any authors or recipients of the "Confidential Information";

   (f) the Court, Court personnel, and court reporters; and

   (g) witnesses (other than persons described in paragraph 7(e)). A witness shall sign the Certification before being shown a confidential document. "Confidential Information" may be disclosed to a witness who will not sign the Certification only in a deposition at which the party who designated the "Confidential Information" is represented or has been given notice that "Confidential Information" produced by the party may be used. At the request of any party, the portion of the deposition transcript involving the "Confidential Information" shall be designated "Confidential" pursuant to paragraph 5 above. Witnesses shown "Confidential Information" shall not be allowed to retain copies.

  8. It is possible that there may be certain discrete categories of extremely sensitive confidential and/or proprietary information, the disclosure of which, even if limited to the persons listed in paragraph 7 above, may compromise and/or jeopardize the supplying party's business interests ("Highly-Confidential Information") such that the supplying party may deem such Highly-Confidential Information to require greater limitations on disclosure than are set forth in paragraph 7 above. Either party may designate as "Highly Confidential" the following information: (i) strategic planning documents concerning the supplying party's international

1  business; (ii) agreements with third parties in which the supplying party is bound by a
2  nondisclosure or other similar confidentiality agreement, including any documents related to
3  such agreements; (iii) non-public financial documents related to sales and performance; and (iv)
4  board minutes.  The supplying party may designate Highly-Confidential Information by marking
5  the first page of the document or interrogatory answer and each subsequent page thereof
6  containing Highly-Confidential Information with the legend:

7  **HIGHLY CONFIDENTIAL**

8  9.   If either party believes that information not falling within the four categories set
9  forth above in paragraph 8 nevertheless constitutes Highly-Confidential Information, it shall
10 provisionally produce the information to the opposing counsel.  If the opposing counsel agrees
11 that the information is highly confidential, the supplying party may produce copies of the
12 document or documents designated as such.  If, after conferring with the supplying party in good
13 faith, opposing counsel disagrees that the information is highly confidential, the supplying party
14 may seek relief from the Court in the form of a motion for protective order as to the information
15 in question to be filed within ten days of receiving notice from the opposing counsel that it
16 would not agree to the highly confidential designation.  If no such relief is sought within ten
17 days, the information shall be treated as "Confidential" as provided herein.  Between the time of
18 filing and the time of disposition of any such motion, the information shall be treated as Highly-
19 Confidential Information.

20 10.  All the provisions set forth above applicable to Confidential Information shall
21 apply equally to Highly-Confidential Information, except that disclosure of Highly-Confidential
22 Information by the receiving party shall be limited to the following persons:
23    (a)   outside counsel for the respective parties to this litigation;
24    (b)   employees of such outside counsel;
25    (c)   consultants or expert witnesses retained for the prosecution or defense of this
26 litigation, provided that the disclosure of "Highly-Confidential Information" shall be proceeded
27 by the signing of the Certification annexed to this Order as Exhibit A and shall occur only after
28 disclosure by email or facsimile to the opposing party the identity of such person two (2)

1  business days in advance to afford such opposing party the opportunity to seek relief if it
2  believes any to be appropriate; if such party objects within such time frame, it shall, within five
3  (5) calendar days seek such relief, pending which no disclosure shall occur;

4      (d)    any authors or recipients of the "Highly-Confidential Information"; and

5      (e)    the Court, Court personnel, and court reporters.

6      11.    For applications and motions to the Court on which a party submits
7  "Confidential" or "Highly Confidential" Information, all documents and chamber copies
8  containing "Confidential" or "Highly Confidential" Information which are submitted to the
9  Court shall be filed with the Court in sealed envelopes or other appropriate sealed containers.
10  On the outside of the envelopes, a copy of the first page of the document shall be attached.  If
11  "Confidential" or "Highly Confidential" Information is included in the first page attached to the
12  outside of the envelopes, it may be deleted from the outside copy.  The word
13  "CONFIDENTIAL" shall be stamped on the envelope and a statement substantially in the
14  following form shall also be printed on the envelope:

> **This envelope is sealed pursuant to Order of the Court, contains Confidential Information and is not to be opened or the contents revealed, except by Order of the Court or agreement by the parties.**

17      12.    A party may designate as "Confidential" or "Highly Confidential" documents or
18  discovery materials produced by a non-party by providing written notice to all parties of the
19  relevant document numbers or other identification within thirty (30) days after receiving such
20  documents or discovery materials.  Any party or non-party may voluntarily disclose to others
21  without restriction any information designated by that party or non-party as confidential or
22  Highly Confidential although a document may lose its confidential status if it is made public.

