1  KEKER & VAN NEST, LLP
   DARALYN J. DURIE - #169825
2  CHRISTA M. ANDERSON - #184325
   DAN JACKSON - #216091
3  ROSE DARLING - #243893
   710 Sansome Street
4  San Francisco, CA  94111-1704
   Telephone:  (415) 391-5400
5  Facsimile:  (415) 397-7188

6  Attorneys for Defendants
   THE GAP, INC., a/k/a, GAP, INC., GAP INTERNATIONAL
7  SALES, INC., BANANA REPUBLIC, LLC, AND OLD NAVY,
   LLC

8
                    UNITED STATES DISTRICT COURT
9
                   NORTHERN DISTRICT OF CALIFORNIA
10
                       SAN FRANCISCO DIVISION
11

12 | ROOTS READY MADE GARMENTS CO.        | Case No. C 07-03363 CRB
   | W.L.L.,                              |
13 |                                      | THE GAP, INC., a/k/a, GAP, INC., GAP
   |                        Plaintiff,    | INTERNATIONAL SALES, INC.,
14 |                                      | BANANA REPUBLIC, LLC, AND OLD
   |                                      | NAVY, LLC'S OPPOSITION TO ROOTS
15 |        v.                            | READY MADE GARMENTS' MOTION
   |                                      | TO CONSOLIDATE PURSUANT TO
16 | THE GAP, INC., a/k/a, GAP, INC., GAP | FED. R. CIV. P. 42(a)
   | INTERNATIONAL SALES, INC., BANANA    |
17 | REPUBLIC, LLC, AND OLD NAVY, LLC     |
   |                                      | Date:    August 24, 2007
18 |                        Defendants.   | Time:    10:00 a.m.
   |                                      | Place:   Courtroom 8, 19th floor
19                                          Judge:   Hon. Charles R. Breyer

20

21

22

23

24

25

26

27

28

# I.    INTRODUCTION

With the discovery cut-off in the *Gabana v. Gap* litigation only days away, Roots seeks to consolidate this case—which was filed less than two months ago, amended two weeks ago, and for which no formal discovery has taken place—with the *Gabana* case, which has been pending since April 2006 and is set for trial in early December. Roots has known about Gabana's suit against Gap since its inception. Indeed, as Roots admits, François Larsen, Gabana's principal, was Roots' CEO when the *Gabana* case was filed. Mot. at 2:2-3. In addition, in early 2006, Roots engaged in strategy discussions with Larsen about whether Roots, or Gabana, would sue Gap and if so, when.

Nonetheless, Roots sat on the sidelines—and on its rights—and monitored the *Gabana* case for the past year, waiting until the end of discovery in that case to file its complaint and move for consolidation. This strategy guaranteed that if the cases were consolidated, Gap would be prejudiced. Roots chose this strategy at its own peril, however, and now it must face the consequences of that choice: its nascent lawsuit can't be consolidated with a case that's on the verge of trial. In addition, apart from Roots' inexcusable delay, there are serious problems with Roots' claims, including the statute of limitations, that first must be addressed by the Court in regard to the motion to dismiss Roots' First Amended Complaint that Gap will file next week.

Roots' claim that the case can be ready for trial by December 3, 2007 is wrong. Gap tried to meet and confer with Roots on a discovery schedule, but Roots has yet to propose a workable plan to get everything done in time for a December 3 trial, including:

- briefing and hearing on Gap's motion to dismiss;
- initial disclosures;
- document discovery from Roots;
- depositions of an unknown number of foreign witnesses, many of which can only be completed through the Hague Convention or similar procedures;
- motions to compel;
- expert discovery; and
- summary judgment briefing and hearing.

GAP'S OPPOSITION TO ROOTS' MOTION TO CONSOLIDATE PURSUANT TO FED. R. CIV. P. 42(a)
Case No. C 07-03363 CRB

400482.02

1    Meanwhile, the deadline for serving written discovery in the *Gabana* case has already passed,

2    the fact discovery cut-off is set for August 15, and summary judgment motions are due in a few

3    weeks.

