| | |
|---|---|
| 1 | KEKER & VAN NEST, LLP |
|   | DARALYN J. DURIE - #169825 |
| 2 | CHRISTA M. ANDERSON - #184325 |
|   | DAN JACKSON - #216091 |
| 3 | ROSE DARLING - #243893 |
|   | 710 Sansome Street |
| 4 | San Francisco, CA  94111-1704 |
|   | Telephone:  (415) 391-5400 |
| 5 | Facsimile:  (415) 397-7188 |
| 6 | Attorneys for Defendants |
|   | THE GAP, INC., a/k/a, GAP, INC., GAP INTERNATIONAL |
| 7 | SALES, INC., BANANA REPUBLIC, LLC, AND OLD NAVY, LLC |

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| ROOTS READY MADE GARMENTS CO. W.L.L., | Case No. C 07-03363 CRB |
| Plaintiff, | **DECLARATION OF ROSE DARLING IN SUPPORT OF THE GAP, INC., a/k/a, GAP, INC., GAP INTERNATIONAL SALES, INC., BANANA REPUBLIC, LLC, AND OLD NAVY, LLC'S OPPOSITION TO ROOTS READY MADE GARMENTS' MOTION TO CONSOLIDATE PURSUANT TO FED. R. CIV. P. 42(a)** |
| v. | |
| THE GAP, INC., a/k/a, GAP, INC., GAP INTERNATIONAL SALES, INC., BANANA REPUBLIC, LLC, AND OLD NAVY, LLC | |
| Defendants. | Date:  August 24, 2007<br>Time:  10:00 a.m.<br>Place:  Courtroom 8, 19th floor<br>Judge:  Hon. Charles R. Breyer |

400490.01

DECLARATION OF ROSE DARLING
Case No. C 07-03363 CRB

I, ROSE DARLING, declare and say that:

1.  I am an attorney licensed to practice law in the State of California and before this Court and am an associate at Keker & Van Nest, LLP, counsel for defendants The Gap, Inc., a/k/a, Gap, Inc., Gap International Sales, Inc., Banana Republic, LLC, and Old Navy, LLC (collectively "Gap").

2.  I have knowledge of the facts set forth herein, and if called to testify as a witness thereto, could do so competently under oath.

**The *Gabana v. Gap* litigation**

3.  Gap and Gabana commenced written discovery on July 28, 2006. In October 2006, Gap and Gabana completed the first round of document discovery, exchanging more than 25,000 pages of material.

4.  In November 2006, Gap initiated what would become a nine-month attempt to meet and confer with Gabana on a deposition schedule for numerous overseas witnesses. The schedule for those depositions was finally confirmed last month.

5.  Between January and July 2007, Gap and Gabana engaged in extensive discovery, including:

- several rounds of document requests yielding more than 100,000 pages of material;
- multiple rounds of interrogatories;
- extensive back-and-forth communications regarding scheduling depositions abroad, which eventually resulted in a schedule for the depositions of several witnesses in Paris and Geneva;
- a two-day deposition of Gabana's 30(6)(6) witness;
- a full-day deposition of Gap employee Ron Young;
- a full-day deposition of former Gap employee Jon Ehlen; and
- briefing and hearing on three motions to compel.

6.  The discovery cut-off in the *Gabana* case is set for August 15, 2007. The depositions of several international third parties will be completed the week of September 10, 2007. Expert reports are due on September 19, 2007. Summary judgment motions must be filed

by September 28, 2007. Trial is set for December 3, 2007.

**The *Roots v. Gap* litigation**

7. Roots served its complaint against Gap on July 10, 2007—more than a year after the *Gabana v. Gap* litigation began. Roots filed this motion to consolidate on July 25, 2007, more than two weeks before Gap's response to Roots' complaint was due. Roots amended its complaint on July 27, 2007. Gap's response to Roots' FAC is due on August 13, 2007.

8. On July 30, 2007, the Court ordered Roots to produce documents relating to the upcoming deposition of Gap former employee Jim Bell and held that Roots would be permitted to attend that deposition, subject to Gap's approval. *See* July 30, 2007 Civil Minutes. The Court declined to rule on whether Roots would be permitted to attend the upcoming depositions of the foreign witnesses in the *Gabana* case. *See id.*

9. On August 3, 2007, Roots produced roughly 800 documents to Gap. Gap has reviewed this production and determined that most of it consists of emails forwarding purchase orders, revising purchase orders, or sorting through shipments. In addition, the production is incomplete, as it is missing many email attachments and e-mails that are referenced in other documents. More notably, however, Roots' production contained no documents relating to negotiations between Roots, on the one hand, and Gabana or any retailer or distributor, on the other hand, that preceded final agreements with those parties.

10. On July 31, 2007, Gap attempted to meet and confer with Roots in order to determine Roots' plan for completing discovery in time to participate in the trial commencing on December 3, 2007. In particular, my colleague Dan Jackson sent a letter to Roots' counsel, asking them how Roots proposed to get everything done that must be done for trial, including briefing and hearing on Gap's motion to dismiss, initial disclosures, written discovery, depositions of multiple foreign witnesses, expert discovery, any motions to compel, and summary judgment briefing and hearing. Roots failed to respond. Attached hereto as **Exhibit A** is a true and correct copy of Mr. Jackson's letter to Roots' counsel, dated July 31, 2007.

11. On August 8, 2007, Roots proposed the following incomplete schedule for pretrial preparation:

1   • Initial disclosures due by August 17, 2007.

2   • Interrogatories served by September 15, 2007, with responses due by October 15, 2007.

3   • All depositions to be completed by the week of October 15, 2007. Roots agreed to join in the stipulation and order regarding depositions in the *Gabana* case and offered to make a few foreign third parties available voluntarily, but it admitted that some of these witnesses were "not within Roots control."

6   • Expert discovery completed by October 30, 2007.

Roots did not propose a schedule for document discovery, motions to compel, or summary judgment briefing and hearing. Attached hereto as **Exhibit B** is a true and correct copy of Roots' August 8 letter to Gap setting forth their proposed pretrial schedule.

12. Attached hereto as **Exhibit C** is a true and correct copy of excerpts from the May 14, 2007 deposition of Gabana's 30(b)(6) witness, François Larsen.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct and that this declaration was executed in San Francisco, California on August 10, 2007.

/s/ Rose Darling
ROSE DARLING