KEKER & VAN NEST, LLP
DARALYN J. DURIE - #169825
CHRISTA M. ANDERSON - #184325
DAN JACKSON - #216091
ROSE DARLING - #243893
710 Sansome Street
San Francisco, CA  94111-1704
Telephone:  (415) 391-5400
Facsimile:  (415) 397-7188

Attorneys for Defendants
THE GAP, INC., a/k/a, GAP, INC., GAP INTERNATIONAL SALES, INC., BANANA REPUBLIC, LLC, AND OLD NAVY, LLC

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| ROOTS READY MADE GARMENTS CO. W.L.L.,<br><br>Plaintiff,<br><br>v.<br><br>THE GAP, INC., a/k/a, GAP, INC., GAP INTERNATIONAL SALES, INC., BANANA REPUBLIC, LLC, AND OLD NAVY, LLC<br><br>Defendants. | Case No. C 07-03363 CRB<br><br>**REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF MOTION TO DISMISS FIRST AMENDED COMPLAINT**<br><br>Date:     September 21, 2007<br>Time:    10:00 a.m.<br>Dept:     8<br>Judge:   Honorable Charles R. Breyer |

**PUBLIC VERSION**

1   Defendants The Gap, Inc., Gap International Sales, Inc., Banana Republic, LLC and Old Navy, LLC (collectively "Gap") request that this Court consider the documents attached to this Request for Judicial Notice in connection with Gap's Motion to Dismiss plaintiff Roots Ready Made Garments Co. W.L.L. ("Roots")'s First Amended Complaint ("FAC"), without converting that motion into a motion for summary judgment.

Documents "are considered part of the pleadings if they are referred to in the plaintiff's complaint and are central to her claim." *In re Silicon Graphics, Inc. Sec. Litig.*, 970 F. Supp. 746, 758 (N.D. Cal. 1997) (quoting *Venture Assocs. Corp. v. Zenith Data Sys. Corp.*, 987 F.2d 429, 431 (7th Cir. 1993)).  Moreover, even where the plaintiff's complaint does not explicitly refer to a document, it may be attached to the defendant's 12(b)(6) motion without converting that motion to one for summary judgment if its authenticity is not contested and it is a document on which the plaintiff's complaint relies. *Parrino v. FHP, Inc.*, 146 F.3d 699, 705-06 (9th Cir. 1998).  If courts were prohibited from considering such material, complaints that are ultimately doomed to failure could survive a motion to dismiss simply by artful pleading.  "Foreclosing resort to such documents might lead to complaints filed solely to extract nuisance settlements." *In re Silicon Graphics*, 970 F. Supp. at 758 (quoting *Kramer v. Time Warner, Inc.*, 937 F.2d 767, 774 (2d Cir. 1991)).

Here, Roots' First Amended Complaint repeatedly refers to the contracts between Gap and Gabana and between Gabana and Roots. *See*, *e.g.*, FAC ¶¶ 7, 39-46, 82-86.  Roots not only incorporates these contracts by reference, they are central to Roots' claims.  Roots alleges that it was Gabana's "licensee" and "sub-distributor" under these contracts. *Id.* ¶¶ 7, 46.  And Roots brings a claim under a third-party-beneficiary theory that is explicitly based on the Gap-Gabana contracts while, tellingly, failing to attach those contracts to its complaint. *Id.* ¶¶ 82-86.  This Court, therefore, can and should consider these written agreements without converting Gap's motion to dismiss to one for summary judgment.

Accordingly, Gap respectfully requests that the Court consider the following documents in connection with Gap's motion to dismiss without converting that motion to one for summary judgment:

1.  Exhibit A hereto is a true and correct copy of the May 13, 2003 Gap Inc. Excess Inventory Program Distributor License Agreement between The Gap Inc., Banana Republic, Inc., and Old Navy, Inc., on one side, and Gabana Gulf Distribution Ltd. and Gabana Distribution Ltd., on the other.

2.  Exhibit B hereto is a true and correct copy of the May 13, 2003 Gap Inc. International Sales Program Distributor License Agreement between Gap International B.V. and Gabana Gulf Distribution Ltd.

3.  Exhibit C hereto is a true and correct copy of the September 1, 2004 Gap Inc. International Sales Program Distributor License Agreement between Gap International B.V. and Gabana Gulf Distribution Ltd.

4.  Exhibit D hereto is a true and correct copy of the May 12, 2003 Letter of Understanding between Gabana Gulf Distribution Ltd. and Roots Ready Made Garments Co.

Dated:  August 13, 2007                               KEKER & VAN NEST, LLP


By:   /s/ Dan Jackson
DAN JACKSON
Attorneys for Defendants
GAP INTERNATIONAL SALES, INC.,
THE GAP, INC., BANANA REPUBLIC,
LLC, and OLD NAVY, LLC