1  RICHARD A. JONES (Bar No. 135248)
   (rjones@cov.com)
2  COVINGTON & BURLING LLP
   One Front Street
3  San Francisco, CA 94111
   Telephone: (415) 591-6000
4  Facsimile: (415) 591-6091

5  (*Additional Counsel on Signature Page*)

6  Attorneys for Plaintiff
   Roots Ready Made Garments Co. W.L.L.

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| ROOTS READY MADE GARMENTS CO. W.L.L., <br><br> Plaintiff, <br><br> v. <br><br> THE GAP, INC., a/k/a, GAP, INC., GAP INTERNATIONAL SALES, INC., BANANA REPUBLIC, LLC, AND OLD NAVY, LLC, <br><br> Defendants. | Case No: C 07 3363 CRB <br><br> REPLY MEMORANDUM IN SUPPORT OF PLAINTIFF'S MOTION TO CONSOLIDATE RELATED ACTIONS PURSUANT TO FED. R. CIV. P. 42(a) <br><br> Date: August 24, 2007 <br> Time: 10 o'clock a.m. <br> Place: Courtroom 8, 19th Floor <br> Judge: Charles R. Breyer |
| GABANA GULF DISTRIBUTION LTD., and GABANA DISTRIBUTION LTD., <br><br> Plaintiffs, <br><br> v. <br><br> GAP INTERNATIONAL SALES, INC., THE GAP, INC., BANANA REPUBLIC, LLC, AND OLD NAVY, LLC, <br><br> Defendants. | Case No.: C 06 2584 CRB |

REPLY MEM. IN SUPPORT OF MOT. TO CONSOL.
C 06 2584 CRB
C 07 3363 CRB

Plaintiff Roots Ready Made Garments Co. W.L.L. ("Roots") respectfully submits this Reply Memorandum in further support of its Motion for an Order consolidating two closely-related actions pending in this Court against the same defendants — *Gabana Gulf Distribution Ltd., et al. v. Gap International Sales, Inc., et al.*, C 06 2584 CRB (the "Gabana Action"), and *Roots Ready Made Garments Co. W.L.L. v. The Gap, Inc., et al.*, C 07 3363 CRB (the "Roots Action").

## PRELIMINARY STATEMENT

Gap and Gabana cannot deny that these two lawsuits arise out of the same transaction; assert virtually identical causes of action; and seek to recover the same money, from the same defendants based on the purchase of the same goods. Conducting two trials involving one business transaction would be grossly inefficient and ultimately pointless. There is no good reason why the court, with two different juries, should listen twice to the same witnesses talk about the same documents, especially where doing so creates the risk of inconsistent judgments.

Roots has proposed a discovery schedule, and believes that the parties, all represented by large, nationally-known law firms, could negotiate a schedule that will permit the trial to go forward on December 3, 2007. Roots has made a substantial production of documents related to this dispute and has already participated in two depositions of Gap witnesses. While the Court in its July 30, 2007 order expressly gave Gap the right to go back to the Court, in advance of Roots participating in the first deposition, if it believed that Roots had not made a complete production of documents, Gap never availed itself of that opportunity. In fact, prior to its brief in opposition to this motion, Gap never raised a single issue with respect to Root's document production. In a similar vein, Gap in its brief criticizes the schedule proposed by Roots in a meet and confer process that Roots voluntarily entered into with respect to scheduling. However, despite Root's counsel's specific invitation to Gap to discuss the schedule or provide its own proposal, Gap has not done so. The first time Roots learned that

REPLY MEM. IN SUPPORT OF MOT. TO CONSOL.         - 1 -
C 06 2584 CRB
C 07 3363 CRB

1  Gap believed that its schedule was unworkable was when it read Gap's brief.  Clearly, the
2  parties opposing consolidation are putting litigation tactics before practicality.

