KEKER & VAN NEST, LLP
DARALYN J. DURIE - #169825
CHRISTA M. ANDERSON - #184325
DAN JACKSON - #216091
710 Sansome Street
San Francisco, CA 94111-1704
Telephone: (415) 391-5400
Facsimile: (415) 397-7188

Attorneys for Defendants
THE GAP, INC., a/k/a, GAP, INC., GAP INTERNATIONAL SALES, INC., BANANA REPUBLIC, LLC, and OLD NAVY, LLC

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| ROOTS READY MADE GARMENTS CO. W.L.L.,<br><br>　　　　　　　　　　Plaintiff,<br><br>　　v.<br><br>THE GAP, INC., a/k/a, GAP, INC., GAP INTERNATIONAL SALES, INC., BANANA REPUBLIC, LLC, AND OLD NAVY, LLC<br><br>　　　　　　　　　　Defendants. | No. C 07-03363 CRB<br><br>**GAP'S NOTICE OF MOTION, MOTION AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION FOR PROTECTIVE ORDER**<br><br>Date:　October 19, 2007<br>Time:　10:00 a.m.<br>Dept:　8<br>Judge: Honorable Charles R. Breyer |

**NOTICE OF MOTION AND STATEMENT OF RELIEF SOUGHT**

PLEASE TAKE NOTICE, that on October 19, 2007, at 10 a.m. before the Honorable Charles R. Breyer, United States District Court, 450 Golden Gate Ave, Courtroom 8, San Francisco, California, defendants THE GAP, INC., a/k/a, GAP, INC., GAP INTERNATIONAL SALES, INC., BANANA REPUBLIC, LLC, and OLD NAVY, LLC (collectively "Gap") will, and hereby do, move the Court for a protective order requiring that the deposition of Amin El Sokary, purportedly but improperly noticed by Roots for deposition on September 12, 2007, be postponed in time to a mutually agreeable date on which all counsel is available, and after further written discovery has taken place in the Roots litigation.

This motion is based on this Notice of Motion, the Memorandum of Points and Authorities below, the Declaration of Dan Jackson, and such other and further papers, evidence and argument as may be submitted to the Court at or before the hearing on this motion.

**MEMORANDUM OF POINTS AND AUTHORITIES**

**I.     INTRODUCTION**

Only two weeks ago, on August 24, 2007, this Court heard oral argument on Plaintiff's motion to consolidate this litigation with the related Gabana litigation also pending before this Court. As the Court may recall, Roots sought in its motion to consolidate its nascent lawsuit with that of the Gabana litigation for discovery and trial purposes. Roots, however, so moved at the eleventh hour, only weeks before the discovery cut-off in the Gabana litigation and a few months before trial.

The Court denied Roots' motion, finding that consolidation of the actions was inappropriate at this late juncture. Towards the end of oral argument, Roots' counsel asked if it could nonetheless be permitted to participate in depositions already going forward in Paris in the Gabana litigation during the week of September 10, 2007 (a query also raised in Roots' moving papers). The Court unequivocally denied the request, stating that the only way that would happen is with the permission of each of the parties in the Gabana litigation.

Now, Roots' counsel has stated its intention to directly contravene the Court's ruling. Roots' counsel announced only days ago that it intends to join and participate in at least one (and

1  possibly two) of these very Paris depositions addressed during the hearing on the consolidation
2  motion. Indeed, only days in advance of the Paris depositions, Roots purported to serve by email
3  a notice of deposition for one of these Paris witnesses, which deposition is supposed to proceed
4  simultaneously with the deposition of this witness in the Gabana litigation. The deposition
5  should not be permitted to proceed, and should be rescheduled for another time when mutually
6  convenient for the parties and after sufficient written discovery has proceeded in the Roots
7  litigation (which has not even reached the case management conference stage).
8      Accordingly, Gap hereby moves for a protective order to postpone the date of this
9  untimely and improperly noticed deposition to a date in the future that comports with the Federal
10 Rules of Civil Procedure.

## II.     PROCEDURAL BACKGROUND

12     Plaintiff Roots Readymade Garments ("Roots") filed this action on June 26, 2007
13 (hereafter the "Roots litigation"). Shortly thereafter, and because of the related factual subject
14 matter, this Court ordered the Roots litigation to be related to another case pending before this
15 Court and entitled *Gabana Gulf Distribution, Ltd., et al. v. Gap International Sales, et al.*, Case
16 No. C06 2584 CRB (hereafter the "Gabana litigation"). Docket No. 6.
17     On July 25, 2007, Roots moved to consolidate the Roots litigation with the Gabana
18 litigation. Docket No. 18. In particular, Roots sought to consolidate both actions for purposes of
19 discovery and trial, which consolidation would have enabled Roots' counsel to attend and
20 participate in depositions taking place in the Gabana litigation. Those depositions included a
21 series of depositions set to take place during the week of September 10, 2007 in Paris, and which
22 had taken almost a full year to schedule in the Gabana litigation. Jackson Decl., ¶ 3.
23     On September 4, 2007, Gap's counsel received information from Gabana's counsel in the
24 Gabana litigation that Roots' counsel planned on attending and participating in two depositions
25 of witnesses who were to be produced in Paris for deposition during that week of September 10,
26 2007. *Id.* Ex. A (September 4, 2007 email from Glick to Anderson and Jackson).
27     In response, on September 5, Gap's counsel wrote to both Gabana's counsel and to
28 Roots' counsel, explaining that Roots' counsel was not permitted by order of the Court to attend

1 these depositions absent agreement of the parties. *Id.* Ex. B (September 5, 2007 email from
2 Jackson to Nash and Glick).

