| | |
|---|---|
| 1 | KEKER & VAN NEST, LLP |
| | DARALYN J. DURIE - #169825 |
| 2 | CHRISTA M. ANDERSON - #184325 |
| | DAN JACKSON - #216091 |
| 3 | 710 Sansome Street |
| | San Francisco, CA  94111-1704 |
| 4 | Telephone:  (415) 391-5400 |
| | Facsimile:  (415) 397-7188 |

Attorneys for Defendants
THE GAP, INC., a/k/a, GAP, INC., GAP INTERNATIONAL SALES, INC., BANANA REPUBLIC, LLC, and OLD NAVY, LLC

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| ROOTS READY MADE GARMENTS CO. W.L.L., | No. C 07-03363 CRB |
| Plaintiff, | **DECLARATION OF DAN JACKSON IN SUPPORT OF GAP'S MOTION FOR PROTECTIVE ORDER** |
| v. | Date:   October 19, 2007 |
| THE GAP, INC., a/k/a, GAP, INC., GAP INTERNATIONAL SALES, INC., BANANA REPUBLIC, LLC, AND OLD NAVY, LLC | Time:   10:00 a.m. |
| | Dept:   8 |
| | Judge:  Honorable Charles R. Breyer |
| Defendants. | |

I, DAN JACKSON, declare and say that:

1. I am an attorney licensed to practice law in the State of California and before this Court and am employed by Keker & Van Nest, LLP, counsel for defendants The Gap, Inc., a/k/a, Gap, Inc., Gap International Sales, Inc., Banana Republic, LLC, and Old Navy, LLC (collectively "Gap").

2. I have knowledge of the facts set forth herein, and if called to testify as a witness thereto, could do so competently under oath.

3. During the week of September 10, 2007, several depositions are scheduled to take place in Paris, France in *Gabana v. Gap*, Case No. C06 2584 CRB (the "Gabana litigation"). It took the parties nearly a year to schedule those depositions.

4. On August 24, 2007, I attended oral argument on plaintiff Roots Ready Made Garments Co. W.L.L. ("Roots")'s motion to consolidate. After the Court denied Roots' motion, Roots' counsel requested that it nevertheless be allowed to participate in the upcoming European depositions. This Court denied that request except in the event that Roots could get the parties to the Gabana litigation to agree to Roots' participation.

5. On September 4, 2007, Gap's counsel received information from Gabana's counsel in the Gabana litigation that Roots' counsel planned on attending and participating in two depositions of witnesses who were to be produced in Paris for deposition during that week of September 10, 2007. Attached hereto as Exhibit A is a true and correct copy of an email dated September 4, 2007 from Martin Glick, counsel for Gabana, to me and Christa Anderson, counsel for Gap, conveying that information.

6. On September 5, 2007, I responded by email, explaining that Roots' counsel was not permitted by order of the Court to attend these depositions absent agreement of the parties. A true and correct copy of that email is attached hereto as Exhibit B.

7. On September 5, 2007, Roots' counsel emailed me, announcing that Roots did intend to participate in the Paris deposition of Amin El Sokary on September 12, 2007, and attaching a notice of deposition of Mr. El Sokary that purported to set his deposition in the Roots litigation for exactly the same day as that witness's deposition was to take place in the Gabana

1  litigation.  Attached hereto as Exhibit C is a true and correct copy of that email and attachment.

2      8.    The parties in this case do not have an agreement to accept service by email.

3      9.    On September 6, 2007, I wrote to Roots' counsel, explaining that in addition to violating this Court's ruling, the discovery Roots seeks is premature, particularly given the requirements of Rule 26(d) that discovery would have to wait until after a Rule 26(f) conference. Attached hereto as Exhibit D is a true and correct copy of that email.

    10.    Roots counsel responded by email on September 6, 2007, stating that it insisted on attending the Paris depositions despite this Court's rulings.  Attached hereto as Exhibit E is a true and correct copy of that email.

    11.    On September 7, 2007, Gap's counsel served objections to the notice of deposition and concurrently filed this motion, a true and correct copy of which is attached hereto as Exhibit F.

    12.    The Case Management Conference in this case is scheduled for October 12, 2007 and the date for the parties to meet and confer pursuant to Rule 26(f) is September 21, 2007.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct and that this declaration was executed on September 7, 2007 in San Francisco, California.

                                                                      /s/ Dan Jackson_____
                                                                        DAN JACKSON