**Dan Jackson**

**From:** Nash, Bradley [bnash@cov.com]
**Sent:** Thursday, September 06, 2007 5:20 PM
**To:** Dan Jackson
**Cc:** mglick@howardrice.com; Haney, Robert; Christa Anderson; Daralyn Durie
**Subject:** RE: Notice of Amin El Sokary Deposition

Dan,

Roots has already satisfied its obligation under Rule 26 to confer with Gap concerning discovery in this action. As you know, at your request, Roots proposed a discovery schedule on August 8. Gap may not use its failure to respond with a counterproposal as a means to delay Roots from seeking discovery. It is particularly disingenuous for Gap to argue that Roots' deposition notice is premature considering that Gap served written discovery requests on Roots two weeks ago. Although you now contend that these requests were filed "early" because of the pendency of Roots' motion to consolidate, Gap did not withdraw the requests after the court denied the motion. Roots is similarly entitled to proceed with the deposition of Mr. El Sokary on September 12.

Regards,

Brad

> **From:** Dan Jackson [mailto:DJackson@kvn.com]
> **Sent:** Thursday, September 06, 2007 4:02 PM
> **To:** Nash, Bradley
> **Cc:** mglick@howardrice.com; Haney, Robert; Christa Anderson; Daralyn Durie
> **Subject:** RE: Notice of Amin El Sokary Deposition
>
> Brad,
>
> Under Federal Rule of Civil Procedure 26(d), "a party may not seek discovery from any source before the parties have conferred as required by Rule 26(f)." Our Rule 26(f) conference is not scheduled until after Mr. El Sokary's deposition is scheduled to occur. Therefore, you may not seek discovery at that depostion. Because you attempted, unsuccessfully, to consolidate the cases and force yourselves into discovery in the Gabana case, we served early discovery on Roots in the unlikely event that the cases were consolidated. That does not affect the force of Rule 26(d) or Judge Breyer's ruling, both of which are clear: Roots cannot participate in the upcoming depositions in any way (except insofar as its attorneys represent the witness). Please let me know as soon as possible if you still intend to attend the deposition in spite of the rules and Judge Breyer's order so that we may address the issue with the Court.
>
> Dan

> > **From:** Nash, Bradley [mailto:bnash@cov.com]
> > **Sent:** Wednesday, September 05, 2007 6:08 PM
> > **To:** Dan Jackson
> > **Cc:** mglick@howardrice.com; Haney, Robert
> > **Subject:** Notice of Amin El Sokary Deposition
> >
> > Dan:

9/7/2007

I write in response to your objection to Roots taking the deposition of Amin El Sokary on September 12 in Paris. Judge Breyer's decision to deny consolidation does not preclude Roots from noticing a third party deposition of Mr. El Sokary in the Roots action. Judge Breyer never said that this deposition could only be taken with the agreement of all parties; he made no ruling affecting whether or not Roots was permitted to take depositions in Paris. As you know, discovery has now commenced in the Roots action. Gap has already served document requests, interrogatories and requests for admissions. Fed. R. Civ. P. 30(a)(1) similarly permits Roots to take the deposition "of any person . . . without leave of court." Accordingly, please see the attached notice of deposition.

<<SFX562.pdf>>
Regards,

Brad


Bradley J. Nash
**Covington & Burling LLP**
620 Eighth Avenue
New York, NY 10018
Tel: 212-841-1067
Fax: 646-441-9067

*This message is from a law firm and may contain information that is confidential or legally privileged. If you are not the intended recipient, please immediately advise the sender by reply e-mail that this message has been inadvertently transmitted to you and delete this e-mail from your system. Thank you for your cooperation.*

9/7/2007