RICHARD A. JONES (Bar No. 135248)
(rjones@cov.com)
COVINGTON & BURLING LLP
One Front Street
San Francisco, CA 94111
Telephone: (415) 591-6000
Facsimile: (415) 591-6091

(*Additional Counsel on Signature Page*)

Attorneys for Plaintiff
Roots Ready Made Garments Co. W.L.L.

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROOTS READY MADE GARMENTS CO. W.L.L., | ) )  Case No: C 07 3363 CRB |
| Plaintiff, | ) ) |
| v. | ) ) PLAINTIFFS' MEMORANDUM OF ) POINTS AND AUTHORITIES IN ) OPPOSITION TO DEFENDANTS' |
| THE GAP, INC., a/k/a, GAP, INC., GAP INTERNATIONAL SALES, INC., BANANA REPUBLIC, LLC, AND OLD NAVY, LLC, | ) MOTION FOR A PROTECTIVE ORDER ) ) Date:  October 19, 2007 ) Time:  10:00 a.m. |
| Defendants. | ) Place:  Dept. 8 ) Judge:  Hon. Charles R. Breyer ) ) ) |

NY: 560074-2

Plaintiff Roots Ready Made Garments Co. W.L.L. ("Roots") respectfully submits this Memorandum of Points and Authorities in opposition to the motion for a protective order (docket # 48) filed by Defendants The Gap, Inc., Gap International Sales, Inc., Banana Republic, LLC, and Old Navy, LLC (collectively, "Gap").

## PRELIMINARY STATEMENT

Discovery in this action has been ongoing for over a month.  Both parties have made substantial document productions; Roots has participated in two depositions of Gap witnesses; Roots has served its initial disclosures; and Gap has served its first set of document requests, interrogatories, and requests for admissions.  On September 5, 2007, Roots noticed the deposition of a third-party, Amin El Sokary for September 12, 2007.  Although Gap was already prepared to take Mr. El Sokary's deposition on that date in a related action, Gap filed a motion for a protective order, asking that Roots' examination of Mr. El Sokary be "rescheduled for another time when mutually convenient for the parties."  (Gap Mot. at 2.)  Gap has no legitimate basis to seek a protective order.

*First,* this Court's order denying Roots' motion to consolidate this action with the closely-related Gabana litigation does not in any way preclude Roots from noticing third-party depositions of Gabana witnesses, such as Mr. El Sokary, with the cooperation of those witnesses.

*Second*, Gap received "reasonable notice" of the deposition. Defendants admit that they were informed on September 4 of Roots' intent to depose Mr. El Sokary on September 12, and that Gap's counsel received a formal deposition notice from Roots the following day. Defendants cannot credibly claim that September 12 is an inconvenient date, or that they lacked sufficient time to prepare for the deposition, since Gap is scheduled to depose Mr. El Sokary's on September 12 in the Gabana litigation.

*Third*, Roots' deposition notice is <u>not</u> premature.  Through a process initiated by Gap over a month ago, the parties have already conferred concerning discovery-related issues as required by Rule 26(f).  Gap acknowledged as much when it served its own discovery  requests

on Roots more than two weeks ago.  Roots is similarly entitled to pursue discovery at this time by noticing a third-party deposition.

For these reasons, the motion for a protective order should be denied.

**PROCEDURAL BACKGROUND**

Plaintiff Roots filed this action against Gap on June 26, 2007 ("Roots Action"). On July 7, 2007, this Court determined that the Roots Action was related to another lawsuit filed by Plaintiff Gabana against the same defendants, and arising out of the same underlying business transactions ("Gabana Action").

On July 25, 2007, Roots filed a motion to consolidate the Roots Action and the Gabana Action for purposes of discovery and trial.  (Docket No. 18.)  While that motion was pending, the Court ordered that Roots was permitted to participate in a deposition of a Gap witness, Jim Bell, that was scheduled to occur in the Gabana litigation on August 10, 2007. (Docket No. 25.)  In advance of the deposition, Roots and Gap each made initial document productions, amounting to some 45,000 pages.  (Haney Decl. ¶ 8.)  On August 17, with Gap's consent, Roots participated in a deposition of a second Gap witnesses, Julie Kanberg.  (Haney Decl. ¶ 8.)  On July 31, 2007, Gap asked Roots to propose a schedule for discovery in the Roots Action.  (Haney Decl. ¶ 4, Ex. 1.)  Roots responded with a proposed schedule on August 8, 2007.  (Haney Decl. ¶ 5, Ex. 2.)  Gap did not respond with a counterproposal.  (Haney Decl. ¶ 5.)  On August 17, pursuant to its proposed discovery rule, Roots served Gap with its initial document disclosures.  (Haney Decl. ¶ 6, Ex. 3)

On August 23, 2007, Gap served its initial set of document requests, interrogatories, and requests for admissions in the Roots Action.  (Haney Decl.¶ 9, Exs. 4, 5, 6.)

