RICHARD A. JONES (Bar No. 135248)
(rjones@cov.com)
COVINGTON & BURLING LLP
One Front Street
San Francisco, CA 94111
Telephone: (415) 591-6000
Facsimile: (415) 591-6091

**Attorneys for Plaintiff**
**Roots Ready Made Garments Co. W.L.L.**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROOTS READY MADE GARMENTS CO. W.L.L., <br><br> Plaintiff, <br><br> v. <br><br> THE GAP, INC., a/k/a, GAP, INC., GAP INTERNATIONAL SALES, INC., BANANA REPUBLIC, LLC, AND OLD NAVY, LLC, <br><br> Defendants. | Case No: C 07 3363 CRB <br><br> **DECLARATION OF ROBERT P. HANEY IN SUPPORT OF PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION FOR A PROTECTIVE ORDER** <br><br> Date: October 19, 2007 <br> Time: 10:00 a.m. <br> Place: Dept. 8 <br> Judge: Hon. Charles R. Breyer |

Robert P. Haney declares the following under penalty of perjury:

1. I am an attorney admitted to appear before this Court *pro hac vice* in this matter ("Roots Action"), and am counsel to Plaintiff Roots Ready Made Garments Co. W.L.L. ("Roots").

2. I make this Declaration in support of Plaintiff's Opposition to Defendants' Motion for a Protective Order (Docket No. 48).

3. In its motion for a protective order Gap fails to disclose that the parties have already satisfied the obligation, under Fed. R. Civ. P. 26(f), to confer regarding discovery. In fact, discovery has been ongoing in this action for more than a month.

4.  On July 31, 2007, counsel for Gap sent a letter to Roots' counsel requesting that Roots' propose a schedule for discovery. A true and correct copy of that letter is attached hereto as Exhibit 1.

5.  Roots' counsel responded by offering a proposed discovery schedule in a letter dated August 8, 2007, a true and correct copy of which is attached hereto as Exhibit 2. Although Roots specifically invited Gap's counsel to offer its comments on the proposed schedule, Gap's counsel never responded with a counterproposal.

6.  Pursuant to its proposed schedule, Roots served Gap with its initial disclosures on August 17, 2007. A true and correct copy of Roots' initial disclosures is attached hereto as Exhibit 3.

7.  To date, Roots and Gap have produced approximately 45,000 pages of documents. On August 3, 2007, Roots made an initial production of approximately 8,700 pages of documents to Gap. On August 7, 2007, Gap produced to Roots approximately 36,000 pages of documents that it had previously produced in a closely-related litigation pending before this Court, *Gabana Gulf Distribution Ltd., et al. v. Gap, Inc. et al.*, Case No. C 06 2584 CRB ("Gabana Action").

8.  Roots has participated in the depositions of two Gap witnesses that were held in August in the Gabana Action. First, pursuant to the Court's order, Roots attended the deposition of Jim Bell on August 10. Second, with Gap's consent, Roots participated in the deposition of Julie Kanberg on August 17.

9.  Gap, too, has sought affirmative discovery in this case. On August 23, 2007, Gap served an initial set of discovery requests on Roots, including document requests, interrogatories, and requests for admissions. These requests were never withdrawn and remain pending. True and correct copies of Gap's discovery requests are attached hereto as Exhibits 4, 5 A, 5 B, and 6.

10.     On August 24, 2007, Judge Breyer denied Roots' motion to consolidate the Roots Action and the Gabana Action for purposes of discovery. In so ruling, the Court declined to order Roots' participation in the depositions of Gabana's witnesses that were scheduled to occur in the Gabana Action during the week of September 10 in Paris. The Court's order did not preclude Roots from noticing the depositions of Gabana witnesses, during the week of September 10, with the cooperation of those witnesses.

11.     Gap is scheduled to take the depositions of Gabana witnesses in the Gabana Action during the week of September 10 in Paris, France.

12.     Over the Labor Day weekend, Roots negotiated an agreement with Gabana pursuant to which Roots would produce its former CEO, Ashraf Abu Issa, on September 10 in Paris for a deposition in the Gabana Action. In return, Gabana agreed to make one of its witnesses, Amin El Sokary, available for a deposition in the Roots Action on September 12 — the same date that Gap was scheduled to depose Mr. El Sokary.

13.     On September 4, 2007, Gabana's counsel informed Gap's counsel of this arrangement. Attached hereto as Exhibit 7 is true and correct copy of an email, dated September 4, 2007, from Gabana's counsel conveying this information to Gap's counsel.

14.     The next day, by reply email, Gap's counsel objected to Roots taking Mr. El Sokary's deposition, purportedly based on the Court's order denying consolidation. A true and correct copy of the email is attached hereto as Exhibit 8.

15.     On September 5, 2007, my colleague, Bradley J. Nash, responded by email to Gap's counsel's objection, explaining that the Court made no ruling precluding Roots from noticing a third-party deposition of a Gabana witness now that discovery had commenced. A true and correct copy of this email is attached hereto as Exhibit 9.

16.     Mr. Nash attached to his September 5 email a formal notice of Mr. El Sokary's deposition. A true and correct copy of the deposition notice is attached hereto as Exhibit 10. A

hard copy of the notice was also served on Gap's counsel by hand delivery on September 10, 2007.

17. On September 6, Gabana's counsel sent an email acknowledging receipt of the deposition notice, but asserting that the notice was premature because the parties had not yet "conferred [concerning discovery] as required by Rule 26(f)." A true and correct copy of this email is attached hereto as Exhibit 11.

18. By reply email sent on September 6, Mr. Nash explained that Roots had already discharged its obligation to "meet and confer" regarding discovery when it sent Gap the proposed discovery schedule on August 8, and that Gap acknowledged as much when it served discovery requests on Roots. A true and correct copy of this email is attached hereto as Exhibit 12.

I declare under penalty of perjury under the law of the United States that the foregoing is true and correct.

Executed this 10th day of September 2007 in Paris, France.


/s/ Robert P. Haney

Robert P. Haney