LAW OFFICES
**KEKER & VAN NEST**
LLP

710 SANSOME STREET
SAN FRANCISCO, CA 94111-1704
TELEPHONE (415) 391-5400
FAX (415) 397-7188
WWW.KVN.COM

DAN JACKSON
DJACKSON@KVN.COM

July 31, 2007

**VIA EMAIL**

Robert P. Haney
Covington & Burling, LLP
620 Eighth Avenue
New York, NY 10018
Email: rhaney@cov.com

    Re:    *Roots Ready Made Garments Co. W.L.L. v. The Gap, Inc. et al.*
            No. C-07-3363 (N.D. Cal.)

Dear Mr. Haney:

    I write to meet and confer about the briefing schedule for Roots' motion to consolidate as well as Roots' plan for completing discovery in time to participate in the trial commencing on December 3, 2007. On the first point, given the August 24, 2007 hearing date, I propose that Gap file its opposition on August 10 and Roots file its reply on August 17. Please let me know if that schedule meets with your approval.

    As for the schedule generally, we need to know as soon as possible how you propose to get everything done that must be done in time for a December 3 trial (assuming any of your claims survive motions to dismiss), including but by no means limited to:

- Briefing and hearing on Gap's motion to dismiss;

- Initial disclosures;

- Written discovery;

- Depositions including, without limitation: Sheikh Faisal Al Thani, Ashraf Abu Issa, Naser Beheiry, Maroun Namroud, Alain Moreaux, Kifah Balawi, Ziad Al Turki, Ehab Al Sharif, David Reilly, Francois Larsen, and any other witnesses Roots intends to list on its initial disclosures, depose, and/or call as a witness at trial;

400127.01

Robert P. Haney
July 31, 2007
Page 2

- Expert discovery;

- Any motions to compel; and

- Summary judgment briefing and hearing.

Also, please advise whether Roots will be willing to join the stipulation regarding depositions and trial testimony into which Gap and Gabana have entered, which is attached. I look forward to your reply.

Sincerely,

DAN JACKSON

DEJ/msc

cc:   Richard A. Jones
      Marty Glick

400127.01

```
 1   KEKER & VAN NEST, LLP
     DARALYN J. DURIE - #169825
 2   CHRISTA M. ANDERSON - #184325
     DAN JACKSON - #216091
 3   ROSE DARLING - #243893
     710 Sansome Street
 4   San Francisco, CA  94111-1704
     Telephone:  (415) 391-5400
 5   Facsimile:  (415) 397-7188

 6   Attorneys for Defendants
     GAP INTERNATIONAL SALES, INC., a Delaware corporation,
 7   THE GAP, INC., a Delaware corporation, BANANA REPUBLIC,
     LLC, a Delaware limited liability company, and OLD NAVY,
 8   LLC, a Delaware limited liability company

 9
                         UNITED STATES DISTRICT COURT
10
                       NORTHERN DISTRICT OF CALIFORNIA
11
                             SAN FRANCISCO DIVISION
12
```

| | |
|---|---|
| GABANA GULF DISTRIBUTION, LTD., a company organized under the laws of the United Kingdom, and GABANA DISTRIBUTION, LTD., a company organized under the laws of the United Kingdom,<br><br>Plaintiffs,<br><br>v.<br><br>GAP INTERNATIONAL SALES, INC., a Delaware corporation, THE GAP, INC., a Delaware corporation, BANANA REPUBLIC, LLC, a Delaware limited liability company, and OLD NAVY, LLC, a Delaware limited liability company,<br><br>Defendants. | Case No. C 06-2584 CRB<br><br>**STIPULATION AND [PROPOSED] ORDER RE DEPOSITIONS** |

# STIPULATION

WHEREAS, many of the witnesses that the parties have identified as potentially having relevant knowledge in this case reside in countries where it is time consuming, expensive, or even impossible to secure a deposition, and the parties wish to avoid unnecessary expense and effort in deposing such witnesses but at the same time wish to ensure their ability to depose any witness who will appear at trial or provide a declaration (e.g. on motion for summary judgment),

THEREFORE, Plaintiffs Gabana Gulf Distribution Ltd. and Gabana Distribution, Ltd. ("Gabana") and Defendants Gap International Sales, Inc., The Gap, Inc., Banana Republic, LLC, and Old Navy, LLC ("Gap"), by and through their counsel of record, stipulate and agree as follows:

1. As soon as practicable, on a rolling basis, and to be provided on or before June 30, 2007, the parties will disclose the percipient witnesses whose testimony they intend to, or wish to preserve their right to, present at trial or in connection with any motion. The disclosing party will make such witnesses available for deposition within the discovery period, according to a schedule on which the parties will meet and confer in good faith, but such meet and confer must be resolved within 14 days of the first attempt to schedule any deposition.

2. The parties must make their best, good-faith efforts to timely disclose witnesses and make them available for deposition according to paragraph 1. If, despite such efforts, a party decides after June 30, 2007 that it will want to, or wishes to preserve the right to, present testimony from a witness whom the party has not yet made available for deposition, the party must make that witness available for deposition as soon as practicable—if necessary, after the discovery period has ended, and in any event at least two weeks before commencement of trial. Trial testimony will not be admitted from witnesses who were not made available for deposition.

3. A party that files a declaration in connection with, for example, a motion for summary judgment or opposition thereto must make the declarant available for deposition within a week following service of their declaration on a mutually agreeable date, provided the declarant was not previously deposed. Declarations from witnesses not made available for deposition will not be considered.

1    4.   All witnesses will be made available for deposition in a location acceptable to the witness. If any party objects to the proposed location for the deposition, the parties agree that said objecting party may file a motion with the Court—if necessary, on a shortened briefing schedule—for resolution of that dispute.

5.   If a party, despite its best efforts, is unable to secure the presence at deposition of a witness it identified and for whom a deposition was scheduled because the witness does not appear as promised, that party may attempt to reschedule the deposition, but in that event, that party will be liable for the other parties' reasonable attorneys' fees and costs incurred in connection with the cancelled deposition. Any rescheduled deposition must occur at least two weeks before the commencement of trial. Alternatively, the party may agree not to call the witness who failed to appear for deposition at trial, and to withdraw any declarations from that witness, in which case the party will not be liable for attorneys' fees or costs incurred by the other parties in connection with the cancelled deposition.

Dated: March 1, 2007                              KEKER & VAN NEST, LLP

                                                  By:   /s/ Dan Jackson
                                                        DAN JACKSON
                                                        Attorneys for Defendants
                                                        GAP INTERNATIONAL SALES, INC.,
                                                        THE GAP, INC., BANANA REPUBLIC,
                                                        LLC, and OLD NAVY, LLC

Dated: March 1, 2007                              HOWARD RICE NEMEROVSKI
                                                  CANADY FALK & RABKIN

                                                  By:   /s/ Martin F. Glick
                                                        MARTIN F. GLICK
                                                        Attorneys for Plaintiffs
                                                        GABANA GULF DISTRIBUTION, LTD.,
                                                        and GABANA DISTRIBUTION, LTD.

**ORDER**

PURSUANT TO STIPULATION, IT IS SO ORDERED.

Dated: March 2, 2007

IT IS SO ORDERED

Judge Charles R. Breyer