1  KEKER & VAN NEST, LLP
   DARALYN J. DURIE - #169825
2  CHRISTA M. ANDERSON - #184325
   DAN JACKSON - #216091
3  ROSE DARLING - #243893
   710 Sansome Street
4  San Francisco, CA  94111-1704
   Telephone:  (415) 391-5400
5  Facsimile:  (415) 397-7188

6  Attorneys for Defendants
   THE GAP, INC., a/k/a, GAP, INC., GAP INTERNATIONAL
7  SALES, INC., BANANA REPUBLIC, LLC, AND OLD NAVY,
   LLC

8
                  UNITED STATES DISTRICT COURT
9
               NORTHERN DISTRICT OF CALIFORNIA
10
                   SAN FRANCISCO DIVISION
11

12
   ROOTS READY MADE GARMENTS CO.         Case No. C 07-03363 CRB
13 W.L.L.,
                                         **DEFENDANTS' FIRST SET OF**
14                          Plaintiff,   **REQUESTS FOR PRODUCTION**

15        v.

16 THE GAP, INC., a/k/a, GAP, INC., GAP
   INTERNATIONAL SALES, INC., BANANA
17 REPUBLIC, LLC, AND OLD NAVY, LLC

18                          Defendants.

19

20

21

22

23 PROPOUNDING PARTY:    DEFENDANTS GAP, INC., GAP INTERNATIONAL SALES,
                         INC., BANANA REPUBLIC, LLC, AND OLD NAVY, LLC
24
   RESPONDING PARTY:     ROOTS READY MADE GARMENTS CO. W.L.L.
25
   SET NUMBER:           ONE
26

27

28

1    Pursuant to Federal Rule of Civil Procedure 34, defendants THE GAP, INC., GAP

2  INTERNATIONAL SALES, INC., BANANA REPUBLIC, LLC, and OLD NAVY, LLC

3  demand that plaintiff ROOTS READY MADE GARMENTS CO. W.L.L. ("Roots") make

4  available copies of the documents and things described below within thirty days after service

5  hereof at the offices of Keker & Van Nest, LLP, 710 Sansome Street, San Francisco, California

6  94111. Roots is further subject to a duty to supplement its responses to these requests pursuant

7  to Federal Rule of Civil Procedure 26(e).

8                                    **DEFINITIONS**

9    1.    "YOU," "YOUR," "ROOTS" and "ROOTS'" refers to plaintiff ROOTS READY

10  MADE GARMENTS CO. W.L.L., and its subsidiaries, divisions, predecessor and successor

11  companies, affiliates, parents, any joint venture to which it may be a party, and/or each of its

12  employees, agents, officers, directors, representatives, consultants, accountants and attorneys,

13  including any person who served in any such capacity at any time.

14    2.    "GAP" and "DEFENDANTS" refers to defendants GAP INTERNATIONAL

15  SALES, INC., THE GAP, INC., BANANA REPUBLIC, LLC, OLD NAVY, LLC., and all of

16  their current and former employees.

17    3.    "GABANA" refers to Gabana Gulf Distribution, Ltd., Gabana Distribution, Ltd.,

18  and their subsidiaries, divisions, predecessor and successor companies, affiliates, parents, any

19  joint ventures to which they may be a party, and/or each of its employees, agents, officers,

20  directors, representatives, consultants, accountants and attorneys, including any person who

21  served in any such capacity at any time, and including in particular Francois Larsen, Amin El

22  Sokary, Jack Caprice and Isabelle Richard.

23    4.    "FAC" refers to YOUR First Amended Complaint in this action.

24    5.    The term "COMMUNICATION" means any transmission or receipt of

25  information of any kind, including, without limitation, in writing, orally, electronically or by any

26  other means.

