KEKER & VAN NEST, LLP
DARALYN J. DURIE - #169825
CHRISTA M. ANDERSON - #184325
DAN JACKSON - #216091
ROSE DARLING - #243893
710 Sansome Street
San Francisco, CA 94111-1704
Telephone: (415) 391-5400
Facsimile: (415) 397-7188

Attorneys for Defendants
THE GAP, INC., a/k/a, GAP, INC., GAP INTERNATIONAL SALES, INC., BANANA REPUBLIC, LLC, AND OLD NAVY, LLC

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| ROOTS READY MADE GARMENTS CO. W.L.L.,<br><br>Plaintiff,<br><br>v.<br><br>THE GAP, INC., a/k/a, GAP, INC., GAP INTERNATIONAL SALES, INC., BANANA REPUBLIC, LLC, AND OLD NAVY, LLC<br><br>Defendants. | Case No. C 07-03363 CRB<br><br>**DEFENDANT GAP, INTERNATIONAL SALES, INC.'S FIRST SET OF INTERROGATORIES** |

PROPOUNDING PARTY:    DEFENDANT GAP INTERNATIONAL SALES, INC.

RESPONDING PARTY:    ROOTS READY MADE GARMENTS CO. W.L.L.

SET NUMBER:    ONE

Pursuant to Federal Rule of Civil Procedure 33, defendant GAP INTERNATIONAL SALES, INC. hereby requests that plaintiff ROOTS READY MADE GARMENTS CO. W.L.L. ("Roots") answer each of the following interrogatories separately, fully and under oath. Roots' responses are due within thirty days of service of these interrogatories. Fed. R. Civ. P. 33(b)(3). Roots is further subject to a duty to supplement its responses to these interrogatories pursuant to Federal Rule of Civil Procedure 26(e).

## DEFINITIONS

1. "YOU," "YOUR," "ROOTS" and "ROOTS'" refers to plaintiff ROOTS READY MADE GARMENTS CO. W.L.L., and its subsidiaries, divisions, predecessor and successor companies, affiliates, parents, any joint venture to which it may be a party, and/or each of its employees, agents, officers, directors, representatives, consultants, accountants and attorneys, including any person who served in any such capacity at any time.

2. "GAP" and "DEFENDANTS" refers to defendants GAP INTERNATIONAL SALES, INC., THE GAP, INC., BANANA REPUBLIC, LLC, and OLD NAVY, LLC., and all of their current and former employees.

3. "GABANA" refers to Gabana Gulf Distribution, Ltd., Gabana Distribution, Ltd., and their subsidiaries, divisions, predecessor and successor companies, affiliates, parents, any joint ventures to which they may be a party, and/or each of its employees, agents, officers, directors, representatives, consultants, accountants and attorneys, including any person who served in any such capacity at any time, and including in particular Francois Larsen, Amin El Sokary, Jack Caprice and Isabelle Richard.

4. "FAC" refers to YOUR First Amended Complaint in this action.

5. The term "COMMUNICATION" means any transmission or receipt of information of any kind, including, without limitation, in writing, orally, electronically or by any other means.

6. The term "DOCUMENT" shall have the broadest meaning that Rule 34 of the Federal Rules of Civil Procedure allows, including any writings, drawings, graphs, charts, photographs, phonorecords, tape recordings, notes, diaries, calendars, checkbooks, books,

1  papers, accounts, electronic or videotape recordings, email, and any computer-generated,
2  computer-stored, or electronically-stored matter, and other data compilations from which
3  information can be obtained and translated, if necessary, into reasonably useable form, including
4  documents stored on laptop computers, personal digital assistants (PDAs), Blackberrys and other
5  similar devices.

6      7.    The terms "RELATE TO" and "RELATING TO" mean concerning, referring to,
7  summarizing, reflecting, constituting, containing, embodying, pertaining to, involved with,
8  mentioning, discussing, consisting of, comprising, showing, commenting upon, evidencing,
9  describing or otherwise having anything to do with the subject matter.

10      8.    The term "IDENTIFY" means (a) with respect to a person, that person's: full
11  name, last known home and business address, responsibilities with respect to the subject matter
12  of the interrogatory, and the periods of time that person had such responsibilities; (b) with
13  respect to a corporation, partnership or other business entity: that entity's full name including
14  any "dba" names, form of organization, and address of principal place of business; (c) with
15  respect to a document or thing: a description sufficient in specificity such that the document or
16  thing can be unambiguously obtained by means of such description in a request for production,
17  and shall include, where applicable, its date, author(s), recipient(s) and present location; (d) with
18  respect to a COMMUNICATION: a description including the names of the parties to the
19  COMMUNICATION, the date of the COMMUNICATION, the substance of the
20  COMMUNICATION, and all documents containing or RELATING TO the
21  COMMUNICATION; (e) with respect to a fact: a narrative description of the fact, including the
22  date and details of any event, transaction, statement or otherwise that is the subject of the alleged
23  fact and the IDENTITIES of any persons, COMMUNICATIONS and/or DOCUMENTS
24  involved.

