KEKER & VAN NEST, LLP
DARALYN J. DURIE - #169825
CHRISTA M. ANDERSON - #184325
DAN JACKSON - #216091
ROSE DARLING - #243893
710 Sansome Street
San Francisco, CA 94111-1704
Telephone: (415) 391-5400
Facsimile: (415) 397-7188

Attorneys for Defendants
THE GAP, INC., a/k/a, GAP, INC., GAP INTERNATIONAL SALES, INC., BANANA REPUBLIC, LLC, AND OLD NAVY, LLC

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| ROOTS READY MADE GARMENTS CO. W.L.L.,<br><br>Plaintiff,<br><br>v.<br><br>THE GAP, INC., a/k/a, GAP, INC., GAP INTERNATIONAL SALES, INC., BANANA REPUBLIC, LLC, AND OLD NAVY, LLC<br><br>Defendants. | Case No. C 07-03363 CRB<br><br>**DEFENDANT GAP, INC.'S FIRST SET OF INTERROGATORIES** |

PROPOUNDING PARTY:   DEFENDANT GAP, INC.

RESPONDING PARTY:    ROOTS READY MADE GARMENTS CO. W.L.L.

SET NUMBER:          ONE

Pursuant to Federal Rule of Civil Procedure 33, defendant GAP, INC. hereby requests that plaintiff ROOTS READY MADE GARMENTS CO. W.L.L. ("Roots") answer each of the following interrogatories separately, fully and under oath. Roots' responses are due within thirty days of service of these interrogatories. Fed. R. Civ. P. 33(b)(3). Roots is further subject to a duty to supplement its responses to these interrogatories pursuant to Federal Rule of Civil Procedure 26(e).

## DEFINITIONS

1. "YOU," "YOUR," "ROOTS" and "ROOTS'" refers to plaintiff ROOTS READY MADE GARMENTS CO. W.L.L., and its subsidiaries, divisions, predecessor and successor companies, affiliates, parents, any joint venture to which it may be a party, and/or each of its employees, agents, officers, directors, representatives, consultants, accountants and attorneys, including any person who served in any such capacity at any time.

2. "GAP" and "DEFENDANTS" refers to defendants GAP INTERNATIONAL SALES, INC., THE GAP, INC., BANANA REPUBLIC, LLC, and OLD NAVY, LLC, and all of their current and former employees.

3. "GABANA" refers to Gabana Gulf Distribution, Ltd., Gabana Distribution, Ltd., and their subsidiaries, divisions, predecessor and successor companies, affiliates, parents, any joint ventures to which they may be a party, and/or each of its employees, agents, officers, directors, representatives, consultants, accountants and attorneys, including any person who served in any such capacity at any time, and including in particular Francois Larsen, Amin El Sokary, Jack Caprice and Isabelle Richard.

4. "FAC" refers to YOUR First Amended Complaint in this action.

5. The term "COMMUNICATION" means any transmission or receipt of information of any kind, including, without limitation, in writing, orally, electronically or by any other means.

6. The term "DOCUMENT" shall have the broadest meaning that Rule 34 of the Federal Rules of Civil Procedure allows, including any writings, drawings, graphs, charts, photographs, phonorecords, tape recordings, notes, diaries, calendars, checkbooks, books,

papers, accounts, electronic or videotape recordings, email, and any computer-generated, computer-stored, or electronically-stored matter, and other data compilations from which information can be obtained and translated, if necessary, into reasonably useable form, including documents stored on laptop computers, personal digital assistants (PDAs), Blackberrys and other similar devices.

    7.    The terms "RELATE TO" and "RELATING TO" mean concerning, referring to, summarizing, reflecting, constituting, containing, embodying, pertaining to, involved with, mentioning, discussing, consisting of, comprising, showing, commenting upon, evidencing, describing or otherwise having anything to do with the subject matter.

    8.    The term "IDENTIFY" means (a) with respect to a person, that person's: full name, last known home and business address, responsibilities with respect to the subject matter of the interrogatory, and the periods of time that person had such responsibilities; (b) with respect to a corporation, partnership or other business entity: that entity's full name including any "dba" names, form of organization, and address of principal place of business; (c) with respect to a document or thing: a description sufficient in specificity such that the document or thing can be unambiguously obtained by means of such description in a request for production, and shall include, where applicable, its date, author(s), recipient(s) and present location; (d) with respect to a COMMUNICATION: a description including the names of the parties to the COMMUNICATION, the date of the COMMUNICATION, the substance of the COMMUNICATION, and all documents containing or RELATING TO the COMMUNICATION; (e) with respect to a fact: a narrative description of the fact, including the date and details of any event, transaction, statement or otherwise that is the subject of the alleged fact and the IDENTITIES of any persons, COMMUNICATIONS and/or DOCUMENTS involved.

