1  KEKER & VAN NEST, LLP
   DARALYN J. DURIE - #169825
2  CHRISTA M. ANDERSON - #184325
   DANIEL JACKSON - #216091
3  ROSE DARLING - #243893
   710 Sansome Street
4  San Francisco, CA  94111-1704
   Telephone:  (415) 391-5400
5  Facsimile:  (415) 397-7188

6  Attorneys for Defendants
   THE GAP, INC., a/k/a, GAP, INC., GAP INTERNATIONAL
7  SALES, INC., BANANA REPUBLIC, LLC, and OLD NAVY,
   LLC
8

9                      UNITED STATES DISTRICT COURT

10                    NORTHERN DISTRICT OF CALIFORNIA

11                          SAN FRANCISCO DIVISION

12

13 | ROOTS READY MADE GARMENTS CO. W.L.L., | No. C 07-03363 CRB |
   |---|---|
14 | | **GAP'S [REDACTED] REPLY RE MOTION FOR PROTECTIVE ORDER** |
   | Plaintiff, | |
15 | | |
   | v. | Date:   October 19, 2007 |
16 | | Time:   10:00 a.m. |
   | THE GAP, INC., a/k/a, GAP, INC., GAP | Dept:   8 |
17 | INTERNATIONAL SALES, INC., BANANA | Judge:  Honorable Charles R. Breyer |
   | REPUBLIC, LLC, AND OLD NAVY, LLC | |
18 | | |
   | Defendants. | |
19

20

21

22

23

24

25

26

27

28

On September 12, 2007, just days after Gap filed this motion, Roots' lawyer appeared in Paris at the deposition of Amin El Sokary in the *Gabana v. Gap* matter and purported to take Mr. El Sokary's testimony on behalf of Roots in the *Roots v. Gap* matter. Declaration of Daralyn Durie in Support of Gap's Reply on Motion for Protective Order ("Durie Decl."), filed herewith, ¶ 3; Ex. C. Yet, on August 24, 2007, this Court had refused to grant Roots' request to participate in that same deposition. In its opposition—which Roots filed just days before disregarding the Court's ruling—Roots tries to characterize its role in the deposition of Mr. El Sokary as an ordinary part of the ongoing discovery process in this case. For several reasons, Roots' arguments fail.

*First*, contrary to Roots' assertions, the Court's statements at the August 27, 2007 hearing were unequivocal. In response to Roots' request to participate in the Paris depositions in the *Gabana v. Gap* matter, the Court stated:

> . . . if you [Roots] can get them [Gap and Gabana] to agree that you can attend the party [the depositions in Paris], which my guess is you probably can't, but if you could, you know, perhaps you work out deals that I don't even understand or never know, and maybe there are all sorts of arrangements that can be made, fine, but having elected to stay out of it as long as you did, and I know it's not you, but it was your client, having this arrangement going forward and having the situation that it is, I'm not going to order that they permit you to attend the parties.

*Id.*, Ex. A at 7:22-8:5.

Roots claims, however, that the Court did not prohibit Roots from "noticing third-party depositions of third-party witnesses." *See* Opp. Mem. at 4. Roots should not be permitted to circumvent the clear intent of the Court's Order prohibiting Roots from participating in those depositions. Moreover, under Rule 26(d) of the Federal Rules of Civil Procedure, "a party <u>may not</u> seek discovery from any source before the parties have conferred as required by Rule 26(f)." Fed. R. Civ. P. 26(d) (emphasis added). At the time Roots strong-armed its way into Mr. Sokary's deposition, the parties had not met and conferred as required by Rule 26, and Roots had not (contrary to its prior representations) made a complete document production. Declaration of Rose Darling in Support of Gap's Reply on Motion for Protective Order, filed herewith, ("Darling Decl.") ¶¶ 3-4.

