# EXHIBIT A

Pages 1 - 10

United States District Court

Northern District of California

Before The Honorable Charles R. Breyer

| | |
|---|---|
| Gabana Gulf Distribution, Limited, et al., ) ) ) Plaintiff, ) ) vs. ) Gap International Sales, ) Incorporated, et al., ) ) Defendant. ) | No. C06-2584 CRB  COPY |

San Francisco, California
Friday, August 24, 2007

### Reporter's Transcript Of Proceedings

**Appearances:**

For Plaintiff:        Howard, Rice, Nemerovski
                      Canady, Falk & Rabkin
                      Three Embarcadero Center, Seventh Floor
                      San Francisco, California  94111-4065
                  By: **Martin R. Glick, Esquire**

For Defendant:        Keker & Van Nest
                      710 Sansome Street
                      San Francisco, California  94111
                  By: **Dan Jackson, Esquire**
                      **Christa Anderson, Esquire**

(Appearances continued on next page.)

*Reported By:*        Sahar McVickar, RPR, CSR No. 12963
                      *Official Reporter, U.S. District Court*
                      *For the Northern District of California*

(Computerized Transcription By Eclipse)

*Sahar McVickar, C.S.R. No. 12963, RPR*
*Official Court Reporter, U.S. District Court*
(415) 626-6060

```
 1          MR. HANEY:   I'm going to try, if I can.
 2          THE COURT:   Go right ahead.
 3          MR. HANEY:   One --
 4          THE COURT:   And you are standing next to one who did
 5   it, by the way.
 6          MR. HANEY:   Your Honor, one point which I'm sure
 7   you've considered, but just to point it out, is there is the
 8   risk here of inconsistent judgments, which is --
 9          THE COURT:   There is always that risk.
10          MR. HANEY:   But if I may, Your Honor, particularly
11   with respect to these Paris depositions, there is really no
12   substantial reason why we couldn't participate in those.  So in
13   other words, the Court could in a sense partially consolidate
14   and allow us to participate in those.  And -- for example,
15   Gabana --
16          THE COURT:   I don't know, I think -- when I start to
17   get in and manage depositions or manage any bit of litigation,
18   that is very dangerous in that sense because courts usually
19   don't do that, and they shouldn't do that.  I mean, I think
20   it's either one or the other; I either let you in, I
21   consolidate you or I don't, and I'm not going to.
22          So, sure, if you can get them to agree that you can
23   attend the party, which my guess is you probably can't, but if
24   you could, you know, perhaps you work out deals that I don't
25   even understand or never know, and maybe there are all sorts of
```

1  arrangements that can be made, fine, but having elected to stay
2  out of it as long as you did, and I know it's not you, but it
3  was your client, having this arrangement going forward and
4  having the situation that it is, I'm not going to order that
5  they permit you to attend the parties.
6      On the other hand, if you -- you are more than
7  welcome to work out any type of arrangement, obviously. And
8  whatever is said in deposition one I have to believe in some
9  manner would be admissible in situation No. 2.
10     Now, maybe what you do is agree to look at the
11 transcripts, you propound some questions, I don't know,
12 whatever it is, but I think this provides a platform, to tell
13 you the truth, for some discussions that you could have that it
14 would be in your client's interest and I have to believe in the
15 interest of some of the parties.
16     MR. HANEY:  One additional point --
17     THE COURT:  You get one more, because look at this
18 the group out here.
19     MR. HANEY:  The discovery is not -- we are really
20 just in the middle of depositions.  The Gabana case is just in
21 the middle of deposition.  There have only been a few
22 depositions at this point.
23     THE COURT:  How many do we think there is going to
24 be in this case?
25     MR. HANEY:  There is going to be four more in Paris.

## CERTIFICATE OF REPORTER

I, Sahar McVickar, Official Court Reporter for the United States Court, Northern District of California, hereby certify that the foregoing proceedings were reported by me, a certified shorthand reporter, and were thereafter transcribed under my direction into typewriting; that the foregoing is a full, complete and true record of said proceedings as bound by me at the time of filing. The validity of the reporter's certification of said transcript may be void upon disassembly and/or removal from the court file.

*[signature]*

Sahar McVickar, RPR, CSR No. 12963

September 13, 2007