RICHARD A. JONES (Bar No. 135248)
(rjones@cov.com)
COVINGTON & BURLING LLP
One Front Street
San Francisco, CA 94111
Telephone: (415) 591-6000
Facsimile: (415) 591-6091

ROBERT P. HANEY (*admitted pro hac vice*)
BRADLEY J. NASH (*admitted pro hac vice*)
COVINGTON & BURLING LLP
620 Eighth Avenue
New York, NY 10018
Telephone: (212) 841-1000
Facsimile: (212) 841-1010

Attorneys for Plaintiff
ROOTS READY MADE GARMENTS CO. W.L.L.

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| ROOTS READY MADE GARMENTS CO. W.L.L., <br><br> Plaintiff, <br><br> v. <br><br> THE GAP, INC., a/k/a, GAP, INC., GAP INTERNATIONAL SALES, INC., BANANA REPUBLIC, LLC, AND OLD NAVY, LLC, <br><br> Defendants. | Case No: C 07 3363 CRB <br><br> **JOINT CASE MANAGEMENT STATEMENT AND [PROPOSED] ORDER** <br><br> Date:  October 19, 2007 <br> Time:  10:00 a.m. <br> Place: Courtroom 8, 19th Floor <br> Judge: Charles R. Breyer |

1  The parties in the above-entitled action jointly submit this Case Management
2  Statement and Proposed Order and request the Court to adopt it as its Case Management Order
3  in this case.

4  **1.     Jurisdiction and Service:**

5  This Court has diversity jurisdiction over Plaintiff's claims pursuant to 28 U.S.C.
6  § 1332(a)(2) because Defendants The Gap, Inc., a/k/a Gap, Inc., Gap International Sales, Inc.,
7  Banana Republic, LLC, and Old Navy, LLC are Delaware entities with their principal places of
8  business in California, and Plaintiff Roots Ready Made Garments Co. W.L.L is a Qatari
9  company with its principal place of business in Doha, Qatar.

10  Defendants were served on July 10, 2007.  There are no issues concerning
11  personal jurisdiction or venue.

12  **2.     Plaintiff's allegations and the principal factual issues in dispute:**

13  Plaintiff Roots Ready Made Garments Co. W.L.L. ("Roots") alleges that in early
14  2003, it entered into an oral contract with Gap, pursuant to which Roots agreed to purchase 1.7
15  million pieces of Gap excess inventory for $6 million.  According to Roots, Gap promised in
16  exchange to grant Roots the right to distribute first-line Gap merchandise to retailers in the
17  Middle East under Gap's International Sales Program, or ISP.  Roots alleges that following
18  Roots' purchase of the excess inventory, Gap prevented Roots from exercising the ISP
19  distribution rights by failing to approve local retailers proposed by Roots; terminating Roots'
20  ISP distribution rights without cause; and attempting to contract directly with Roots' local
21  retailers.

22  Roots asserts claims for: (1) breach of an oral contract; (2) breach of a written
23  contract on a third-party beneficiary theory; (3) fraud; (4) violations Cal. Bus. & Prof. Code
24  § 17200; (5) tortious interference with contract; (6) tortious interference with prospective
25  business relations; (7) breach of the covenant of good faith and fair dealing; (8) unjust
26  enrichment; (9) quantum meruit; and (10) promissory estoppel.

27  The principal factual issues in dispute at this stage of the litigation, include: (1)
28  whether Roots and Gap entered into an oral contract; (2) whether Gap breached the alleged oral

contract, or a covenant of good faith and fair dealing implied in that contract, by (a) not approving certain local retailers proposed by Roots, (b) terminating Roots' alleged ISP distribution rights, and/or (c) attempting to contract directly with Roots' local retailers; (3) whether Roots was an intended third-party beneficiary of Gap's written ISP distribution agreement with Gabana Distribution, Ltd. and Gabana Gulf Distribution, Ltd. (collectively "Gabana"); (4) whether Gap made material misrepresentations of fact to Roots; (5) whether Roots reasonably relied on the alleged misrepresentations; (6) whether Gap's termination of Roots' alleged ISP distribution rights and its subsequent conduct interfered with Roots' contractual relations or prospective business relations; (7) whether Gap's actions constituted unlawful or unfair business practices under Cal. Bus. & Prof. Code § 17200; and (8) whether Gap was unjustly enriched.

