IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROOTS READY MADE GARMENTS,<br><br>    Plaintiff,<br><br>  v.<br><br>GAP INC.,<br><br>    Defendant.<br>_____ / | No. C 07-03363 CRB<br><br>**ORDER** |

    This case arises from a business dispute between the plaintiff, Roots Ready Made Garments Co. (Roots) and the defendant, The Gap (Gap). According to the facts as set forth in the Complaint, Roots – a Qatari company – entered into an oral contract with Gap to purchase 1.7 million pieces of excess inventory (overproduction or OP), for $6 million. See Comp. ¶ 1. As part of the deal, Gap allegedly promised to give Roots distribution rights for first-line Gap products in all Arabic speaking countries under Gap's International Sales Program (ISP). See id. ¶ 2. Roots believed that the distribution rights were the key to being able to realize a return on its OP investment because any retail client of Roots would only purchase OP in exchange for the opportunity to distribute ISP. See id. ¶ 31. Roots has filed an amended complaint setting forth ten causes of action in response to Gap's alleged failure to abide by the terms of the oral contract. Gap has moved to dismiss the complaint pursuant to Federal Rule of Civil Procedure 12(b)(1) and 12(b)(6), and has moved for a protective order against use of a deposition taken by Roots on September 12, 2007 in Paris. For the

reasons stated herein, the motion to dismiss is GRANTED IN PART and DENIED IN PART, and the motion for a protective order is GRANTED.

The hearing scheduled for 10:00a.m. on Friday, October 19 is VACATED.

**STANDARD OF REVIEW**

To survive a motion to dismiss under Federal Rule of Civil Procedure 12(b)(1), the plaintiff must prove that the Court has jurisdiction to decide the case. Kokkonen v. Guardian Life Ins. Co., 511 U.S. 375, 377 (1994). The Court accepts the allegations of the complaint as true and construes them in the light most favorable to the plaintiff. See Love v. United States, 915 F.2d 1242, 1245 (9th Cir. 1989). The Court may dismiss a claim only if "'it appears beyond a reasonable doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'" Id. (quoting Gibson v. United States, 781 F.2d 1334, 1337 (9th Cir. 1986)).

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) will be granted if the pleading fails to state a cognizable legal theory or if it fails to allege sufficient facts under a cognizable legal theory. Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1990). For purposes of a motion to dismiss, the court will "presume all reasonable inferences in favor of the nonmoving party." Usher v. City of Los Angeles, 828 F.2d 556, 561 (9th Cir. 1987). However, mere conclusions couched as factual allegations are not sufficient to state a cause of action. Papasan v. Allain, 478 U.S. 265, 286 (1986). If the plaintiff is unable to cure the defect by amendment, then courts may dismiss a case without leave to amend. Lopez v. Smith, 203 F.3d 1122, 1129 (9th Cir. 2000).

**DISCUSSION**

A. Count One: Breach of Contract

Count One of the amended complaint is dismissed with leave to amend. "Terms set forth in a writing intended by the parties as a final expression of their agreement with respect to such terms as are included therein may not be contradicted by evidence of any prior agreement or of a contemporaneous oral agreement." Cal. Code Civ. Proc. § 1856(a). Roots' claim that it purchased Gap's OP in exchange for ISP rights contradicts the express

contracts between Gabana and Gap providing that <u>Gabana</u> would purchase the OP and sell it directly to retailers or not at all. Accordingly, Roots' Count One, as presently pled, is barred by the parol evidence rule.

### B. Count Two: Breach of Contract

In Count Two of its complaint, Roots alleges that it was a third party beneficiary of the ISP agreement between Gabana and Gap, and therefore can enforce Gap's breach as against Gabana. <u>See</u> Comp. ¶¶ 85-86.

"A contract, <u>made expressly</u> for the benefit of a third person, may be enforced by him at any time before the parties thereto rescind it." Cal. Civ. Code § 1559 (emphasis added). "Expressly, as used in the statute and case law, means 'in an express manner; in direct or unmistakable terms; explicitly; definitely; directly.' An intent to make the obligation inure to the benefit of the third party must have been clearly manifested by the contracting parties." <u>Schauer v. Mandarin Gems of California, Inc.</u> 125 Cal. App.4th 949, 957-58 (Cal. Ct. App. 2005) (quotations and alterations omitted).

