KEKER & VAN NEST, LLP
DARALYN J. DURIE - #169825
CHRISTA M. ANDERSON - #184325
DAN JACKSON - #216091
ROSE DARLING - #243893
710 Sansome Street
San Francisco, CA  94111-1704
Telephone:  (415) 391-5400
Facsimile:  (415) 397-7188

Attorneys for Defendants
THE GAP, INC., a/k/a, GAP, INC., GAP INTERNATIONAL SALES, INC., BANANA REPUBLIC, LLC, AND OLD NAVY, LLC

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| ROOTS READY MADE GARMENTS CO. W.L.L., <br><br> Plaintiff, <br><br> v. <br><br> THE GAP, INC., a/k/a, GAP, INC., GAP INTERNATIONAL SALES, INC., BANANA REPUBLIC, LLC, AND OLD NAVY, LLC <br><br> Defendants. | Case No. C 07-03363 CRB <br><br> **SUPPLEMENTAL JOINT CASE MANAGEMENT STATEMENT AND [PROPOSED] ORDER** <br><br> Date:  December 7, 2007 <br> Time: 8:30 a.m. <br> Place: Courtroom 8, 19th Floor <br> Judge: Charles R. Breyer |

The parties in the above-entitled action jointly submit this Supplemental Case Management Statement and Proposed Order and request the Court to adopt it as its Case Management Order in this case. This joint statement supplements the parties' prior Joint Case Management Statement and Proposed Order, which was filed on October 9, 2007 and has not been entered yet by the Court.

### 1.     Ruling on Motions

On October 18, 2007, the Court granted in part and denied in part Gap's Motion to Dismiss the First Amended Complaint. Specifically, the Court dismissed with prejudice Roots' breach of contract claim based on a third-party beneficiary theory; dismissed with leave to amend Roots' claims for breach of contract, tortious interference with contract, tortious interference with prospective business relations, breach of the covenant of good faith and fair dealing, unjust enrichment, quantum meruit, and promissory estoppel; and denied Gap's motion to dismiss with respect to Roots' § 17200 claim and fraud claim, holding that "Roots may proceed on its claim for common law fraud insofar as the claim is premised on statements made after Gap and Gabana entered into written contracts." Oct. 18, 2007 Order at 4. The Court also granted Gap's motion for a protective order arising from Roots' participation in the deposition of Amin El Sokary.

### 2.     Amendment of Pleadings

Roots filed a Second Amended Complaint ("SAC") on November 16, 2007. The parties agree that Gap's responsive pleading will be due on December 14, 2007, Roots' opposition will be due on January 4, 2008, and Gap's reply will be due on January 11, 2008, with a hearing date of January 25, 2008 if the Court is available for a hearing on that day.

### 3.     Plaintiff's allegations and the principal factual issues in dispute

In its SAC, Roots alleges that it entered into an oral contract with Gap, pursuant to which Roots agreed to purchase 1.7 million pieces of Gap excess inventory for $6 million. According

to Roots, Gap promised in exchange to grant Roots the right to distribute first-line Gap merchandise to retailers in the Middle East under Gap's International Sales Program, or ISP. Roots alleges that Gap breached the alleged oral contract by, *inter alia*, failing to grant Roots ISP distribution rights, not approving retailers identified by Roots, and terminating Roots' alleged ISP distribution rights without cause.

Roots also claims that in or about June 2003 it entered into a second oral contract with Gap, pursuant to which Roots agreed to develop a retail network for the ISP merchandise in the Middle East in exchange for ISP distribution rights. Roots alleges that Gap breached that alleged oral contract by, *inter alia*, failing to grant Roots ISP distribution rights, not approving retailers identified by Roots, and terminating Roots' alleged ISP distribution rights without cause.

Roots asserts claims for: (1) breach of an oral contract; (2) breach of a second oral contract; (3) violations Cal. Bus. & Prof. Code § 17200; (4) fraud; (5) tortious interference with prospective business relations; (6) promissory estoppel; (7) quantum meruit; and (8) unjust enrichment.

The principal factual issues in dispute at this stage of the litigation, include: (1) whether Roots and Gap entered into oral contracts; (2) whether Gap breached the alleged oral contracts by (a) not approving certain local retailers proposed by Roots, (b) terminating Roots' alleged ISP distribution rights, (c) attempting to contract directly with Roots' local retailers, and/or (d) filing or threatening to file trademark infringement lawsuits against Roots' local retailers; (3) whether Gap made material misrepresentations of fact to Roots; (4) whether Roots reasonably relied on the alleged misrepresentations; (5) whether Gap's termination of Roots' alleged ISP distribution rights and its subsequent conduct interfered with Roots' prospective business relations; (6) whether Gap's actions constituted unlawful or unfair business practices under Cal. Bus. & Prof. Code § 17200; and (7) whether Gap was unjustly enriched.

