RICHARD A. JONES (Bar No. 135248)
(rjones@cov.com)
COVINGTON & BURLING LLP
One Front Street
San Francisco, CA 94111
Telephone: (415) 591-6000
Facsimile: (415) 591-6091

(*Additional Counsel on Signature Page*)

Attorneys for Plaintiff
Roots Ready Made Garments Co. W.L.L.

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROOTS READY MADE GARMENTS CO. W.L.L.,<br><br>Plaintiff,<br><br>v.<br><br>THE GAP, INC., a/k/a, GAP, INC., GAP INTERNATIONAL SALES, INC., BANANA REPUBLIC, LLC, AND OLD NAVY, LLC,<br><br>Defendants. | Case No: C 07 3363 CRB<br><br>PLAINTIFF'S NOTICE OF MOTION AND MOTION FOR AN ORDER UPHOLDING CONFIDENTIALITY DESIGNATIONS UNDER THE PROTECTIVE ORDER<br><br>Date: February 15, 2008<br>Time: 10:00 a.m.<br>Place: Courtroom 8, 19th Floor<br>Judge: Charles R. Breyer |

**PUBLIC VERSION**

## NOTICE OF MOTION AND STATEMENT OF RELIEF SOUGHT

PLEASE TAKE NOTICE, that on February 15, 2008 at 10:00 a.m. before the Honorable Charles R. Breyer, United States District Court District Court, San Francisco, California, Plaintiffs Roots Ready Made Garments Co. W.L.L. ("Roots") will, and hereby does, move the Court for an order upholding Roots' confidentiality designations on two documents produced under the Protective Order entered by the Court on August 7, 2007 ("Protective Order").

## PRELIMINARY STATEMENT

Roots files this motion pursuant to the Protective Order in order to preserve the confidentiality of two written agreements between Roots and Gabana Gulf Distribution Ltd., relating to the distribution of Gap-branded merchandise in the Middle East and North Africa. Roots designated these documents "confidential" under the terms of the Protective Order. On December 13, 2007, Gap gave Roots notice that it was challenging the confidentiality designation of the agreements.

Gap's objection has no merit. As explained below, the agreements at issue contain sensitive commercial information that is entitled to protection from disclosure under Fed. R. Civ. P. 26(c)(7). Roots has strictly maintained the confidentiality of the agreements. Moreover, Roots has good reason to believe it will suffer competitive injuries if the terms of the agreements are disclosed publicly. Roots is presently engaged in negotiations with two other companies to distribute other branded apparel in the region. If these companies — or Roots' competitors — were to discover the terms of Roots previous agreements, Roots' negotiations would be adversely affected. Although the threat of competitive injury to Roots in the event of disclosure is clear, Gap will suffer no prejudice if the documents are kept confidential at this stage of the proceedings. Under the terms of the Protective Order, Gap's counsel, experts, employees and witnesses can have full access to the documents, and Gap can make use of the documents in this litigation. At most, the parties may be required to redact occasional references to the terms of these documents in certain filings.

Roots' motion for an order upholding its confidentiality designations should be granted.

## BACKGROUND

### *The Relevant Terms of The Protective Order*

On August 7, 2007, this Court endorsed a stipulated protective order submitted by the parties to govern the exchange of documents and information during the course of discovery (the "Protective Order"). (Declaration of Bradley J. Nash ("Nash Decl."), Ex. 1.) The Protective Order permits any party "to identify and designate as "Confidential" . . . any document or other material it produces or provides . . ., which . . . is believed in good faith by that supplying party to constitute, reflect or disclose its confidential and proprietary information, as those terms are understood under Rule 26(c)(7) of the Federal Rules of Civil Procedure." (*Id.*, Ex. 1, ¶ 1.) Disclosure of any document designated as "Confidential" is limited to the parties and their counsel, consultants or experts, authors or recipients of the documents, the Court, and witnesses. (*Id.* Ex. 1, ¶ 7.)

The Protective Order permits a party to challenge the other party's designation of a document as confidential by providing written notice of the challenge. (*Id.* ¶ 13.) To preserve the confidentiality of the documents, the designating party must, within twenty-five days of receiving such a notice, apply to the Court for an order designating the documents confidential. (*Id.*)

### *Roots' Written Agreements With Gabana Contain Sensitive Commercial Information*

This motion concerns two documents Roots produced to Gap on August 2, 2007, and designated as "confidential" under the Protective Order: ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ (together, "Confidential Documents"). (Nash Decl. ¶ 7;

- 2 -

Declaration of Kifah Balawi ("Balawi Decl."), Exs. A, B.).[1] On August 17, 2007, Gap filed copies of the Confidential Documents with this Court under seal. (*Id.* ¶ 8.)

As explained in the accompanying Declaration of Kifah Balawi, Roots has strictly guarded the confidentiality of the Confidential Documents, and has not publicly-disclosed their terms. (*Id.* ¶ 5.) The Confidential Documents contain sensitive commercial information concerning Roots' agreements and proposed agreements relating to the distribution of Gap merchandise in the Middle East and North Africa. (*Id.* ¶¶ 3-4.) Roots has good reason to believe that it would suffer competitive injuries if the contents of these agreements were disclosed to third parties. (*Id.* ¶ 6.) For example, Roots is presently negotiating agreements with two other apparel companies that would give Roots the right to distribute other brands in the Middle East and Africa. (*Id.* ¶ 7.) Roots' negotiations with these companies would be adversely affected if the companies were to learn the commercial terms of Roots' earlier agreement, including licensing fees and other price terms, and minimum purchase requirements. (*Id.* ¶ 8.) The companies could use this information to Roots' disadvantage, by arguing that they should be granted the same or better terms. Roots' competitors might also use this information to compete unfairly with Roots for the distribution rights Roots.

