RICHARD A. JONES (Bar No. 135248)
(rjones@cov.com)
COVINGTON & BURLING LLP
One Front Street
San Francisco, CA 94111
Telephone: (415) 591-6000
Facsimile: (415) 591-6091

**Attorneys for Plaintiff
Roots Ready Made Garments Co. W.L.L.**

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROOTS READY MADE GARMENTS CO. W.L.L., <br><br> Plaintiff, <br><br> v. <br><br> THE GAP, INC., a/k/a, GAP, INC., GAP INTERNATIONAL SALES, INC., BANANA REPUBLIC, LLC, AND OLD NAVY, LLC, <br><br> Defendants. | Case No: C 07 3363 CRB <br><br> **DECLARATION OF BRADLEY J. NASH IN SUPPORT OF PLAINTIFF'S MOTION FOR AN ORDER UPHOLDING CONFIDENTIALITY DESIGNATIONS** <br><br> Date: February 15, 2008 <br> Time: 10:00 a.m. <br> Place: Courtroom 8, 19th Floor <br> Judge: Charles R. Breyer |

Bradley J. Nash declares the following under penalty of perjury:

1.   I am an attorney admitted to appear before this Court *pro hac vice* in this action and am counsel to Plaintiff Roots Ready Made Garments Co. W.L.L. ("Roots").

2.   I make this declaration in support of Plaintiff's Motion for an Order Upholding Confidentiality Designations.

3.   On August 6, 2007, the parties submitted a proposed Protective Order to this Court governing the disclosure of documents and information exchanged in the course of discovery. The Court endorsed the Protective Order on August 7, 2007. A true and correct copy of the Protective Order is attached hereto as Exhibit 1.

4. The Protective Order permits any party "to identify and designate as "Confidential" . . . any document or other material it produces or provides . . ., which . . . is believed in good faith by that supplying party to constitute, reflect or disclose its confidential and proprietary information, as those terms are understood under Rule 26(c)(7) of the Federal Rules of Civil Procedure." (Ex. 1 ¶ 1.)

5. Disclosure of any document designated as "Confidential" is limited to the parties and their counsel, consultants or experts, authors or recipients of the documents, the Court, and witnesses. (*Id.* ¶ 7.)

6. The Protective Order permits a party to challenge the other party's designation of a document as confidential by providing written notice of the challenge. (*Id.* ¶ 13.) To preserve the confidentiality of the documents, the designating party must within twenty-five days of receiving such a notice, apply to the Court for an order designating the documents confidential. (*Id.*)

7. On August 2, 2007, Roots made its first document production to Gap. In that production, Roots designated the two documents that are the subject of this motion "confidential" under the terms of the Protective Order ("Confidential Documents").

8. On August 13, 2007, Gap filed copies of the Confidential Documents with this Court under seal.

9. On December 13, 2007, Dan Jackson, counsel for Defendants, sent a email to Roots' counsel for Defendants, requesting that Roots' agree to withdraw the confidentiality designation for the Confidential Documents under the Protective Order. A true and correct copy of this email is attached hereto as Exhibit 2.

10. On December 17, 2007, I contacted Mr. Jackson by telephone to meet and confer concerning Defendants' request. I explained that the Confidential Documents contained sensitive commercial information, and that Roots was entitled to a protective order to prevent disclosure of their terms to third parties outside the litigation. Mr. Jackson responded that Roots should consider the December 13 email as "notice" of Gap's challenge to the confidentiality

-3-

designations, and Roots would, therefore, have twenty-five days from that date to file a motion for a protective order.

11. Roots is, accordingly, timely filing this motion on January 7, 2008 to preserve the confidentiality of the terms of its agreements with Gabana.

I declare under penalty of perjury that the foregoing is true and correct.

Executed this 7th day of January 2008, in New York, NY

_____
Bradley J. Nash

DECL. OF BRADLEY J. NASH
Case No.: C 07 3363 CRB.
-3-

**EXHIBIT 1**

```
 1  KEKER & VAN NEST, LLP
    DARALYN J. DURIE - #169825
 2  CHRISTA M. ANDERSON - #184325
    DAN JACKSON - #216091
 3  ROSE DARLING - #243893
    710 Sansome Street
 4  San Francisco, CA  94111-1704
    Telephone: (415) 391-5400
 5  Facsimile: (415) 397-7188

 6  Attorneys for Defendants
    THE GAP, INC., a/k/a, GAP, INC., GAP INTERNATIONAL
 7  SALES, INC., BANANA REPUBLIC, LLC, AND OLD NAVY,
    LLC
 8
```

