| | |
|---|---|
| 1 | KEKER & VAN NEST, LLP |
|   | DARALYN J. DURIE - #169825 |
| 2 | CHRISTA M. ANDERSON - #184325 |
|   | DAN JACKSON - #216091 |
| 3 | ROSE DARLING - #243893 |
|   | 710 Sansome Street |
| 4 | San Francisco, CA  94111-1704 |
|   | Telephone:  (415) 391-5400 |
| 5 | Facsimile:  (415) 397-7188 |

Attorneys for Defendants
THE GAP, INC., a/k/a, GAP, INC., GAP INTERNATIONAL SALES, INC., BANANA REPUBLIC, LLC, AND OLD NAVY, LLC

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| ROOTS READY MADE GARMENTS CO. W.L.L., | Case No. C 07-03363 CRB |
| Plaintiff, | **STIPULATION AND [PROPOSED] ORDER RE DEPOSITIONS** |
| v. | |
| THE GAP, INC., a/k/a, GAP, INC., GAP INTERNATIONAL SALES, INC., BANANA REPUBLIC, LLC, AND OLD NAVY, LLC | |
| Defendants. | |

**STIPULATION**

WHEREAS, many of the witnesses that the parties have identified as potentially having relevant knowledge in this case reside in countries where it is time consuming, expensive, or even impossible to secure a deposition, and the parties wish to avoid unnecessary expense and effort in deposing such witnesses but at the same time wish to ensure their ability to depose any witness who will appear at trial or provide a declaration (e.g. on motion for summary judgment),

THEREFORE, Plaintiffs Roots Ready Made Garments Co. W.L.L. ("Roots") and Defendants The Gap, Inc., a/k/a GAP Inc., Gap International Sales, Inc., Banana Republic, LLC, and Old Navy, LLC ("Gap"), by and through their counsel of record, stipulate and agree as follows:

1. As soon as practicable, on a rolling basis, and to be provided on or before April 18, 2008, the parties will disclose the percipient witnesses whose testimony they intend to, or wish to preserve their right to, present at trial or in connection with any motion. The disclosing party will make such witnesses available for deposition within the discovery period, according to a schedule on which the parties will meet and confer in good faith, but such meet and confer must be resolved within 14 days of the first attempt to schedule any deposition.

2. The parties must make their best, good-faith efforts to timely disclose witnesses and make them available for deposition according to paragraph 1. If, despite such efforts, a party decides after April 18, 2008 that it will want to, or wishes to preserve the right to, present testimony from a witness whom the party has not yet made available for deposition, the party must make that witness available for deposition as soon as practicable—if necessary, after the discovery period has ended, and in any event at least two weeks before commencement of trial. Trial testimony will not be admitted from witnesses who were not made available for deposition.

3. A party that files a declaration in connection with, for example, a motion for summary judgment or opposition thereto must make their best, good-faith efforts to make the declarant available for deposition within a week following service of their declaration on a mutually agreeable date, provided the declarant was not previously deposed. If a party, despite its best efforts, is unable make the declarant available within one week following service of their

1  declaration, the party will make its best, good-faith effort to make the witness available as soon
2  as possible after that time, and the parties shall meet and confer in good faith regarding an
3  extension to any pending deadline for filing any pleading responsive to the one in support of
4  which the declaration was filed.  Declarations from witnesses not made available for deposition
5  will not be considered.

6      4.    All witnesses will be made available for deposition in a location acceptable to the
7  witness.  If any party objects to the proposed location for the deposition, the parties agree that
8  said objecting party may file a motion with the Court—if necessary, on a shortened briefing
9  schedule—for resolution of that dispute.

10      5.    If a party, despite its best efforts, is unable to secure the presence at deposition of
11  a witness it identified and for whom a deposition was scheduled because the witness does not
12  appear as promised, that party may attempt to reschedule the deposition, but in that event, that
13  party will be liable for the other parties' reasonable attorneys' fees and costs incurred in
14  connection with the cancelled deposition.  Any rescheduled deposition must occur at least two
15  weeks before the commencement of trial.  Alternatively, the party may agree not to call the
16  witness who failed to appear for deposition at trial, and to withdraw any declarations from that
17  witness, in which case the party will not be liable for attorneys' fees or costs incurred by the
18  other parties in connection with the cancelled deposition.

20  Dated:  January 22, 2008        KEKER & VAN NEST, LLP

22      By:      /s/ Rose Darling
    ROSE DARLING
    Attorneys for Defendants
23      GAP INTERNATIONAL SALES, INC.,
    THE GAP, INC., BANANA REPUBLIC,
24      LLC, and OLD NAVY, LLC

1   Dated:  January 22, 2008                           COVINGTON & BURLING LLP

                                                       By: <u>Concurrence obtained General Order 45B.X</u>
                                                           BRADLEY NASH (*Pro Hac Vice*)
                                                           Attorneys for Plaintiff
                                                           ROOTS READY MADE GARMENTS
                                                           CO. W.L.L.


**ORDER**

PURSUANT TO STIPULATION, IT IS SO ORDERED.


Dated:


                                                       _____
                                                       HONORABLE CHARLES R. BREYER
                                                       UNITED STATES DISTRICT JUDGE