KEKER & VAN NEST, LLP
DARALYN J. DURIE - #169825
CHRISTA M. ANDERSON - #184325
DAN JACKSON - #216091
ROSE DARLING - #243893
710 Sansome Street
San Francisco, CA 94111-1704
Telephone: (415) 391-5400
Facsimile: (415) 397-7188

Attorneys for Defendants
THE GAP, INC., a/k/a, GAP, INC., GAP INTERNATIONAL SALES, INC., BANANA REPUBLIC, LLC, AND OLD NAVY, LLC

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| ROOTS READY MADE GARMENTS CO. W.L.L.,<br><br>Plaintiff,<br><br>v.<br><br>THE GAP, INC., a/k/a, GAP, INC., GAP INTERNATIONAL SALES, INC., BANANA REPUBLIC, LLC, AND OLD NAVY, LLC<br><br>Defendants. | Case No. C 07-03363 CRB<br><br>**DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION FOR AN ORDER UPHOLDING CONFIDENTIALITY DESIGNATIONS UNDER THE PROTECTIVE ORDER**<br><br>Date: February 15, 2008<br>Time: 10:00 a.m.<br>Dept: Courtroom 8, 19th Floor<br>Judge: Honorable Charles R. Breyer |

409462.02

DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION FOR AN ORDER UPHOLDING
CONFIDENTIALITY DESIGNATIONS UNDER THE PROTECTIVE ORDER
Case No. C 07-03363 CRB

1   Roots' attempt to uphold the confidentiality designation of a May 14, 2002 agreement
2 and a May 13, 2003 letter of understanding between Roots and Gabana is in direct contradiction
3 to Judge Elizabeth Laporte's holding in the related case *Gabana v. Gap*, Case No. C 06 2584
4 CRB (EDL), that "[s]tale information shall not be designated confidential." *See* Declaration of
5 Rose Darling in Support of Gap's Opposition to Roots' Motion for an Order Upholding Their
6 Confidentiality Designations Under the Protective Order, filed herewith, Ex. A at ¶ 3 (July 5,
7 2007 Order). As Judge Laporte explained, information "might have been confidential if it was
8 current information about pricing, but if it is, for example, 10 years old, it's probably no longer
9 entitled to protection." *Id.* Ex. B at 4:7-11 (transcript of June 26, 2007 hearing). Accordingly,
10 under Judge Laporte's ruling, stale information reflected in agreements executed between Roots
11 and Gabana in 2002 and 2003 is not entitled to protection.

12   Roots argues that the 2002 and 2003 agreements should remain confidential because they
13 "contain the terms of Roots' most recent distribution agreements, their terms remain material,
14 and disclosure would therefore adversely affect Roots' position in ongoing negotiations of
15 distribution agreements for other brands." Mem. at 3:22-4:3. Roots makes the same arguments
16 that Gap made—and Judge Laporte rejected—when Gap sought to preserve its own
17 confidentiality designations in the *Gabana* litigation in response to Gabana's blanket challenge
18 to every single confidentiality designation in Gap's document production. There, Gap argued—
19 as does Roots in its motion—that certain documents created in 2002 and 2003 should remain
20 confidential because they reflect the terms of Gap's agreements with third parties, which
21 disclosure could hamper Gap's ability to negotiate agreements with other entities. *Compare*
22 Roots Mem. at 3:2-16 *with* Darling Decl. Ex. C (Gap's Motion for an Order Upholding Their
23 Confidentiality Designations, filed May 7, 2007) at 6:24-25, 7:11-21. As explained above,
24 however, Judge Laporte declined to enter an order upholding Gap's confidentiality designation
25 as to documents dated in 2002 or 2003 on the grounds that the information contained in the
26 documents was "stale." *See id.* Ex. A at ¶ 3; Ex. B at 4:7-11. Roots should be held to the same
27 standard.

28   The information in the agreements that Roots seeks to protect—for example, terms

1
DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION FOR AN ORDER UPHOLDING
CONFIDENTIALITY DESIGNATIONS UNDER THE PROTECTIVE ORDER
Case No. C 07-03363 CRB

409462.02

1  relating to pricing, product selection and quantity, and distributor's territory—is nearly <u>six years</u>
2  <u>old</u>. The distribution agreements reveal nothing about Roots' alleged current distribution
3  business, and Roots has not carried its burden of proving that disclosure would cause it
4  competitive injury. *See, e.g., Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1130
5  (2003). The Court, therefore, should deny Roots' motion. *See id.*; Darling Decl. Ex. A at ¶ 3.

6  Moreover, as Judge Laporte noted, courts "have a duty to police over designation of
7  things as confidential, especially insofar as they become part of court filings." *Id.* Ex. B at 2:20-
8  22; *see also Foltz*, 331 F.3d at 1134-35. In addition, "[t]he more things that are confidential . . .
9  the more trouble it is filing documents in the Court." Darling Decl. Ex. B at 10:11-14. Gap
10 already has been forced to file the 2002 and 2003 agreements, as well as several pleadings that
11 refer to the those agreements, under seal. And if the Court does not dismiss Roots' Second
12 Amended Complaint in its entirety, Gap will likely have to file further pleadings under seal if the
13 Court upholds Roots' designations as to these particular agreements. Any purported interest that
14 Roots claims in maintaining the confidentiality of this outdated information is outweighed by the
15 public's interest in having access to court filings and the interest of Gap and this Court in
16 avoiding the inconvenience of repeatedly processing filings under seal.

17 Accordingly, Roots' motion to uphold the confidentiality of the May 2002 and May 2003
18 agreements should be denied.

Dated: January 25, 2008

Respectfully submitted,
KEKER & VAN NEST, LLP

By:  /s/ Rose Darling
ROSE DARLING
Attorneys for Defendants
GAP INTERNATIONAL SALES, INC.,
THE GAP, INC., BANANA REPUBLIC,
LLC, and OLD NAVY, LLC

409462.02

2
DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION FOR AN ORDER UPHOLDING
CONFIDENTIALITY DESIGNATIONS UNDER THE PROTECTIVE ORDER
Case No. C 07-03363 CRB