IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROOTS READY MADE GARMENTS, | No. C 07-03363 CRB |
| Plaintiff, | **ORDER GRANTING MOTION FOR ORDER UPHOLDING CONFIDENTIALITY DESIGNATIONS** |
| v. | |
| GAP INC., | |
| Defendant. / | |

    Plaintiff Roots Ready moves for an order upholding Roots' confidentiality designations of two documents: (1) An Exclusive Distribution Agreement executed by Roots and Gabana Gulf on May 14, 2004; and (2) A Letter of Understanding executed by Roots and Gabana Gulf on May 13, 2003. For the reasons set forth below, the motion is GRANTED. The hearing scheduled for February 15, 2008 is VACATED.

    Parties seeking discovery are entitled to all information "reasonably calculated to lead to the discovery of admissible evidence." Fed. R. Civ. P. 26(b)(1). However, the Court may, for good cause, issue an order "requiring that a trade secret or other confidential . . . commercial information not be revealed or be revealed only in a specified way" to protect a party from annoyance, embarrassment, oppression, or undue burden or expense. Fed. R. Civ. P. 26(c)(1)(G). In Brown Bag Software v. Symantec Corp., 960 F.2d 1465, 1470 (9th Cir. 1992), the Ninth Circuit held that confidentiality is appropriate where "the risk of inadvertent

disclosure of trade secrets to a competitor" outweighs "the risk . . . that protection of . . . trade secrets [will] impair[] prosecution [of the discovering party's] claims."

Roots has persuasively demonstrated that disclosure of the content of the Distribution Agreement and Letter of Understanding in public court filings would impair ongoing negotiations – for distribution rights in the Middle East and Africa – between Roots and two apparel companies. Because the Distribution Agreement and Letter of Understanding represent the last two agreements entered into by Roots with a clothing manufacturer or supplier, there is a significant risk that Roots' bargaining partners could rely on the terms set forth in the documents to influence current negotiations.

On the other hand, Gap has not explained how prosecution of its claims would be prejudiced by the confidentiality order Roots seeks. Even if Gap were required to redact reference to the documents in their papers and file copies of the documents under seal, Gap is still entitled to share the documents – fully and unredacted – with its counsel, experts, employees and witnesses. Moreover, a confidentiality order would not preclude Gap from relying on the documents in its papers and throughout the litigation. While Gap may find it annoying to limit reference to the documents in public filings, there can be no serious argument that a confidentiality order would be prejudicial. Accordingly, the Court hereby upholds Roots' confidentiality designations of the Distribution Agreement and Letter of Understanding.

**IT IS SO ORDERED.**

Dated: February 1, 2008

CHARLES R. BREYER
UNITED STATES DISTRICT JUDGE