KEKER & VAN NEST, LLP
DARALYN J. DURIE - #169825
CHRISTA M. ANDERSON - #184325
DAN JACKSON - #216091
ROSE DARLING - #243893
REBEKAH PUNAK - #248588
710 Sansome Street
San Francisco, CA  94111-1704
Telephone:  (415) 391-5400
Facsimile:  (415) 397-7188

Attorneys for Defendants
THE GAP, INC., a/k/a, GAP, INC., GAP INTERNATIONAL SALES, INC., BANANA REPUBLIC, LLC, AND OLD NAVY, LLC

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| ROOTS READY MADE GARMENTS CO. W.L.L.,<br><br>Plaintiff,<br><br>v.<br><br>THE GAP, INC., a/k/a, GAP, INC., GAP INTERNATIONAL SALES, INC., BANANA REPUBLIC, LLC, AND OLD NAVY, LLC<br><br>Defendants. | Case No. C 07-03363 CRB<br><br>**GAP'S NOTICE OF MOTION AND MOTION FOR A PROTECTIVE ORDER**<br><br>Date:     **February 29, 2008**<br>Time:    **10:00 a.m.**<br>Dept:    **8**<br>Judge:   **Honorable Charles R. Breyer** |

**NOTICE OF MOTION AND STATEMENT OF RELIEF SOUGHT**

**PLEASE TAKE NOTICE**, that on April 4, 2008, at 10:00 a.m. or before pursuant to the Motion to Shorten Time, filed herewith, before the Honorable Charles R. Breyer, United States District Court, 450 Golden Gate Ave, Courtroom 8, San Francisco, California, defendants THE GAP, INC., a/k/a, GAP, INC., GAP INTERNATIONAL SALES, INC., BANANA REPUBLIC, LLC, and OLD NAVY, LLC (collectively "Gap") will, and hereby do, move the Court for a protective order requiring that the deposition of Jacques Fabre, noticed by Roots Ready Made Garments Co., WLL (Roots) for deposition on March 4, 2008, be postponed until such time that Roots has filed an amended complaint that survives a motion to dismiss.

This motion is based on this Notice of Motion, the Memorandum of Points and Authorities below, the Declaration of Rebekah Punak In Support of Motion for Order Shortening Time, and such other and further papers, evidence and argument as may be submitted to the Court at or before the hearing on this motion.

**MEMORANDUM OF POINTS AND AUTHORITIES**

**I.     INTRODUCTION**

"Discovery should follow the filing of a well-pleaded complaint. It is not a device to enable a plaintiff to make a case when his complaint has failed to state a claim." *Kaylor v. Fields*, 661 F.2d 1177, 1184 (8th Cir. 1981). The plaintiff in this case, Roots, has had not one, but two opportunities to file a well-pleaded complaint against Gap. It has failed to do so. Following this Court's ruling on Gap's Motion to Dismiss Roots' Second Amended Complaint, not a single one of Roots' claims against Gap survives. Docket No. 125. Yet despite its failure to state a single viable claim against Gap, Roots is now attempting to force Gap to engage in costly and inefficient discovery. The deposition of Jacques Fabre, which Roots has noticed for March 4, 2008, is entirely inappropriate at this stage in the litigation for two important reasons. *First*, Gap will be profoundly prejudiced if it is forced to depose an important witness without adequate notice of what new claims and allegations, if any, Roots intends to put forward in a third amended complaint. *Second*, Gap should not be forced to incur the substantial expense of preparing for and attending Mr. Fabre's deposition unless and until Roots can show that it has

1 some claim against Gap that can withstand a motion to dismiss.

2 ## II. PROCEDURAL BACKGROUND

3 Roots filed its First Amended Complaint (FAC) on July 27, 2007.  Docket No. 22.  In the
4 FAC, Roots asserted ten causes of action based on Gap's alleged failure to abide by an oral
5 promise to grant Roots certain distribution rights in exchange for the purchase of 1.7 million
6 pieces of excess inventory (overproduction or OP).  *Id*.  Following a motion to dismiss, the Court
7 dismissed eight of the ten causes of action in the FAC.  Docket Nos. 38, 80.  Among its central
8 findings, the Court held that the alleged oral promise was contradicted by the express terms of a
9 written agreement between Gap and another party, Gabana, and that any evidence of such a
10 promise consequently would be barred by the parol evidence rule.  Docket No. 38 at 2-3.

11 Roots filed a Second Amended Complaint (SAC) on November 16, 2007, again alleging
12 multiple causes of action arising from Gap's alleged breach of an oral agreement for the sale of
13 the OP.  Docket No. 82.  Gap filed a motion to dismiss the SAC on December 14, 2007.  Docket
14 No. 90.  On January 28, 2008, the Court granted the motion, this time dismissing all of Roots'
15 causes of action.  Docket No. 125.  The Court dismissed Roots' claim for unjust enrichment with
16 prejudice, and Roots' remaining claims without prejudice.  *Id.*  Roots has not yet filed a third
17 amended complaint and therefore has no remaining claims against Gap at this time.

18 Despite the absence of an operative complaint, on Thursday, February 21, 2008, Roots
19 served Gap with a Notice of Deposition of Mr. Fabre for March 4, 2008 in New York.  Decl. of
20 Rebekah Punak In Support of Mot. for Order Shortening Time ("Punak Decl."), Ex. A.  Gap's
21 counsel attempted to contact Roots' counsel by phone and email the following Monday,
22 February 25, 2008, to confer about the Notice of Deposition.  *Id*., ¶ 6, Ex. B.  Specifically, Gap
23 explained that—because Roots currently has no complaint on file and has failed to assert any
24 claims that have been able to survive a motion to dismiss—Mr. Fabre's deposition at this time
25 would be inappropriate, prejudicial, and unduly burdensome.  *Id*.  The parties conferred by
26 telephone on February 26, 2008 but were unable to reach a resolution.  *Id.*, ¶¶ 7- 8.

