KEKER & VAN NEST, LLP
DARALYN J. DURIE - #169825
CHRISTA M. ANDERSON - #184325
DAN JACKSON - #216091
ROSE DARLING - #243893
710 Sansome Street
San Francisco, CA 94111-1704
Telephone: (415) 391-5400
Facsimile: (415) 397-7188

Attorneys for Defendants
THE GAP, INC., a/k/a, GAP, INC., GAP INTERNATIONAL SALES, INC., BANANA REPUBLIC, LLC, AND OLD NAVY, LLC

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| ROOTS READY MADE GARMENTS CO. W.L.L.,<br><br>Plaintiff,<br><br>v.<br><br>THE GAP, INC., a/k/a, GAP, INC., GAP INTERNATIONAL SALES, INC., BANANA REPUBLIC, LLC, AND OLD NAVY, LLC<br><br>Defendants. | Case No. C 07-03363 CRB<br><br>**SUPPLEMENTAL JOINT CASE MANAGEMENT STATEMENT**<br><br>Date: June 6, 2008<br>Time: 8:30 a.m.<br>Place: Courtroom 8, 19th Floor<br>Judge: Charles R. Breyer |

Pursuant to Civil Local Rule 16-10(d), the parties in the above-entitled action jointly submit this Supplemental Case Management Statement ("CMC Statement"). This joint statement supplements the parties' prior CMC Statements, which were filed on October 9, 2007 and November 27, 2007.

**1.    Developments since the parties' last CMC Statement**

Since the parties submitted their last CMC Statement, Gap moved to dismiss Roots' Second Amended Complaint, and the Court granted Gap's motion in its entirety on January 28, 2008, granting Roots leave to amend. Roots filed a Third Amended Complaint on February 29, 2008, which Gap moved to dismiss on April 4, 2008. On April 28, 2008, the Court issued an order which stated: "Defendant's motion to dismiss the third amended complaint is DENIED. In light of the allegations set forth in Plaintiff's amended complaint, the Court finds that summary judgment would provide a more appropriate vehicle for addressing the issues raised in Defendant's motion." Doc. 140.

**2.    Settlement and ADR**

A Settlement Conference is scheduled before the Honorable Joseph C. Spero on June 3, 2008.

**3.    Discovery**

The parties have agreed to the following discovery schedule:

- Fact discovery will close on June 30, 2008.
- Expert disclosures will be due on or before July 14, 2008.
- Rebuttal expert disclosures will be due on or before July 28, 2008.
- Expert discovery will close on August 11, 2008.

The parties have exchanged documentary discovery and have scheduled the depositions of two Gap witnesses and two Roots witnesses to occur in San Francisco. The parties have stipulated, and this Court has ordered, that trial testimony will not be admitted from witnesses who were not made available for deposition. The stipulation also provides that depositions of trial witnesses may, if necessary, be scheduled up to two weeks before trial. *See* Doc. 121.

### a. Gap's position on deposition scheduling

Gap has sought several times to establish a comprehensive deposition schedule with dates certain for all depositions, including depositions Roots has proposed to conduct in the Middle East. Roots has proposed that it will make a current Roots employee and a former Roots employee that Gap seeks to depose available in Dubai during the week of June 23. Gap can be available in Dubai that week, but Roots has not yet provided actual dates for those depositions. Roots has also suggested that the parties may also depose other Middle East-based third-party witnesses during the same week, but despite Gap's requests for Roots to provide certain dates and locations for the depositions, Roots has not done so. Nor has Roots committed to make all of its Middle East witnesses available during the week of June 23. Rather, Roots has named a number of witnesses it wishes to depose, which appears to be more witnesses than could be deposed in a week, and has promised to confirm their availability on Monday May 26, 2008. Gap's position is that Roots' failure to commit to a specific schedule is unreasonable and prejudicial. If Roots does not commit to such a schedule, Gap intends to move to preclude the testimony of witnesses for whom dates were not provided.

### b. Roots' position on deposition scheduling

Roots has fully cooperated in the time-consuming process of scheduling depositions, including depositions of foreign third-parties that Gap wishes to depose who are not under Roots' control. At Gap's request, the parties stipulated that no foreign depositions would occur before the court ruled on Gap's motion to dismiss the Third Amended Complaint. Therefore, Roots could not undertake to schedule depositions for the bulk of its witnesses until the Court denied Gap's motion on April 28. On May 13, Roots proposed a comprehensive deposition schedule. Notwithstanding the parties' stipulation that all witnesses will be made available for deposition in a location acceptable to the witness, Roots voluntarily agreed to bring two of its witnesses, including a former employee, from the Middle East to San Francisco for depositions during the week of June 2. Gap has since confirmed dates for the depositions of two of its witnesses, but has not yet confirmed a date and location for a third witness.

Roots also proposed on May 13 that it would make two other witnesses (an employee and a former employee) available for depositions in Dubai during the week of June 23, and suggested that the parties agree to depose other third-party witness at the same time. Gap's counsel did not until today (May 22) confirm that it is available to make the trip to Dubai during that week. In total there are nine depositions of Middle East-based witnesses to schedule, five sought by Roots and four sought by Gap. Three of the witnesses Gap wishes to depose are third parties not under the control of Roots, and, as far as we are aware, Gap has made no independent effort to secure their appearance. The five witnesses Roots seeks to depose are also third parties, and Roots must therefore seek their voluntary cooperation. Roots is working to confirm the schedules of all these witnesses, and will report back on their availability by May 26.

Roots is confident that the parties can work together to arrange a workable deposition schedule without burdening the court with needless motion practice.

**4.     Trial**

Trial is set to commence on October 6, 2008. The parties agree that the case will be tried to a jury. The parties expect that the trial will last five days.

Dated: May 22, 2008

Respectfully submitted,
COVINGTON & BURLING LLP

By: <u>Concurrence obtained General Order 45 X.B.</u>
    BRADLEY J. NASH

Attorneys for Plaintiff
ROOTS READY MADE GARMENTS CO. W.L.L.

Dated:  May 22, 2008

KEKER & VAN NEST, LLP

By:  <u>  /s/ Rose Darling              </u>
    ROSE DARLING

Attorneys for Defendants
THE GAP, INC., a/k/a GAP, INC., INTERNATIONAL SALES, INC., BANANA REPUBLIC, LLC, AND OLD NAVY, LLC