1  RICHARD A. JONES (Bar No. 135248)
   (rjones@cov.com)
2  COVINGTON & BURLING LLP
   One Front Street
3  San Francisco, CA 94111
   Telephone: (415) 591-6000
4  Facsimile: (415) 591-6091

5

   BRADLEY J. NASH (*admitted pro hac vice*)
6  (bnash@cov.com)
   COVINGTON & BURLING LLP
7  620 Eighth Avenue
   New York, NY 10018
8  Telephone: (212) 841-1000
   Facsimile: (212) 841-1010
9

10 **Attorneys for Counterclaim Defendant
   Roots Ready Made Garments Co. W.L.L.**

11

12

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROOTS READY MADE GARMENTS CO. W.L.L., | |
| Plaintiff/Counterclaim Defendant | Case No: C 07 3363 CRB |
| v. | ANSWER TO FIRST COUNTERCLAIM FOR DECLARATORY RELIEF |
| THE GAP, INC., a/k/a, GAP, INC., GAP INTERNATIONAL SALES, INC., BANANA REPUBLIC, LLC, AND OLD NAVY, LLC, | **JURY TRIAL DEMANDED** |
| Defendants/Counterclaim Plaintiffs. | |

Plaintiff and Counterclaim Defendant Roots Ready Made Garments Co. W.L.L. ("Roots"), by its undersigned counsel, hereby answers the separately numbered paragraphs of the First Counterclaim For Declaratory Relief ("Counterclaim") filed by Defendants and Counterclaim Plaintiffs The Gap, Inc. a/k/a Gap, Inc., Gap International Sales, Inc., Banana Republic, LLC, and Old Navy, LLC (collectively, "Gap"). Unless expressly admitted, all allegations in the Counterclaim are denied.

## PARTIES

1.  Upon information and belief, Roots admits the allegations in paragraph 1.
2.  Upon information and belief, Roots admits the allegations in paragraph 2.
3.  Upon information and belief, Roots admits the allegations in paragraph 3.
4.  Upon information and belief, Roots admits the allegations in paragraph 4.
5.  Roots admits the allegations in paragraph 5.

## JURISDICTION AND VENUE

6.  Roots admits only that this matter is between citizens of a State and a citizen of a foreign state. The remaining allegations in Paragraph 6 consist of legal conclusions as to which no response is required. If and to the extent a response is required, Roots denies the remaining allegations in Paragraph 6.

7.  Paragraph 7 consist of legal conclusions as to which no response is required. If and to the extent a response is required, Roots does not contest that this Court may exercise personal jurisdiction over it for purposes of Gap's First Counterclaim.

8.  Paragraph 8 contains legal conclusions as to which no response is required. If and to the extent a response is required, Roots does not contest venue.

**FACTS**

9. Roots denies the allegations in paragraph 9, except admits upon information and belief that Gap entered into a Gap Inc. Excess Inventory Program Distributor License Agreement ("Excess Inventory Agreement") with Gabana Distribution Ltd. and Gabana Gulf Distribution Ltd. on or about May 13, 2003, and that the agreement is a written document the terms of which speak for themselves.

10. Roots denies the allegations in paragraph 10, except admits upon information and belief that Gap entered into a Gap Inc. International Sales Program Distributor License Agreement ("ISP Agreement") with Gabana Distribution Ltd. and Gabana Gulf Distribution Ltd. on or about May 13, 2003, and that the agreement is a written document the terms of which speak for themselves.

11. Roots denies the allegations in paragraph 11, except admits that the Excess Inventory Agreement and the ISP Agreement are written documents the terms of which speak for themselves.

12. Roots denies the allegations in paragraph 12, except admits that Gap approved Roots as a retailer in Qatar.

13. Roots denies the allegations in paragraph 13, except admits upon information and belief that Gap and Gabana renewed the ISP Agreement on or about September 1, 2004, and the agreement is a written document the terms of which speak for themselves.

14. Roots lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 14, and on that basis denies the same.

15. Roots lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 15, and on that basis denies the same.

16. Roots lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 16, and on that basis denies the same.

17. Counterclaim Defendant lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 17, and on that basis denies the

ANSWER TO FIRST COUNTERCLAIM FOR DECLARATORY RELIEF
Case No.: C 07 3363 CRB

same, except refers to the written agreements between Roots and Al Turki for the contents thereof.

18. On information and belief, Roots admits the allegations in paragraph 18.

19. Roots denies the allegations in paragraph 19 except admits that following Gap's termination of the ISP Agreement with Gabana, Gap failed to continue to provide goods to Roots to sell as an Authorized Retailer.

