KEKER & VAN NEST, LLP
DARALYN J. DURIE - #169825
CHRISTA M. ANDERSON - #184325
DAN JACKSON - #216091
ROSE DARLING - #243893
710 Sansome Street
San Francisco, CA  94111-1704
Telephone:  (415) 391-5400
Facsimile:  (415) 397-7188

Attorneys for Defendants
THE GAP, INC., a/k/a, GAP, INC., GAP INTERNATIONAL SALES, INC., BANANA REPUBLIC, LLC, AND OLD NAVY, LLC

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| ROOTS READY MADE GARMENTS CO. W.L.L.,<br><br>Plaintiff,<br><br>v.<br><br>THE GAP, INC., a/k/a, GAP, INC., GAP INTERNATIONAL SALES, INC., BANANA REPUBLIC, LLC, AND OLD NAVY, LLC<br><br>Defendants. | Case No. C 07-03363 CRB<br><br>**NOTICE OF MOTION AND MOTION FOR PROTECTIVE ORDER**<br><br>Date:    July 18, 2008<br>Time:   10:00 a.m.<br>Dept.:   Courtroom 8, 19th Floor<br>Judge:  Hon. Charles R. Breyer |

# NOTICE OF MOTION AND STATEMENT OF RELIEF SOUGHT

**PLEASE TAKE NOTICE**, that on July 18, 2008, at 10:00 a.m., before the Honorable Charles R. Breyer, United States District Court, San Francisco, California, Defendants Gap International Sales, Inc., The Gap, Inc., Banana Republic, LLC, and Old Navy, LLC (collectively "Gap"), will, and hereby do move for a protective order pursuant to Fed. R. Civ. P. 26(c) seeking to bar Plaintiff Roots Ready Made Garments Co., WLL ("Roots") from taking the deposition of Donald Fisher, Gap's founder and former CEO and Chairman. The motion is based on this Notice of Motion and Motion, the Memorandum of Points and Authorities filed concurrently herewith, the Declaration of Rose Darling filed concurrently herewith, the [Proposed] Order lodged concurrently herewith, all other papers on file in this action, and the oral argument of counsel at the hearing.

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.     INTRODUCTION

Roots recently noticed the deposition of Gap's founder and former CEO and Chairman of the Board, Donald Fisher. Despite the fact that Mr. Fisher is completely removed from the central facts and allegations in this case, Roots insists on deposing him based on a brief exchange of pleasantries with one of Roots' principals, Ashraf Abu Issa. Mr. Fisher has no other knowledge relating to this case: at most, he could confirm that he met with Mr. Abu Issa. To resolve this matter, and to eliminate any conceivable reason for taking Mr. Fisher's deposition, Gap will agree not to contest Roots' version of the alleged conversation. In these circumstances, there is no conceivable justification for deposing a high-level executive such as Mr. Fisher. For these reasons, as set forth in further detail below, the Court should enter a protective order barring Roots from taking Mr. Fisher's deposition.

### II.     BACKGROUND

On May 21, 2008, Roots served Gap with a notice of deposition for Donald Fisher. *See* Declaration of Rose Darling in Support of Defendants' Motion for Protective Order, filed

herewith, ("Darling Decl.") ¶ 2, Ex. A.  Donald Fisher, age 79, is the founder of Gap, Inc.  *See id.* ¶ 3, Ex. B.  He served as Gap's Chief Executive Officer from 1969 to 1995, and Chairman of the Board from 1969 to 2004.  *Id.*  Currently, Mr. Fisher is Chairman Emeritus and a director of Gap, Inc.  *Id.*

