# EXHIBIT C

Case 3:07-cv-03363-CRB    Document 150-4    Filed 06/30/2008    Page 1 of 3

LAW OFFICES

# KEKER & VAN NEST
## LLP

710 SANSOME STREET
SAN FRANCISCO, CA 94111-1704
TELEPHONE (415) 391-5400
FAX (415) 397-7188
WWW.KVN.COM

ROSE DARLING
RDARLING@KVN.COM

May 23, 2008

**VIA E-MAIL/PDF**

Bradley J. Nash
COVINGTON & BURLING, LLP
620 Eighth Avenue
New York, NY 10018

      Re:   *Roots Ready Made Garments Co. W.L.L. v. The Gap, Inc. et al.*
            No. C-07-3363 (N.D. Cal.)

Dear Brad:

      I write in response to (a) your May 21, 2008 letter to Dan Jackson and (b) Roots' recent deposition notices.

      Depositions in Dubai the week of June 23, 2008

      We expect that you will confirm the schedule for the depositions in Dubai during the week of June 23, 2008 by this Monday, May 26, 2008. We are generally available that week, but we need a precise schedule in order to make travel arrangements. Thus, we trust that by Monday you will provide dates and times certain for Kifah Balawi and Naser Beheiry, as well for Amin El Sokary, Jamil Rayess, Navneet Sureka, Marwan Al Kadri, George Hobeika, Ziad Al Turki and Ehab Al Sharif, if they are available. We do wish to depose Maroun Namoud. Also, in an email from Francois Larsen to Naser Beheiry dated January 6, 2004, Mr. Larsen states that Maroun (spelled "Marun" in the email) commented on drafts of the contracts between Roots and Gabana. Can you confirm that you have searched for and produced any such written comments, which would be responsive to several of Gap's document requests?

      Roots' deposition notices

      We request that Roots withdraw its deposition notice to Don Fisher. Mr. Fisher was Gap's founder and former CEO and Chairman of the Board. He has absolutely nothing to do with this case, and has no knowledge of Gap's business with Roots. Roots' noticing Mr. Fisher's deposition is oppressive and burdensome and can serve no purpose other than to harass Gap. "Virtually every court that has addressed deposition notices directed at an official at the highest

417989.03

Bradley J. Nash
May 23, 2008
Page 2

level or 'apex' of corporate management has observed that such discovery creates a tremendous potential for abuse or harassment." *Celerity, Inc. v. Ultra Clean Holding, Inc.*, No. C 05-4374 MMC (JL), 2007 U.S. Dist. LEXIS 8295, *8 (N.D. Cal. Jan. 24, 2007) (*citing Mulvey v. Chrysler Corp.*, 106 F.R.D. 364 (D.C. RI 1985)). Furthermore, a deposition of a high-level executive is improper where, as here, the executive is "removed from the daily subjects of the litigation" and has no unique personal knowledge of the facts at issue. *Id.*; *Baine v. General Motors Corp.*, 141 F.R.D. 332, 334 (M.D. Ala. 1991); *see also, First United Methodist Church of San Jose v. Atlantic Mut. Ins. Co.*, 1995 WL 566026 (N.D. Cal. 1995); *Salter v. Upjohn Co.*, 593 F.2d 649 (5th Cir. 1979). Indeed, courts routinely prohibit the depositions of high-level executives who have no unique personal knowledge about the controversy. *See, e.g., Celerity*, 2007 U.S. Dist. LEXIS 8295, *8 (granting protective order for CEO and Chairman where neither executive "possess[ed] firsthand and non-repetitive knowledge regarding issues relevant to th[e] lawsuit"); *Baine*, 141 F.R.D. at 335 (granting protective order for Vice President of General Motors where plaintiff failed to demonstrate that VP had unique personal knowledge of facts); *Community Federal Sav. & Loan Ass'n v. FHLBB*, 96 F.R.D. 619, 621-22 (D.D.C. 1983) (prohibiting depositions of high-level administrators where party seeking depositions failed to show that would-be deponents had "unique personal knowledge" of the facts in the litigation).

We will move for a protective order if necessary, but Mr. Fisher's lack of connection to this case is so clear that we urge you to withdraw the deposition notice rather than forcing us to engage in motions practice.

We also ask that you withdraw your deposition notice for Mr. Rolfe, over whom we have no control in any event because he is no longer a Gap employee. Mr. Rolfe does not have any knowledge about the facts of this case that would justify forcing him to sit for a deposition.

We will provide formal objections to your 30(b)(6) notice separately.

Mr. Ehlen is not available for deposition until the second or third week of July, when he can be available in San Francisco. Please let us know your availability in the second and third weeks of July and we will reach a specific date for Mr. Ehlen's deposition as part of the comprehensive deposition schedule.

Sincerely,

Rose Darling

RD:at

417989.03