# EXHIBIT D

# COVINGTON & BURLING LLP

620 EIGHTH AVENUE
NEW YORK, NY 10018
TEL 212.841.1000
FAX 212.841.1010
WWW.COV.COM

NEW YORK
WASHINGTON
SAN FRANCISCO
LONDON
BRUSSELS

June 12, 2008

BY EMAIL

Rose Darling
Keker & Van Nest, LLP
710 Sansome Street
San Francisco, CA 94111

Re:  *Roots Ready Made Garments Co. W.L.L. v. The Gap, Inc., et al.*
      Case No. C 07 3363 (N.D. Cal.)

Dear Rose:

I write in response to your letter, dated May 23, 2008, concerning Roots' notices for the depositions of Don Fisher and Andrew Rolfe.

Don Fisher

Your assertion that Mr. Fisher "has no knowledge of Gap's business with Roots" is incorrect. As I explained during our meet-and-confer call yesterday, discovery has shown that Mr. Fisher was personally involved with Gap's relationship with Roots. In particular, Roots' former CEO, Ashraf Abu Issa, testified at his deposition last week about a face-to-face meeting he had with Mr. Fisher. The topics of discussion at that meeting included, among other things, the success of Roots' ISP operations in Qatar and the UAE, and the future business relationship between Roots and Gap. Tr. at 168:19–25, 169:1–21. Following the meeting, Mr. Fisher arranged a meeting between Mr. Abu Issa and Andrew Rolfe, who was then in charge of Gap's international operations. *Id.* 169:5–18.

In light of these facts, we urge you to reconsider your decision to seek a protective order. "It is very unusual for a court to prohibit the taking of a deposition altogether[,] and absent extraordinary circumstances, such an order would likely be in error." *Celerity, Inc. v. Ultra Clean Holding, Inc.*, 2007 U.S. Dist. LEXIS 8295, at *9 (N.D. Cal. Jan. 24, 2007) (citations omitted). The cases cited in your letter are inapposite. Although some courts have prohibited the depositions of high-level executives who lack personal knowledge of matters relevant to the litigation, the law is clear that where, as here, "a corporate officer has first-hand knowledge of

NY: 591196-1

COVINGTON & BURLING LLP

Rose Darling
June 12, 2008
Page 2

important, relevant, and material facts in the case the deposition should be allowed." *First Methodist Church of San Jose v. Atlantic Mut. Ins. Co.*, 1995 WL 566026, at *2 (N.D. Cal. Sept. 19, 1995); *see also Google Inc. v. American Blind & Wallpaper Factory*, 2006 WL 2578277, at *3 n.3 (N.D. Cal. Sept. 6, 2006) (granting motion to compel deposition of founder and CEO of Google Inc.); *Blankenship v. Hearst Corp.*, 519 F.2d 418, 429 (9th Cir. 1975) (concluding that plaintiff "should be permitted to proceed" with deposition of highest officer of defendant corporation who had first-hand knowledge of relevant facts).

If you nevertheless intend to seek a protective order, the briefing schedule you proposed yesterday (Gap's motion due June 16; Roots opposition due June 23; and Gap's reply due June 27) does not work for us. My leave will overlap with the week of June 23 and Bob will be in Dubai at that time for the depositions. We propose the following schedule:

- Gap's motion: June 30
- Roots' opposition: July 11
- Gap's reply: July 16
- Hearing: July 18

Please let us know as soon as possible how you wish to proceed.

Andrew Rolfe

There is no basis for Gap to object to Roots taking the deposition of Andrew Rolfe – particularly since you have told us that he is no longer a Gap employee. As explained above, Mr. Rolfe met with Mr. Abu Issa, and has relevant first-hand knowledge concerning the issues in this case. We will serve a third-party subpoena on Mr. Rolfe as soon as we are able to locate him.

Yours sincerely,

*[signature]*

Bradley J. Nash