KEKER & VAN NEST, LLP
DARALYN J. DURIE - #169825
CHRISTA M. ANDERSON - #184325
DANIEL JACKSON - #216091
ROSE DARLING - #243893
710 Sansome Street
San Francisco, CA  94111-1704
Telephone:  (415) 391-5400
Facsimile:  (415) 397-7188

Attorneys for Defendants
THE GAP, INC., a/k/a, GAP, INC., GAP INTERNATIONAL SALES, INC., BANANA REPUBLIC, LLC, and OLD NAVY, LLC

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| ROOTS READY MADE GARMENTS CO. W.L.L.,<br><br>Plaintiff,<br><br>v.<br><br>THE GAP, INC., a/k/a, GAP, INC., GAP INTERNATIONAL SALES, INC., BANANA REPUBLIC, LLC, AND OLD NAVY, LLC<br><br>Defendants. | No. C 07-03363 CRB<br><br>**GAP'S OPPOSITION TO ROOTS' EX PARTE APPLICATION TO EXTEND TIME TO SERVE EXPERT DISCLOSURE**<br><br>Date:  N/A<br>Time:  N/A<br>Dept:  Courtroom 8, 18th Floor<br>Judge:  Hon. Charles R. Breyer |

## I. INTRODUCTION

Roots' expert reports were originally due on August 4, 2008, and Gap's rebuttals on August 18, 2008. On August 1, 2008, following a meet and confer, Gap agreed to extend Roots' time to file its expert disclosures until August 13, 2008. During the parties' meet and confer, Gap told Roots that a further extension of time would not be possible because Gap's expert was out of the country the week of August 25, and pushing expert discovery into September would conflict with pretrial deadlines that the Court had set long ago. On August 13, 2008—the day that Roots' expert report was due—Roots disclosed a **new** expert under the parties' protective order and sought leave from the Court for an extension of time to serve its expert disclosures. Granting yet another extension would prejudice Gap and disrupt the pretrial schedule that this Court has already set. On September 5, Gap must make its Rule 26(a)(3) disclosures, and it must serve any motions *in limine* on September 10. Moreover, because the parties must file numerous joint pretrial submissions on September 23, pushing expert discovery into September would jeopardize Gap's ability to prepare those submissions and be ready for trial on October 6. Roots has known about the pretrial schedule for months. Given these circumstances, the Court should deny Roots' ex parte application.

## II. FACTUAL BACKGROUND

On June 26, 2008, the parties agreed that expert disclosures would be due on August 4, 2008, and rebuttal disclosures on August 18, 2008. Declaration of Rose Darling in Support of Gap's Opposition to Roots' Ex Parte Application to Extend Time to Serve Expert Disclosure, fled herewith, ("Darling Decl.") ¶ 2; Nash Decl. ¶ 4. By that time, both Gap and Roots had already disclosed to one another the identity of the expert that each had engaged. Darling Decl. ¶ 2. On July 25, 2008, Roots' counsel contacted Gap to ask for a further extension of time to serve its expert disclosures, until August 18. *Id.* ¶ 3; Nash Decl. ¶ 7. Gap told Roots that delaying expert disclosures that much would not work because (a) Gap's expert was out of the country on a planned vacation the week of August 25 and thus would be unavailable to prepare a rebuttal report that week and (b) Rule 26(a)(3) pretrial disclosures were due on September 5 and opening motions *in limine* on September 10, and thus pushing expert discovery into September

1  would hamper Gap's ability to prepare those submissions.  Darling Decl. ¶ 3.  Roots, however
2  was insistent that it needed additional time to prepare its expert disclosures, and thus on August
3  1, 2008, Gap agreed to extend the time for Roots to serve its report to August 13, 2008, with
4  Gap's rebuttal due August 27.  *Id.*  This was a significant compromise, given that Gap's expert is
5  on vacation the week of August 25, and thus Gap would have effectively less than two weeks to
6  prepare a rebuttal report.  Instead of serving its expert report on August 13, however, Roots on
7  that day disclosed to Gap **another** expert that it apparently intends to use, and sought ex parte
8  relief from the Court for an extension of time to serve its expert disclosures.  *Id.* ¶ 4, Ex. A.

### III.    ARGUMENT

Any further delay in expert discovery would prejudice Gap and interfere with pretrial deadlines set by this Court months ago.  Under Roots' new proposed schedule, Roots would file its expert report on August 18 and Gap would file its rebuttal on September 8.  But as Roots is well aware, Gap's expert will be out of the country and unavailable for a week before its expert report would be due.  In addition, the parties' Rule 26(a)(3) disclosures are due on September 5, 2008, three days *before* Roots proposes that Gap should serve its rebuttal report.  And because opening motions *in limine* are due on September 10, under Roots' proposal, Gap would have little time to depose Roots' expert(s) and prepare any potential motions *in limine*.

Roots has known about this pretrial schedule for months.  The fact that Roots apparently decided days before its expert disclosures were due to schedule a trip to Dubai to visit Roots' offices is hardly compelling—not to mention that the expert report is supposed to be prepared by the *expert*, and could presumably be reviewed by counsel in Dubai.  *See* Nash Decl. ¶ 5.  Even worse, Roots waited until the day its expert report was due to disclose a new expert and seek an extension of time to serve its report.  This is at best exceptionally poor planning.  Under these circumstances, the Court should deny Roots' request for a further extension of time.

/ / /
/ / /
/ / /
/ / /

### IV.   CONCLUSION

For the foregoing reasons, the Court should deny Roots' ex parte application to extend time to serve its expert disclosure.

Dated:  August 14, 2008                                KEKER & VAN NEST, LLP

                                                                  By:  /s/ Rose Darling
                                                                           ROSE DARLING
                                                                           Attorneys for Defendants
                                                                           THE GAP, INC., a/k/a, GAP, INC., GAP
                                                                           INTERNATIONAL SALES, INC., BANANA
                                                                           REPUBLIC, LLC, and OLD NAVY, LLC