| | |
|---|---|
| 1 | KEKER & VAN NEST, LLP |
| | DARALYN J. DURIE - #169825 |
| 2 | CHRISTA M. ANDERSON - #184325 |
| | DAN JACKSON - #216091 |
| 3 | ROSE DARLING - #243893 |
| | 710 Sansome Street |
| 4 | San Francisco, CA 94111-1704 |
| | Telephone: (415) 391-5400 |
| 5 | Facsimile: (415) 397-7188 |
| 6 | Attorneys for Defendants |
| | THE GAP, INC., a/k/a, GAP, INC., GAP INTERNATIONAL |
| 7 | SALES, INC., BANANA REPUBLIC, LLC, AND OLD NAVY, LLC |

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| ROOTS READY MADE GARMENTS CO. W.L.L., | Case No. C 07-03363 CRB |
| Plaintiff, | **DECLARATION OF ROSE DARLING IN SUPPORT OF GAP'S OPPOSITION TO ROOTS' EX PARTE APPLICATION TO EXTEND TIME TO SERVE EXPERT DISCLOSURE** |
| v. | |
| THE GAP, INC., a/k/a, GAP, INC., GAP INTERNATIONAL SALES, INC., BANANA REPUBLIC, LLC, AND OLD NAVY, LLC | Date: N/A |
| | Time: N/A |
| | Dept: Courtroom 8, 19th Floor |
| Defendants. | Judge: Hon. Charles R. Breyer |

---

DECLARATION OF ROSE DARLING IN SUPPORT OF GAP'S OPPOSITION TO ROOTS' EX PARTE
APPLICATION TO EXTEND TIME TO SERVE EXPERT DISCLOSURE
Case No. C 07-03363 CRB

423133.01

1. I am an attorney licensed to practice law in the State of California and before this Court and am an associate at Keker & Van Nest, LLP, counsel for defendants The Gap, Inc., a/k/a, Gap, Inc., Gap International Sales, Inc., Banana Republic, LLC, and Old Navy, LLC (collectively "Gap").

2. On June 26, 2008, Roots' counsel Brad Nash and I agreed that expert disclosures would be due on August 4, 2008, and rebuttal disclosures on August 18, 2008. As of June 26, both Gap and Roots had already disclosed to one another the identity of the expert that each had engaged.

3. On July 25, 2008, Mr. Nash contacted me to ask for a further extension of time to serve its expert disclosures, until August 18. In response, I told Mr. Nash that delaying expert disclosures that much would not work because (a) Gap's expert was out of the country on a planned vacation the week of August 25 and thus would be unavailable to prepare a rebuttal report that week and (b) Rule 26(a)(3) pretrial disclosures were due on September 5 and opening motions *in limine* on September 10, and thus pushing expert discovery into September would hamper Gap's ability to prepare those submissions. Mr. Nash, however was insistent that Roots needed additional time to prepare its expert disclosures, and thus on August 1, 2008, I agreed to extend the time for Roots to serve its report to August 13, 2008, with Gap's rebuttal due August 27. This was a significant compromise, given that Gap's expert is on vacation the week of August 25, and thus Gap would have effectively less than 2 weeks to prepare a rebuttal report.

4. Instead of serving its expert report on August 13, however, Roots on that day disclosed to Gap under the parties' protective order **another** expert that Roots apparently intends to use, and sought ex parte relief from the Court for an extension of time to serve its expert disclosures. Attached hereto as **Exhibit A** is a true and correct copy of an email dated August 13, 2008 from Mr. Nash to me disclosing Roots' new expert.

/ / /

/ / /

/ / /

/ / /

1

DECLARATION OF ROSE DARLING IN SUPPORT OF GAP'S OPPOSITION TO ROOTS' EX PARTE APPLICATION TO EXTEND TIME TO SERVE EXPERT DISCLOSURE
Case No. C 07-03363 CRB

423133.01

1  I declare under penalty of perjury under the laws of the State of California that the
2  foregoing is true and correct, and that this Declaration was executed on August 14, 2008 at San
3  Francisco, California.

                                              /s/ *Rose Darling*
                                              ROSE DARLING

423133.01

2
DECLARATION OF ROSE DARLING IN SUPPORT OF GAP'S OPPOSITION TO ROOTS' EX PARTE APPLICATION TO EXTEND TIME TO SERVE EXPERT DISCLOSURE
Case No. C 07-03363 CRB