KEKER & VAN NEST, LLP
DARALYN J. DURIE - #169825
CHRISTA M. ANDERSON - #184325
DAN JACKSON - #216091
ROSE DARLING - #243893
REBEKAH PUNAK - #248588
710 Sansome Street
San Francisco, CA 94111-1704
Telephone: (415) 391-5400
Facsimile: (415) 397-7188

Attorneys for Defendants
THE GAP, INC., a/k/a, GAP, INC., GAP INTERNATIONAL SALES, INC., BANANA REPUBLIC, LLC, AND OLD NAVY, LLC

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| ROOTS READY MADE GARMENTS CO. W.L.L.,<br><br>Plaintiff,<br><br>v.<br><br>THE GAP, INC., a/k/a, GAP, INC., GAP INTERNATIONAL SALES, INC., BANANA REPUBLIC, LLC, AND OLD NAVY, LLC<br><br>Defendants. | Case No. C 07-03363 CRB<br><br>**DEFENDANTS GAP INTERNATIONAL SALES, INC., THE GAP, INC., BANANA REPUBLIC, LLC, AND OLD NAVY, LLC'S OBJECTIONS TO EVIDENCE SUBMITTED BY ROOTS IN SUPPORT OF OPPOSITION TO DEFENDANTS' MOTION FOR SUMMARY JUDGMENT**<br><br>Date:    August 29, 2008<br>Time:    10:00 a.m.<br>Dept:    8<br>Judge:   Honorable Charles R. Breyer<br><br>**Trial Date: October 6, 2008** |

DEFENDANTS' OBJECTIONS TO EVIDENCE SUBMITTED BY ROOTS IN SUPPORT OF OPPOSITION TO DEFENDANTS' MOTION FOR SUMMARY JUDGMENT
Case No. C 07-03363 CRB

424275.01

Defendants GAP INTERNATIONAL SALES, INC., THE GAP, INC., BANANA REPUBLIC, LLC, and OLD NAVY, LLC (collectively "Gap") hereby object to the following evidence presented by ROOTS READY MADE GARMENTS CO. W.L.L. ("Roots") in connection with its Opposition to Gap's Motion for Summary Judgment set for hearing on August 29, 2008 before this Court.

The following are Gap's objections to

## I. OBJECTIONS TO THE DECLARATION OF ASHRAF ABU ISSA

| Objectionable Evidence | Grounds for Objection |
| --- | --- |
| **¶ 3:** "Mr. Larsen indicated that, in return for Roots' purchase of the OP, Gap would grant Roots the right to sell first-line Gap merchandise in the Arabic-speaking countries of the Middle East and North Africa under Gap's International Sales Program ('ISP')." | Hearsay. Fed. R. Evid. 802. |
| **¶ 5:** "The negotiated price, $6 million, exceeded the market value of the OP." | Improper lay opinion. Fed. R. Evid. 701. Lack of foundation. Fed. R. Evid. 602. |
| **¶ 7:** "Roots later learned that the ISP program was not designed to generate profit, but rather to protect Gap's international trademarks by providing a minimal volume of sales in certain countries that require a trademark owner to use the mark in commerce in order to preserve its rights." | Lack of foundation. Fed. R. Evid. 602. Hearsay. Fed. R. Evid. 802. |
| **¶ 10:** "The LOU discussed the parties' plan to enter into distribution agreements for OP and ISP, which would reflect the content of the agreements to be signed between Gap and Gabana. The LOU was contingent upon (1) Roots being satisfied that the Gap-Gabana agreements reflected the agreement between Gap and Roots, and (2) the merger of Gabana and Roots. Neither contingency occurred, and the written agreements between Gabana and Roots were never executed." | Best Evidence Rule. Fed. R. Evid. 1002. Improper lay opinion. Fed. R. Evid. 701. Hearsay. Fed. R. Evid. 802. Lack of foundation. Fed. R. Evid. 602. Abu Issa's legal conclusions about the meaning of the LOU are inadmissible. |
| **¶ 11:** "Throughout the parties' relationship, Gap dealt independently with Roots and Gabana, and clearly recognized that they were two separate companies." | Lack of foundation. Fed. R. Evid. 602. |
| **¶ 13:** "At most, Larsen served as a 'messenger' between Gap and Roots. He was not subject to Roots' control and had no express or implied authority to bind Roots to | Improper lay opinion. Fed. R. Evid. 701. Lack of foundation. Fed. R. Evid. 602. Abu Issa's legal conclusions about the |

