KEKER & VAN NEST, LLP
DARALYN J. DURIE - #169825
CHRISTA M. ANDERSON - #184325
DAN JACKSON - #216091
ROSE DARLING - #243893
REBEKAH PUNAK - #248588
710 Sansome Street
San Francisco, CA 94111-1704
Telephone: (415) 391-5400
Facsimile: (415) 397-7188

Attorneys for Defendants
THE GAP, INC., a/k/a, GAP, INC., GAP INTERNATIONAL SALES, INC., BANANA REPUBLIC, LLC, AND OLD NAVY, LLC

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| ROOTS READY MADE GARMENTS CO. W.L.L.,<br><br>Plaintiff,<br><br>v.<br><br>THE GAP, INC., a/k/a, GAP, INC., GAP INTERNATIONAL SALES, INC., BANANA REPUBLIC, LLC, AND OLD NAVY, LLC<br><br>Defendants. | Case No. C 07-03363 CRB<br><br>**DEFENDANTS' MISCELLANEOUS ADMINISTRATIVE REQUEST FOR LEAVE TO FILE AN ADDITIONAL MOTION *IN LIMINE* AND FOR ADDITIONAL PAGES ON ONE OF DEFENDANTS' MOTIONS**<br><br>**Trial Date: October 6, 2008** |

**PUBLIC VERSION**

DEFENDANTS' MISCELLANEOUS ADMINISTRATIVE REQUEST FOR LEAVE TO FILE AN ADDITIONAL MOTION IN LIMINE AND FOR ADDITIONAL PAGES ON ONE OF DEFENDANTS' MOTIONS
Case No. C 07-03363 CRB

425475.01

1    Defendants (collectively "Gap") respectfully request the Court's leave to file six motions
2 in limine, and to exceed the page limit in the Court's standing order in one of the motions.
3    The motion for which Gap requests more pages, which is attached, is a *Daubert* motion
4 directed to plaintiff's ("Roots") damages expert, Mokhles Balawi, who is the cousin of Roots'
5 General Manager.  Mr. Balawi, whom Roots has not made available for deposition, has served
6 two expert reports, the second of which was not served until more than three weeks after expert
7 disclosures were due, after Gap served its expert's rebuttal to Balawi's original report, and just
8 before motions *in limine* were due.  Because Balawi has served two damages reports, both of
9 which are full of methodological errors and assumptions that are contrary to the evidence, it has
10 been necessary for Gap to take more than seven pages (the brief is 17 pages long) to explain the
11 many reasons why Balawi's testimony should be excluded, which include the following:

- The opinions Balawi included in his timely expert report are directed only to the breach of contract claims that this Court summarily adjudicated in Gap's favor and are therefore irrelevant;

- Roots refused to withdraw Mr. Balawi's original report in light of this Court's summary judgment ruling, arguing that it was relevant to the remaining claims in this case, but then served his second report long after expert opinions were to be disclosed, after Gap served its rebuttal report, and just before motions *in limine* were due;

- Balawi claims in his second, untimely report that Roots' damages <u>are nearly double what he claimed in his report that was served before this Court's summary judgment order dismissing Roots' primary claims</u>;

- Balawi is not qualified to testify as an expert witness; in fact, he is not currently a CPA and Gap's investigation indicates that he was never licensed to practice as a CPA, and was never employed by PricewaterhouseCoopers, as he claims on his resume.  In response to Gap's requests for documents to verify Balawi's claims, Roots responded that as a citizen of Jordan, he is outside the subpoena power of the United States courts, and has not produced him for deposition because of alleged difficulties obtaining a visa for

1
DEFENDANTS' MISCELLANEOUS ADMINISTRATIVE REQUEST FOR LEAVE TO FILE AN ADDITIONAL MOTION IN LIMINE AND FOR ADDITIONAL PAGES ON ONE OF DEFENDANTS' MOTIONS
CASE NO. C 06-2584 CRB

425475.01

him—though Roots apparently did not begin the visa application process until Gap asked to schedule his deposition, despite the obvious fact that Gap would want to depose Roots' damages expert, and Roots has not explained why it retained an expert whom it could not timely make available for deposition;

- Balawi's opinions are based on numerous unanalyzed and unexplained assumptions upon which it is not reasonable for an expert to rely, which are contrary to the evidence in this case, and which do not meet the standards of *Daubert* and Federal Rules of Evidence 702 and 703; and

- Balawi's reports do not satisfy the basic requirements of Rule 26(a)(2)(B).

Gap's other five motions, all of which are within the 7-page limit, are intended to keep the case within the narrow scope dictated by the Court's summary judgment order, and preclude Roots' attempt to ignore the import of that order and expand, rather than narrow, the scope of the case. In particular, Gap intends to file, in addition to the *Daubert* motion directed at Mr. Balawi, the following motions:

- A motion to exclude purported evidence of lost profits on the grounds that as a matter of law, lost profits are not available on the claims remaining in this case, and the evidence Roots' intends to rely to prove lost profits does not satisfy the requirements for proving lost profits of an unestablished business with certainty;

- A motion to exclude all damages evidence on the grounds that Roots has never provided a computation of damages, as required by Rule 26, that is relevant to any of the claims remaining in this case;

- A motion to exclude parol evidence, and evidence regarding the value of the excess inventory that was the subject of one of the written agreements between Gap and Gabana, to prevent Roots from wasting this Court's and the jurors' time re-litigating issues that the Court decided in Gap's favor on summary judgment;

- A motion to exclude the testimony of two witnesses, Jacques Fabre and Ehab Al Sharif, whose testimony is irrelevant to the only issue remaining in this case—whether Gap

2

DEFENDANTS' MISCELLANEOUS ADMINISTRATIVE REQUEST FOR LEAVE TO FILE AN ADDITIONAL MOTION IN LIMINE AND FOR ADDITIONAL PAGES ON ONE OF DEFENDANTS' MOTIONS
CASE NO. C 06-2584 CRB

425475.01

1     promised to make Roots a franchisee; and

2 - A motion to exclude documents that Roots did not disclose until months after the close of
3     fact discovery, and after all depositions in this case, but which constitute the majority of
4     the exhibits on Roots' exhibit list.

5     Each of these motions presents an important issue on which this Court should rule in
6 advance of trial, and before the parties' scheduled settlement conference. Indeed, the Court's
7 rulings on these motions may well prove dispositive of this case. For these reasons, Gap
8 respectfully requests that the Court grant Gap's request for leave to file six motions, one of
9 which exceeds the 7-page limit.[1]

10 Dated: September 15, 2008                              KEKER & VAN NEST, LLP

By:     /s/ Dan Jackson
DAN JACKSON
Attorneys for Defendants
GAP INTERNATIONAL SALES, INC.,
THE GAP, INC., BANANA REPUBLIC,
LLC, and OLD NAVY, LLC

---

[1] Counsel for Gap attempted to secure Roots' stipulation to the additional motion and pages but Roots' counsel was unwilling to commit to the stipulation by the time that Gap's counsel felt it was necessary to file this Request.

3
DEFENDANTS' MISCELLANEOUS ADMINISTRATIVE REQUEST FOR LEAVE TO FILE AN ADDITIONAL MOTION IN LIMINE AND FOR ADDITIONAL PAGES ON ONE OF DEFENDANTS' MOTIONS
CASE NO. C 06-2584 CRB

425475.01