KEKER & VAN NEST, LLP
DARALYN J. DURIE - #169825
CHRISTA M. ANDERSON - #184325
DAN JACKSON - #216091
ROSE DARLING - #243893
REBEKAH PUNAK - #248588
710 Sansome Street
San Francisco, CA 94111-1704
Telephone: (415) 391-5400
Facsimile: (415) 397-7188

Attorneys for Defendants
THE GAP, INC., a/k/a, GAP, INC., GAP INTERNATIONAL SALES, INC., BANANA REPUBLIC, LLC, AND OLD NAVY, LLC

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| ROOTS READY MADE GARMENTS CO. W.L.L.,<br><br>Plaintiff,<br><br>v.<br><br>THE GAP, INC., a/k/a, GAP, INC., GAP INTERNATIONAL SALES, INC., BANANA REPUBLIC, LLC, AND OLD NAVY, LLC<br><br>Defendants. | Case No. C 07-03363 CRB<br><br>**DEFENDANTS' OPPOSITION TO PLAINTIFF'S APPLICATION PURSUANT TO LOCAL CIVIL RULE 7-9 FOR LEAVE TO FILE MOTION FOR RECONSIDERATION**<br><br>Dept: 8<br>Judge: Honorable Charles R. Breyer<br><br>**Trial Date: October 6, 2008** |

DEFENDANTS' OPPOSITION TO PLAINTIFF'S APPLICATION PURSUANT TO LOCAL CIVIL RULE 7-9
FOR LEAVE TO FILE MOTION FOR RECONSIDERATION
Case No. C 07-03363 CRB

425598.01

Gap submits this brief opposition to Roots' request for leave to file a motion for reconsideration to point out that (1) Roots is asking this Court to reconsider a "Fraudulent Concealment Claim" that it has never alleged, much less alleged with particularity; and (2) contrary to Roots' assertions, because the parol evidence rule bars Roots' claim that Gap promised to grant Roots distribution rights under the ISP program, it also bars Roots' claim that Gap fraudulently concealed the "nature and purpose" of that program.

In its request for leave, Roots speculates that because this Court did not specifically address Roots' assertion in its summary judgment opposition that Gap "misrepresented the nature and purpose of the ISP program by failing to disclose that the program was intended to protect Gap's trademarks and 'not to drive revenue or sales,'" the Court "fail[ed] to consider" this "Fraudulent Concealment Claim." Roots' Req. at 2:3-13. Roots then asserts that the Court's explicit rulings in its summary judgment order have "no application" to the Fraudulent Concealment Claim. *Id.* at 16-19. Neither of Roots' contentions has merit.

***First*,** Roots is complaining that this Court "failed" to consider a fraud claim that Roots has never even alleged. Roots did not plead its so-called "Fraudulent Concealment Claim" in any of the several complaints it has filed in this action. Roots' request that this Court reconsider, on the eve of trial, a claim that Roots never alleged is especially inappropriate given that Roots is required to plead its "Fraudulent Concealment Claim" with particularity. Fed. R. Civ. P. 9(b).

***Second***, even if the "Fraudulent Concealment Claim" had been alleged, and alleged with particularity, it was unnecessary for the Court to specifically address the claim in its summary judgment order, and is unnecessary for the Court to reconsider it now, because the claim necessarily fails in light of the Court's express rulings on summary judgment. As established in *Limandri v. Judkins*, 52 Cal. App. 4th 326 (1997), the very case on which Roots relied when it first asserted its "Fraudulent Concealment Claim" in its opposition to Gap's motion for summary judgment, to state a claim for fraudulent concealment, the fact allegedly concealed must be *material*, and there must be *some relationship* between the parties which gives rise to a duty to disclose that fact. *Id.* at 337; Roots' MSJ Opp. at 21:20-7 (citing *Limandri*). "As a matter of common sense, such a relationship can only come into being as a result of some sort of

1

DEFENDANTS' OPPOSITION TO PLAINTIFF'S APPLICATION PURSUANT TO LOCAL CIVIL RULE 7-9
FOR LEAVE TO FILE MOTION FOR RECONSIDERATION
Case No. C 07-03363 CRB

425598.01

*transaction* between the parties." *Limandri*, 52 Cal. App. 4th at 337 (emphasis in original). Thus, in *Limandri*, the court rejected a fraudulent concealment claim where there was no transaction between the parties giving rise to a duty of disclosure. *Id.*

Here, Roots' "Fraudulent Concealment Claim" fails as a matter of law because Roots cannot prove either materiality or the requisite transaction without violating the parol evidence rule. Roots' only argument for why Gap's alleged "concealment" was material was that "[b]ecause the ISP rights were to be the sole consideration exchanged for Roots' $6M payment to Gap, the fact that the ISP program was intended for trademark protection, not commercial profit, was highly material." Roots' Opp. to MSJ at 21:7-9. As this Court recognized at the outset of this case, however, "Roots' claim that it purchased Gap's OP in exchange for ISP rights contradicts the express contracts between Gabana and Gap providing that Gabana would purchase the OP and sell it directly to retailers or not at all." Oct. 18, 2007 Order at 2:28-3:2. And the only transaction in which a duty to disclose the alleged "true nature" of the ISP program could possibly arise is the very transaction that this Court has held that Roots cannot prove because of the parol evidence rule—Roots' alleged purchase of ISP distribution rights.

Thus, the Court's ruling that the parol evidence rule bars Roots' allegation that Gap promised to grant Roots ISP distribution rights not only "has [an] application to the Fraudulent Concealment Claim" (Req. at 2:19), it leaves Roots with no way of proving the requisite elements of such a claim—even if Roots were able to obtain leave to amend its complaint to state the claim and do so with particularity, neither of which it has done. Roots' request, therefore, should be denied.

Dated: September 16, 2008                    KEKER & VAN NEST, LLP

By:    /s/ Dan Jackson
DAN JACKSON
Attorneys for Defendants
GAP INTERNATIONAL SALES, INC.,
THE GAP, INC., BANANA REPUBLIC,
LLC, and OLD NAVY, LLC

2
DEFENDANTS' OPPOSITION TO PLAINTIFF'S APPLICATION PURSUANT TO LOCAL CIVIL RULE 7-9
FOR LEAVE TO FILE MOTION FOR RECONSIDERATION
Case No. C 07-03363 CRB

425598.01