1  KEKER & VAN NEST, LLP
   DARALYN J. DURIE - #169825
2  CHRISTA M. ANDERSON - #184325
   DAN JACKSON - #216091
3  ROSE DARLING - #243893
   REBEKAH PUNAK - #248588
4  710 Sansome Street
   San Francisco, CA  94111-1704
5  Telephone:  (415) 391-5400
   Facsimile:  (415) 397-7188
6
   Attorneys for Defendants
7  THE GAP, INC., a/k/a, GAP, INC., GAP INTERNATIONAL
   SALES, INC., BANANA REPUBLIC, LLC, AND OLD NAVY,
8  LLC

9

10                    UNITED STATES DISTRICT COURT

11                   NORTHERN DISTRICT OF CALIFORNIA

12                        SAN FRANCISCO DIVISION

13

14 | ROOTS READY MADE GARMENTS CO. W.L.L.,                          | Case No. C 07-03363 CRB |
|---|---|
15 |                                                                | **DEFENDANTS' MEMORANDUM IN SUPPORT OF DISPUTED JURY INSTRUCTIONS** |
16 |                                    Plaintiff,                   |  |
17 |            v.                                                   |  |
18 | THE GAP, INC., a/k/a, GAP, INC., GAP INTERNATIONAL SALES, INC., BANANA REPUBLIC, LLC, AND OLD NAVY, LLC | Date:    September 26, 2008<br>Time:    2:30 p.m.<br>Dept:    8<br>Judge:   Honorable Charles R. Breyer |
19 |                                                                |  |
20 |                                    Defendants.                  | **Trial Date: October 6, 2008** |

21

22

23

24

25

26

27

28

425845.01

## I. INTRODUCTION

After meeting and conferring over the jury instructions to be given in this case, there remain a number of instructions about which no agreement could be reached. In particular, Gap objects to several of Roots' proposed instructions because they: (1) seek to instruct the jury on claims that it did not allege and/or that were explicitly rejected in the Court's Summary Judgment Order; (2) rely on form instructions that are not approved for use in California Courts; (3) provide an incomplete or incorrect statement of the relevant legal standard, or; (4) seek to instruct the jury on an incorrect measure of damages.

Gap's proposed instructions, by contrast, overwhelmingly rely on the Ninth Circuit model civil jury instructions and the official CACI civil jury instruction forms for California state law. In those few instances where Gap has requested an instruction that departs from the models, the proposed language comes either substantially or verbatim from controlling California authority. For the reasons set forth more fully below, Gap urges the Court to adopt their proposed jury instructions in full.

## II. DISPUTED INSTRUCTIONS

### A. Gap's Proposed Instruction No. 1 re Overview of Issues to be Decided

Gap's Proposed Instruction No. 1 appropriately limits the summary of Roots' fraud claim to its allegation that Gap fraudulently promised to make it a franchisee. This limitation is compelled by the clear language of the Court's Summary Judgment Order: "In sum, summary judgment is granted to Gap on Roots' claim for fraud, except to the extent Roots alleges that Gap fraudulently promised to make them a franchisee." Aug. 29, 2008 Order (Doc. 227) (SJ Order), at 13:13-15.

Roots' Proposed Instruction No. 1, on the other hand, purports to summarize a fraud claim that was not alleged and which is precluded by the Court's Summary Judgment Order. The Court expressly precluded Roots from proceeding with any fraud claim based on its allegations contradicting the terms of the May 13, 2003 written agreements between Gap and Gabana. SJ Order, at 12:12-14 ("For the reasons set forth above, Roots cannot predicate its fraud claim on the alleged May 2003 statements to the extent such statements contradict the terms of

1

1  the written ISP agreement."). Roots' purported "Fraudulent Concealment Claim" is solely based
2  on its new assertion that Gap failed to disclose that one of the purposes of the ISP program was
3  to protect Gap trademarks and its assertion that this nondisclosure was material "[b]ecause the
4  ISP rights were to be the sole consideration exchanged for Roots' $6M payment to Gap." Roots'
5  Opp. to MSJ at 21:7-9. But that claim was not been pled in any of Roots' three complaints,
6  despite the requirement in Federal Rule of Civil Procedure 9(b) that the circumstances
7  underlying allegations of fraud be pled with particularity. Fed. R. Civ. P. 9(b).

