KEKER & VAN NEST, LLP
DARALYN J. DURIE - #169825
CHRISTA M. ANDERSON - #184325
DAN JACKSON - #216091
ROSE DARLING - #243893
REBEKAH PUNAK - #248588
710 Sansome Street
San Francisco, CA  94111-1704
Telephone:  (415) 391-5400
Facsimile:  (415) 397-7188

Attorneys for Defendants
THE GAP, INC., a/k/a, GAP, INC., GAP INTERNATIONAL
SALES, INC., BANANA REPUBLIC, LLC, AND OLD NAVY,
LLC

ROBERT P. HANEY (*admitted pro hac vice*)
BRADLEY J. NASH (*admitted pro hac vice*)
620 Eighth Avenue
New York, NY 10018
Telephone:  (212) 841-1000
Facsimile:  (212) 841-1010

Attorneys for Plaintiff
ROOTS READY MADE GARMENTS CO. W.L.L.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| ROOTS READY MADE GARMENTS CO. W.L.L.,<br><br>                              Plaintiff,<br><br>v.<br><br>THE GAP, INC., a/k/a, GAP, INC., GAP INTERNATIONAL SALES, INC., BANANA REPUBLIC, LLC, AND OLD NAVY, LLC<br><br>                              Defendants. | Case No. C 07-03363 CRB<br><br>**JOINT PROPOSED JURY INSTRUCTIONS**<br><br>Date:        September 26, 2008<br>Time:        2:30 p.m.<br>Dept:        8<br>Judge:       Honorable Charles R. Breyer<br><br>**Trial Date: October 6, 2008** |

1    Plaintiff Roots Ready Made Garments Co., W.L.L. ("Roots"), and Defendants Gap

2   International Sales, Inc., The Gap, Inc., Banana Republic, LLC, and Old Navy, LLC (collectively

3   "Gap" ) hereby submit the following proposed jury instructions.

4    The parties hereby joint request the following Form Instructions:

5   <u>Preliminary Instructions:</u>

6   1.1B    Duty of Jury

7   1.19    Outline of Trial

8   1.6     What Is Evidence

9   1.7     What Is Not Evidence

10  1.8     Evidence for Limited Purpose

11  1.9     Direct and Circumstantial Evidence

12  1.10    Ruling on Objections

13  1.11    Credibility of Witnesses

14  1.16    Jury to be Guided by Official English Translation/Interpretation

15  2.11    Expert Opinion

16  2.12    Charts and Summaries Not Received in Evidence

17  2.13    Charts and Summaries Received in Evidence

18  1.13    No Transcript Available to Jury

19  1.14    Taking Notes

20  1.18    Bench Conferences and Recesses

21  1.12    Conduct of the Jury

22

23  <u>Post-Trial Instructions:</u>

24  1.1C    Duty of Jury

25  1.6     What Is Evidence

26  1.7     What Is Not Evidence

27  1.9     Direct and Circumstantial Evidence

28  1.11    Credibility of Witnesses

2.11    Expert Opinion

2.12    Charts and Summaries Not Received in Evidence

1.3    Burden of Proof—Preponderance of the Evidence

1.4    Clear and Convincing Evidence

4.2    Liability of Corporations – Scope of Authority Not in Issue

3.1    Duty to Deliberate

3.2    Communication with Court

3.3    Return of Verdict


<u>Miscellaneous Instructions to be Given as Required</u>:

2.4    Deposition in Lieu of Live Testimony

2.2    Use of Interrogatories of a Party

2.4    Use of Requests for Admission of a Party



**SOURCE:**  Ninth Circuit Manual of Model Jury Instructions (Civil) (2007 Ed.)

**Disputed Instruction No. 1**
**Re Overview Of Issues To Be Decided Offered by Roots**

To help you follow the evidence, I will give you a brief summary of the positions of the parties:

Roots bring a claim for fraud. Roots alleges that in early 2005, Gap falsely promised Roots that, if Gap established a franchise business in the Arabic-speaking countries of the Middle East and North Africa, it would make Roots a Gap franchisee in the region. Roots alleges that it reasonably and foreseeably relied to its detriment on this promise by expending money and resources to prepare a study of the potential franchise relationship, and traveling extensively in the region to explore potential markets.

[Subject to the Court's ruling on Roots' motion for reconsideration: Roots alleges that in 2003, Gap induced Roots to purchase an inventory of outdated merchandise, known by the acronym OP for overproduction, by promising to permit Roots to sell in-season Gap merchandise under Gap's International Sales Program, or ISP. Roots contends that Gap falsely represented the ISP program as an opportunity to establish and grow a profitable retail operation, failing to disclose that the purpose of the program was to protect Gap's trademark, not to generate revenue or sales. Roots alleges that it reasonably relied on these misrepresentations by purchasing the OP inventory and establishing its own multi-brand retail stores in Qatar for the sale of first-line Gap merchandise.]

Roots also brings a claim to recover the value of certain services it performed for the benefit of Gap in connection with the franchise promise for which it was not compensated.

The Plaintiff has the burden of proving these claims.

Defendants deny these claims.

**SOURCE:** Ninth Circuit Model Instruction 1.2, *Ninth Circuit Manual of Model Jury Instructions – Civil* (West Group 2007 ed.) (modified).

| GIVEN: | |
|---|---|
| REFUSED: | |
| MODIFIED: | |
| WITHDRAWN: | |

JOINT PROPOSED JURY INSTRUCTIONS
Case No. C 07-03363 CRB

425924.01

**Disputed Instruction No. 1**
**Re Overview Of Issues To Be Decided Offered by Gap**

*To be offered if the Court determines that Roots cannot present a claim for quantum meruit or quasi-contract for the reasons stated in Gap's trial brief.*

      To help you follow the evidence, I will now give you a brief summary of the positions of the parties.

      [Roots] claims that [Gap fraudulently promised to make Roots a Gap franchisee if Gap pursued a franchise model in the Middle East].  [Roots] has the burden of proving [this] claims.

      [Gap] denies [Roots' claim].