23      13.    If a party contends that any material is not entitled to confidential treatment, such
24  party may at any time give written notice to the party or non-party who designated the material.
25  The party or non-party who designated the material shall have twenty-five (25) days from the
26  receipt of such written notice to apply to the Court for an order designating the material as
27  confidential.  The party or non-party seeking to uphold or to support any confidentiality
28  designation that is challenged shall have the burden of establishing that the document or material

1  is entitled to protection.

2      14.    Notwithstanding any challenge to the designation of material as "Confidential" or
3  "Highly Confidential" Information, all documents designated as such shall be treated as such and
4  shall be subject to the provisions hereof unless and until one of the following occurs:

5      (a)    the party or non-party who claims that the material is "Confidential" or "Highly
6  Confidential" Information withdraws such designation in writing; or

7      (b)    the party or non-party who claims that the material is "Confidential" or "Highly
8  Confidential" Information fails to apply to the Court for an order designating the material
9  confidential within the time period specified above after receipt of a written challenge to such
10  designation; or

11      (c)    the Court rules the material is not "Confidential" or "Highly Confidential"
12  Information.

13      15.    All provisions of this Order restricting the communication or use of
14  "Confidential" or "Highly Confidential" Information shall continue to be binding after the
15  conclusion of this action, unless otherwise agreed or ordered.  Upon conclusion of the litigation,
16  a party in the possession of "Confidential" or "Highly Confidential" Information, other than that
17  which is contained in pleadings, correspondence, and deposition transcripts, shall either (a)
18  return such documents no later than thirty (30) days after conclusion of this action to counsel for
19  the party or non-party who provided such information, or (b) destroy such documents within the
20  time period upon consent of the party who provided the information and certify in writing within
21  thirty (30) days that the documents have been destroyed.

22      16.    The terms of this Order do not preclude, limit, restrict, or otherwise apply to the
23  use of documents at trial.

24      17.    Nothing herein shall be deemed to waive any applicable privilege or work product
25  protection, or to affect the ability of a party to seek relief for an inadvertent disclosure of material
26  protected by privilege or work product protection.

27      18.    Any witness or other person, firm or entity from which discovery is sought may
28  be informed of and may obtain the protection of this Order by written advice to the parties'

1  respective counsel or by oral advice at the time of any deposition or similar proceeding.

                                              Respectfully submitted,

Dated:  August 6, 2007                           KEKER & VAN NEST, LLP

                                              By:  ___/s/ Christa Anderson_____
                                                   CHRISTA M. ANDERSON
                                                   Attorneys for Defendants
                                                   THE GAP, INC., a/k/a, GAP, INC., GAP
                                                   INTERNATIONAL SALES, INC.,
                                                   BANANA REPUBLIC, LLC, AND OLD
                                                   NAVY, LLC

Dated:  August 6, 2007                           COVINGTON & BURLING LLP

                                              By:  _____/s/ Richard A. Jones_____
                                                 RICHARD A. JONES
                                                 Attorneys for Plaintiff
                                                 ROOTS READY MADE GARMENTS
                                                 CO. W.L.L.

           THE FOREGOING STIPULATION IS APPROVED AND IS SO ORDERED.

Dated:   August 7, 2007

                                                     _____
                                                     Charles R. Breyer
                                                     United States District Judge

[Seal: UNITED STATES DISTRICT COURT NORTHERN DISTRICT OF CALIFORNIA — IT IS SO ORDERED / Judge Charles R. Breyer]

7
[PROPOSED] PROTECTIVE ORDER
Case No. C 07-03363 CRB

## EXHIBIT A

## CERTIFICATION

I hereby acknowledge that on _____ I read the Protective Order filed in the above-captioned action, and that I understand the terms thereof and agree to be bound thereby. I further agree to submit to the jurisdiction of the Court and understand that the Court may impose sanctions for any violation of the Protective Order.

_____
Name  (typed or printed)

_____

_____
Address

_____
Signature