4        Consolidating these cases would prejudice Gap and delay the *Gap v. Gabana* litigation.

5    Roots' motion should be denied.

6                    **II.    BACKGROUND**

7    **A.    The relationship between Roots and Gabana**

8        Roots alleges that in early 2003 it participated in negotiating an agreement between

9    Gabana and Gap, whereby Gabana agreed to purchase 1.7 million pieces of excess inventory

10   from Gap for $6 million for resale in certain Middle East countries. *See* Roots' First Amended

11   Complaint ("Roots' FAC") ¶¶ 18-38. Roots claims that it—not Gabana—ultimately paid the $6

12   million for the merchandise. Mot. 2:11-13. Roots further alleges that Gabana's principal

13   François Larsen negotiated the agreement with Gap on behalf of both Gabana and Roots. Roots'

14   FAC ¶ 29. In or around January 2005, Roots hired Larsen as its CEO. Roots' FAC ¶ 72. Before

15   Gabana filed its complaint against Gap in April 2006, Larsen engaged in strategy discussions

16   with Roots about whether Roots would join in Gabana's lawsuit against Gap. *See* Declaration of

17   Rose Darling in Support of Gap's Opposition to Roots Ready Made Garments' Motion to

18   Consolidate, filed herewith, ("Darling Decl."), Ex. C. Gabana has designated Larsen and Roots'

19   chairman Ashraf Abu Issa as trial witnesses in the *Gabana v. Gap* litigation. *See* Gabana's

20   Opposition to Roots' Motion to Consolidate at 7:11-15.

21   **B.    The *Gabana v. Gap* litigation**

22       Gabana filed its suit against Gap on April 14, 2006, and amended its complaint on April

23   24, 2006. *See* Gabana's First Amended Complaint ("Gabana's FAC"). The parties commenced

24   written discovery on July 28, 2006. Darling Decl. ¶ 3. In October 2006, Gap and Gabana

25   completed the first round of document discovery, exchanging more than 25,000 pages of

26   material. *Id.* In November 2006, Gap initiated what would become a nine-month attempt to

27   meet and confer with Gabana on a deposition schedule for numerous overseas witnesses. *Id.* ¶ 4.

28   The schedule for those depositions was finally confirmed last month. *Id.*

Between January and July 2007, Gap and Gabana engaged in extensive discovery, including:

- several rounds of document requests yielding more than 100,000 pages of material;

- multiple rounds of interrogatories;

- extensive back-and-forth communications regarding scheduling depositions abroad, which eventually resulted in a schedule for the depositions of several witnesses in Paris and Geneva;

- a two-day deposition of Gabana's 30(6)(6) witness;

- a full-day deposition of Gap employee Ron Young;

- a full-day deposition of former Gap employee Jon Ehlen; and

- briefing and hearing on three motions to compel.

*Id.* ¶ 5.

The discovery cut-off in the *Gabana* case is set for August 15, 2007. *Id.* ¶ 6. The depositions of several international third parties will be completed the week of September 10, 2007. *Id.* Expert reports are due on September 19, 2007. *Id.* Summary judgment motions must be filed by September 28, 2007. *Id.* Trial is set for December 3, 2007. *Id.*

## C.     The *Roots v. Gap* litigation

Roots served its complaint against Gap on July 10, 2007—more than a year after the *Gabana v. Gap* litigation began. *Id.* ¶ 7. Roots filed this motion to consolidate on July 25, 2007, more than two weeks before Gap's response to Roots' complaint was due. *Id.* Roots amended its complaint on July 27, 2007. *Id.* Gap's response to Roots' FAC is due on August 16, 2007. *Id.*

On July 30, 2007, the Court ordered Roots to produce documents relating to the upcoming deposition of Gap former employee Jim Bell and held that Roots would be permitted to attend that deposition. *Id.* ¶ 8; July 30, 2007 Civil Minutes. The Court declined to rule on whether Roots would be permitted to attend the upcoming depositions of the foreign witnesses in the *Gabana* case. *See id.* Later that week, Roots produced roughly 800 documents to Gap. Darling Decl. ¶ 9. Gap has reviewed this production and determined that most of it consists of

1   emails forwarding purchase orders, revising purchase orders, or sorting through shipments. *Id.*

2   In addition, the production is incomplete, as it is missing many email attachments and e-mails

3   that are referenced in other documents. *Id.* More notably, however, Roots' production contained

4   no documents relating to negotiations between Roots, on the one hand, and Gabana or any

5   retailer or distributor, on the other hand, that preceded final agreements with those parties. *Id.*

6          On July 31, 2007, Gap's counsel attempted to meet and confer with Roots in order to

7   determine Roots' plan for completing discovery in time to participate in the trial commencing on

8   December 3, 2007. *Id.* ¶ 10, Ex. A.  In particular, Gap asked Roots how it proposed to get

9   everything done that must be done for trial, including briefing and hearing on Gap's motion to

10  dismiss, initial disclosures, written discovery, depositions of multiple foreign witnesses, expert

11  discovery, any motions to compel, and summary judgment briefing and hearing. *Id.*

12         On August 8, 2007, Roots proposed the following incomplete schedule for pretrial

13  preparation:

14       •    Initial disclosures due by August 17, 2007.