3  Regardless of whether the Court orders the cases consolidated for trial, however,
4  neither Gap nor Gabana offers any reason why the parties should not coordinate pretrial
5  discovery.  In particular, Gabana has arranged to make four of its foreign witnesses available for
6  depositions in Paris during the week of September 10.  Roots will need to depose these
7  witnesses as well, and it would make little sense for the parties to assemble the same witnesses
8  again for a second round of duplicative depositions involving many of the same documents.
9  Despite its opposition to Roots' consolidation motion, Gabana admits in its brief that it will
10 need the deposition of a Roots executive, Ashraf Abu Issa, whom it has designated as a trial
11 witness, and asks that Roots be ordered to produce him in Paris in September (which Roots has
12 already volunteered to do in the schedule it proposed as part of Gap's "meet and confer"
13 process).

**ARGUMENT**

I.   THE ROOTS ACTION AND THE GABANA ACTION INVOLVE THE SAME
     FUNDAMENTAL ISSUES OF FACT AND LAW.

17  Fed. R. Civ. P. 42(a) gives this Court broad discretion to consolidate actions
18 pending before it that involve "a common question of law or fact."  In its opposition, Gap does
19 not deny that the Gabana Action and the Roots Action involve many of the same witnesses, the
20 same documents, the same legal theories, and the same factual issues.  *See* Motion to
21 Consolidate at 4.  Gabana's attempt to argue that the cases "do not share sufficiently common
22 questions of fact or law," Gabana Opp. at 3-4, is simply not credible.

23  Gabana concedes – as it must – that Roots and Gabana assert essentially the same
24 causes of action against Gap (including, breach of contract, violations of Cal. Bus. & Prof. Code
25 § 17200, fraud, and other business torts and equitable theories).  Nevertheless, Gabana argues
26 that the parties' contract claims "differ in material respects," because Roots asserts breach of an

- 2 -

1  oral contract, and Gabana asserts a claim for breach of a written franchise agreement, involving
2  the application of the California Franchise Relations Act ("CFRA").  Gabana Opp. at 3.
3  However, Rule 42 does not demand "that actions be identical before they may be consolidated,"
4  *In re Cendant Corp. Litig.*, 182 F.R.D. 476, 478 (D.N.J. 1998), and Gabana vastly overstates the
5  significance of any distinctions between its claims and Roots' claims.

6  In addition to its oral contract claim, Roots also alleges that Roots was a third-
7  party beneficiary of Gabana's ISP Agreement with Gap.  Roots' third-party beneficiary claim
8  raises the same issues concerning the CFRA as Gabana's contract claim.  Moreover, Roots' oral
9  contract claim arises from the same transaction that gave rise to Gabana's written agreements
10 with Gap.  For this reason, Gabana's reliance on *Enterprise Bank v. Saettele*, 21 F.3d 233, 236
11 (8th Cir. 1994), is misplaced.  In *Enterprise Bank*, the Eighth Circuit concluded that the district
12 court abused its discretion by consolidating two actions involving wholly unrelated breach of
13 contract claims against the same defendants – not claims arising from the same underlying
14 transaction.  The Court noted that "the only common factual thread running through the
15 lawsuits" was the fact that both actions involved the same defendants.  *Id.*  In this case, by
16 contrast, the connection between the Roots Action and the Gabana Action is far more
17 fundamental: both actions focus on the negotiation and implementation of the same business
18 deal by the same parties.

19 Gabana makes no attempt to distinguish its tort claims from the identical claims
20 Roots asserts in its First Amended Complaint.  Instead it argues that the admittedly overlapping
21 factual and legal issues underlying these claims do not "predominate" because the focus of the
22 Gabana Action is the claim for breach of a franchise agreement.  However, as noted above,
23 Roots alleges that it is a third-party beneficiary of Gabana's franchise agreement, and this claim
24 will likewise implicate factual and legal issues relating to that agreement and the application of
25 the CFRA.  Moreover, Gabana's violations of the CFRA form part of the basis for Roots'
26 tortious interference claims, as well as its claims under Cal. Bus. & Prof. Code § 17200.