3     On September 5, 2007, Roots' counsel emailed Gap's counsel, announcing that it did
4 intend to participate in the Paris deposition of Amin El Sokary on September 12, 2007, and
5 attached a notice of deposition of Mr. El Sokary that purported to set his deposition in the Roots
6 litigation for exactly the same day as that witness's deposition was to take place in the Gabana
7 litigation. *Id.* Ex. C (September 5, 2007 email from Nash to Jackson, attaching notice of
8 deposition).

9     On September 6, 2007, Gap's counsel wrote to Roots' counsel, explaining that Roots had
10 requested, but the Court had expressly rejected their bid to participate in such a consolidated
11 fashion in any of those Paris depositions unless it obtained agreement of all the parties to the
12 Gabana action. Gap's counsel further explained that the discovery also was premature,
13 particularly given the requirements of Rule 26(d) that discovery would have to wait until after a
14 Rule 26(f) conference. *Id.* Ex. D (September 6, 2007 email from Jackson to Nash).

15     On September 6, 2007, Roots' counsel wrote to Gap's counsel, stating that it insisted on
16 attending the Paris depositions despite this Court's rulings. *Id.* Ex. E (September 6, 2007 email
17 from Nash to Jackson).

18     On September 7, 2007, Gap's counsel served objections to the notice of deposition and
19 concurrently filed this motion. *Id.* Ex. F (Objections to Notice of Deposition).

20                 **III.    ARGUMENT**

21     For several independent reasons, this Court should grant Gap's motion for protective
22 order and set Mr. El Sokary's deposition in the Roots case for a later date that is both mutually
23 convenient to all counsel but which also comports with the requirements of the Federal Rules of
24 Civil Procedure and allows sufficient time for Gap to take written discovery of Roots prior to
25 that deposition.

26     Generally, discovery may not commence in an action prior to the Rule 26(f) conference
27 of the parties, and depositions typically may not proceed without at least ten days notice. Fed. R.
28 Civ. P. 26(d). Federal Rule of Civil Procedure 32(a)(3) also provides that a deposition shall not

3
GAP'S MOTION FOR PROTECTIVE ORDER
CASE NO. C 07-03363 CRB
402383.01

1  "be used against a party who, having received less than 11 days notice of a deposition, has
2  promptly upon receiving such notice filed a motion for protective order under Rule 26(c)(2)
3  requesting that the deposition not be held *or be held at a different time* or place and such motion
4  is pending at the time the deposition is held." Fed. R. Civ. P. 32(a)(3) (emphasis added)  In turn,
5  Fed. R. Civ. P. 26(c)(2) provides that this Court has the power to make "any order which justice
6  requires to protect a party or person" from, *inter alia*, oppression, undue burden or expense,
7  including that discovery be had a different time or place.

8      This Court's own order, as well as the above-cited law, requires that this motion be
9  granted.  First and most importantly, this Court specifically and unequivocally stated during oral
10 argument on Roots' motion to consolidate that Roots did not have permission to attend or
11 participate in the Paris depositions unless the parties agreed it could so attend and participate.
12 Jackson Decl. ¶ 4.  On this basis alone, this Court should grant this motion for protective order,
13 since Roots' notice of deposition seeks to directly contravene that order.

14     Second, Roots' notice itself is improper.  Roots both noticed the deposition on less than
15 ten days notice, which is not reasonable notice as required by Rule 30(b)(1), and also failed to
16 serve it properly, as there is no agreement that email service is acceptable between the parties in
17 this litigation).  Jackson Decl., ¶ 8.  Accordingly, given that no proper notice was served, the
18 deposition date should not proceed as purportedly noticed by Roots.

19     Third, even if the notice itself had been properly served, the notice is premature.  Federal
20 Rule of Civil Procedure 26(d) states that, with exceptions that are not relevant here, "a party <u>may
21 not</u> seek discovery from any source before the parties have conferred as required by Rule 26(f)."
22 Fed. R. Civ. P. 26(d) (emphasis added).  The Case Management Conference in this case is
23 scheduled for October 12, 2007 and the date for the parties to meet and confer pursuant to Rule
24 26(f) is September 21, 2007. Jackson Decl. ¶ 12.  Thus, Roots' attempt to notice the deposition
25 of Mr. El Sokary violates Rule 26(d), as well as this Court's explicit ruling at the hearing on
26 Roots' motion to consolidate.

27                    **IV.     CONCLUSION**

28     Accordingly, the deposition is premature and the protective order should be granted

1  postponing the deposition to an appropriate time that is both convenient to all counsel and that
2  permits some written discovery to proceed in advance of Mr. El Sokary's deposition.
3
4  Dated: September 7, 2007                    KEKER & VAN NEST, LLP
5
6                                              By:    /s/  Dan Jackson
                                                      DAN JACKSON
7                                                     Attorneys for Defendants
                                                      THE GAP, INC., a/k/a, GAP, INC., GAP
8                                                     INTERNATIONAL SALES, INC.,
                                                      BANANA REPUBLIC, LLC, and OLD
9                                                     NAVY, LLC