On August 24, 2007, the Court denied the motion for consolidation.  (Docket No. 42.)  The Court declined to order Roots' participation in depositions of foreign witnesses scheduled to occur in the Gabana Action during the week of September 10 in Paris, France. (Haney Decl. ¶ 10.)  However, the Court's order did not preclude Roots from noticing the depositions of Gabana witnesses with the cooperation of those witnesses.  (Haney Decl. ¶ 10.)

- 2 -

1           Gap is scheduled to take the depositions of Gabana witnesses, including Mr. El

2   Sokary, in the Gabana Action during the week of September 10 in Paris, France.  (Haney Decl. ¶

3   11.)  Over the Labor Day weekend, Roots negotiated an agreement with Gabana's counsel

4   pursuant to which Roots would produce its former CEO, Ashraf Abu Issa, in Paris for a

5   deposition in the Gabana Action on September 10, 2007, and Gabana would make one of its

6   witnesses, Amin El Sokary, available for a deposition in the Roots Action on September 12.

7   (Haney Decl. ¶ 12.)

8           On September 4, 2007, Gabana's counsel informed Gap's counsel of this

9   arrangement.  (Haney Decl. ¶ 13, Ex. 7.)  The next day, Gap's counsel objected to Roots taking

10  Mr. El Sokary's deposition, purportedly based on the Court's order denying consolidation.

11  (Haney Decl. ¶ 14, Ex. 8.)  Roots' counsel responded that the Court made no ruling precluding

12  Roots from noticing a third-party deposition of a Gabana witness now that discovery had

13  commenced in the Roots' litigation.  (Haney Decl. ¶ 15, Ex. 9.)  Roots also sent Gap's counsel a

14  notice of Mr. El Sokary's deposition by electronic mail.  (Haney Decl. ¶ 16, Ex. 10.)

15          On September 6, Gabana's counsel acknowledged receipt of the deposition

16  notice, but asserted that the notice was premature because the parties had not yet "conferred

17  [concerning discovery] as required by Rule 26(f)"  (Haney Decl. ¶ 17, Ex. 11.)  By reply email

18  sent later that day, Roots' counsel explained that Roots had already discharged its obligation to

19  "meet and confer" regarding discovery by sending a proposed discovery schedule to which Gap

20  never responded.  Moreover, Gap already had served written discovery requests two weeks

21  earlier.  (Haney Decl. ¶ 18, Ex. 12.)

22          On September 7, Gap's counsel served objections to the notice of deposition, and

23  filed this motion for a protective order.  (Docket No. 48.)

24  **ARGUMENT**

25          Gap has no legitimate basis for seeking a protective order in this case.  Gap

26  requests that "the deposition of Amin El Sokary . . . be postponed in time to a mutually

27  agreeable date on which all counsel is available."  (Gap Mot. at 1.)  However, Gap offers no

28  - 3 -

1   explanation for why September 12 is an inconvenient date for this deposition.  In fact,

2   September 12 is the most convenient date for all parties, since Gap is already scheduled to

3   depose Mr. El Sokary on that date in the Gabana Action, concerning the very same business

4   transactions at issue in the Roots Action.  Gap's motion is simply an attempt to impose

5   additional costs on Roots, and to delay the progress of the Roots Action by forcing Roots to

6   arrange another date when all the parties can appear in Paris — a process Gap claims took

7   "nearly a year to schedule" the first time.

8           Gap's assertion that Roots' deposition notice contravenes this Court's order

9   denying Roots' motion to consolidate the Roots Action and the Gabana Action, (Gap Mot. at 4),

10  is simply incorrect.  The Court declined to order Gabana to produce its witnesses for depositions

11  in the Roots' Action.  However, that ruling in no way precludes Roots from noticing third-party

12  depositions of Gabana's witnesses with Gabana's cooperation.