27    6.    The term "DOCUMENT" shall have the broadest meaning that Rule 34 of the

28  Federal Rules of Civil Procedure allows, including any writings, drawings, graphs, charts,

1   photographs, phonorecords, tape recordings, notes, diaries, calendars, checkbooks, books,

2   papers, accounts, electronic or videotape recordings, email, and any computer-generated,

3   computer-stored, or electronically-stored matter, and other data compilations from which

4   information can be obtained and translated, if necessary, into reasonably useable form, including

5   documents stored on laptop computers, personal digital assistants (PDAs), Blackberrys and other

6   similar devices.

7         7.        The terms "RELATE TO" and "RELATING TO" mean concerning, referring to,

8   summarizing, reflecting, constituting, containing, embodying, pertaining to, involved with,

9   mentioning, discussing, consisting of, comprising, showing, commenting upon, evidencing,

10  describing or otherwise having anything to do with the subject matter.

11        8.        The singular form of any word includes the plural and vice versa.

12        9.        The word "and" includes "or" and vice versa.

13        10.       "Any" shall mean one or more; "each" shall mean each and every.

14                                **INSTRUCTIONS**

15        1.        The responding party must produce DOCUMENTS as they are kept in the usual

16  course of business, or organize and label the documents it produces to correspond with the

17  categories enumerated below.  *See* Fed. R. Civ. P. 34(b).

18        2.        Where a claim of privilege is asserted in responding or objecting to any of these

19  document requests and documents are not provided on the basis of such assertion:

20        (i)       the attorney asserting the privilege shall, in the response or objection to the

21  discovery request, identify the nature of the privilege or immunity which is being claimed, and if

22  the privilege is being asserted in connection with a claim or defense, indicate the privilege rule

23  being invoked; and

24        (ii)      the following information shall be provided along with the response or objection:

25  (a) the type of document, e.g., letter or memorandum; (b) general subject matter of the

26  document; (c) the date of the document; (d) such other information as is sufficient to identify the

27  document for a subpoena duces tecum, including, where appropriate, the author, addressee, and

28  any other recipient of the document, and, where not apparent, the relationship of the author,

1  addressee, and any other recipient to each other.

2      3.    Electronic records and computerized information must be produced in an

3  intelligible format or together with a description of the system from which they were derived

4  sufficient to permit rendering the records and information intelligible.

5      4.    Selection of documents from the files and other sources and the numbering of

6  such documents shall be performed in such a manner as to insure that the source of each

7  document may be determined, if necessary.

8      5.    File folders with tables or labels or directories of files identifying documents

9  called for by these requests must be produced intact with such documents.

10     6.    Documents attached to each other shall not be separated.

11     7.    Should YOU object to any one of the requests below, such objection shall not

12  relieve YOU of YOUR obligation to produce documents responsive to any other of the requests

13  below.

14     8.    Each paragraph herein shall be construed independently and not by reference to

15  any other paragraph for the purpose of limitation.

16

17              **REQUESTS FOR PRODUCTION OF DOCUMENTS**

18

19  **REQUEST FOR PRODUCTION NO. 1:**

20     All COMMUNICATIONS between YOU and GABANA RELATING TO GAP,

21  including without limitation all COMMUNICATIONS RELATING TO the actual or potential

22  distribution or sale of GAP goods, all COMMUNICATIONS RELATING TO any of the

23  allegations in YOUR FAC or YOUR decision to file suit against GAP, and all

24  COMMUNICATIONS RELATING TO GABANA's claims against GAP or GABANA's

25  decision to file suit against GAP.

26  **REQUEST FOR PRODUCTION NO. 2:**

27     All COMMUNICATIONS RELATING TO GAP between YOU and any distributor

28  and/or retailer other than GABANA, including but not limited to Solka, Al Turki, RSH (Middle

1    East) L.L.C., Grand Stores, Red Square, American Corner, and including any representatives,

2    principals, owners or employees of such distributors and/or retailers.

3    **REQUEST FOR PRODUCTION NO. 3:**

4         All COMMUNICATIONS RELATING TO GAP between YOU and any other person or

5    entity.

6    **REQUEST FOR PRODUCTION NO. 4:**

7         All COMMUNICATIONS between YOU and Francois Larsen, to the extent not provided

8    in response to the previous requests.