25      9.    The singular form of any word includes the plural and vice versa.
26      10.    The word "and" includes "or" and vice versa.
27      11.    "Any" shall mean one or more; "each" shall mean "each and every."
28

## INSTRUCTIONS

1. If YOU elect to answer any interrogatory pursuant to Federal Rule of Civil Procedure 33(d), YOU must identify the particular documents relating to the subject matter of the specific interrogatory, and separately for each document, the date the document bears, the title of the document, if any, the identity of the authors of the document, the identity of each addressee or recipient of the document, the type and subject matter of the document and the present location or custodian of the document.

2. If YOU cannot answer an interrogatory in full, YOU are hereby directed to answer it to the fullest extent possible, specify the reasons for your inability to answer the remainder, and state whatever information or knowledge YOU have concerning the unanswered portion.

## INTERROGATORIES

**INTERROGATORY NO. 1:**

IDENTIFY all facts, witnesses, and DOCUMENTS that YOU contend support YOUR allegation, in paragraph 48 of YOUR FAC, that when "Roots acquired the OP inventory, it discovered that Gap had delivered approximately 1.6 million pieces, rather than the 1.7 million pieces that were promised."

**INTERROGATORY NO. 2:**

IDENTIFY all facts, witnesses, and DOCUMENTS that YOU contend support YOUR allegation, in paragraph 49 of YOUR FAC, that after "unloading the OP inventory on Roots at an above-market price, Gap systematically denied Roots the benefit of the bargain by unreasonably and wrongfully impairing Roots' ability to exercise the ISP distribution rights."

**INTERROGATORY NO. 3:**

IDENTIFY all facts, witnesses, and DOCUMENTS that YOU contend support YOUR allegation, in paragraph 64 of YOUR FAC, that "Jarowski stated that in order to show Gap's commitment to the GS business proposal, Gap would invite GS's buyer to come to Gap's next collection presentation in San Francisco."

1  **INTERROGATORY NO. 4:**

2      IDENTIFY all facts, witnesses, and DOCUMENTS that YOU contend support YOUR

3  allegation, in paragraph 68 of YOUR FAC, that "during a trip to Gap's headquarters in the

4  Summer of 2004, Roots' General Manager, Naser Beheiry, learned that Gap had been meeting

5  directly with representatives of one of Roots' retailers without Roots' knowledge."

7  Dated: August 23, 2007                             KEKER & VAN NEST, LLP

                                                             By: _____
                                                             DAN JACKSON
                                                             Attorneys for Defendants
                                                             GAP INTERNATIONAL SALES, INC.,
                                                             THE GAP, INC., BANANA REPUBLIC,
                                                             LLC, and OLD NAVY, LLC

PROOF OF SERVICE

I am employed in the City and County of San Francisco, State of California in the office of a member of the bar of this court at whose direction the following service was made. I am over the age of eighteen years and not a party to the within action. My business address is Keker & Van Nest, LLP, 710 Sansome Street, San Francisco, California 94111.

On August 23, 2007, I served the following document(s):

**DEFENDANT GAP, INTERNATIONAL SALES, INC.'S FIRST SET OF INTERROGATORIES**

by **COURIER**, by placing a true and correct copy in a sealed envelope addressed as shown below, and dispatching a messenger from Worldwide Network, with instructions to hand-carry the above and make delivery to the following during normal business hours, by leaving the package with the person whose name is shown or the person authorized to accept courier deliveries on behalf of the addressee.

Richard A. Jones, Esq.
Covington & Burling LLP
One Front Street
San Francisco, CA 94111
(415) 591-6000
(415) 391-6091 – Fax #
rjones@cov.com

by **ELECTRONIC MAIL** to the following email addresses:

Robert P. Haney, Esq.
Bradley Nash, Esq.
Covington & Burling, LLP
620 Eighth Avenue
New York, NY 10018
Email: rhaney@cov.com
Email: bnash@cov.com

Executed on August 23, 2007, at San Francisco, California.

I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

MARIA S. CANALES

PROOF OF SERVICE
Case No. C 07-03363 CRB

400983.01