    9.    The singular form of any word includes the plural and vice versa.

    10.    The word "and" includes "or" and vice versa.

    11.    "Any" shall mean one or more; "each" shall mean "each and every."

## INSTRUCTIONS

1. If YOU elect to answer any interrogatory pursuant to Federal Rule of Civil Procedure 33(d), YOU must identify the particular documents relating to the subject matter of the specific interrogatory, and separately for each document, the date the document bears, the title of the document, if any, the identity of the authors of the document, the identity of each addressee or recipient of the document, the type and subject matter of the document and the present location or custodian of the document.

2. If YOU cannot answer an interrogatory in full, YOU are hereby directed to answer it to the fullest extent possible, specify the reasons for your inability to answer the remainder, and state whatever information or knowledge YOU have concerning the unanswered portion.

## INTERROGATORIES

**INTERROGATORY NO. 1:**

If YOUR response to Gap, Inc.'s Request for Admission No. 1 was anything other than an unqualified admission, IDENTIFY all facts, witnesses, and DOCUMENTS that YOU contend support YOUR response.

**INTERROGATORY NO. 2:**

If YOUR response to Gap, Inc.'s Request for Admission No. 2 was anything other than an unqualified admission, IDENTIFY all facts, witnesses, and DOCUMENTS that YOU contend support YOUR response.

**INTERROGATORY NO. 3:**

If YOUR response to Gap, Inc.'s Request for Admission No. 3 was anything other than an unqualified admission, IDENTIFY all facts, witnesses, and DOCUMENTS that YOU contend support YOUR response.

**INTERROGATORY NO. 4:**

If YOUR response to Gap, Inc.'s Request for Admission No. 4 was anything other than an unqualified admission, IDENTIFY all facts, witnesses, and DOCUMENTS that YOU contend support YOUR response.

**INTERROGATORY NO. 5:**

If YOUR response to Gap, Inc.'s Request for Admission No. 5 was anything other than an unqualified admission, IDENTIFY all facts, witnesses, and DOCUMENTS that YOU contend support YOUR response.

**INTERROGATORY NO. 6:**

If YOUR response to Gap, Inc.'s Request for Admission No. 6 was anything other than an unqualified admission, IDENTIFY all facts, witnesses, and DOCUMENTS that YOU contend support YOUR response.

**INTERROGATORY NO. 7:**

If YOUR response to Gap, Inc.'s Request for Admission No. 7 was anything other than an unqualified admission, IDENTIFY all facts, witnesses, and DOCUMENTS that YOU contend support YOUR response.

**INTERROGATORY NO. 8:**

If YOUR response to Gap, Inc.'s Request for Admission No. 8 was anything other than an unqualified admission, IDENTIFY all facts, witnesses, and DOCUMENTS that YOU contend support YOUR response.

**INTERROGATORY NO. 9:**

If YOUR response to Gap, Inc.'s Request for Admission No. 9 was anything other than an unqualified admission, IDENTIFY all facts, witnesses, and DOCUMENTS that YOU contend support YOUR response.

**INTERROGATORY NO. 10:**

If YOUR response to Gap, Inc.'s Request for Admission No. 10 was anything other than an unqualified admission, IDENTIFY all facts, witnesses, and DOCUMENTS that YOU contend support YOUR response.

**INTERROGATORY NO. 11:**

Describe the computation of each category of monetary recovery YOU allege YOU are entitled to in this action, including, without limitation, general damages, special or consequential damages (such as lost profits), punitive damages, restitution, disgorgement, interest, and any

other categories of monetary recovery you seek.

**INTERROGATORY NO. 12:**

IDENTIFY all DOCUMENTS that YOU contend support YOUR computation of the monetary recovery to which YOU allege YOU are entitled.

**INTERROGATORY NO. 13:**

IDENTIFY all DOCUMENTS to which YOU referred in formulating YOUR response to Interrogatory No. 11.

**INTERROGATORY NO. 14:**

IDENTIFY the amounts and purpose of all payments that YOU have made to GABANA in connection with GAP goods, including without limitation all amounts that YOU paid to GABANA in connection with the OP inventory that YOU allege YOU purchased in YOUR FAC.