1   Furthermore, there is no reason to think that it would be inordinately difficult for Roots to
2   obtain access to Mr. El Sokary on another date.  At his deposition in the *Gabana v. Gap* matter,
3                              REDACTED
4                              REDACTED
5                              REDACTED              Contrary to Roots'
6   assertion in its First Amended Complaint ("FAC"),              REDACTED
7                              REDACTED
8              REDACTED              *Compare*              REDACTED
9    REDACTED    *with* FAC at ¶ 3.  Indeed, it would be more apt to characterize Mr. El Sokary
10  as a Roots witness than as a Gabana witness.  Furthermore, Mr. El Sokary's testified at his
11  September 12, 2007 deposition in the *Gabana v. Gap* matter that,              REDACTED
12                              REDACTED
13                              REDACTED
14  REDACTED  Given Mr. El Sokary's ongoing relationship with Roots, it is reasonable to expect that
15  Roots would be able to arrange access to this witness in the future.
16      *Second*, not only did Roots show a complete disregard for the Court's ruling by
17  purporting to take Mr. El Sokary's deposition, but it provided wholly inadequate notice to Gap of
18  its intention to do so.  Roots' attempts to argue that Rule 32(a)(3) of the Federal Rules of Civil
19  Procedure does not apply here are wholly unconvincing.  Under Rule 32(a)(3), a deposition shall
20  not be used against a party who received fewer than eleven-days notice of the deposition and
21  promptly filed a motion for a protective order requesting that the deposition not be held or be
22  held at a different time or place.  In its opposition, Roots concedes that Gap received only eight
23  days notice of its intention to take Mr. El Sokary's deposition and Roots does not contest that
24  Gap promptly filed a motion for a protective order after learning of Roots' intention.  *See* Opp.
25  Mem. at 5.  Roots is left in the untenable position of asserting that Rule 32(a)(3) should not apply
26  to Roots' deposition of Mr. El Sokary because Gap was prepared to depose that witness *in a*
27  *different matter* on that day.  The problem with that argument is that the two cases are different,
28

as the Court recognized in prohibiting Roots from participating in the Gabana depositions. Indeed, Roots had not completed its document production prior to the Paris depositions and recently conceded that it expects to make at least one additional substantial document production. Darling Decl. ¶ 4.

*Finally*, each of Roots' arguments as to why the notice was not premature fail. It is clear that the letter sent to Gap from Roots on August 8, 2007 in no way constituted a Rule 26(f) conference between the parties. Rule 26(f) requires that the parties "confer to consider the nature and basis of their claims and defenses and the possibilities for a prompt settlement or resolution of the case" and to "develop a proposed discovery plan that indicates the parties' views and proposals." A unilateral proposal for a deposition schedule does not constitute the type of conference between the parties contemplated by Rule 26(f) nor does it provide for the development of a discovery plan embodying the parties' views and proposals. Notably, no proposed discovery plan was ever submitted to the Court following Roots' August 8, 2007 letter.

In addition, Roots' assertion that the parties were engaging in ongoing discovery at the time of Mr. El Sokary's deposition is incorrect. *See* Opp. Mem. at 4-5. Out of an abundance of caution, Gap served Roots with early discovery in the weeks prior to the August 24, 2007 hearing on Roots' motion to consolidate, which if granted would have left Gap in the position of having to cram all discovery in this case into a few short months. Contrary to Roots' assertion, there was no need for Gap to withdraw its requests after the Court denied Roots' motion: Gap informed Roots that it would treat its August discovery requests as having been served on September 20, 2007, the day the parties met and conferred under Rule 26(f). Darling Decl." ¶ 3, Ex. A. Thus, at the time Roots attended Mr. El Sokary's September 10th deposition, the parties had not engaged in any formal discovery. *Id.* ¶¶ 3-4. Accordingly, Roots' deposition notice was premature.

# I. CONCLUSION

Roots' participation at the deposition of Mr. El Sokary was a direct violation of the Court's August 24, 2007 ruling. Accordingly, Gap requests an order prohibiting Roots from presenting the testimony it elicited improperly from Mr. El Sokary at trial or in connection with any motion in this case, and any other such relief as the Court believes is necessary.

Dated: October 5, 2007

KEKER & VAN NEST, LLP

By: /s/ Rose Darling
ROSE DARLING
Attorneys for Defendants
THE GAP, INC., a/k/a, GAP, INC., GAP INTERNATIONAL SALES, INC., BANANA REPUBLIC, LLC, and OLD NAVY, LLC