### 3. The principal legal issues in dispute:

In addition to the issues set forth above, which potentially involve mixed questions of law and fact, Gap raises two additional legal issues. First, Gap maintains that Roots' oral contract, interference, and quasi-contract claims are time-barred as a result of Roots' failure to file this action within the relevant statute of limitations period and despite its knowledge of the ongoing related litigation in *Gabana Gulf Distribution Ltd., et al v. Gap International Sales, Inc., et al.*, C 06 2584 CRB (the "Gabana Action"). Gap also asserts that Roots' oral contract and fraud claims are barred by the parol evidence rule.

### 4. Motions:

The following motions have been filed to date:

(a) On July 25, 2007, Plaintiff filed a motion, pursuant to Fed. R. Civ. P. 42(a), to consolidate this action with another relating action pending in this Court, *Gabana Gulf Distribution Ltd., et al. v. Gap International Sales, Inc.*, et al., C 06 2584 CRB (the "Gabana Action"). The motion to consolidate was denied on August 24, 2007.

(b) On August 13, 2007, Defendants filed a motion to dismiss Plaintiff's First Amended Complaint. That motion is fully briefed, and oral argument is scheduled for October 19, 2007 at 10:00 a.m.

JOINT CASE MANAGEMENT STMT. & PROPOSED ORDER   3
CASE NO.: C 07 3363 CRB

(c) On September 7, 2007, Gap filed a motion for a protective order to prevent Roots from taking a third-party deposition of Amin El Sokary in this case. Mr. El Sokary was deposed in the Gabana Action on September 12, 2007. Argument on that motion is currently scheduled for October 19, 2007 at 10:00 a.m.

The parties do not anticipate any additional motions at this time, with the exception of summary judgment motions.

**5. Amendment of Pleadings:**

Plaintiff filed a First Amended Complaint on July 27, 2007. Plaintiff does not at this time anticipate adding any parties or claims.

**6. Evidence Preservation:**

The parties have implemented document retention plans to prevent the destruction of evidence (in both paper and electronic form) that is relevant to the issues reasonably evident in this action.

**7. Disclosures:**

Plaintiff served its initial disclosures pursuant to Fed. R. Civ. P. 26(a)(1) on August 17, 2007. Defendants served its initial disclosures pursuant to Fed. R. Civ. P. 26(a)(1) on October 5, 2007.

**8. Discovery:**

<u>Protective order</u>: On August 7, 2007, the Court entered a protective order governing documents and information exchanged in discovery.

<u>Document production</u>: On August 2, 2007, Plaintiffs made an initial document production of approximately 8,700 pages. On August 7, 2007, Gap produced approximately 36,000 pages of documents that were previously produced in the Gabana Action.

<u>Depositions</u>: The Court permitted Roots to participate in the deposition of a Gap employee, Jim Bell, that was held on August 10, 2007 in the Gabana Action. With Gap's consent, Roots participated in the deposition of a second Gap employee, Julie Kanberg on August 17.

1         On September 7, 2007, Defendants filed a motion for a protective order to
2 postpone the deposition of Amin El Sokary, whom Defendants allege was improperly noticed
3 by Roots for deposition.  On September 12, 2007, while the motion for protective order was
4 pending, Roots took Mr. El Sokary's deposition .  Also on September 12, 2007, Gap took Mr. El
5 Sokary's deposition in the Gabana Action.  Defendants contend that Roots' participation in the
6 deposition of Mr. Sokary was in violation of this Court's August 27, 2007 ruling, and that the
7 purported deposition taken by Roots is not usable against Gap in this case pursuant to Fed. R.
8 Civ. P. 32(a)(3).  The motion for a protective order is scheduled to be heard on October 19 at
9 10:00 a.m.

10        <u>Discovery Requests</u>: On August 23, 2007, Defendants served their first discovery
11 requests, including: (i) Requests for Admissions; (ii) two sets of Interrogatories; and (iii) a set of
12 document requests.  At a Rule 26(f) conference between the parties on September 20, 2007,
13 Defendants and Plaintiff stipulated to treat the August 23, 2007 discovery requests as having
14 been served on September 20, 2007.  The parties agreed that this stipulation would be without
15 prejudice to Plaintiff's argument that the original service date for Defendants' discovery
16 requests was not premature under Fed. R. Civ. P. 26(d).

17        **9.    Class Actions.**
18        This is not a class action.
19        **10.    Related Cases:**
20        On July 10, 2007, this Court ordered that this action be deemed related to another
21 action pending in this Court, *Gabana Gulf Distribution Ltd., et al. v. Gap International Sales,*
22 *Inc.*, et al., C 06 2584 CRB.
23        **11.    Relief:**
24        Based on the information presently available, Plaintiff seeks:
25        • Compensatory damages in excess of $40 million, based on (i) the amounts
26          paid to purchase the 1.7 million pieces of Gap excess inventory, (ii) interest
27          costs, (iii) costs associated with warehousing the excess inventory; (iv) costs
28          associated with exploring potential markets for Gap merchandise, identifying

local retailers, and preparing business proposals; (v) reputational harm; and (vi) lost business opportunities.