Although it is unnecessary "that the contract identify or refer to the third party beneficiary by name," <u>Alling v. Universal Manufacturing Corp.</u>, 5 Cal. App. 4th 1412, 1440 (Cal. Ct. App. 1992), the contract must evince an intention to benefit <u>some</u> third party. Because the contracts with Gabana expressly prohibit sub-distributorships, it makes no sense to argue that the contract was made expressly for the benefit of Roots, a sub-distributor. Because it is clear that this claim "could not be saved by amendment," <u>Eminence Capital, LLC v. Aspeon, Inc.</u>, 316 F.3d 1048, 1052 (9th Cir. 2003), Count Two is dismissed with prejudice.

### C. Count Three: California Business & Professions Code § 17200

Gap moves to dismiss Count Three, predicated on California Business & Professions Code § 17200, because Roots has failed to allege the necessary elements. Section 17200 prohibits unfair competition, which is defined as "any unlawful, unfair or fraudulent business act or practice. . . ." "Because Business and Professions Code section 17200 is written in the disjunctive, it establishes three varieties of unfair competition-acts or practices which are

unlawful, or unfair, or fraudulent ." <u>Podolsky v. First Healthcare Corp.</u>, 50 Cal. App. 4th 632, 647 (Cal. Ct. App. 1996).

Gap argues that Roots has failed to allege any conduct that would qualify as "unlawful" or "unfair."[1]  This argument is unpersuasive.  The term "unlawful," as used in § 17200 is extensive: "The 'unlawful' practices prohibited by . . . section 17200 are any practices forbidden by law, be it civil or criminal, federal, state, or municipal, statutory, regulatory, or court-made.  It is not necessary that the predicate law provide for private civil enforcement. . . .  [S]ection 17200 'borrows' violations of other laws and treats them as unlawful practices independently actionable." <u>South Bay Chevrolet v. General Motors Acceptance Corp.</u>, 72 Cal. App. 4th 861, 880 (Cal. Ct. App. 1999) (quotations and citations omitted).

A claim of common law fraud is actionable as an "unlawful" business practice. <u>See Diaz v. Allstate Ins. Group</u>, 185 F.R.D. 581, 591 (C.D. Cal. 1998).  Because this Court denies the motion to dismiss as to Roots' claim for fraud, <u>see</u> <u>infra.</u> Part D, it must also deny the motion to dismiss as to Count Three.

D. Count Four: Fraud

Gap moves to dismiss Count Four because: (1) it is untimely; (2) Roots cannot allege reasonable reliance; (3) the claim is barred by the parol evidence rule; and (4) the claim is insufficiently pled.  This Court concludes that Roots may proceed on its claim for common law fraud insofar as the claim is premised on statements made after Gap and Gabana entered into written contracts.

Roots' fraud claim is timely under California's three year statute of limitations, <u>see</u> Cal. Code Civ. Proc. § 338(d), unless Roots knew or should have known that Gap defrauded it prior to June 26, 2004.  <u>See E-Fab, Inc. v. Accountants, Inc. Servs.</u>, 153 Cal. App.4th 1308, 1318 (Cal. Ct. App. 2007) ("By statute, the discovery rule applies to fraud actions.") (citing Cal. Code Civ. Proc. § 338(d)).  Once properly pled, "belated discovery is a question of

---

[1] Roots does not attempt to argue that it has alleged "fraudulent" conduct.

4

1  fact." Id. at 1320 (quotation omitted).  Dismissal is inappropriate at this stage because a
2  reasonable juror could conclude that Roots was not put on notice before June 26, 2004.

3        Gap argues that Roots' reliance on allegedly fraudulent statements made by Gap was
4  unreasonable as a matter of law because the written contract between Gap and Gabana
5  expressly prohibited sub-distributorships.  Whether reliance is justified is generally a
6  question of fact; "the issue is whether the person who claims reliance was justified in
7  believing the representation in the light of his own knowledge and experience."  Gray v. Don
8  Miller & Associates, Inc., 674 P.2d 253, 255-56 (Cal. 1984).  A reasonable juror could
9  conclude that Roots reasonably believed Gap would abide by its oral contract with Roots
10 rather than its written contract with Gabana.