**4.     The principal legal issues in dispute**

In addition to the issues set forth above, which potentially involve mixed questions of law and fact, Gap raises two additional legal issues. First, Gap maintains that Roots' oral contract, interference, quasi-contract, and fraud claims are time-barred as a result of Roots' failure to file

this action within the relevant statute of limitations period and despite its knowledge of the ongoing related litigation in *Gabana Gulf Distribution Ltd., et al v. Gap International Sales, Inc., et al.*, C 06 2584 CRB (the "Gabana Action").  Gap also asserts, among other things, that Roots' oral contract and fraud claims are barred by the parol evidence rule, that Roots' oral contract claims are barred by the statute of frauds, and that Roots' interference claim impermissibly seeks tort relief for alleged contract breaches.

**5.    Discovery**

In addition to the discovery described in the parties' initial Joint Case Management Statement, on November 9, 2007, Roots served responses to Gap's discovery requests, including (i) one set of Requests for Admissions; (ii) two sets of Interrogatories; and (iii) one set of Document Requests.  As indicated above, on October 18, 2007, the Court granted Gap's motion for a protective order regarding the El Sokary deposition.

**6.    Settlement and ADR**

The parties request that the Court schedule a settlement conference to take place before a magistrate judge by January 17, 2007.

**7.    Narrowing of Issues**

<u>Plaintiff's position</u>:  Plaintiff does not believe that there are dispositive issues that can be resolved at this time by motion or agreement of the parties.

<u>Defendants' position</u>:  Defendants believe that there are several dispositive issues that can be resolved by a motion to dismiss the SAC.

**8.    Scheduling**

The parties have not reached an agreement concerning the discovery schedule for this case.

<u>Defendants' Position</u>:  Defendants represent that they intend to take depositions of a number of foreign witnesses, many of which can only be completed through the Hague Convention or similar international discovery procedures.  Essentially all of the potential

witnesses in this case other than current and former Gap employees are located overseas. Thus, foreign discovery will be essential. Defendants take the position that an extended discovery period is necessary to allow for adequate time to complete this foreign discovery. Accordingly, Defendants propose the following schedule for discovery:

- Fact discovery will close on August 1, 2008;
- Expert disclosures due on or before September 1, 2008;
- Rebuttal expert disclosures due on or before October 1, 2008; and
- Expert discovery closes on November 3, 2008.

<u>Plaintiff's Position</u>:  Plaintiff believes that the factual issues in this case are relatively straightforward and that the case can therefore proceed according to a more efficient schedule. Roots anticipates that many of the foreign witnesses in this case will be employed by or affiliated with Roots, and that other foreign witnesses will cooperate with the discovery process, reducing the need to rely on the Hague Convention or other international discovery procedures. Accordingly, Plaintiff proposes the following discovery schedule:

- Fact discovery will close on March 30, 2008;
- Expert disclosures due on or before April 30, 2008;
- Rebuttal expert disclosures due on or before May 30, 2008; and
- Expert discovery closes on June 30, 2008.

**9.     Trial**

Plaintiff requests a trial date in September 2008. Defendants request a trial date in February 2009.

/ / /

/ / /

/ / /

4

**SUPPLEMENTAL JOINT CASE MANAGEMENT STATEMENT AND [PROPOSED] ORDER**
Case No. C 07-03363 CRB

406710.03

1  The parties agree that the case will be tried to a jury. The parties expect that the trial will
2  last five days.

3                                                          Respectfully submitted,

4  Dated: November 27, 2007                               COVINGTON & BURLING LLP

5                                                          By: <u>Concurrence obtained General Order 45 X.B.</u>
6                                                               BRADLEY J. NASH

7                                                              Attorneys for Plaintiff
                                                               ROOTS READY MADE GARMENTS CO.
8                                                              W.L.L.

9
   Dated:  November 27, 2007                               KEKER & VAN NEST, LLP
10

11                                                         By:   <u>/s/ Rose Darling</u>
                                                                ROSE DARLING
12
                                                               Attorneys for Defendants
13                                                             THE GAP, INC., a/k/a GAP, INC.,
                                                               INTERNATIONAL SALES, INC.,
14                                                             BANANA REPUBLIC, LLC, AND OLD
                                                               NAVY, LLC
15

16      **IT IS SO ORDERED.**

17

18  Date:_____          _____
                                    HONORABLE CHARLES R. BREYER
19                                  United States District Judge

20

21

22

23

24

25

26

27

28

---

406710.03

5
**SUPPLEMENTAL** JOINT CASE MANAGEMENT STATEMENT AND [PROPOSED] ORDER
Case No. C 07-03363 CRB