Although the Confidential Documents date from 2002 and 2003 respectively, the information contained in them remains commercially significant. (*Id.* ¶ 10.) Roots was created for the purpose of distributing Gap merchandise in the Middle East and North Africa. To date, it has not entered into any agreements with manufacturers or suppliers other than the Confidential Documents, and oral agreements with Gap that are the subject of this lawsuit. (*See* Roots' Second Am. Compl. ¶¶ 43-49, 82-91.). Because the Confidential Documents contain the

---

[1] ██████████████████████████████████████████ (*Id.* ¶ 4.)

- 3 -

terms of Roots' most recent distribution agreements, their terms remain material, and disclosure would therefore adversely affect Roots' position in its ongoing negotiations of distribution agreements for other brands.

### *Gap's Challenge to Roots' Confidentiality Designations*

On December 13, 2007, Dan Jackson, counsel for Defendants, sent a email to Roots' counsel Robert P. Haney and Bradley J. Nash, requesting that Roots' agree to withdraw the confidentiality designation for the Confidential Documents. (Nash Decl., Ex. 1.) On December 17, 2007, Mr. Nash contacted Mr. Jackson by telephone to meet and confer concerning Defendants' request. (*Id.* ¶ 10.) Mr. Nash explained that the Confidential Documents contained sensitive commercial information, and that Roots was entitled to a protective order to prevent disclosure of their terms to third parties outside the litigation. (*Id.*) Mr. Jackson responded that Roots should consider the December 13 email as "notice" of Gap's challenge to the confidentiality designations, and Roots would, therefore, have twenty-five days from that date to file a motion for a protective order. (*Id.*)

Roots is, accordingly, timely filing this motion on January 7, 2008 to preserve the confidentiality of the terms of its agreements with Gabana.

### ARGUMENT

Pursuant to Rule 26(c)(7) of the Federal Rules of Civil Procedure, a court may order "that a trade secret or other confidential research, development, or commercial information not be revealed or be revealed only in a designated way." Courts will issue a protective order where (i) disclosure of confidential information would cause harm to the party seeking to protect that information, and (ii) the harm outweighs the need of the party seeking disclosure. *See Brown Bag Software v. Symantec Corp.*, 960 F.2d 1465, 1470 (9th Cir. 1992). Courts have held that contract terms "can rightfully be deemed confidential information" under Rule 26 where, the party seeking a protective order demonstrates that the contracts were not available to the public" and that disclosure "could adversely affect [the party's] competitive

- 4 -

advantages" *See American Hardware Manufacturers Association v. Reed Elsevier, Inc.*, 2007 WL 1521185, at *3 (N.D. Ill. May 14, 2007); *see also Zenith Radio Corp. v. Matsushita Elec. Indusr. Co.*, 529 F. Supp. 866, 890 n.2 (E.D. Pa. 1981) (documents that may be subject to protection from disclosure under Rule 26 include, *inter alia*, "license agreements" and "contract terms")

The Confidential Documents qualify for confidential treatment under these standards. Roots has maintained the confidentiality of the documents. (Balawi Decl. ¶ 5.) In addition, the accompanying Declaration of Kifah Balawi provides "specific demonstrations of fact" to show "that disclosure would cause significant harm to [Roots'] competitive and financial position." *Contratto v. Ethicon, Inc.*, 227 F.R.D. 304, 307 (N.D. Cal. 2005). Roots does not rely on generalized or hypothetical examples of competitive injury. Rather, Mr. Balawi explains that Roots is presently negotiating distribution agreements with two other apparel companies in the same region where Roots has distributed Gap merchandise. (Balawi Decl. ¶ 8.) If those companies — or Roots' competitors — learned the terms on which Roots did business in the past, Roots' negotiating position would be adversely affected. (Balawi Decl. ¶ 8.) The fact that the Confidential Documents date from 2002 and 2003 does not diminish the materiality of their terms. As Mr. Balawi explains, Roots has not during the intervening years acquired distribution rights for brands other than Gap. The terms of the last set of distribution agreements Roots executed would be highly relevant to a party negotiating a distribution agreement with Roots at present.

Although the harm to Roots from public disclosure of the Confidential Documents is clear, Gap cannot show that it will suffer any genuine prejudice if the Court affirms the confidentiality designation for these documents. Pursuant to the Protective Order, Gap has full access to the documents and can use them in this case. Gap has already filed copies of the Confidential Documents with this Court under seal. Any inconvenience associated with redacting occasional references to the documents in the parties' motion papers, is far

- 5 -

outweighed by the competitive injuries Roots faces in the event the Confidential Documents were publicly disclosed.

## CONCLUSION

For the foregoing reasons, Roots' motion for an order upholding its confidentiality designations should be granted.

Respectfully submitted,

_____/s/_____
RICHARD A. JONES

Robert P. Haney (admitted *pro hac vice*)
Bradley J. Nash (admitted *pro hac vice*)
COVINGTON & BURLING LLP
620 Eighth Avenue
New York, NY 10018
Telephone: (212) 841-1000
Facsimile: (212) 841-1010

*Attorneys for Plaintiff Roots Ready Made Garments Co. W.L.L.*

Dated: January 7, 2007