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| ROOTS READY MADE GARMENTS CO. W.L.L., | Case No. C 07-03363 CRB |
| Plaintiff, | [PROPOSED] PROTECTIVE ORDER |
| v. | |
| THE GAP, INC., a/k/a, GAP, INC., GAP INTERNATIONAL SALES, INC., BANANA REPUBLIC, LLC, AND OLD NAVY, LLC | |
| Defendants. | |

400424.01

[PROPOSED] PROTECTIVE ORDER
Case No. C 07-03363 CRB

1   WHEREAS, certain documents and information have been and may be sought, produced
2 or exhibited by and between the parties to this litigation which relate to the parties' financial
3 information, competitive information, personnel information or other kinds of commercially
4 sensitive information which the party making the production deems confidential; and
5   WHEREAS, it has been agreed by and among the parties through their respective
6 counsel, that, to expedite the flow of discovery material and to preserve the confidentiality of
7 certain documents and information, a protective order should be entered by the Court; and
8   WHEREAS, the court has reviewed the terms and conditions of this Protective Order
9 submitted by the parties,
10   IT IS HEREBY ORDERED THAT:
11   1.   This Protective Order shall govern all documents, the information contained
12 therein, and all other information produced or disclosed during this litigation whether revealed in
13 a document, deposition, other testimony, discovery response or otherwise, by any party in this
14 proceeding (the "supplying party") to any other party (the "receiving party"), when same is
15 designated in accordance with the procedures set forth herein. This Protective Order is binding
16 upon the parties including their respective corporate parents, subsidiaries and affiliates and their
17 respective attorneys, agents, representatives officers and employees and others as set forth in this
18 Protective Order.
19   2.   Any supplying party shall have the right to identify and designate as
20 "Confidential" or "Highly Confidential" any document or other materials it produces or provides
21 (whether pursuant to court order, notice or subpoena or by agreement), or any testimony given in
22 this litigation, which testimony or discovery material is believed in good faith by that supplying
23 party to constitute, reflect or disclose its confidential and proprietary information, as those terms
24 are understood under Rule 26(c)(7) of the Federal Rules of Civil Procedure ("Designated
25 Material").
26   3.   "Confidential Information" as used herein means any Designated Material that is
27 designated pursuant to this Protective Order as "Confidential" by the supplying party, whether it
28 is a document, information contained in a document, information revealed during a deposition or

1  other testimony, information revealed in an interrogatory answer or information otherwise

2  revealed. In designating material as "Confidential," the supplying party will make such

3  designation only as to that material that it in good faith believes to be entitled to confidential

4  treatment.

5      4.    Specific documents and interrogatory answers produced by a supplying party

6  shall, if appropriate, be designated as "Confidential" by marking the first page of the document

7  and each subsequent page thereof containing Confidential Information with the legend:

8  <u>**CONFIDENTIAL**</u>

9      5.    Information disclosed at a deposition taken in connection with this proceeding

10  may be designated as "Confidential" as follows:

11      (a)    A supplying party (or its counsel) may designate testimony, given by it or
its present or former employee(s), officer(s), director(s), partner(s), representative(s), or
12  any expert(s), as "Confidential" on the record during the taking of the deposition, in
which case the stenographic employee or court reporter recording or transcribing such
13  testimony shall be directed to bind any transcript page(s) containing Confidential
Information separately and apart from any transcript page(s) containing no such
14  Confidential information; or
      (b)    A supplying party (or its counsel) may notify all other parties in writing,
15  within twenty (20) calendar days of receipt of the transcript of a deposition, given by it or
its present or former employee(s), its officer(s), director(s), partner(s), representative(s),
16  or any expert(s), of specific pages and lines of the transcript which are designated as
"Confidential," whereupon each party shall attach a copy of such written designation to
17  the face of the transcript and each copy thereof in that party's possession, custody or
control. To facilitate the designation of Confidential Information, all transcripts of
18  depositions shall be treated, in their entirety, as Confidential Information for a period of
twenty (20) calendar days following delivery by the court reporter of certified transcripts
19  to all parties.
      6.    All "Confidential Information" produced or exchanged in the course of this
20
litigation shall be held in confidence by each person to whom it is disclosed, and that person
21
shall use the "Confidential Information" for the purposes of this litigation only.
22
      7.    Except with the prior written consent of the other parties, or upon prior order of
23
this Court obtained upon notice to opposing counsel, "Confidential Information" shall not be
24
disclosed to any person other than:
25
      (a)    counsel for the respective parties to this litigation, including in-house counsel and
26
co-counsel retained for this litigation;
27
      (b)    employees of such counsel;
28

1      (c)    individual parties, and any officer or employee of a party, to the extent deemed necessary by counsel for the prosecution or defense of this litigation. Each individual receiving "Confidential Information" shall execute a copy of the Certification annexed to this Order which shall be retained by counsel to the party so disclosing the "Confidential Information."