27 Accordingly, Gap hereby moves for a protective order to postpone Mr. Fabre's deposition
28 until such time as Roots has demonstrated that it has a claim against Gap that can withstand a

1 motion to dismiss.

## III. ARGUMENT

3 This Court has broad discretion to enter a protective order barring any party from taking a deposition where necessary "to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." Fed. R. Civ. P. 26(c).  The Court should apply this standard and enter a protective order precluding the noticed deposition of Mr. Fabre.  Absent a showing that Roots has any claims against Gap that can survive a motion to dismiss, the deposition of Mr. Fabre is unduly burdensome, prejudicial, and a waste of resources.

*First*, Mr. Fabre's deposition exceeds the permissible bounds of discovery and has been improperly noticed.  Discovery in civil cases is limited to information "relevant to any party's claim or defense" or "reasonably calculated to lead to the discovery of admissible evidence." Fed. R. Civ. Pro. 26(b)(1).  Mr. Fabre can provide no information "relevant to any party's claim or defense" in this case because no claims currently exist

Even if Roots files an amended complaint in the seven days between the filing of this motion and the date noticed for Mr. Fabre's deposition, the deposition should not go forward because Roots has not provided Gap with reasonable notice of the deposition.  Fed. R. Civ. Pro. 30(b)(1) (parties must be provided with "reasonable written notice" of deposition).  What constitutes "reasonable" notice under Rule 30(b)(1) depends upon the particular circumstances of the case, including the need for preparation and travel.  *See In re Sulfuric Acid Antitrust Litig.*, 231 F.R.D. 320, 327 (D. Ill. 2005).  Here, Roots has provided Gap with only twelve days notice of Mr. Fabre's deposition.  For at least four of those days, Roots has had no operative complaint on file.  At most, therefore, Roots has provided Gap with seven days to become familiar with the factual and legal allegations underlying a third amended complaint, determine what relevant information, if any, Mr. Fabre may have regarding those allegations, prepare for Mr. Fabre's deposition, and travel across the country to attend the deposition.  That is unreasonable.  *See id*. at 327 (finding notice of fourteen or fifteen days unreasonable due to complexity of case, proximity of discovery cut-off, and foreseeable difficulties to counsel and deponents in accommodating dates noticed for depositions).  And if the deposition goes forward and Gap is

3

1  unable to accomplish all of those things, Gap will likely be unable to depose Mr. Fabre at a later
2  date because he is a resident of France and unlikely to appear voluntarily for a second deposition.
3  The deposition of Mr. Fabre at this stage in the litigation will thus prejudice Gap.

4  *Second*, Gap should not be forced to incur the undue burden and expense of preparing for
5  and attending Mr. Fabre's deposition unless and until Roots' demonstrates that it has a legally
6  sufficient claim against Gap that can survive a motion to dismiss.  Where the legal sufficiency of
7  a plaintiff's claims are in question, federal courts have repeatedly held that it is appropriate to
8  stay or sharply limit discovery.  *See Institut Pasteur v. Chiron*, 315 F. Supp. 2d 33, 37 (D.D.C.
9  2004) ("It is well settled that discovery is generally considered inappropriate while a motion that
10 would be thoroughly dispositive of the claims in the Complaint is pending.").  For example,
11 courts frequently stay discovery pending the resolution of a motion to dismiss.  *See*, *e.g.*, *Bilal v.*
12 *Wolf*, 06 C 6978, 2007 U.S. Dist. LEXIS 41983, at *5 (N.D. Ill. June 6, 2007) (staying discovery
13 resolution of motion to dismiss); *Von Drake v. Nat'l Broadcasting Co.*, 3-04-CV-0652-R, 2004
14 U.S. Dist. Lexis 25090, at *3 (N.D. Tx. May 20, 2004) (same); *Moore v. Painewebber, Inc.*, 96
15 Civ. 6820, 1997 U.S. Dist. LEXIS 203, at *4 (S.D.N.Y. January 14, 1997) (staying depositions
16 pending resolution of motion to dismiss).  The rationale behind this approach is clear:  "If the
17 district court dismisses a nonmeritorious claim before discovery has begun, unnecessary costs to
18 the litigants and to the court system can be avoided. . . .  For these reasons, any legally
19 unsupported claim that would unduly enlarge the scope of discovery should be eliminated before
20 the discovery stage, if possible."  *Chudasama v. Mazda Motor Corp.*, 123 F.3d 1353, 1368 (11th
21 Cir. 1997).  The court's duty to prevent discovery into legally unsupported claims "becomes all
22 the more imperative when the contested claim is especially dubious."  *Id*.

23 The insufficiency of Roots' claims against Gap is not an open question—it has been the
24 subject of two separate motions to dismiss.  Both times, the Court has found Roots' claims to be
25 defective.  In these circumstances, Roots should not be permitted to force Gap to travel across
26 the country to take a deposition—particularly when it has provided fewer than ten days' notice of
27 the allegations in the case.  Until Roots has filed a complaint that has been tested by and survived
28 a motion to dismiss, this Court should enter a protective order precluding the deposition of Mr.

Fabre.

## IV. CONCLUSION

For the foregoing reasons, the Court should grant a protective order postponing the deposition of Mr. Fabre until such time as Roots has filed an amended complaint that can survive a motion to dismiss.

Dated: February 26, 2008                              KEKER & VAN NEST, LLP


By: _____/s/ Rebekah Punak_____

Rebekah Punak
Attorneys for Defendants
GAP INTERNATIONAL SALES, INC.,
THE GAP, INC., BANANA REPUBLIC,
LLC, and OLD NAVY, LLC