20. Roots denies the allegations in paragraph 20.

21. Roots denies the allegations in paragraph 21, except admits that on or about May 19, 2005, Roots entered into an agreement with Alatoobi International Trading, LLC.

22. Roots lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 22, and on that basis denies the same.

23. Roots lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 22, and on that basis denies the same.

24. Roots denies the allegations in paragraph 24, except admits that it properly continues to attempt to sell the Gap OP merchandise that it lawfully acquired.

25. Roots denies the allegations in paragraph 25.

## CLAIMS FOR RELIEF

### FIRST COUNTERCLAIM
(Declaratory Relief)

26. In response to the allegations in paragraph 26, Roots incorporates each of its previous responses as if fully set forth herein.

27. Roots denies the allegations in paragraph 27, except admits that, as alleged in Roots Third Amended Complaint, Gap and Roots entered into an oral contract pursuant to which Gap promised to grant right to sell first-line Gap merchandise (i) in its own stores in Qatar and (ii) through local retailers in other territories in the Middle East and North Africa.

28. Roots denies the allegations in paragraph 28.

29. Roots denies that Gap is entitled to the relief it seeks in paragraph 29.

## AFFIRMATIVE AND OTHER DEFENSES

In asserting the following affirmative and other defenses to Gap's First Counterclaim, Roots does not concede that the assertion of such defenses imposes any burden of proof on Roots with respect thereto. Roots asserts that the claim alleged in the First Counterclaim is barred, in whole or in part, because:

### FIRST DEFENSE

The Counterclaim fails to state a claim upon which relief can be granted.

### SECOND DEFENSE

Gap's claim is barred, in whole or in part, by the doctrine of unclean hands.

### THIRD DEFENSE

Gap's claim is barred, in whole or in part, by the doctrine of laches.

### FOURTH DEFENSE

Gap's claim is barred, in whole or in part, by the applicable statute of limitations.

### FIFTH DEFENSE

Gap's claim is barred, in whole or in part, because of abuse of process.

### SIXTH DEFENSE

In the event that Gap proves it has suffered damages, which allegation is vigorously denied, Gap failed to mitigate its damages.

### SEVENTH DEFENSE

The injuries or damages alleged in Gap's First Counterclaim are nonexistent, speculative, not of the nature of to the extent alleged, and were not foreseeable result of Roots' alleged conduct.

### EIGHTH DEFENSE

Any injuries or damages alleged suffered by Gap were caused by Gap's own conduct and accordingly, Gap is barred from any recovery against Roots.

### NINTH DEFENSE

Any injuries or damages to Gap were caused by acts and/or omissions of others for whose acts or omissions Roots is not responsible.

### TENTH DEFENSE

Gap's claim is barred, in whole or part, because Gap consented to and approved all acts and omissions about which it now complains.

### ELEVENTH DEFENSE

Gap's claim is barred, in whole or part, by the doctrine of express or implied waiver.

### TWELFTH DEFENSE

Gap's claim is barred, in whole or part, by the doctrine of estoppel.

### THIRTEENTH DEFENSE

Gap's claim is barred, in whole or in part, by the doctrines of ratification and/or affirmation.

### FOURTEENTH DEFENSE

Roots sales of Gap merchandise were permissible under the "first sale" rule.

### FIFTEENTH DEFENSE

Any conduct by Roots was non-reckless, non-malicious, taken in good faith, with reasonable care and diligence, and did not directly or indirectly constitute unlawful acts.

### RESERVATION OF ADDITIONAL DEFENSES

Roots reserves the right to raise additional defenses when and if they become appropriate.

**RESPONSE TO PRAYER FOR RELIEF**

Counterclaim Defendant denies that Counterclaim Plaintiffs are entitled to the relief enumerated in parts 1 through 15 of Counterclaim Plaintiffs' Prayer for Relief.

**DEMAND FOR JURY TRIAL**

Roots hereby demands a trial by jury of all issues so triable in this action.

    /s/ Richard. A. Jones
Richard A. Jones
Robert P. Haney
Bradley J. Nash
COVINGTON & BURLING LLP
620 Eighth Avenue
New York, NY 10018
Telephone: (212) 841-1000
Facsimile: (212) 841-1010

*Attorneys for Plaintiff Roots Ready Made Garments Co. W.L.L.*

Dated: June 16, 2008

ANSWER TO FIRST COUNTERCLAIM FOR DECLARATORY RELIEF
Case No.: C 07 3363 CRB