On May 23, 2008, Gap sent a letter to Roots' counsel requesting that Roots withdraw its notice.  *Id.* ¶ 4, Ex. C.  In that letter, Gap told Roots that Mr. Fisher has no relevant knowledge of Gap's business dealings with Roots.  *See id.*  In a follow-up meet-and-confer letter Roots' counsel told Gap that it wished to depose Mr. Fisher based on a brief conversation that took place when Roots' CEO Ashraf Abu Issa was introduced to Mr. Fisher.  *Id.* ¶ 5, Ex. D.  Specifically, Mr. Abu Issa testified during his deposition that Mr. Fisher said that he "thought it was very interesting and he was impressed with the results of the . . . ISP program."  *Id.* Ex. E at 174:21-175:7.  Mr. Abu Issa further testified that Mr. Fisher said that he was "very happy to meet a true retailer" and was "certain that [Gap and Roots] will have a bright future together, a good future together."  *Id.* at 175:8-10.  Mr. Fisher also allegedly suggested that Mr. Abu Issa should meet with Gap's international sales manager.  *Id.* at 175:11-22.  Roots argues that Mr. Fisher's brief exchange with Mr. Abu Issa is relevant to "Roots' ISP operations in Qatar and the UAE, and the future business relationship between Roots and Gap."  *See id.* ¶ 5, Ex. D.

Despite the fact that Mr. Fisher has no relevant personal knowledge about Roots' business with Gap or the facts at issue in this case, Roots refused to withdraw Mr. Fisher's deposition notice.  *Id.* ¶ 6.  Gap was thus forced to bring this motion for protective order.  *Id*.  The parties agreed on a shortened briefing schedule for this motion.  *Id.*

### III.     ARGUMENT

The Federal Rules allow the Court to limit discovery in order to avoid  harassment.  *See* Fed. R. Civ. P. 26(b)(1).  Because of the potential for abuse, courts do not freely permit parties to take the depositions of senior corporate executives.  As a court in this district recently explained,

"[v]irtually every court that has addressed deposition notices directed at an official at the highest level or 'apex' of corporate management has observed that such discovery creates a tremendous potential for abuse or harassment." *Celerity, Inc. v. Ultra Clean Holding, Inc.*, No. C 05-4374 MMC (JL), 2007 WL 205067, at *3 (N.D. Cal. Jan. 25, 2007). Accordingly, before a party may depose a senior corporate executive, the party must demonstrate that the executive has "unique personal knowledge of the facts at issue." *Id.* (emphasis added)*; Baine v. General Motors Corp.*, 141 F.R.D. 332, 335 (M.D. Ala. 1991) (denying deposition of General Motors' vice president because plaintiff had not shown that the vice president had "any superior or unique personal knowledge" relevant to issues in the case); *Community Federal Sav. & Loan Ass'n v. FHLBB*, 96 F.R.D. 619, 621-22 (D.D.C. 1983) (prohibiting depositions of high-level administrators where party seeking depositions failed to show that the would-be deponents had "unique personal knowledge" of the facts in the litigation).

Roots has not shown that Mr. Fisher is in possession of any such unique knowledge. To the contrary, the only justification proffered by Roots for deposing Gap's founder and former CEO and Chairman is a brief "meet and greet" he had with Mr. Abu Issa. Roots has no other basis for seeking to take Mr. Fisher's deposition; there is no allegation that Mr. Fisher was present at any other meeting, involved in Gap's dealings with Roots in any other way, or has any other knowledge germane to this dispute. Roots has no reason to depose Mr. Fisher other than to seek his confirmation of Roots' version of the alleged conversation.

Even if an exchange of pleasantries between two senior executives could be relevant to some issue in the case—and it's not—Gap has agreed to eliminate any possible basis for taking Mr. Fisher's deposition by agreeing not to dispute Mr. Abu Issa's version of the meeting. In this circumstance, Mr. Fisher's testimony can add nothing to the evidence. Roots has not made any showing warranting his deposition, let alone the showing that would be required to take the deposition of an executive as senior—and as removed from the day-to-day operations of the

1 | company—as Mr. Fisher.

## IV. CONCLUSION

For the foregoing reasons, Gap respectfully requests that the Court grant its Motion for a Protective Order barring Roots from taking the deposition of Gap's founder and former CEO and Chairman Donald Fisher.

Dated:  June 30, 2008                                                KEKER & VAN NEST, LLP


By: ___/s/ *Rose Darling*_____
    ROSE DARLING
    Attorneys for Defendants
    GAP INTERNATIONAL SALES, INC.,
    THE GAP, INC., BANANA REPUBLIC,
    LLC, and OLD NAVY, LLC