1
DEFENDANTS' OBJECTIONS TO EVIDENCE SUBMITTED BY ROOTS IN SUPPORT OF OPPOSITION TO DEFENDANTS' MOTION FOR SUMMARY JUDGMENT
Case No. C 07-03363 CRB

424275.01

| Objectionable Evidence | Grounds for Objection |
|---|---|
| any agreement." | existence of an agency relationship between Larsen and Roots are inadmissible. |
| **¶ 14:** "Gap was aware of, and requested, this method of payment. As Gap was aware, Gabana made no profit from the sale of the OP inventory; its role was merely to transfer the money to Gap and pass title to the goods to Roots. All three parties were aware that Gabana had no economic interest in Gap's sale of the OP to Roots. It would, however, received a margin on all ISP sales." | Lack of foundation. Fed. R. Evid. 602. |
| **¶ 18:** "The next day, Gabana's bank issued a letter of credit in favor of Gap for the same amount and on the same terms as the Roots-Gabana letter of credit. Again, Gabana merely served as a conduit for Roots' payment to Gap. Gabana made no profit from the transaction." | Lack of foundation. Fed. R. Evid. 602. |

## II.   OBJECTIONS TO THE DECLARATION OF BRADLEY NASH

| Objectionable Evidence | Grounds for Objection |
|---|---|
| **Exh. A:** 78:1-10 | Lack of foundation. Fed. R. Evid. 602. Improper lay opinion. Fed. R. Evid. 701.<br><br>Roots cites this testimony from Ron Young's deposition to support its claim that it was obvious that Roots took possession of more excess inventory than could be sold in Qatar. Opp. Mem. at 6:22-24. As an initial matter, the cited testimony does not support that claim. Additionally, Roots offers no evidence that Young has any personal knowledge of the population of Qatar or its retail needs. |
| **Exh. B:** 61:3-10 | Lack of foundation. Fed. R. Evid. 602. Improper lay opinion. Fed. R. Evid. 701.<br><br>Roots cites this testimony from Jon Ehlen's deposition to support its claim that it was obvious that Roots took possession of more excess inventory than could be sold in Qatar. Opp. Mem. at 6:22-24. The cited testimony does not support that claim. Additionally, Roots offers no evidence that Ehlen has any personal knowledge of the population of Qatar or its retail needs. |

2
DEFENDANTS' OBJECTIONS TO EVIDENCE SUBMITTED BY ROOTS IN SUPPORT OF
OPPOSITION TO DEFENDANTS' MOTION FOR SUMMARY JUDGMENT
Case No. C 07-03363 CRB

424275.01

| Objectionable Evidence | Grounds for Objection |
|---|---|
| **Exh. C:** 24:2-3 | Lack of foundation. Fed. R. Evid. 602. Hearsay. Fed. R. Evid. 802.<br><br>Roots cites this testimony from Jacques Fabre's deposition to support its account of the telephone conversation between Jim Bell, Sheikh Faisal Al-Thani, and Abu-Issa.<br><br>Fabre's testimony concerning this telephone conversation is inadmissible hearsay. Fabre testified that the conversation took place in English and Fabre does not speak English. While the conversation was translated for him by Amin El Sokary, El Sokary was not presented for deposition. |
| **Exh. C:** 32:25-33:2 | Lack of foundation. Fed. R. Evid. 602. Hearsay. Fed. R. Evid. 802.<br><br>Roots cites this testimony from Fabre's deposition to support its claim that Gabana had no employees other than Larsen and a secretary. Opp. Mem. at 1:21-22. Fabre does not have the requisite personal knowledge to testify to this fact. While Roots' claims that Fabre served as the President of Gabana, it offers no evidence to support that claim. Opp. Mem. at 1:24. |
| **Exh. C:** 33:7-10 | Lack of foundation. Fed. R. Evid. 602. Hearsay. Fed. R. Evid. 802.<br><br>Roots cites this testimony from Fabre's deposition to support its claim that Gabana had no facilities in the Middle East. Opp. Mem. at 1:21-22. Fabre does not have the requisite personal knowledge to testify to this fact. While Roots' claims that Fabre served as the President of Gabana, it offers no evidence to support that claim. Opp. Mem. at 1:24. |
| **Exh. C:** 33:11-13 | Lack of foundation. Fed. R. Evid. 602. Hearsay. Fed. R. Evid. 802.<br><br>Roots cites this testimony from Fabre's deposition to support its claim that Larsen did not have a background in the garment industry. Opp. Mem. at 1:21-22. Fabre does not have the requisite personal knowledge to testify to this fact. |
| **Exh. C**: 34:1-2 | Lack of foundation. Fed. R. Evid. 602. |