8       Even if the claim had been alleged, it necessarily fails. To state a claim for fraudulent
9  concealment, the fact allegedly concealed must be *material*, and there must be *some relationship*
10  between the parties which gives rise to a duty to disclose that fact. *See Limandri v. Judkins*, 52
11  Cal. App. 4th 326, 337 (1997) ("As a matter of common sense, such a relationship can only
12  come into being as a result of some sort of *transaction* between the parties.") (emphasis in
13  original). The only transaction in which a duty to disclose the alleged "true nature" of the ISP
14  program could possibly arise, however, is the very transaction that this Court has held that Roots
15  cannot prove because of the parol evidence rule—Roots' alleged purchase of ISP distribution
16  rights. The written agreements between Gap and Gabana provide that *Gabana* would purchase
17  the excess inventory and that *Gabana* would receive limited ISP rights. *See* Punak Decl. in
18  Supp. of Gap's Mot. for Summ. J. (Doc. 181) ("Punak Decl.") , Exhs. 14-16. Moreover, the
19  written agreements are fully integrated and expressly disclaim the existence of any additional
20  agreements between the parties. *See* id., ¶ 11(b) ("This Agreement and the ISP Agreement are
21  the only agreements between the parties hereto and their affiliated companies with respect to the
22  subject matter herein.").

23  **B.    Gap's Instruction Number 7 re Promissory Fraud**

24       Gap's proposed instruction for the elements of promissory fraud is taken directly from
25  the relevant CACI form instruction. Roots, in contrast, relies on a BAJI form instruction which
26  is no longer approved for use in California courts. *See*
27  http://www.courtinfo.ca.gov/jury/civiljuryinstructions/faqs.htm#6 ("BAJI no longer is officially
28  approved by state court rules. Los Angeles Superior Court's BAJI Committee has disbanded.").

1  Roots' proposed instruction is also improper and should not be adopted because it (1) fails to
2  define "material," a term that will not be familiar many jurors, and (2) fails to separately instruct
3  the jury as to each of the required elements for promissory fraud.

4  **C.     Gap's Instruction Number 8 re Opinions/Puffery/Vague Statements**

5  Gap's proposed instruction seeks to instruct the jury that, in determining whether Roots'
6  reasonably relied on the alleged franchise promise, it should take into consideration whether that
7  promise was sufficiently clear and unambiguous for Roots to rely on.  Numerous cases establish
8  the proposition a promise must be clear and unambiguous to support a claim for promissory
9  fraud.  *See Glen Holly Entm't, Inc. v. Tektronix Inc.*, 352 F.3d 367, 381 (9th Cir. 2003) ("A
10 promise that is vague, general or of indeterminate application is not enforceable.") (internal
11 quotations omitted); *B & O Mfg., Inc. v. Home Depot U.S.A., Inc.*, No. C 07-02864-JSW, 2007
12 U.S. Dist. LEXIS 83998, at *16-17 (N.D. Cal. Nov. 1, 2007) ("Therefore, a promise that is
13 vague, general or of indeterminate application is not enforceable.") (internal quotations omitted).
14 Roots' claim that this Court has already decided—*as a matter of law*—that the alleged franchise
15 promise was sufficiently clear to be reasonably relied upon, is incorrect.  Rather, the Court
16 merely denied Gap's motion for summary judgment, thereby implicitly concluding that the
17 clarity of the alleged franchise promise was an issue of fact for the jury.  S.J. Order, at 12:28-
18 13:1 ("Gap argues that the promise to make Roots a franchisee is fatally vague, but the Court
19 disagrees.").  Gap's proposed instruction provides the jury with an unquestionably correct
20 description of the law, so that the jurors can properly determine at trial whether the alleged
21 franchise promise was sufficiently specific to be reasonably relied upon.