      **SOURCE:**  Ninth Circuit Jury Instruction No. 1.2, as modified.

| | |
|---|---|
| GIVEN: | |
| REFUSED: | |
| MODIFIED: | |
| WITHDRAWN: | |

425924.01

**Disputed Instruction No. 1**
**Re Overview Of Issues To Be Decided Offered by Gap**

*To be offered only if the Court determines that Roots can present a claim for quantum meruit or quasi-contract to the jury; for the reasons stated in Gap's trial brief, it should not.*

To help you follow the evidence, I will now give you a brief summary of the positions of the parties.

[Roots] claims that [Gap fraudulently promised to make Roots a Gap franchisee if Gap pursued a franchise model in the Middle East. Roots also claims that it performed services for Gap in connection with the franchise promise for which it should be compensated]. [Roots] has the burden of proving these claims.

[Gap] denies [those claims and also contends that Roots' claim to recover the value of its services is barred because Roots did not file its claim within the time set by law].

[Roots] denies [Gap's affirmative defense].

**SOURCE:** Ninth Circuit Jury Instruction No. 1.2, as modified.

| GIVEN: | |
|---|---|
| REFUSED: | |
| MODIFIED: | |
| WITHDRAWN: | |

425924.01

**Disputed Instruction No. 2**
**Re Fraud and Deceit – Introductory Instruction Offered by Roots**

The plaintiff Roots seeks to recover damages based upon a claim of fraud.

Conduct may be fraudulent because of an intentional misrepresentation, concealment, or a false promise.


**SOURCE:** BAJI 12.30, *The Committee on California Civil Jury Instructions* (Spring 2008 Ed.) (modified).

| | |
|---|---|
| GIVEN: | |
| REFUSED: | |
| MODIFIED: | |
| WITHDRAWN: | |

425924.01

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**Gap's Statement re. Disputed Instruction**
**Re Fraud and Deceit—Introductory Instruction**

Gap does not believe that this instruction should be given.  Roots' Proposed Instruction No. 2 seeks to instruct the jury on fraudulent misrepresentation and fraudulent concealment— claims that are irrelevant to this litigation.  Roots only remaining fraud claim is for promissory fraud.  *See* Aug. 29, 2008 Order (Doc. 227) (SJ Order), at 13:13-15. ("In sum, summary judgment is granted to Gap on Roots' claim for fraud, except to the extent Roots alleges that Gap fraudulently promised to make them a franchisee.").  The alleged franchise promise does not constitute a fraudulent misrepresentation because it does not concern a representation about a *past or existing material fact.  Richard P. v. Vista Del Mar Child Care Serv.*, 106 Cal. App. 3d 860, 865 (Cal. App. 2d Dist. 1980) ("Fraudulent representations, to constitute ground for relief, must be as to existing and material facts.").  Moreover, Roots does not have any claim for fraudulent concealment, which it has not alleged and which is barred by the Court's summary judgment order.

Roots' proposed instruction is also improper because it relies on a form instruction on California law that is not approved for use in California Courts.  The BAJI instructions have been superseded by CACI and are no longer good law. *See* http://www.courtinfo.ca.gov/jury/civiljuryinstructions/faqs.htm#6 ("BAJI no longer is officially approved by state court rules. Los Angeles Superior Court's BAJI Committee has disbanded.").

**Disputed Instruction No. 3**
**Re Fraud and Deceit—Intentional Misrepresentation Offered by Roots**

The essential elements of a claim of fraud by intentional misrepresentation are:

1.    Defendants made a representation as to a past or existing material fact;

2.    The representation was false;

3.    Defendants must have known that the representation was false when made or must have made the representation recklessly without knowing whether it was true or false;

4.    Defendants made the representation with the intent to defraud the plaintiff, tat is, they must have made the representation for the purpose of inducing the plaintiff to rely upon it and to act or refrain from acting in reliance thereon;

5.    The plaintiff was unaware off the falsity of the representation; must have acted in reliance upon the truth of the representation and must have been justified in relying upon the representation;

6.    And, finally, as a result of the reliance upon the truth of the representation, the plaintiff sustained damage.


**SOURCE:**  BAJI 12:31, *The Committee on California Civil Jury Instructions* (Spring 2008 Ed.)

| | |
|---|---|
| GIVEN: | |
| REFUSED: | |
| MODIFIED: | |
| WITHDRAWN: | |

425924.01

**Gap's Statement re. Disputed Instruction No. 3**
**Fraud and Deceit—Intentional Misrepresentation**

Gap does not believe that this instruction should be given. Roots Proposed Instruction No. 3 seeks to instruct the jury on fraudulent misrepresentation—a claim that is not at issue in this litigation. Roots only remaining fraud claim is for promissory fraud. *See* SJ Order, at 13:13-15 ("In sum, summary judgment is granted to Gap on Roots' claim for fraud, except to the extent Roots alleges that Gap fraudulently promised to make them a franchisee."). Roots has no claim for fraudulent misrepresentation—which requires that Gap have made a representation as to a *past or existing material fact. Richard P. v. Vista Del Mar Child Care Serv.*, 106 Cal. App. 3d 860, 865 (Cal. App. 2d Dist. 1980) ("Fraudulent representations, to constitute ground for relief, must be as to existing and material facts.").

Roots' proposed instruction is also improper because it relies on a form instruction on California law that is not approved for use in California Courts. The BAJI instructions have been superseded by CACI and are no longer good law. *See* http://www.courtinfo.ca.gov/jury/civiljuryinstructions/faqs.htm#6 ("BAJI no longer is officially approved by state court rules. Los Angeles Superior Court's BAJI Committee has disbanded.").