15       •    Interrogatories served by September 15, 2007, with responses due by October 15,
            2007.
16
         •    All depositions to be completed by the week of October 15, 2007.  Roots agreed
17           to join in the stipulation and order regarding depositions in the *Gabana* case and
            offered to make a few foreign third parties available voluntarily, but it admitted
18           that some of these witnesses were "not within Roots control."

19       •    Expert discovery completed by October 30, 2007.

20  *Id.* ¶ 11, Ex. B.  Roots did not propose a schedule for document discovery, motions to compel,

21  expert reports, or summary judgment briefing and hearing. *Id.*

22                          **III.    ARGUMENT**

23         Federal Rule of Civil Procedure 42(a) provides in pertinent part that "[w]hen actions

24  involving a common question of law or fact are pending before the court . . . it <u>may</u> order all the

25  actions consolidated; and it <u>may</u> make such orders concerning proceedings therein as may tend to

26  avoid unnecessary costs or delay." Fed. R. Civ. P. 42(a) (emphasis added).  "The mere existence

27  of common issues, however, does not require consolidation." *Bruno v. Borough of Seaside Park,*

28  *et al.,* 2006 WL 2355489, *2 (D.N.J. August 14, 2006) (citation omitted).  District courts have

4

GAP'S OPPOSITION TO ROOTS' MOTION TO CONSOLIDATE PURSUANT TO FED. R. CIV. P. 42(a)
Case No. C 07-03363 CRB

1   broad discretion in determining whether to consolidate cases pending before them. *Investors*

2   *Research Co. v. U.S. Dist. Ct.*, 877 F.2d 777 (9th Cir. 1989). In deciding whether consolidation

3   is proper, a court must "weigh the interest of judicial convenience against the potential for delay,

4   confusion and prejudice caused by consolidation." *Southwest Marine, Inc. v. Triple Mach A*

5   *Shops, Inc.*, 720 F. Supp. 805, 807 (N.D. Cal. 1989). The party seeking consolidation bears the

6   burden of establishing that the judicial economy and convenience benefits of consolidation

7   outweigh any prejudice. *Indiana State District Council of Laborers and HOD Carriers Pension*

8   *Fund v. Gecht*, 2007 WL 902554, *1 (N.D. Cal. March 22, 2007).

9        Courts routinely refuse to consolidate actions that are at widely divergent stages of trial

10   preparation. 9 Wright & Miller, Federal Practice and Procedure § 2383 (2006). For example, in

11   *Rendon v. City of Fresno*, 2006 WL 1582307, *7 (E.D. Cal. June 2, 2006), the court refused to

12   consolidate three related actions where two actions were filed between seven and ten months

13   prior to the third action, and discovery in the earlier actions was nearly complete, but had barely

14   commenced in the later action. Similarly, in *Mills v. Beech Aircraft Corp.*, 886 F.2d 758, 762

15   (5th Cir. 1989), the court refused to consolidate several related actions when one set of plaintiffs

16   were ready for trial but another set sought to depose additional witnesses and designate

17   additional experts. Other courts presented with cases at similarly disparate stages of preparation

18   also have refused to consolidate actions under Rule 42(a). *See, e.g., Long v. Dickson*, 2006 WL

19   1896258, *1 (D. Kan. 2006) (consolidation denied where first action was filed 14 months prior to

20   second action, and discovery in first action was nearly complete, but in second action was just

21   beginning); *La Chemise Lacoste v. Alligator Co.*, 60 F.R.D. 164, 176 (D. Del. 1973)

22   (consolidation denied where first action was close to trial and second action was recently

23   commenced).

24        Indeed, as the court held in *Wright v. U.S.*, 1993 WL 313040 (N.D. Cal. August 06,

25   1993), "[c]onsolidation is particularly unwarranted where, as here, one action is significantly

26   further advanced than the other." Even under the cases on which Roots relies, consolidation is

27   inappropriate when the benefits "would only run in one direction" or "where discovery in one

28   action is virtually complete while it has just commenced in another"—not to mention where, as

1    here, discovery has not formally commenced in the second action and no answer or other

2    responsive pleading has been filed. *Internet Law Library, Inc. v. Southridge Capital Mgmt. LLC,*

3    208 F.R.D. 59, 62 (S.D.N.Y. 2002). Roots' reliance on *Monzo v. American Airlines,* Inc., 94

4    F.R.D. 672 (S.D.N.Y. 1982), also is unavailing, since, unlike here, the related actions in *Monzo*

5    were filed only five months apart and there was no indication that the two cases were at widely

6    divergent stages of preparation.