27
28
- 3 -

REPLY MEM. IN SUPPORT OF MOT. TO CONSOL.
C 06 2584 CRB
C 07 3363 CRB

1    None of the cases Gabana cites in which courts denied consolidation involved claims, like this one, that arise from a common series of business transactions. In *Allen v. Woodford*, 2006 U.S. Dist. LEXIS 93150, at *31-32, *44. (C.D. Cal. Dec. 22, 2006), the court <u>granted</u> a motion to consolidate two actions in which multiple prisoners claimed injuries from "faulty surgical procedures performed on each of them." *Id.* at *2. The cases were consolidated notwithstanding the fact that the various plaintiffs were injured "on . . . different days of surgery," and their claims involved "different medical documentation." *Id.* at *35. The other two cases on which Gabana relies involved mass tort claims. *See* Gabana Opp. at 4. In that context, courts have often found that "individual issues . . . outnumber common issues" because, unlike in this case, the various plaintiffs' injuries do not arise from "a single happening or accident." *In re Consolidated Parlodel Litig.*, 182 F.R.D. 441, 444 (D.N.J. 1998).

Here, despite some potential minor differences between Gabana's and Roots' legal theories, the claims arise from the very same business transactions, and will inevitably involve the same witnesses and many of the same documents.

## II. THE INTEREST OF EFFICIENCY OUTWEIGHS ANY RISK OF DELAY.

The purpose of consolidation is "to streamline and economize pretrial proceedings so as to avoid duplication of effort, and to prevent conflicting outcomes in cases involving similar legal and factual issues." *In re Prudential Securities Inc. Ltd. Partnerships Litigation*, 158 F.R.D. 562, 571 (S.D.N.Y.1994); *see also Ikerd v. Lapworth*, 435 F.2d 197, 204 (7th Cir. 1970) ("Considerations of judicial economy strongly favor simultaneous resolutions of all claims growing out of one event . . . ."). In this case, conducting separate discovery proceedings followed by two separate trials arising out of the very same business transactions, and involving many of the same documents and witnesses, would be grossly inefficient. Allowing the Gabana Action and the Roots Action to proceed on separate tracks would needlessly burden the parties and the Court with duplicative litigation.

- 4 -

REPLY MEM. IN SUPPORT OF MOT. TO CONSOL.
C 06 2584 CRB
C 07 3363 CRB

Moreover, separate trials could well result in inconsistent judgments – a concern that Gap does not address in its opposition papers. Both Gabana and Gap allege that they were fraudulently induced to pay $6 million for Gap's excess inventory. Gabana's suggestion that there is no threat of inconsistency because separate juries could conclude that Gap "impermissibly terminated its franchise agreement with Gabana and also . . . breached an oral contract with Roots" does not address the fact that, in all probability, only one party should be able to recover this sum from Gap. *See* Mot. to Consolidate at 5.[1]

Gap's and Gabana's primary argument against consolidation is their concern that discovery on Roots' claims cannot be completed prior to December 3, 2007, and that the trial in the Gabana Action will need to be delayed. Roots believes that discovery in both actions can proceed far more efficiently with the participation of all three parties. The trial date in the Gabana Action is nearly four months away. Numerous depositions of international witnesses have yet to be taken, and expert discovery will not begin until September.