13          Gap's argument that the deposition notice is somehow "premature" is likewise

14  wrong.  Gap asserts that "discovery may not commence in an action prior to the Rule 26(f)

15  conference of the parties."  (Gap. Mot. at 3.)  This is true, but irrelevant.  In its motion papers,

16  Gap inexplicably fails to disclose that Roots already discharged its obligations under Rule 26.

17  On August 8, Roots proposed a discovery schedule for this action to which Gap never

18  responded with a counterproposal.  Gap should not be permitted to use its own failure to

19  cooperate in the meet and confer process to impede the efficient progress of discovery in the

20  Roots litigation.  Moreover, Gap fails to acknowledge that discovery in the Roots Action has

21  already commenced.  Among other things, as noted above, the parties have collectively

22  exchanged approximately 45,000 pages of documents; Roots has participated in the depositions

23  of two Gap witnesses; and Roots has served its initial disclosures.  Moreover, Gap served its

24

25

26

27

28                          - 4 -

own discovery requests on Roots over two weeks ago.[1]  In light of these facts, Gap's suggestion that the discovery notice was premature has no merit.

The fact that Gap has not completed document discovery in the Roots Action has no bearing on Roots' ability to notice the deposition of a third-party witness at this time.  Fed. R. Civ. P. 26(d) is clear that "methods of discovery may be used in any sequence, and the fact that a party is conducting discovery, whether by deposition or otherwise, does not operate to delay any other party's discovery."  Moreover, Mr. El Sokary is a Gabana witness; Gap does not deny that it has had full document discovery from Gabana in the Gabana Action.

There is no support in the Federal Rules of Civil Procedure for Gap's assertion that a deposition may not proceed on less than ten days notice.  (Gap Mot. at 4.)  Rule 30 does not set any such bright line rule, but instead mandates only "reasonable notice" under the circumstances of the case.  Fed. R. Civ. P. 30(b)(1).  Gap's attempt to invoke Rule 32(a)(3) is similarly unavailing.  That Rule provides that a "deposition may not be used against a party who, having received less than 11 days notice of a deposition, has promptly upon receiving such notice filed a motion for a protective order requesting that the deposition not be held or be held at a different time or place."  Fed. R. Civ. P. 32(a)(3).  The practice commentaries to Rule 32(a)(3), however, specifically note that the rule "is not intended to signify that 11 days' notice is the minimum advance notice for all depositions."

Even though Gap may argue that it was not informed until September 4 that Roots intended to depose Mr. El Sokary, under the circumstances of this case, Gap was not put in the position of preparing for this deposition on eight days notice.  To the contrary, Gap admits that it has been preparing to depose Gabana's witnesses, including Mr. El Sokary, for "nearly a

---

[1]      Gap now claims that its document requests were filed "early" in light of the pendency of Roots' motion to consolidate the Roots Action with the Gabana Action.  (Haney Decl., Ex. 11.)  Notably, however, in the weeks since the Court denied the motion to consolidate, Gap never withdrew its document requests as prematurely filed.

year." (Jackson Decl. ¶ 3.)   Gap will depose Mr. El Sokary on September 12, regardless of

whether Roots deposes him on that date.  Plainly, Gap's motion for a protective order is not

motivated by the interests of convenience.  Rather, the motion is calculated to make it difficult

for Roots to obtain the testimony of an important witness who is not a party to the Roots Action,

and is quite likely outside the subpoena power of a U.S. court.  Gap's transparent attempt to

delay this case and impose additional costs on Roots is contrary to the federal deposition-

discovery rules, which are "accorded a broad and liberal treatment to effect their purpose of

adequately informing litigants in civil trials." *Herbert v. Lando*, 441 U.S. 153, 176 (1979).

The motion should be denied.

## CONCLUSION

For the foregoing reasons, Defendants' motion for a protective order should be

denied.

Respectfully submitted,


_____/s/_____
Richard A. Jones
COVINGTON & BURLING LLP
One Front Street
San Francisco, CA 94111

Robert P. Haney (admitted *pro hac vice*)
Bradley J. Nash (admitted *pro hac vice*)
COVINGTON & BURLING LLP
620 Eighth Avenue
New York, NY 10018
Telephone: (212) 841-1000
Facsimile: (212) 841-1010

*Attorneys for Plaintiff Roots Ready Made Garments Co. W.L.L.*

Dated: September 10, 2007

- 6 -