9    **REQUEST FOR PRODUCTION NO. 5:**

10        All agreements, including without limitation contracts for sale or distribution of GAP

11   goods, Letters of Understanding, Memoranda of Understanding, and agreements to toll the

12   statute of limitations, and including any drafts thereof, between YOU and any distributor and/or

13   retailer, including but not limited to GABANA, Solka, Al Turki, RSH (Middle East) L.L.C.,

14   Grand Stores, Red Square, and American Corner.

15   **REQUEST FOR PRODUCTION NO. 6:**

16        All agreements, including without limitation contracts for sale or distribution of GAP

17   goods, Letters of Understanding, Memoranda of Understanding, and agreements to toll the

18   statute of limitations, and including any drafts thereof, between YOU and Francois Larsen, to the

19   extent not provided in response to Request for Production No. 5.

20   **REQUEST FOR PRODUCTION NO. 7:**

21        All agreements, including without limitation contracts for sale or distribution of GAP

22   goods, Letters of Understanding, Memoranda of Understanding, and agreements to toll the

23   statute of limitations, and including any drafts thereof, between YOU and any other person or

24   entity that RELATE TO GAP.

25   **REQUEST FOR PRODUCTION NO. 8:**

26        All DOCUMENTS that RELATE TO any of the allegations in YOUR FAC.

27   **REQUEST FOR PRODUCTION NO. 9:**

28        All proposals and/or requests for approval for any distributor and/or retailer submitted by

1    YOU to GAP, including all DOCUMENTS submitted therewith.

2    **REQUEST FOR PRODUCTION NO. 10:**

3        All purchase orders, sale receipts or other DOCUMENTS reflecting the sale by YOU of

4    GAP goods to any distributor, retailer, and/or customer.

5    **REQUEST FOR PRODUCTION NO. 11:**

6        All agreements, including drafts thereof, between YOU and GAP.

7    **REQUEST FOR PRODUCTION NO. 12:**

8        All DOCUMENTS RELATING TO any agreement between YOU and GAP.

9    **REQUEST FOR PRODUCTION NO. 13:**

10        All DOCUMENTS RELATING TO GAP.

11    **REQUEST FOR PRODUCTION NO. 14:**

12        All DOCUMENTS RELATING TO YOUR relationship with GAP.

13    **REQUEST FOR PRODUCTION NO. 15:**

14        All COMMUNICATIONS between YOU and GAP.

15    **REQUEST FOR PRODUCTION NO. 16:**

16        All business plans and/or executive summaries created by or for YOU RELATING TO

17    GAP and/or GABANA.

18    **REQUEST FOR PRODUCTION NO. 17:**

19        All DOCUMENTS RELATING TO any payment of a franchise fee to GAP.

20    **REQUEST FOR PRODUCTION NO. 18:**

21        All DOCUMENTS RELATING TO any payment to GAP for any reason.

22    **REQUEST FOR PRODUCTION NO. 19:**

23        All DOCUMENTS RELATING TO any payment of a franchise fee to GABANA.

24    **REQUEST FOR PRODUCTION NO. 20:**

25        All DOCUMENTS RELATING TO any payment to GABANA for any reason.

26    **REQUEST FOR PRODUCTION NO. 21:**

27        All DOCUMENTS RELATING TO the market value of the "OP" that YOU allege, in

28    Paragraph 1 of YOUR FAC, that YOU purchased for $6 million.

1 | **REQUEST FOR PRODUCTION NO. 22:**

2       All DOCUMENTS RELATING TO YOUR allegation, in paragraph 45 of YOUR FAC,

3 that "Pursuant to a separate agreement between Roots and Gabana, Roots became, on paper,

4 Gabana's 'sub-distributor' for Gap merchandise in the covered territories," including without

5 limitation all COMMUNICATIONS regarding any such agreement, all drafts of any such

6 agreement, and all executed agreements.