**INTERROGATORY NO. 15:**

IDENTIFY the amounts and purpose of all payments that YOU have made directly to GAP.

**INTERROGATORY NO. 16:**

IDENTIFY any proposals or agreements, written or oral, between YOU and GABANA RELATING TO YOUR claims against GAP and/or GABANA's claims against GAP.

**INTERROGATORY NO. 17:**

IDENTIFY any proposals or agreements, written or oral, between YOU and GABANA to toll the statute of limitations for claims YOU may have against GABANA or GABANA may have against YOU.

**INTERROGATORY NO. 18:**

IDENTIFY every RETAILER that YOU submitted to GAP for approval.

**INTERROGATORY NO. 19:**

For each RETAILER IDENTIFIED in response to Interrogatory No. 18, IDENTIFY all facts, witnesses and DOCUMENTS that YOU contend support YOUR assertion that YOU submitted such retailer to GAP for approval.

**INTERROGATORY NO. 20:**

For each RETAILER IDENTIFIED in response to Interrogatory No. 18, IDENTIFY which RETAILERS, if any, for which YOU contend GAP improperly withheld approval.

**INTERROGATORY NO. 21:**

For each RETAILER IDENTIFIED in response to Interrogatory No. 20, IDENTIFY all facts, witnesses and DOCUMENTS that YOU contend support your claim that it was improper for GAP to withhold its approval.

**INTERROGATORY NO. 22:**

IDENTIFY all facts, witnesses, and DOCUMENTS that YOU contend support YOUR allegation, in paragraph 20 of YOUR FAC, that Jim Bell, along with Larsen and El Sokary, "advised Roots that Gap would grant Roots rights to distribute first-line Gap merchandise in the Middle East through Gap's ISP program in exchange for purchasing the OP."

**INTERROGATORY NO. 23:**

IDENTIFY all facts, witnesses, and DOCUMENTS that YOU contend support YOUR allegation, in paragraph 45 of YOUR FAC, that "the ultimate purpose of the agreement, as negotiated by Gap, Gabana, and Roots, was to confer a benefit—the ISP distribution rights—on Roots as consideration for the purchase [of] the OP inventory."

**INTERROGATORY NO. 24:**

IDENTIFY all facts, witnesses, and DOCUMENTS that YOU contend support YOUR allegation, in paragraph 46 of YOUR FAC, that "Gap, Roots and Gabana had agreed that Roots would purchase the OP inventory in exchange for the right to distribute first-line ISP merchandise in the Middle East."

//
//
//
//
//
//

1  **INTERROGATORY NO. 25:**

2    IDENTIFY the person or entity to which YOU directly paid "a total of $6 million to

3  purchase the OP along with ISP distribution rights" as alleged in paragraph 47 of YOUR FAC.

4

5  Dated: August 23, 2007                    KEKER & VAN NEST, LLP

6

7

8                                            By: /s/ Dan Jackson
                                              DAN JACKSON
9                                             Attorneys for Defendants
                                              GAP INTERNATIONAL SALES, INC.,
10                                            THE GAP, INC., BANANA REPUBLIC,
                                              LLC, and OLD NAVY, LLC

PROOF OF SERVICE

I am employed in the City and County of San Francisco, State of California in the office of a member of the bar of this court at whose direction the following service was made. I am over the age of eighteen years and not a party to the within action. My business address is Keker & Van Nest, LLP, 710 Sansome Street, San Francisco, California 94111.

On August 23, 2007, I served the following document(s):

**DEFENDANT GAP, INC.'S FIRST SET OF INTERROGATORIES**

by **COURIER**, by placing a true and correct copy in a sealed envelope addressed as shown below, and dispatching a messenger from Worldwide Network, with instructions to hand-carry the above and make delivery to the following during normal business hours, by leaving the package with the person whose name is shown or the person authorized to accept courier deliveries on behalf of the addressee.

Richard A. Jones, Esq.
Covington & Burling LLP
One Front Street
San Francisco, CA 94111
(415) 591-6000
(415) 391-6091 – Fax #
rjones@cov.com

by **ELECTRONIC MAIL** to the following email addresses:

Robert P. Haney, Esq.
Bradley Nash, Esq.
Covington & Burling, LLP
620 Eighth Avenue
New York, NY 10018
Email: rhaney@cov.com
Email: bnash@cov.com

Executed on August 23, 2007, at San Francisco, California.

I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

MARIA S. CANALES

400983.01

PROOF OF SERVICE
Case No. C 07-03363 CRB