- Punitive damages in connection with its fraud claim in an amount to be determined; and
- Disgorgement of profits earned by Gap as a result of the misconduct alleged in the First Amended Complaint.  The amount of these profits cannot be determined without further discovery.

Plaintiff is continuing its ongoing investigation of this matter, and it reserves the right to supplement or modify its estimated damages based upon discovery of new information, the report of a damages expert, or upon the introduction of new issues in the case.

Defendants deny all allegation of damages by Plaintiffs.

**12.     Settlement and ADR:**

On September 21, 2007, the parties requested that the Court schedule a settlement conference before a magistrate judge within 90 days after the Court rules on Defendants' motion to dismiss Plaintiff's First Amended Complaint.

**13.     Consent to Magistrate Judge For All Purposes:**

The parties do not consent to have a magistrate judge preside over further proceedings.

**14.     Other References:**

The parties do not believe that binding arbitration or a special master is suitable for this case.

**15.     Narrowing of Issues:**

<u>Plaintiff's position</u>:  Plaintiff does not believe that there are dispositive issues that can be resolved at this time by motion or agreement of the parties.

<u>Defendants' position</u>:  Defendants believe that there are several dispositive issues, including the statute of limitations, that can be resolved by Defendants' Motion to Dismiss the First Amended Complaint, which is scheduled to be heard by the Court on October 19, 2007.

1 **16. Expedited Schedule:**

2 *See* Point 17, *infra*.

3 **17. Scheduling:**

4 The parties have not reached an agreement concerning the discovery schedule for
5 this case.

6 <u>Defendants' Position:</u>  Defendants represent that they intend to take depositions
7 of a number of foreign witnesses, many of which can only be completed through the Hague
8 Convention or similar international discovery procedures.  Defendants take the position that an
9 extended discovery period is necessary to allow for adequate time to complete this foreign
10 discovery.  Accordingly, Defendants propose the following schedule for discovery:

- Fact discovery will close on August 1, 2008;
- Expert disclosures due on or before September 1, 2008;
- Rebuttal expert disclosures due on or before October 1, 2008; and
- Expert discovery closes on November 3, 2008.

<u>Plaintiff's Position:</u>  Plaintiff believes that the factual issues in this case are relatively straightforward and that the case can therefore proceed according to a more efficient schedule.  Accordingly, Plaintiff proposes the following discovery schedule:

- Fact discovery will close on March 30, 2008;
- Expert disclosures due on or before April 30, 2008;
- Rebuttal expert disclosures due on or before May 30, 2008; and
- Expert discovery closes on June 30, 2008.

**18. Trial:**

Plaintiff requests a trial date in September 2008.  Defendants request a trial date in February 2009.

The parties agree that the case will be tried to a jury.  The parties expect that the trial will last five days.

**19.   Disclosure of Non-party Interested Entities or Persons:**

Each party has filed the "Certification of Interested Entities or Persons" required by Civil Local Rule 3-16.

Roots states that "Sheikh Faisal Ahmed al-Thani owns 99% of the shares of Plaintiff Roots Ready Made Garments Co. W.L.L. ("Roots").  Mr. Abdullah al-Mutwa owns 1% of the outstanding shares of Roots."

Gap states that no such interest is known other than that of the named parties to the action.

**20.   Other Matters:**

The parties have not identified other matters that may facilitate the just, speedy and inexpensive disposition of this case.

Respectfully submitted,

Dated: October 9, 2007                COVINGTON & BURLING LLP

By: <u>Concurrence obtained General Order 45 X.B.</u>
    BRADLEY J. NASH

    Attorneys for Plaintiff
    ROOTS READY MADE GARMENTS CO. W.L.L.

Dated:  October 9, 2007                KEKER & VAN NEST, LLP

By: <u>/s/ Daralyn Durie</u>
    DARALYN DURIE

    Attorneys for Defendants
    THE GAP, INC., a/k/a GAP, INC.,
    INTERNATIONAL SALES, INC.,
    BANANA REPUBLIC, LLC, AND OLD NAVY, LLC

1 **IT IS SO ORDERED.**

Date:_____                   _____
                                         HONORABLE CHARLES R. BREYER
                                         United States District Judge