11       Gap also argues that Roots' fraud claim is barred by the parol evidence rule because it
12 is based on contemporaneous statements that contradict the written terms of Gap's contract
13 with Gabana.  See Casa Herrera, Inc. v. Beydoun, 83 P.3d 497, 504 (Cal. 2004) ("[O]ur
14 courts have consistently rejected promissory fraud claims premised on prior or
15 contemporaneous statements at variance with the terms of a written integrated agreement.").
16 Roots has alleged fraudulent statements – such as statements falsely representing an intent to
17 develop the parties' long-term business relationship – that were made by Gap after Gap and
18 Gabana entered into a written contract.  See Comp. ¶¶ 54-65.  Roots may therefore proceed
19 on such claims.

20       Gap moves to dismiss Count Four on the ground that the claim is insufficiently pled.
21 "In all averments of fraud . . . , the circumstances constituting fraud . . . shall be stated with
22 particularity.  Malice, intent, knowledge, and other condition of mind of a person may be
23 averred generally."  Fed. R. Civ. P. 9(b).  The Ninth Circuit has interpreted Rule 9(b) to
24 require that "allegations of fraud are specific enough to give defendants notice of the
25 particular misconduct which is alleged to constitute the fraud charged so that they can defend
26 against the charge and not just deny that they have done anything wrong."  Semegen v.
27 Weidner, 780 F.2d 727, 731 (9th Cir. 1985).  "The complaint must specify such facts as the
28 times, dates, places, benefits received, and other details of the alleged fraudulent activity."

Neubronner v. Milken, 6 F.3d 666, 671-72 (9th Cir. 1993). Roots has adequately set forth the who, what and when of the allegedly fraudulent statements such that Gap should be able to defend the charge.

Accordingly, as to Count Four, Gap's motion to dismiss is denied.

E. Counts Five & Six: Tortious Interference with Contract, Tortious Interference with Prospective Business Relations

California recognizes a cause of action against noncontracting parties who interfere with the performance of a contract or with prospective business relations. See Applied Equipment Corp. v. Litton Saudi Arabia Ltd., 869 P.2d 454, 459 (Cal. 1994). However, a plaintiff cannot not simply present evidence of a breach of contract and use the same activity to recover tort damages under a theory of negligent interference. See JRS Prods., Inc. v. Matsushita Elec. Corp. of Am., 115 Cal. App.4th 168, 183 (Cal. Ct. App. 2004) (holding that a "breach of contract claim cannot be transmuted into tort liability by claiming that the breach interfered with the promisee's business"); Arntz Contracting Co. v. St. Paul Fire & Marine Ins. Co., 47 Cal. App.4th 464, 478-79 (Cal. Ct. App. 1996) (holding that the plaintiff's complaint that defendant terminated parties' bonding relationship without good cause "sounds in contract, not tort"; "contracting party's unjustified failure or refusal to perform is a breach of contract and cannot be transmuted into tort liability by claiming that the breach detrimentally affected the promisee's business").

Fundamentally, Roots' claim in Count Five is that Gap interfered with Roots' contracts and business relations when it unfairly breached its written contract with Gabana – and thus its oral contract with Roots – to sell OP in exchange for ISP distribution rights. At heart, Count Five sounds in contract, not tort, and must be dismissed with leave to amend.

Similarly, Roots' claim in Count Six is fundamentally that Gap's failure to abide by the terms of its oral contract with Roots interfered with Roots' prospective business relations. Therefore, that claim also sounds in contract, not tort, and therefore must be dismissed with leave to amend.