    (d)    consultants or expert witnesses retained for the prosecution or defense of this litigation, provided that the disclosure of "Confidential Information" shall be proceeded by the signing of the Certification annexed to this Order as Exhibit A and which shall be retained by counsel to the party so disclosing the "Confidential Information" and made available for inspection by opposing counsel during the pendency or after the termination of the action only upon good cause shown and upon order of the Court before being shown or given any "Confidential Information";

    (e)    any authors or recipients of the "Confidential Information";

    (f)    the Court, Court personnel, and court reporters; and

    (g)    witnesses (other than persons described in paragraph 7(e)). A witness shall sign the Certification before being shown a confidential document. "Confidential Information" may be disclosed to a witness who will not sign the Certification only in a deposition at which the party who designated the "Confidential Information" is represented or has been given notice that "Confidential Information" produced by the party may be used. At the request of any party, the portion of the deposition transcript involving the "Confidential Information" shall be designated "Confidential" pursuant to paragraph 5 above. Witnesses shown "Confidential Information" shall not be allowed to retain copies.

    8.    It is possible that there may be certain discrete categories of extremely sensitive confidential and/or proprietary information, the disclosure of which, even if limited to the persons listed in paragraph 7 above, may compromise and/or jeopardize the supplying party's business interests ("Highly-Confidential Information") such that the supplying party may deem such Highly-Confidential Information to require greater limitations on disclosure than are set forth in paragraph 7 above. Either party may designate as "Highly Confidential" the following information: (i) strategic planning documents concerning the supplying party's international

1  business; (ii) agreements with third parties in which the supplying party is bound by a
2  nondisclosure or other similar confidentiality agreement, including any documents related to
3  such agreements; (iii) non-public financial documents related to sales and performance; and (iv)
4  board minutes. The supplying party may designate Highly-Confidential Information by marking
5  the first page of the document or interrogatory answer and each subsequent page thereof
6  containing Highly-Confidential Information with the legend:

**HIGHLY CONFIDENTIAL**

8      9.    If either party believes that information not falling within the four categories set
9  forth above in paragraph 8 nevertheless constitutes Highly-Confidential Information, it shall
10 provisionally produce the information to the opposing counsel. If the opposing counsel agrees
11 that the information is highly confidential, the supplying party may produce copies of the
12 document or documents designated as such. If, after conferring with the supplying party in good
13 faith, opposing counsel disagrees that the information is highly confidential, the supplying party
14 may seek relief from the Court in the form of a motion for protective order as to the information
15 in question to be filed within ten days of receiving notice from the opposing counsel that it
16 would not agree to the highly confidential designation. If no such relief is sought within ten
17 days, the information shall be treated as "Confidential" as provided herein. Between the time of
18 filing and the time of disposition of any such motion, the information shall be treated as Highly-
19 Confidential Information.
20     10.    All the provisions set forth above applicable to Confidential Information shall
21 apply equally to Highly-Confidential Information, except that disclosure of Highly-Confidential
22 Information by the receiving party shall be limited to the following persons:
23     (a)    outside counsel for the respective parties to this litigation;
24     (b)    employees of such outside counsel;
25     (c)    consultants or expert witnesses retained for the prosecution or defense of this
26 litigation, provided that the disclosure of "Highly-Confidential Information" shall be proceeded
27 by the signing of the Certification annexed to this Order as Exhibit A and shall occur only after
28 disclosure by email or facsimile to the opposing party the identity of such person two (2)

4

[PROPOSED] PROTECTIVE ORDER
Case No. C 07-03363 CRB

400424.01

1  business days in advance to afford such opposing party the opportunity to seek relief if it
2  believes any to be appropriate; if such party objects within such time frame, it shall, within five
3  (5) calendar days seek such relief, pending which no disclosure shall occur;
4      (d)    any authors or recipients of the "Highly-Confidential Information"; and
5      (e)    the Court, Court personnel, and court reporters.
6      11.    For applications and motions to the Court on which a party submits
7  "Confidential" or "Highly Confidential" Information, all documents and chamber copies
8  containing "Confidential" or "Highly Confidential" Information which are submitted to the
9  Court shall be filed with the Court in sealed envelopes or other appropriate sealed containers.
10 On the outside of the envelopes, a copy of the first page of the document shall be attached. If
11 "Confidential" or "Highly Confidential" Information is included in the first page attached to the
12 outside of the envelopes, it may be deleted from the outside copy. The word
13 "CONFIDENTIAL" shall be stamped on the envelope and a statement substantially in the
14 following form shall also be printed on the envelope:
15     **This envelope is sealed pursuant to Order of the Court, contains Confidential Information and is not to be opened or the contents revealed, except by**
16     **Order of the Court or agreement by the parties.**
17     12.    A party may designate as "Confidential" or "Highly Confidential" documents or
18 discovery materials produced by a non-party by providing written notice to all parties of the
19 relevant document numbers or other identification within thirty (30) days after receiving such
20 documents or discovery materials. Any party or non-party may voluntarily disclose to others
21 without restriction any information designated by that party or non-party as confidential or
22 Highly Confidential although a document may lose its confidential status if it is made public.
23     13.    If a party contends that any material is not entitled to confidential treatment, such
24 party may at any time give written notice to the party or non-party who designated the material.
25 The party or non-party who designated the material shall have twenty-five (25) days from the
26 receipt of such written notice to apply to the Court for an order designating the material as
27 confidential. The party or non-party seeking to uphold or to support any confidentiality
28 designation that is challenged shall have the burden of establishing that the document or material