3

DEFENDANTS' OBJECTIONS TO EVIDENCE SUBMITTED BY ROOTS IN SUPPORT OF OPPOSITION TO DEFENDANTS' MOTION FOR SUMMARY JUDGMENT
Case No. C 07-03363 CRB

424275.01

| Objectionable Evidence | Grounds for Objection |
|---|---|
|  | Hearsay. Fed. R. Evid. 802.<br><br>Roots cites this testimony from Fabre's deposition to support its claim that Larsen had no expertise selling garments in the Middle East. Opp. Mem. at 2:1-3. Fabre does not have the requisite personal knowledge to testify to this fact. While Roots' claims that Fabre served as the President of Gabana, it offers no evidence to support that claim. Opp. Mem. at 1:24. |
| **Exh. E:** 29:17-19 | Best Evidence Rule. Fed. R. Evid. 1002.<br>Improper lay opinion. Fed. R. Evid. 701.<br>Hearsay. Fed. R. Evid. 802.<br>Lack of foundation. Fed. R. Evid. 602.<br><br>Roots cites this testimony from Abu Issa's deposition to support its claim that the LOU was contingent upon certain events. Opp. Mem. at 4:1-3.<br><br>Abu Issa's legal conclusions about the meaning of the LOU are inadmissible. |
| **Exh. E:** 47:2-6 | Hearsay. Fed. R. Evid. 802.<br><br>Roots cites this testimony from Abu Issa's deposition to support its claim that Larsen approached Roots to communicate Gap's proposal. Opp. Mem. at 2:9-10.<br><br>Abu Issa's testimony about the statements of Larsen are inadmissible hearsay. |
| **Exh. E:** 75:20-22 | Best Evidence Rule. Fed. R. Evid. 1002.<br>Improper lay opinion. Fed. R. Evid. 701.<br>Hearsay. Fed. R. Evid. 802.<br>Lack of foundation. Fed. R. Evid. 602.<br><br>Roots cites this testimony from Abu Issa's deposition to support its claim that the LOU was contingent upon certain events. Opp. Mem. at 4:1-3.<br><br>Abu Issa's legal conclusions about the meaning of the LOU are inadmissible. |
| **Exh. L:** | Lack of foundation. Fed. R. Evid. 602.<br>Hearsay. Fed. R. Evid. 802.<br>Document not authenticated Fed. R. Evid. 403. |

| Objectionable Evidence | Grounds for Objection |
|---|---|
|  | Roots cites this document to support its claim that Gap was aware that Roots was reselling excess inventory to retailers outside of Qatar. Opp. Mem. at 6::24-3.  Roots, however, offers no evidence that Gap created this document. |
| **Exh. P:** | Lack of foundation. Fed. R. Evid. 602.<br>Hearsay. Fed. R. Evid. 802.<br>Document not authenticated, Fed. R. Evid. 901.<br><br>Roots cites this document to support its claim that Gap "routinely discussed directly with Roots the subject of ISP distribution outside of Qatar."  Opp. Mem. at 7:13-22.<br><br>Roots, however, offers no evidence that this document was prepared by Gap or that any of the issues on the document were actually discussed during a phone call between Roots and Gap. |

Dated:  August 28, 2008

KEKER & VAN NEST, LLP


By: /s/ Rebekah Punak_____

Rebekah Punak
Attorneys for Defendants
GAP INTERNATIONAL SALES, INC.,
THE GAP, INC., BANANA REPUBLIC,
LLC, and OLD NAVY, LLC

5
DEFENDANTS' OBJECTIONS TO EVIDENCE SUBMITTED BY ROOTS IN SUPPORT OF
OPPOSITION TO DEFENDANTS' MOTION FOR SUMMARY JUDGMENT
Case No. C 07-03363 CRB

424275.01