22 **D.     Gap's Instruction Number 9 re Definition of Important Promise**

23 Gap's proposes the official CACI form instruction as to what constitutes an important or
24 material promise for purposes of promissory fraud.  Roots cannot dispute that materiality is a
25 required element of promissory fraud, that the concept of "materiality" will be unfamiliar to may
26 jurors, or that the CACI form instruction provides the correct definition of materiality.  There are
27 therefore no proper objections to the use of Gap's proposed instruction.

28 Roots proposed instructions on promissory fraud, on the other hand, make use of the term

1  "material matter" and provide the jury with no guidance as to what constitutes a "material
2  matter."  *See* Disputed Instruction No. 7 Offered by Roots.

3  **E.    Gap's Instruction Number 11 re Goods and Services Rendered**

4  Gap does not believe any instructions on quantum meruit are needed because, as
5  described in Gap's trial brief, Roots has not alleged that it gave Gap anything of value as a result
6  of the alleged franchise promise.  If, however, Roots is permitted to present a claim for quantum
7  meruit at trial, it must show that the purported services it provided relating to the franchise
8  promise resulted in some benefit to Gap.  Numerous California state cases have clarified that
9  recovery under a quantum meruit theory requires that the defendant have received some benefit
10 from the services rendered.  *See Day v. Alta Bates Medical Center*, 98 Cal. App. 4th 243, 248
11 (2002) ("First of all, in order to recover under a quantum meruit theory, a plaintiff must establish
12 *both* that he or she was acting pursuant to either an express or implied request for such services
13 from the defendant *and* that the services rendered were *intended to and did benefit* the
14 defendant.") (emphasis in original); *Ochs v. PacifiCare of California*, 115 Cal. App. 4th 782, 794
15 (2004) ("To recover on a claim for the reasonable value of services under a quantum meruit
16 theory, a plaintiff must establish both that he or she was acting pursuant to either an express or
17 implied request for services from the defendant and that the services rendered were intended to
18 and did benefit the defendant."); *Palmer v. Gregg*, 65 Cal. 2d 657, 660 (1967) ("The measure of
19 recovery in quantum meruit is the reasonable value of the services rendered, provided they were
20 of direct benefit to the defendant.").

21 If the Court permits Roots to proceed with a quantum meruit claim, it should therefore
22 use Gap's proposed instruction because it properly instructs the jury that recovery under a
23 quantum meruit theory requires that Roots' purported services benefited Gap.

24 **F.    Gap's Instruction Number 12 re Statute of Limitations Defense**

25 Gap's proposed instruction on the statute of limitation correctly instructs the jury that
26 Roots can only recover damages under a quantum meruit theory for services that it performed for
27 Gap after June 25, 2005.  Oct. 18, 2007 Order (Doc. 80), at 7:13-8:7 ("Because the statute of
28 limitations begins to run immediately upon performance of the service at issue, Roots can only

4

1  maintain an action for services rendered <u>after</u> June 25, 2005."). A claim for quasi-contract is
2  subject to a two-year statute of limitations. Cal. Code Civ. Proc. § 339(1). The statute of
3  limitations begins to run immediately upon the performance of the service at issue. *See* 3
4  Witkin, Cal. Proc. 4th (1997) Actions, § 508, p. 640 ("When services are performed at the
5  request of another without a contract, the duty implied by law to pay for them arises immediately
6  on performance. Hence the statute begins to run, and the plaintiff may recover only for the value
7  of services rendered within 2 years before the suit is filed.").