**Disputed Instruction No. 4**
**Fraud and Deceit—Concealment Offered by Roots**

The essential elements of a claim of fraud by concealment are:

1.    Defendants concealed or suppressed a material fact;

2.    Defendants were under a duty to disclose the fact to the plaintiff;

3.    Defendants intentionally concealed or suppressed the fact with the intent to
defraud the plaintiff;

4.    The plaintiff was unaware of the fact and would not have acted as it did if it had
known the concealed or suppressed fact;

5.    And, finally, the concealment or suppression of the fact caused the plaintiff to
sustain damage.


**SOURCE:**  BAJI 12.35, *The Committee on California Civil Jury Instructions* (Spring
2008 Ed.)

| | |
|---|---|
| GIVEN: | |
| REFUSED: | |
| MODIFIED: | |
| WITHDRAWN: | |

425924.01

**Gap's Statement re. Disputed Instruction No. 4**
**Fraud and Deceit—Concealment Offered**

Gap does not believe that this instruction should be given.  Roots Proposed Instruction No. 4 seeks to instruct the jury on fraudulent misrepresentation—a claim that is not at issue in this litigation.  Roots only remaining fraud claim is for promissory fraud.  *See* SJ Order, at 13:13-15 ("In sum, summary judgment is granted to Gap on Roots' claim for fraud, except to the extent Roots alleges that Gap fraudulently promised to make them a franchisee.").  Roots has no claim for fraudulent misrepresentation—which requires that Gap have made a representation as to a *past or existing material fact.  Richard P. v. Vista Del Mar Child Care Serv.*, 106 Cal. App. 3d 860, 865 (Cal. App. 2d Dist. 1980) ("Fraudulent representations, to constitute ground for relief, must be as to existing and material facts.").

Roots' proposed instruction is also improper because it relies on a form instruction on California law that is not approved for use in California Courts.  The BAJI instructions have been superseded by CACI and are no longer good law. *See* http://www.courtinfo.ca.gov/jury/civiljuryinstructions/faqs.htm#6 ("BAJI no longer is officially approved by state court rules. Los Angeles Superior Court's BAJI Committee has disbanded.").

425924.01

**Disputed Instruction No. 5**
**Fraud and Deceit—Nondisclosure of Known Facts Offered by Roots**

~~Except as you may otherwise be instructed, where material facts are known to one party and not to the other, failure to disclose them is not actionable fraud unless there is some relationship between the parties which gives rise to a duty to disclose known facts.~~

~~A duty to disclose known facts arises where the party having knowledge of the facts is in a fiduciary or a confidential relationship with the other party.~~

~~A fiduciary or a confidential relationship exists whenever under the circumstances trust and confidence reasonably may be and is reposed by one person in the integrity and fidelity of another.~~

[A duty to disclose known facts arises [in the absence of a fiduciary or confidential relationship] where one party knows of material facts and also knows that these facts are neither known nor readily accessible to the other party,] [or when the defendant makes partial representations but also suppresses some material facts.]

**SOURCE:** BAJI 12:36, *The Committee on California Civil Jury Instructions* (Spring 2008 Ed.) (modified); *see also LiMandri v. Judkins*, 52 Cal. App. 4th 326, 336 (1997) ("[N]ondisclosure or concealment may constitute actionable fraud: . . . [1] when the defendant had exclusive knowledge of material facts not known to the plaintiff . . ., or [2] when the defendant makes partial representations but also suppresses some material facts.")

| GIVEN: | |
|---|---|
| REFUSED: | |
| MODIFIED: | |
| WITHDRAWN: | |

12

425924.01

### Gap's Statement re. Disputed Instruction No. 5
### Fraud and Deceit—Nondisclosure of Known Facts

Gap does not believe that this instruction should be given.  Roots Proposed Instruction No. 5 seeks to instruct the jury on a fraudulent concealment claim that Roots has not alleged and which is barred by the Court's summary judgment order.  *See* SJ Order, at 13:13-15 ("In sum, summary judgment is granted to Gap on Roots' claim for fraud, except to the extent Roots alleges that Gap fraudulently promised to make them a franchisee.").   Roots only remaining fraud claim is for promissory fraud.  As explained in Gap's opposition to Roots' request to file a motion for reconsideration, Roots purported "Fraudulent Concealment Claim" has not been pled in any of its complaints—despite the fact that Roots was required to plead the circumstances underlying its fraud claim with particularity.  Fed. R. Civ. P. 9(b).  And even if that claim had been alleged, it necessarily fails because Roots cannot prove either materiality or the requisite transaction without violating the parol evidence rule.  *See Limandri v. Judkins*, 52 Cal. App. 4th 326, 337 (1997) ("As a matter of common sense, such a relationship can only come into being as a result of some sort of *transaction* between the parties.") (emphasis in original).

Roots proposed instruction is also fails to properly describe the standard for fraudulent concealment.  Under California law, absent a fiduciary relationship, a failure to disclose a material fact is not actionable unless the fact was "only known" to the defendant or the defendant "actively concealed" the fact from the plaintiff.  *See Warner Constr. Corp. v. L.A.*, 2 Cal. 3d 285, 294 (Cal. 1970) ("In transactions which do not involve fiduciary or confidential relations, a cause of action for non-disclosure of material facts may arise in at least three instances: (1) the defendant makes representations but does not disclose facts which materially qualify the facts disclosed, or which render his disclosure likely to mislead; (2) the facts are known or accessible *only to defendant*, and defendant knows they are not known to or reasonably discoverable by the plaintiff; (3) the defendant *actively conceals* discovery from the plaintiff.") (emphasis added); *see also*, CACI No. 1901.

Roots proposed instruction that the jury can find a party liable for fraud if it "makes partial representations but also suppresses some material facts" is also highly misleading, and

---

13

could be understood by the jury to mean that Gap had a virtually unlimited duty of disclosure to Roots. Misrepresentation on the basis of partial suppression of facts only arises when a party "gives information of other facts which are likely to mislead for want of communication of that fact." Cal. Civ. Code 1710(3). In such cases, the party is "bound to speak honestly, and not to suppress facts that *materially qualify* those stated." 5 Witkin, Summary 10th (2005) Torts, § 799, p. 1156 (emphasis added).

Finally, Roots' proposed instruction relies on a form instruction on California law that is not approved for use in California Courts. The BAJI instructions have been superseded by CACI and are no longer good law. *See* http://www.courtinfo.ca.gov/jury/civiljuryinstructions/faqs.htm#6 ("BAJI no longer is officially approved by state court rules. Los Angeles Superior Court's BAJI Committee has disbanded.").