7          Here, the discovery cut-off in the *Gabana v. Gap* litigation is five days away.

8    Furthermore, the long-awaited foreign depositions—which took nearly a year for Gap and

9    Gabana to coordinate—are finally scheduled to take place in early September in Geneva and

10   Paris. Expert reports are due in one month, and summary judgment briefs must be filed by the

11   end of September. By contrast, Gap has not yet responded to Roots' FAC, and neither Gap nor

12   Roots has engaged in any formal discovery on Roots' claims.

13         Furthermore, there are serious problems with the pretrial schedule that Roots has

14   proposed. First, Roots' proposed schedule is incomplete: no time is allotted for document

15   discovery, motions to compel, expert reports, or summary judgment briefing and hearing.

16   Indeed, Roots' does not even suggest a date when it will supplement its deficient document

17   production. Second, Roots' proposed schedule for the remaining pretrial tasks is unworkable.

18   For example, Roots proposes that the parties serve interrogatory responses by October 15, 2007,

19   nearly a month <u>after</u> the date it proposes the parties complete depositions. Gap is entitled to

20   interrogatory responses <u>before</u> scheduling depositions, as those responses may identify persons

21   that Gap needs to depose. In addition, Gap should not have to bear the expense of preparing for

22   and attending foreign deposition prior to receiving a ruling on its motion to dismiss, which the

23   Court will hear, at the earliest, on September 21, 2007. Finally, while Roots agreed to join in the

24   stipulation and order regarding depositions in the *Gabana* case, it also stated that several foreign

25   witnesses that might have knowledge of Roots' claims are not within Roots' control.

26   Compelling the appearance of these witnesses would require Hague Convention or other

27   international discovery procedures, neither of which could be completed under Roots' proposed

28   timeframe.

1      Moreover, even if Roots chooses to rush to trial on its claims by relying on the discovery

2   produced and the testimony given in the *Gabana* litigation, it cannot force Gap to do so.  In order

3   to defend its claims against Roots, as well as prosecute any potential counterclaims, Gap is

4   entitled to discovery from Roots, not just from Gabana, and it is entitled to re-depose Gabana's

5   witnesses on the merits of Roots' claims.  (Gabana has already contradicted Roots' assertion that

6   Roots is a third-party beneficiary of the Gab-Gabana agreement.  *See* Gabana's Opposition to

7   Roots' Motion to Consolidate at 3:23-28.)  And while Roots has already produced some

8   documents, Gap has no way of knowing what selection criteria was used in producing that

9   material, nor has it had an opportunity to test the sufficiency of that production by serving

10  interrogatories or taking depositions.  In addition, as in the *Gabana* case, many of the witnesses

11  in the *Roots* case are likely to be located overseas and will require translators; past experience

12  suggests that coordinating these depositions will be a time-consuming process.  Indeed, Roots

13  has not even served its initial disclosures that would enable Gap to determine whom it will need

14  to depose or where those witnesses are located.  Gap should not be forced to cram its pretrial

15  preparation in the *Roots* case into four months simply because Roots chose to stand on the

16  sidelines for more than a year to see how the *Gabana* case would turn out.  In short, to

17  consolidate the *Roots* and *Gabana* actions would result in needless delay of the trial in *Gabana v.*

18  *Gap* and prejudice to Gap.

19  / / /

20  / / /

21  / / /

22  / / /

23  / / /

24  / / /

25  / / /

26  / / /

27  / / /

28  / / /

7

# IV.     CONCLUSION

Consolidation is particularly unwarranted where, as here, Roots' action has just commenced and discovery in the *Gabana v. Gap* litigation is virtually complete.  To consolidate these actions at this point would result in delay and prejudice to Gap.

Dated: August 10, 2007                                          KEKER & VAN NEST, LLP


By: _____/s/ Rose Darling_____
                ROSE DARLING

Attorneys for Defendants
GAP INTERNATIONAL SALES, INC.,
THE GAP, INC., BANANA REPUBLIC,
LLC, and OLD NAVY, LLC

400482.02