On August 3, 2007, Roots produced approximately 8,700 pages of documents to Gabana and Gap (which Gap refers to as "800 documents"). On August 7, 2007, Gap produced to Roots approximately 36,000 pages of documents that were previously produced in the Gabana Action. Although Gap now disparages Roots' document production as "deficient" in its opposition papers, Gap Opp. at 6, it never contacted Roots' counsel to raise any concerns about the production or to request additional documents. On August 8, 2007, Roots sent a proposed

---

[1] Gabana's suggestion that consolidation for purposes of trial could cause "unnecessary confusion" because "the $6 million inventory is at issue in both cases" is meritless. Gabana Opp. at 6. Its purported concern about juror confusion simply reflects its desire to present the jury a simpler – but inaccurate – portrayal of the transactions at issue in this case by omitting Roots' important role. There is no basis for Gabana's assertion that it would be put in the position of simultaneously supporting and opposing Roots' claims at trial because of a possible obligation to indemnify Gap. Gabana Opp. at 6. Gabana has already demonstrated that it is under no obligation to support Roots' claim. *See* Gabana Opp. at 3 n.2 (opposing Roots' third-party beneficiary claim).

- 5 -

REPLY MEM. IN SUPPORT OF MOT. TO CONSOL.
C 06 2584 CRB
C 07 3363 CRB

discovery schedule to counsel for Gap, copying Gabana's counsel, and invited them to offer their comments.  Neither Gap nor Gabana has contacted Roots to attempt to negotiate an alternative schedule.

### III.   GAP AND GABANA OFFER NO REASON WHY PRETRIAL DISCOVERY IN THE GABANA AND ROOTS ACTIONS SHOULD NOT BE CONSOLIDATED.

Despite the broad statements in the opposing briefs about how far along Gabana and Gap are in discovery, the fact is that there is a large amount of fact discovery in this case that is ongoing.  Since the July 30, 2007 telephonic conference on this motion, there have been two depositions of fact witnesses (in which Roots has participated), and we are aware of at least four more that are scheduled.  Expert discovery has not even begun.  Gap and Gabana have entered into a stipulation that allows them, under certain circumstances, to continue to take depositions of fact witnesses as late as two weeks before trial.  It is, therefore, likely that the parties will be conducting discovery for some time.  (*See* Case 3:06-cv-02584-CRB, Document No. 43, filed 03/06/2007.)

Gap and Gabana offer no reason at all why Roots should not be permitted to participate in the depositions scheduled to occur in the Gabana Action over the next two months.  This court can order the cases consolidated for purposes of pre-trial discovery whether or not it ultimately orders consolidation for trial.  *See* 9 Wright & Miller, *Federal Prac. & Proc.* 2d § 2382 ("Consolidation of actions in their pretrial stage, under many circumstances, will be a desirable administrative technique and is within the power of the court.").  Gabana has arranged to make a number of witnesses available for depositions in Paris during the week of September 10.  Roots will ultimately need to depose these witnesses, as well.  It will not serve anyone's interests to re-assemble these witnesses a second time – a process Gap claims took nine months to arrange – to conduct duplicative depositions of the same witnesses, concerning the same transactions, using many of the same documents.  In addition, given the parties' stipulation, it is likely that additional depositions will occur during this time frame, in any event.  The Court

- 6 -

REPLY MEM. IN SUPPORT OF MOT. TO CONSOL.
C 06 2584 CRB
C 07 3363 CRB

1  could consolidate pretrial discovery and decide later whether the two lawsuits should be tried
2  together.

## CONCLUSION

For the reasons stated above, and in Roots' opening brief, this Court should grant Roots' motion to consolidate the Roots Action and the Gabana Action for purposes of discovery and trial.

Respectfully submitted,

_____/s/_____
Richard A. Jones
COVINGTON & BURLING LLP
One Front Street
San Francisco, CA 94111

Robert P. Haney (admitted *pro hac vice*)
Bradley J. Nash (admitted *pro hac vice*)
COVINGTON & BURLING LLP
620 Eighth Avenue
New York, NY 10018
Telephone: (212) 841-1000
Facsimile: (212) 841-1010

*Attorneys for Plaintiff Roots Ready Made Garments Co. W.L.L.*

Dated: August 17, 2007

- 7 -

REPLY MEM. IN SUPPORT OF MOT. TO CONSOL.
C 06 2584 CRB
C 07 3363 CRB