7 | **REQUEST FOR PRODUCTION NO. 23:**

8       All DOCUMENTS RELATING TO YOUR allegation, in paragraph 7 of YOUR FAC,

9 that YOU were Gabana Gulf Distribution, Ltd.'s "immediate licensor."

10 | **REQUEST FOR PRODUCTION NO. 24:**

11       All business plans, executive summaries, or presentations of any distributor and/or

12 retailer YOU contend YOU presented to GAP and/or identified in YOUR FAC, including but not

13 limited to GABANA, RSH, Al Turki, Red Square, and Grand Stores.

14 | **REQUEST FOR PRODUCTION NO. 25:**

15       All financial statements created by or for YOU between January 1, 2003 and the present

16 time reflecting YOUR gross revenues, net revenues, net profits, and/or costs.

17 | **REQUEST FOR PRODUCTION NO. 26:**

18       Documents sufficient to show YOUR gross revenues, net revenues, net profits, costs and

19 expenses for the period between January 1, 2003 and the present.

20 | **REQUEST FOR PRODUCTION NO. 27:**

21       All financial projections created by or for YOU RELATING TO the actual or potential

22 sale or distribution of GAP goods for the time period January 1, 2003 through December 31,

23 2010.

24 | **REQUEST FOR PRODUCTION NO. 28:**

25       All documents RELATING TO any audit of YOUR business from January 1, 2003 to the

26 present.

27 | **REQUEST FOR PRODUCTION NO. 29:**

28       All documents RELATING TO any monetary recovery that YOU contend GAP owes

1 YOU as a result of the allegations in YOUR FAC, whether in the form of compensatory

2 damages, punitive damages, restitution, disgorgement, interest, or any other form of monetary

3 recovery that YOU contend GAP owes YOU.

4 **REQUEST FOR PRODUCTION NO. 30:**

5       All DOCUMENTS RELATING TO any retailer YOU proposed to GAP, including

6 without limitation all DOCUMENTS RELATING TO any retailer YOU contend YOU proposed

7 to GAP and GAP did not approve.

8 **REQUEST FOR PRODUCTION NO. 31:**

9       All DOCUMENTS RELATING TO any location in which YOU sought the right to

10 distribute or retail GAP goods, including without limitation all DOCUMENTS RELATING TO

11 any location in which YOU contend GAP denied YOU the right to sell GAP goods.

12

13 Dated:  August 23, 2007                 KEKER & VAN NEST, LLP

14

15

16                                  By: _____

                                 DAN JACKSON

17                                  Attorneys for Defendants

                                 GAP INTERNATIONAL SALES, INC.,

                                 THE GAP, INC., BANANA REPUBLIC,

18                                  LLC, and OLD NAVY, LLC

19

20

21

22

23

24

25

26

27

28

401602.01

PROOF OF SERVICE

I am employed in the City and County of San Francisco, State of California in the office of a member of the bar of this court at whose direction the following service was made. I am over the age of eighteen years and not a party to the within action. My business address is Keker & Van Nest, LLP, 710 Sansome Street, San Francisco, California 94111.

On August 23, 2007, I served the following document(s):

**DEFENDANTS' FIRST SET OF REQUESTS FOR PRODUCTION**

by **COURIER**, by placing a true and correct copy in a sealed envelope addressed as shown below, and dispatching a messenger from Worldwide Network, with instructions to hand-carry the above and make delivery to the following during normal business hours, by leaving the package with the person whose name is shown or the person authorized to accept courier deliveries on behalf of the addressee.

Richard A. Jones, Esq.
Covington & Burling LLP
One Front Street
San Francisco, CA 94111
(415) 591-6000
(415) 391-6091 – Fax #
rjones@cov.com

by **ELECTRONIC MAIL** to the following email addresses:

Robert P. Haney, Esq.
Bradley Nash, Esq.
Covington & Burling, LLP
620 Eighth Avenue
New York, NY 10018
Email: rhaney@cov.com
Email: bnash@cov.com

Executed on August 23, 2007, at San Francisco, California.

I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

_____
MARIA S. CANALES