F. Count Seven: Breach of Covenant of Good Faith & Fair Dealing

If a plaintiff's allegations of breach of the covenant of good faith "do not go beyond the statement of a mere contract breach and, relying on the same alleged acts, simply seek the same damages or other relief already claimed in a companion contract cause of action, they may be disregarded as superfluous as no additional claim is actually stated." Bionghi v. Metropolitan Water Dist. of S. Cal., 70 Cal. App. 4th 1358, 1370 (Cal. Ct. App. 1999) (quotation omitted). In Count Seven, Roots merely alleges that Gap breached the covenant of good faith when it breached its contractual obligations to Roots, and requests damages of $30,000,000, the same amount requested for breach of contract. See Comp. ¶¶ 86, 109, 112 ("By reason of this material breach of contract, Roots has suffered actual damages . . . which are believed to exceed $30,000,000.") (emphasis added). Accordingly, Count Seven is dismissed with leave to amend.

### G. Counts Eight, Nine & Ten: Promissory Estoppel, Quantum Meruit, Unjust Enrichment

Roots' quasi-contract claims for promissory estoppel, quantum meruit and unjust enrichment are subject to a two-year statute of limitations. See Cal. Civ. Proc. Code § 339(1); Barton v. New United Motor Mfg., Inc., 43 Cal. App. 4th 1200, 1206 (Cal. Ct. App. 1996). The statute of limitations for quasi-contractual claims begins to run immediately upon performance of the service at issue. See 3 Witkin, Cal. Procedure Actions, § 508 (4th ed. 1996) ("When services are performed at the request of another without a contract, the duty implied by law to pay for them arises immediately on performance. Hence the statute begins to run, and the plaintiff may recover only for the value of services rendered within 2 years before the suit is filed.").

Because the statute of limitations begins to run immediately upon performance of the service at issue, Roots can only maintain an action for services rendered after June 25, 2005. There are no allegations set forth in the complaint that would permit the Court to find that Roots rendered services after the summer of 2004 when Roots arranged a meeting between Gap and a Lebanese retailer. See Comp. ¶ 62. Accordingly, Roots' claims for unjust enrichment and quantum meruit are dismissed with leave to amend.

1    Similarly, Roots' promissory estoppel claim must be dismissed with leave to amend because there is no allegation in the complaint that Gap made a promise after June 25, 2005, upon which Roots reasonably relied to its detriment. Rather, the last promise that could possibly sustain a claim for promissory estoppel was made in the summer of 2004 when a Gap representative "expressed approval" for the layout of Gap sales areas in a Lebanese retailer's stores, but then refused to take any ISP orders from the retailer. See Comp. ¶¶ 63-65.[2]

### H. Motion for Protective Order

Gap has filed a motion for a protective order arising from Roots' participation in the deposition of Amin El Sokary, taken on September 12, 2007 in Paris. "A deposition . . . shall [not] . . . be used against a party who, having received less than 11 days notice of a deposition, has promptly upon receiving such notice filed a motion for a protective order under Rule 26(c)(2) requesting that the deposition not be held or be held at a different time or place and such motion is pending at the time the deposition is held." Fed. R. Civ. P. 32(a)(3).

It is undisputed that counsel for Roots provided Gap with less than 11 days notice that it planned to depose El Sokary. It is also undisputed that Gap promptly filed a motion for a protective order requesting that the deposition be held at a different time. Accordingly, the motion for a protective order is GRANTED.

**IT IS SO ORDERED.**

Dated: October 18, 2007

CHARLES R. BREYER
UNITED STATES DISTRICT JUDGE

---

[2] In a declaration filed after the complaint, Roots' CEO, Ashraf Abu Issa, states that even after Gap announced its intention to cancel the ISP contract with Gabana in May of 2005, a Gap representative – Ron Young – told Roots "that Gap would attempt to find a way to continue to do business with Roots. Ultimately, Roots' discussions with Young were not successful." See Abu Issa Decl. ¶ 6. Even if Young's statement were the kind of "clear and unambiguous" promise sufficient to sustain a cause of action for promissory estoppel, see CalFarm Ins. Co. v. Krusiewicz, 131 Cal. App. 4th 273, 283-84 (Cal. Ct. App. 2005), the Court's review is limited to the complaint and documents attached to the complaint or referred to in the complaint. See Branch v. Tunnell, 14 F.3d 449, 453 (9th Cir. 1994).