is entitled to protection.

14. Notwithstanding any challenge to the designation of material as "Confidential" or "Highly Confidential" Information, all documents designated as such shall be treated as such and shall be subject to the provisions hereof unless and until one of the following occurs:

(a) the party or non-party who claims that the material is "Confidential" or "Highly Confidential" Information withdraws such designation in writing; or

(b) the party or non-party who claims that the material is "Confidential" or "Highly Confidential" Information fails to apply to the Court for an order designating the material confidential within the time period specified above after receipt of a written challenge to such designation; or

(c) the Court rules the material is not "Confidential" or "Highly Confidential" Information.

15. All provisions of this Order restricting the communication or use of "Confidential" or "Highly Confidential" Information shall continue to be binding after the conclusion of this action, unless otherwise agreed or ordered. Upon conclusion of the litigation, a party in the possession of "Confidential" or "Highly Confidential" Information, other than that which is contained in pleadings, correspondence, and deposition transcripts, shall either (a) return such documents no later than thirty (30) days after conclusion of this action to counsel for the party or non-party who provided such information, or (b) destroy such documents within the time period upon consent of the party who provided the information and certify in writing within thirty (30) days that the documents have been destroyed.

16. The terms of this Order do not preclude, limit, restrict, or otherwise apply to the use of documents at trial.

17. Nothing herein shall be deemed to waive any applicable privilege or work product protection, or to affect the ability of a party to seek relief for an inadvertent disclosure of material protected by privilege or work product protection.

18. Any witness or other person, firm or entity from which discovery is sought may be informed of and may obtain the protection of this Order by written advice to the parties'

1 | respective counsel or by oral advice at the time of any deposition or similar proceeding.

Respectfully submitted,

Dated: August 6, 2007

KEKER & VAN NEST, LLP

By: ___/s/ Christa Anderson___
CHRISTA M. ANDERSON
Attorneys for Defendants
THE GAP, INC., a/k/a, GAP, INC., GAP INTERNATIONAL SALES, INC., BANANA REPUBLIC, LLC, AND OLD NAVY, LLC

Dated: August 6, 2007

COVINGTON & BURLING LLP

By: ___/s/ Richard A. Jones___
RICHARD A. JONES
Attorneys for Plaintiff
ROOTS READY MADE GARMENTS CO. W.L.L.

THE FOREGOING STIPULATION IS APPROVED AND IS SO ORDERED.

Dated: August 7, 2007

_____
Charles R. Breyer
United States District Judge

IT IS SO ORDERED
Judge Charles R. Breyer

# EXHIBIT A

## CERTIFICATION

I hereby acknowledge that on _____ I read the Protective Order filed in the above-captioned action, and that I understand the terms thereof and agree to be bound thereby. I further agree to submit to the jurisdiction of the Court and understand that the Court may impose sanctions for any violation of the Protective Order.

_____
Name (typed or printed)

_____

_____
Address

_____
Signature

**EXHIBIT 2**

### Nash, Bradley

**From:** Dan Jackson [DJackson@kvn.com]
**Sent:** Thursday, December 13, 2007 6:41 PM
**To:** Nash, Bradley; Haney, Robert
**Subject:** Roots v. Gap

Brad and Bob, I write to request, under paragraph 13 of the protective order, that you agree to de-designate the document you produced as "Confidential" with bates numbers RRMG00007839-57, which consists of Roots' May 2003 and May 2002 agreements with Gabana. I can assure you, based on our experience in the Gabana v. Gap case, that if the issue were presented, the court would hold that the document is not confidential within the meaning of FRCP 26(c)(7). Please let me know as soon as possible. Thanks!

**Dan Jackson**
Keker & Van Nest, LLP
710 Sansome Street
San Francisco, CA 94111
(415) 391-5400 (tel)
(415) 397-7188 (fax)

1/7/2008