8  **G.   Gap's Instruction Number 14 re Damages for Fraud.**

9      Roots Proposed Instruction No. 10 instructs the jury on the wrong measure of damages
10 for promissory fraud. Under California law, a plaintiff can only recover "out-of-pocket"
11 damages and cannot recover "benefit-of-the-bargain" damages except in narrow circumstances,
12 not at issue here. *See Kenly v. Ukegawa*, 16 Cal. App. 4th 49, 53-56 (1993) ("Cases involving
13 fraud where property was not acquired have limited damages to out-of-pocket losses.");
14 *Fladeboe v. American Isuzu Motors Inc.*, 150 Cal. App. 4th 42, 66 (2007) ("Under California
15 law, a defrauded party is ordinarily limited to recovering out-of-pocket damages."); *see also*
16 Gap's Mot. in Limine, No. 2.

17     Roots' proposed instruction is also improper because it relies on a form instruction for
18 California law that is not approved for use in California Courts. The BAJI instructions have
19 been superseded by CACI and are no longer good law. *See*
20 http://www.courtinfo.ca.gov/jury/civiljuryinstructions/faqs.htm#6 ("BAJI no longer is officially
21 approved by state court rules. Los Angeles Superior Court's BAJI Committee has disbanded.").
22 Gap has proposed the current approved form instruction on the damages for fraud, as stated in
23 CACI No. 1923.

24 **H.   Gap's Instruction Number 15 re Damages for Quantum Meruit/Quasi-Contract**

25     Gap's proposed instruction properly limits Roots recovery for quantum meruit to its
26 allegation that Gap fraudulently promised to make it a franchisee. This limitation is compelled
27 by the Court's summary judgment order: "Roots is permitted to proceed on Counts Seven
28 through Nine to the extent their claims are premised on Gap's alleged promise to make Roots a

1 franchisee." SJ Order, at 15:5-6.

2 **I.     Gap's Instruction Number 16 re No Duplicate Damages**

3 Gap's proposed instruction is drawn primarily from the official CACI form instruction
4 for California law on the unavailability of duplicate damages. Roots does not dispute that it is
5 not entitled to duplicate recovery or that the instruction provides a correct description of the
6 relevant law. Moreover, courts have emphasized the importance of specifically instructing juries
7 on the unavailability of duplicate damages. *See Dubarry Inter'l, Inc. v. Southwest Forest Indus.,*
8 *Inc.*, 231 Cal. App. 3d 552, 564-65 & n.16 (1992) ("The trial court would have been better
9 advised to make an explicit instruction that duplicate damages could not be awarded. Indeed, it
10 had a duty to do so."). Roots therefore has no legitimate objection to Gap's proposed instruction.

11 **J.     Gap's Instruction Number 22 re Arguments of Counsel not Evidence of Damages**

12 Gap's proposed instruction is taken directly from the official CACI form instructions.
13 Roots does not dispute that the arguments of counsel should not be considered by the jury as
14 evidence of damages, nor does it provide any explanation as to why instructing the jury on this
15 will lead to juror confusion. Roots has no legitimate objection to Gap's proposed instruction.

16 **K.     Gap's Instruction Number 24 re Insurance**

17 Gap's proposed instruction is taken directly from the official CACI form instructions for
18 California law. Roots does not dispute that the jury should not consider whether either of the
19 defendants have insurance in reaching its determinations. Roots has no legitimate objection to
20 Gap's proposed instruction.

21                             **III.     CONCLUSION**

22 For the reasons set forth above, Gap respectfully request that the Court adopt in full their
23 versions of the disputed jury instructions.

24 ///
25 ///
26 ///
27 ///
28 ///

1 | Dated: September 19, 2008

KEKER & VAN NEST, LLP

By:   /s/ Daralyn Durie
DARALYN DURIE
Attorneys for Defendants
GAP INTERNATIONAL SALES, INC.,
THE GAP, INC., BANANA REPUBLIC,
LLC, and OLD NAVY, LLC