Because Roots proposed instruction is irrelevant, misleading, and incomplete, it should be rejected.

425924.01

**Disputed Instruction No. 6**
**Fraud and Deceit—Active Concealment of Known Facts Offered by Roots**

Intentional concealment exists where a party:

1.      While under no duty to speak, nevertheless does so, but does not speak honestly

or makes misleading statements or suppresses facts which materially qualify those

stated.


    **SOURCE:**  BAJI 12:37, *The Committee on California Civil Jury Instructions* (Spring

2008 Ed.)

| | |
|---|---|
| GIVEN: | |
| REFUSED: | |
| MODIFIED: | |
| WITHDRAWN: | |

425924.01

**Gap's Statement re. Disputed Instruction No. 6**
**Fraud and Deceit—Active Concealment of Known Facts**

Gap does not believe that this instruction should be given.  Roots Proposed Instruction No. 6 seeks to instruct the jury on fraudulent concealment—a claim that Roots has not alleged and which is barred by the Court's summary judgment order.  *See* SJ Order, at 13:13-15 ("In sum, summary judgment is granted to Gap on Roots' claim for fraud, except to the extent Roots alleges that Gap fraudulently promised to make them a franchisee.").   Roots only remaining fraud claim is for promissory fraud.

Roots' proposed instruction is also improper because it relies on a form instruction on California law that is not approved for use in California Courts.  The BAJI instructions have been superseded by CACI and are no longer good law. *See* http://www.courtinfo.ca.gov/jury/civiljuryinstructions/faqs.htm#6 ("BAJI no longer is officially approved by state court rules. Los Angeles Superior Court's BAJI Committee has disbanded.").

JOINT PROPOSED JURY INSTRUCTIONS
Case No. C 07-03363 CRB

425924.01

**Disputed Instruction No. 7**
**Re Fraud—False Promise Offered by Roots**

The essential elements of a claim of fraud by a false promise are:

1.    Defendants must have made a promise as to a material matter and, at the time it was made, Defendants did not intend to perform it;

2.    Defendants made the promise with an intent to defraud the plaintiff, that is, they must have made the promise for the purpose of inducing plaintiff to rely upon it and to act or refrain from acting in reliance upon it;

3.    The plaintiff was unaware of Defendants' intention not to perform the promise; it acted in reliance upon the promise and was justified in relying upon the promise made by the Defendants;

4.    And, finally, as a result of reliance upon Defendants' promise, the plaintiff sustained damage.


**SOURCE:**  BAJI 12:40, *The Committee on California Civil Jury Instructions* (Spring 2008 Ed.)

| | |
|---|---|
| GIVEN: | |
| REFUSED: | |
| MODIFIED: | |
| WITHDRAWN: | |

17

425924.01

**Disputed Instruction No. 7**
**Re Fraud—False Promise Offered by Gap**

Roots claims it was harmed because Gap made a false promise.  To ~~establish this~~ [prove its] claim [of fraud], [Roots] must prove all of the following [by a preponderance of the evidence]:

1.     That [Gap] made a promise to [Roots];

2.     That this promise was important to the transaction;

3.     That [Gap] did not intend to perform this promise when it made it;

4.     That [Gap] intended that [Roots] rely on this promise;

5.     That [Roots] reasonably relied on [Gap's] promise;

6.     That [Gap] did not perform the promised act;

7.     That [Roots] was harmed; and

8.     That [Roots'] reliance on [Gap's] promise was a substantial factor in causing [its] harm.

**SOURCE:**  CACI No. 1902, as modified.

| GIVEN: | |
|---|---|
| REFUSED: | |
| MODIFIED: | |
| WITHDRAWN: | |

18

425924.01

**Disputed Instruction No. 8**
**Re Opinions/Puffery/Vague Statements Not Fraudulent Promises Offered by Gap**

In order to prove that Gap made a promise, Roots must prove that the statement it claims was a promise was clear and unambiguous.  A promise is not clear and unambiguous if it is vague, general, or of uncertain duration.

**SOURCE:**  *Glen Holly Entm't, Inc. v. Tektronix Inc.*, 352 F.3d 367, 381 (9th Cir. 2003); *Glen Holly Entm't, Inc. v. Tektronix, Inc.*, 100 F. Supp. 2d 1086, 1093 (C.D. Cal. 1999); *Clay v. Koch*, No. C 95-1289-FMS, 1996 U.S. Dist. LEXIS 10677 (N.D. Cal. July 22, 1996); *B & O Mfg., Inc. v. Home Depot U.S.A., Inc.*, No. C 07-02864-JSW, 2007 U.S. Dist. LEXIS 83998, at *16-17 (N.D. Cal. Nov. 1, 2007); *Okura & Co., Inc. v. Careau Group*, 783 F. Supp. 482, 500 (C.D. Cal. 1991).

| | |
|---|---|
| GIVEN: | |
| REFUSED: | |
| MODIFIED: | |
| WITHDRAWN: | |

425924.01

**Roots' Statement re. Disputed Instruction No. 8**
**Re Opinions/Puffery/Vague Statements Not Fraudulent Promises**

Roots objects to this instruction.  This instruction is improper as the Court has already ruled on this issue.  The Court stated, in is August 29, 2008 order: "Gap argues that a promise to make Roots a franchisee is fatally vague, but the Court disagrees. . . . Gap's statement was not a mere assurance that the parties would have an ongoing relationship . . . but a specific and definite promise to bestow a valuable right upon Roots."     Because the court has definitively ruled on this issue as a *matter of law*, this instruction is improper.

| | |
|---|---|
| GIVEN: | |
| REFUSED: | |
| MODIFIED: | |
| WITHDRAWN: | |

425924.01

**Disputed Instruction No. 9**
**Re Definition Of Important Promise Offered by Gap**

A promise is important if it would influence a reasonable person's judgment or conduct. A promise is also important if the person who makes it knows that the person to whom the promise is made is likely to be influenced by it even if a reasonable person would not.

**SOURCE**:  CACI No. 1905.

| | |
|---|---|
| GIVEN: | |
| REFUSED: | |
| MODIFIED: | |
| WITHDRAWN: | |

21

425924.01

**Roots' Statement Re. Disputed Instruction No. 9**
**Re Definition Of Important Promise**

This instruction is unnecessary in the event the court approves Roots version of disputed instruction No. 7 (Re Fraud—False Promise), which uses the term "material" rather than "important".

**Stipulated Instruction No. 10**
**Re Reliance**

[Roots] relied on [Gap's] misrepresentation if it the misrepresentation caused it [Roots to spend resources on a study and on trips], and if [Roots] would probably not have done so without such misrepresentation.

It is not necessary for a misrepresentation to be the only reason for [Roots'] conduct.  It is enough if a misrepresentation substantially influenced [Roots'] choice, even if it was not the only reason for [its] conduct.

**SOURCE:**  CACI No. 1907.

| GIVEN: | |
|---|---|
| REFUSED: | |
| MODIFIED: | |
| WITHDRAWN: | |

23

JOINT PROPOSED JURY INSTRUCTIONS
Case No. C 07-03363 CRB

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**Roots Reservation of Rights re:**
**Stipulated Instruction No. 10**

Roots does not object to this instruction in respect of its claim for fraud by false promise. However, in the event the Court permits Roots to proceed with a claim for based on Gap's misrepresentations and concealment of material facts relating to the ISP program, Roots reliance would not be limited to "spending resources on a study and on trips," but would also include, among other things, purchasing the OP inventory, and establishing retail stores in Qatar to sell ISP merchandise.

**Disputed Instruction No. 11**
**Re Common Count:  Goods and Services Rendered (Quantum Meruit/Quasi-Contract)**
**Offered by Roots**

[Roots asserts a claim for *Quantum Meruit*].  Roots claims that Gap owes Roots money for services rendered. To establish this claim, Roots must prove all of the following:

1.     That Gap requested, by words or conduct, that Roots perform services for the benefit of Gap;

2.     That Roots performed the services as requested;

3.     That Gap has not paid Roots for the services; and

4.     The reasonable value of the services that were provided.


**SOURCE:**  CACI No. 371, *Judicial Council of California Civil Jury Instruction* (Summer 2008 Supp.)

| GIVEN:     |  |
|------------|--|
| REFUSED:   |  |
| MODIFIED:  |  |
| WITHDRAWN: |  |

425924.01

**Re Common Count:  Goods and Services Rendered (Quantum Meruit/Quasi-Contract)
Offered by Gap**

*To be offered only if the Court determines that Roots can present a claim for quantum meruit or
quasi-contract to the jury; for the reasons stated in Gap's trial brief, it should not.*

[Roots asserts a claim for Quantum Meruit.  Roots] claims that [Gap] owes [it] money for
[~~goods delivered~~/services rendered]. To establish this claim, [Roots] must prove all of the
following [by a preponderance of the evidence]:

1.    That [Gap] requested, by words or conduct, that [Roots] [perform services/~~deliver~~
~~goods~~] for the benefit of [Gap];

2.    That [Roots] [performed the services/~~delivered the goods~~] as requested;

3.    [That Gap received a direct benefit from the services that Roots performed;]

4.    That [Gap] has not paid [Roots] for the [services/~~goods~~]; and

5.    The reasonable value of the [~~goods~~/services] that were provided.

**SOURCE:**  CACI 371, as modified.  *See Day v. Alta Bates Medical Center*, 98 Cal. App.
4th 243, 248 (2002)  ([I]n order to recover under a quantum meruit theory, a plaintiff must
establish *both* that he or she was acting pursuant to either an express or implied request for such
services from the defendant *and* that the services rendered were *intended to and did benefit* the
defendant.") (emphasis in original); *Ochs v. PacifiCare of California*, 115 Cal. App. 4th 782, 794
(2004) (same); *Palmer v. Gregg*, 65 Cal. 2d 657, 660 (1967) ("The measure of recovery in
quantum meruit is the reasonable value of the services rendered, provided they were of direct
benefit to the defendant."); *id.* at 661 ("plaintiff's personal gardening expenses conferred no
direct benefit on decedent, and accordingly cannot be recovered in this action").

| | |
|---|---|
| GIVEN: | |
| REFUSED: | |
| MODIFIED: | |
| WITHDRAWN: | |

26

425924.01

**Gap's Statement re. Disputed Instruction No. 12**
**Re Statute of Limitations Defense (Quantum Meruit/Quasi-Contract) Offered by Gap**

*To be offered only if the Court determines that Roots can present a claim for quantum meruit or quasi-contract to the jury; for the reasons stated in Gap's trial brief, it should not.*

Gap contends that Roots' quantum meruit claim was not filed within the time set by law. Roots can only recover the value of services that it performed after June 25, 2005.  Thus, if you find that Roots has performed any services that satisfy the requirements of the previous instruction, you must then determine whether Gap has proven by the preponderance of the evidence that those services were performed before June 25, 2005.  If so, you must find that Roots' claim to recover the reasonable value of its services was not filed within the time set by law.

**SOURCE:**  Jan. 28, 2008 Order (Doc. 125), 10:19-21 ("Roots can only maintain an action for quantum meruit for services rendered <u>after</u> June 25, 2005.") (emphasis in original); Cal. Code Civ. Proc. § 339(1) (statute of limitations for quantum meruit and quasi-contract claims is two years);  3 Witkin, Cal. Procedure Actions, § 508 (4th ed. 1996) ("When services are performed at the request of another without a contract, the duty implied by law to pay for them arises immediately on performance. Hence the statute begins to run, and the plaintiff may recover only for the value of services rendered within 2 years before the suit is filed.")

| GIVEN: | |
| --- | --- |
| REFUSED: | |
| MODIFIED: | |
| WITHDRAWN: | |

425924.01

**Roots' Statement re. Disputed Instruction No. 12**
**Re Statute of Limitations Defense (Quantum Meruit/Quasi-Contract)**

Roots objects to this instruction. Gap's proposed instruction instructs the jury to find that Roots' quantum meruit claim was not timely filed if the jury finds that the services were performed before June 25, 2005. This instruction relies on an incorrect standard for determining when the statute of limitations for a quantum meruit claim accrues. As explained in Roots' trial brief, "a suit for breach of an implied contract, which is the essence of a quantum meruit claim, accrues at the time of the breach." *Kramer v. Thomas*, 2006 WL 4729242, at *14 (C.D. Cal. Sept. 28, 2006). Thus, Roots' Quantum Meruit claim did not accrue until Gap reneged on its promise to make Roots a franchisee.

**Stipulated Instruction No. 13**
**Re Damages—Proof**

It is the duty of the Court to instruct you about the measure of damages. By instructing you on damages, the Court does not mean to suggest for which party your verdict should be rendered.

If you find for [Roots], you must determine [Roots'] damages. [Roots] has the burden of proving damages by a preponderance of the evidence. Damages means the amount of money that will reasonably and fairly compensate [Roots] for any injury you find was caused by the [Gap]. ~~You should consider the following:~~

~~[Here insert types of damages. See Instruction 5.2 (Measures of Types of Damages)]~~

It is for you to determine what damages, if any, have been proved.

Your award must be based upon evidence and not upon speculation, guesswork or conjecture.

**SOURCE:** Ninth Circuit Model Jury Instruction No. 5.1, as modified.

| GIVEN: | |
|---|---|
| REFUSED: | |
| MODIFIED: | |
| WITHDRAWN: | |

29

425924.01

**Disputed Instruction No. 14**
**Re Damages For Fraud Offered by Roots**

If you find that plaintiff is entitled to a verdict against the defendant, you must then award plaintiff damages in an amount that will reasonably compensate for all the loss suffered by plaintiff and caused by the fraud upon which you base your finding of liability.

The amount of your award should be the difference between the actual value of that which the plaintiff received and the value which it would have had if the fraudulent representation had been true. This is sometimes referred to as the "benefit of the bargain."

**SOURCE:** BAJI 12:57, *The Committee on California Civil Jury Instructions* (Spring 2008 Ed.)

| | |
|---|---|
| GIVEN: | |
| REFUSED: | |
| MODIFIED: | |
| WITHDRAWN: | |

30

425924.01

**Disputed Instruction No. 14**
**Re Damages For Fraud Offered by Gap**

If you decide that [Roots] has proved [its] [fraud] claim against [Gap], you also must decide how much money will reasonably compensate [Roots] for the harm. This compensation is called "damages."

The amount of damages must include an award for all harm that [Gap] was a substantial factor in causing, even if the particular harm could not have been anticipated.

[Roots] must prove the amount of [its] damages. However, [Roots] does not have to prove the exact amount of damages that will provide reasonable compensation for the harm. You must not speculate or guess in awarding damages.

To decide the amount of damages you must determine [the amounts that Roots reasonably spent in reliance on Gap's false promise if those amounts would not otherwise have been spent]. ~~the [fair market] value of what [name of plaintiff] gave and subtract from that amount the [fair market] value of what [he/she/it] received.~~

~~["Fair market value" is the highest price that a willing buyer would have paid on the date of the transaction to a willing seller, assuming:~~

~~1.    That there is no pressure on either one to buy or sell; and~~

~~2.    That the buyer and seller know all the uses and purposes for which the [insert item] is reasonably capable of being used.]~~

~~[Name of plaintiff] may also recover amounts that he reasonably spent in reliance on [name of defendant]'s [false representation/failure to disclose/false promise] if those amounts would not otherwise have been spent.~~

**SOURCE:** CACI No. 1923, as modified; *Simon v. San Paolo U.S. Holding Co., Inc.*, 35 Cal. 4th 1159, 1176 (2005); *Gray v. Don Miller & Associates, Inc.*, 35 Cal. 3d 498, 504 (1984).

| | |
|---|---|
| GIVEN: | |
| REFUSED: | |
| MODIFIED: | |
| WITHDRAWN: | |

425924.01

**Disputed Instruction No. 15**
**Re Damages For Quantum Meruit/Quasi-Contract Offered by Roots**

If you find that Gap owes Roots money for services rendered, you must decide how much money will reasonably compensate Roots for the services rendered. To determine how much money will reasonably compensate Roots for the services rendered, you must determine the reasonable value of the services rendered by Roots for the benefit of Gap.

**SOURCE:** *Utility Audit Co., Inc. v. City of Los Angeles* (2003) 112 Cal. App. 4th 950, 958 (2003).

425924.01

**Disputed Instruction No. 15**
**Re Damages For Quantum Meruit/Quasi-Contract Offered by Gap**

*To be offered only if the Court determines that Roots can present a claim for quantum meruit or quasi-contract to the jury; for the reasons stated in Gap's trial brief, it should not.*

If you decide that Roots has proved its quantum meruit claim against Gap, you also must decide how much money will reasonably compensate Roots for the harm.  To decide the amount of damages you must determine the reasonable value of the services that Roots provided to Gap as a result of Gap's promise to make Roots a franchisee.

**SOURCE:** *Maglica v. Maglica*, 66 Cal. App. 4th 442, 449 (1998) ("The legal test for recovery in quantum meruit is not the value of the benefit, but value of the services (assuming, of course, that the services were beneficial to the recipient in the first place).").

| GIVEN: | |
|---|---|
| REFUSED: | |
| MODIFIED: | |
| WITHDRAWN: | |

33

425924.01

**Disputed Instruction No. 16**
**Re No Duplicate Damages Offered by Gap**

*To be offered only if the Court determines that Roots can present a claim for quantum meruit or quasi-contract to the jury; for the reasons stated in Gap's trial brief, it should not.*

[Roots] has made claims against [Gap] for [fraud and quantum meruit]. If you decide that [Roots] has proved both claims, the same damages that resulted from both claims can be awarded only once. [For example, you may decide to award Roots damages under a fraud theory to reimburse it for any expenses it incurred in reliance on Gap's false promise if those expenses would not otherwise have been incurred. Alternatively, you may decide to award Roots damages under a quantum meruit theory to reimburse it for the value of any services it provided to Gap with a reasonable expectation of compensation. You may not, however, reimburse Roots for the expenses it reasonably incurred in reliance on Gap's false promise and take those same expenses into account when calculating the value of Roots' services.]

**SOURCE:** CACI No. 361, as modified; *Dubarry Inter'l, Inc. v. Southwest Forest Indus., Inc.*, 231 Cal. App. 3d 552, 564-65 & n.16 (1992).

| | |
|---|---|
| GIVEN: | |
| REFUSED: | |
| MODIFIED: | |
| WITHDRAWN: | |

425924.01

**Roots' Statement re. Disputed Instruction No. 16**
**Re No Duplicate Damages**

Roots objects to this instruction.  Gap asks the Court to instruct the jury that if it finds Roots has proven both the fraud and quantum meruit claims, "the same damages that resulted from both claims can be awarded only once."  This instruction is unnecessary and is likely to confuse the jury.  The jury's reasoning in awarding damages will be clear from the special verdict forms.  Accordingly, the Court can ensure that the damages awarded are not duplicative.

425924.01

1

**Stipulated Instruction No. 17**
**Re Damages—Mitigation**

2

3

[Roots] has a duty to use reasonable efforts to mitigate damages.  To mitigate means to

avoid or reduce damages.

4

5

[Gap] has the burden of proving by a preponderance of the evidence:

6

1.      That [Roots] failed to use reasonable efforts to mitigate damages; and

7

2.      The amount by which damages would have been mitigated.

8

9

10

**SOURCE**:  Ninth Circuit Model Jury Instruction No. 5.3, as modified.

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

| GIVEN: | |
|---|---|
| REFUSED: | |
| MODIFIED: | |
| WITHDRAWN: | |

26

27

28

425924.01

**Stipulated Instruction No. 18**
**Re No Punitive Damages**

*To be used if Roots does not make prima facie showing that punitive damages are warranted.*

You must not include in your award any damages to punish or make an example of [Gap]. Such damages would be punitive damages, and they cannot be part of your verdict. You must award only the damages that fairly compensate the other party for [its] loss.

**SOURCE:** CACI No. 3924, as modified.

| | |
|---|---|
| GIVEN: | |
| REFUSED: | |
| MODIFIED: | |
| WITHDRAWN: | |

**Stipulated Instruction No. 19**
**Re Punitive Damages—Entity Defendant—Bifurcated Trial**
**(First Phase)**

*To be used if Roots makes a prima facie showing that punitive damages are warranted and the punitive damages are bifurcated.*

[You may consider awarding punitive damages only if Roots proves its claim for fraud.] If you decide that [Gap's] conduct ~~caused [name of plaintiff] harm~~[meets the test I have described for fraud], you must decide whether that conduct justifies an award of punitive damages. The amount, if any, of punitive damages will be an issue decided later.

At this time, you must decide whether [Roots] has proved that [Gap] engaged in that conduct with malice, oppression, or fraud. To do this, [Roots] must prove ~~[one of]~~ the following by clear and convincing evidence:

1.    [That the conduct constituting malice, oppression, or fraud was committed by one or more officers, directors, or managing agents of [Gap] who acted on behalf of [Gap.] ~~[or]~~

2.    ~~[That the conduct constituting malice, oppression, or fraud was authorized by one or more officers, directors, or managing agents of [name of defendant]; [or]~~

3.    ~~[That one or more officers, directors, or managing agents of [name of defendant] knew of the conduct constituting malice, oppression, or fraud and adopted or approved that conduct after it occurred.]~~

"Malice" means that [Gap] acted with intent to cause injury or that [Gap]'s conduct was despicable and was done with a willful and knowing disregard of the rights or safety of another. A person acts with knowing disregard when he or she is aware of the probable dangerous consequences of his or her conduct and deliberately fails to avoid those consequences.

"Oppression" means that [Gap]'s conduct was despicable and subjected [Roots] to cruel and unjust hardship in knowing disregard of [~~his/her~~][its] rights.

"Despicable conduct" is conduct that is so vile, base, or contemptible that it would be looked down on and despised by reasonable people.

"Fraud" means that [Gap] intentionally misrepresented or concealed a material fact and did so intending to harm [Roots].

---

38

425924.01

1   An employee is a "managing agent" if he or she exercises substantial independent

2   authority and judgment in his or her corporate decision making such that his or her decisions

3   ultimately determine corporate policy.

6   **SOURCE**:  CACI 3946, as modified

| GIVEN: | |
|---|---|
| REFUSED: | |
| MODIFIED: | |
| WITHDRAWN: | |

425924.01

**Stipulated Instruction No. 20**
**Re Punitive Damages—Entity Defendant—Bifurcated Trial**
**(Second Phase)**

*To be used if Roots makes a prima facie showing that punitive damages are warranted and the punitive damages are bifurcated.*

You must now decide the amount, if any, that you should award [Roots] in punitive damages. The purposes of punitive damages are to punish a wrongdoer for the conduct that harmed the plaintiff and to discourage similar conduct in the future.

There is no fixed standard for determining the amount of punitive damages, and you are not required to award any punitive damages. If you decide to award punitive damages, you should consider all of the following in determining the amount:

(a)    How reprehensible was [Gap]'s conduct?

In deciding how reprehensible [Gap]'s conduct was, you may consider, among other factors:

1.    Whether the conduct caused physical harm;

2.    Whether [Gap] disregarded the health or safety of others;

3.    Whether [Roots] was financially weak or vulnerable and [Gap] knew [Roots] was financially weak or vulnerable and took advantage of [it];

4.    Whether [Gap]'s conduct involved a pattern or practice; and

5.    Whether [Gap] acted with trickery or deceit.

(b)    Is there a reasonable relationship between the amount of punitive damages and [Roots]'s harm [or between the amount of punitive damages and potential harm that [Gap] knew was likely to occur because of [its] conduct]?

(c)    In view of [Gap]'s financial condition, what amount is necessary to punish [him/her] and discourage future wrongful conduct? You may not increase the punitive award above an amount that is otherwise appropriate merely because [Gap] has substantial financial resources. [Any award you impose may not exceed [Gap]'s ability to pay.]

**Stipulated Instruction No. 21**
**Re Punitive Damages—Entity Defendant—Trial Not Bifurcated**

*To be used if Roots makes a prima facie showing that punitive damages are warranted and the punitive damages are not bifurcated.*

If you decide that Gap's conduct caused Roots harm, you must decide whether that conduct justifies an award of punitive damages. The purposes of punitive damages are to punish a wrongdoer for the conduct that harmed the plaintiff and to discourage similar conduct in the future.

You may award punitive damages against Gap only if Roots proves that Gap engaged in that conduct with malice, oppression, or fraud. To do this, Roots must prove one of the following by clear and convincing evidence:

1.    That the conduct constituting malice, oppression, or fraud was committed by one or more officers, directors, or managing agents of Gap, who acted on behalf of Gap; or

2.    That the conduct constituting malice, oppression, or fraud was authorized by one or more officers, directors, or managing agents of Gap; or

3.    That one or more officers, directors, or managing agents of Gap knew of the conduct constituting malice, oppression, or fraud and adopted or approved that conduct after it occurred.

"Malice" means that Gap acted with intent to cause injury or that Gap's conduct was despicable and was done with a willful and knowing disregard of the rights or safety of another. A person acts with knowing disregard when he or she is aware of the probable dangerous consequences of his or her conduct and deliberately fails to avoid those consequences.

"Oppression" means that Gap's conduct was despicable and subjected Roots to cruel and unjust hardship in knowing disregard of Roots' rights.

41

425924.01

"Despicable conduct" is conduct that is so vile, base, or contemptible that it would be looked down on and despised by reasonable people.

"Fraud" means that Gap intentionally misrepresented or concealed a material fact and did so intending to harm Roots.

An employee is a "managing agent" if he or she exercises substantial independent authority and judgment in his or her corporate decision making such that his or her decisions ultimately determine corporate policy.

There is no fixed formula for determining the amount of punitive damages, and you are not required to award any punitive damages. If you decide to award punitive damages, you should consider all of the following in determining the amount:

(a)    How reprehensible was Gap's conduct? In deciding how reprehensible Gap's conduct was, you may consider, among other factors:

1.    Whether the conduct caused physical harm;

2.    Whether Gap disregarded the health or safety of others;

3.    Whether Roots was financially weak or vulnerable and Gap knew Roots was financially weak or vulnerable and took advantage of it;

4.    Whether Gap's conduct involved a pattern or practice; and

5.    Whether Gap acted with trickery or deceit.

(b)    Is there a reasonable relationship between the amount of punitive damages and Roots' harm or between the amount of punitive damages and potential harm to Roots that Gap knew was likely to occur because of its conduct?

(c)    In view of Gap's financial condition, what amount is necessary to punish it and discourage future wrongful conduct? You may not increase the punitive award above an amount that is otherwise appropriate merely because Gap has substantial financial resources.

1

**SOURCE:**  CACI No. 3945, *Judicial Council of California Civil Jury Instruction* (Summer 2008 Supp.)]

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

| GIVEN: | |
|---|---|
| REFUSED: | |
| MODIFIED: | |
| WITHDRAWN: | |

425924.01

1
2

**Disputed Instruction No. 22**
**Re Arguments Of Counsel Not Evidence Of Damages Offered by Gap**

3
4
5

    The arguments of the attorneys are not evidence of damages.  Your award must be based on your reasoned judgment applied to the testimony of the witnesses and the other evidence that has been admitted during trial.

6
7
8

    **SOURCE:**  CACI No. 3925.

9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

| GIVEN: | |
|---|---|
| REFUSED: | |
| MODIFIED: | |
| WITHDRAWN: | |

425924.01

1
2

**Roots' Statement re. Disputed Instruction No. 22**
**Re Arguments Of Counsel Not Evidence Of Damages**

3

4

5

Roots objects to this instruction.  This proposed instruction is unnecessary.  Stipulated general instructions 1.6 and 1.7 will explain what is, and what is not, evidence.  Repeating these instructions with respect to damages is unnecessary, and is likely to confuse the jury.

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

425924.01

1

**Stipulated Instruction No. 23**
**Re Jurors Not To Consider Attorney Fees And Court Costs**

2

3          You must not consider, or include as part of any award, attorney fees or expenses that the

4    parties incurred in bringing or defending this lawsuit.

5

6

7          **SOURCE:**  CACI 3964.

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

| GIVEN: | |
|---|---|
| REFUSED: | |
| MODIFIED: | |
| WITHDRAWN: | |

425924.01

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**Disputed Instruction No. 24**
**Re Insurance Offered by Gap**

You must not consider whether any of the parties in this case has insurance.  The presence or absence of insurance is totally irrelevant.  You must decide this case based only on the law and the evidence.

**SOURCE:**  CACI 5001.

| GIVEN: | |
| --- | --- |
| REFUSED: | |
| MODIFIED: | |
| WITHDRAWN: | |

47

425924.01

**Roots' Statement re. Disputed Instruction No. 24**
**Re Insurance**

Roots objects to this instruction.  This proposed instruction unnecessary, and is likely to confuse the jury.  There are no insurance issues in this case, nor will the issue of insurance be discussed or mentioned at trial.

| GIVEN: | |
|---|---|
| REFUSED: | |
| MODIFIED: | |
| WITHDRAWN: | |

425924.01

1    Dated:  September 19, 2008                    KEKER & VAN NEST, LLP

2

3                                                 By: _____/s/ Daralyn Durie _____
                                                     DARALYN J. DURIE
4                                                    Attorneys for Defendants
                                                     GAP INTERNATIONAL SALES, INC.,
5                                                    THE GAP, INC., BANANA REPUBLIC,
                                                     LLC, and OLD NAVY, LLC

6    Dated:  September 19, 2008                    COVINGTON & BURLING, LLP

7

8

9                                                 By: _____/s/ Bradley Nash _____
                                                     BRADLEY NASH
10                                                   Attorneys for Defendants
                                                     GAP INTERNATIONAL SALES, INC.,
11                                                   THE GAP, INC., BANANA REPUBLIC,
                                                     LLC, and OLD NAVY, LLC

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

425924.03