RICHARD A. JONES (Bar No. 135248)
(rjones@cov.com)
COVINGTON & BURLING LLP
One Front Street
San Francisco, CA 94111
Telephone: (415) 591-6000
Facsimile: (415) 591-6091

(*Additional Counsel on Signature Page*)

Attorneys for Plaintiff
Roots Ready Made Garments Co. W.L.L.

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF CALIFORNIA**

ROOTS READY MADE GARMENTS CO. W.L.L.,

Plaintiff,

v.

THE GAP, INC., a/k/a, GAP, INC., GAP INTERNATIONAL SALES, INC., BANANA REPUBLIC, LLC, and OLD NAVY, LLC,

Defendants.

Case No. C 07 3363 CRB

PLAINTIFF'S MEMORANDUM OF LAW REGARDING DISPUTED JURY INSTRUCTIONS

Date: September 26, 2008
Time: 2:30 p.m.
Place: Courtroom 8, 19th Floor
Judge: Charles R. Breyer

**Trial Date: October 6, 2008**

Pursuant to paragraph 1(c) of this Court's Guidelines for Trial and Final Pretrial Conference in Civil Jury Cases, Plaintiff Roots Ready Made Garments Co. W.L.L. ("Roots"), submits the following Memorandum of Law Regarding Disputed Jury Instructions.

**Disputed Instructions Nos. 1-6**

Roots seeks instructions on intentional misrepresentation and fraudulent concealment. Roots asserts that Gap defrauded it by deliberately misrepresenting the purpose and scope of the ISP program, and by failing to disclose the fact that ISP program was not intended to generate sales or profits, but rather to protect Gap's foreign trademarks by providing a minimal volume of sales abroad. The Court did not consider this aspect of Roots fraud claim in its August 29, 2008 Order on Gap's summary judgment motion. According, Roots has sought leave to file a motion for reconsideration of the Order to clarify the Court's ruling in respect of this claim. The Court's rationale for dismissing Roots' other promissory fraud claim on parol evidence grounds – that the alleged misrepresentations contradicted Gap's written ISP agreement – has no application here. The ISP agreement is silent on the nature and purpose of the program. Roots relied to its detriment on Gap's fraudulent misrepresentation and concealment of material facts by purchasing the OP inventory, and going to the expense of establishing retail stores in Qatar to sell ISP merchandise.

Roots' instruction on nondisclosure of known facts (Disputed Instruction No. 5) is supported by California law. There are "four circumstances in which nondisclosure or concealment may constitute actionable fraud: (1) when the defendant is in a fiduciary relationship with the plaintiff; (2) when the defendant had exclusive knowledge of material facts not known to the plaintiff; (3) when the defendant actively conceals a material fact from the plaintiff; and (4) when the defendant makes partial representations but also suppresses some material facts." *LiMandri v. Judkins*, 52 Cal. App. 4th 326, 336 (1997). Roots' proposed instruction comports with the second and fourth circumstances listed above.

**Disputed Instructions 7, 9**

Gap's proposed instruction for fraud by false promise (Disputed Instruction No. 7) is likely to confuse the jury. In particular, the instruction that Roots must prove that Gap's "promise was important to the transaction" does not clearly apply to Roots claim, as Roots and Gap never consummated a franchise transaction. Disputed Instruction No. 9 Re Definition of Important

Promise is unnecessary in the event the court approves Roots version of Disputed Instruction No. 7, which uses the term "material" rather than "important."

**Disputed Instruction No. 8**

Gap seeks an instruction that a promise underlying a fraud claim must be "clear and unambiguous." The instruction is unnecessary because this Court has already resolved the issue. The August 29, 2008 Order on Gap's motion for summary judgment states:

> Gap argues that the promise to make Roots a franchisee is fatally vague, but the Court disagrees. Roots' President Sheikh Faisal Ahmed Al-Thani testified that Gap official Ron Young promised to make Roots a franchisee if Gap moved to a franchise model, which Gap did. See Al-Thani Depo. 41:23-43:20. If true, Gap's statement was not a mere assurance that the parties would have an ongoing relationship, *see Goengineer, Inc. v. Autodesk, Inc.*, 2002 WL 243603, *4 (N.D. Cal. Feb. 4, 2002), but a specific and definite promise to bestow a valuable right upon Roots.

8/29/08 Order at 13. Because the court has already concluded that Gap's promise to make Roots a franchisee was sufficiently clear, the instruction is improper.

**Disputed Instruction No. 11**

Gap seeks to add an element to the CACI model jury instruction for *quantum meruit – i.e.*, that "Gap received a direct benefit from the services that Roots performed." California law does not impose this requirement, however. In *Earhart v. William Low Co.*, 25 Cal. 3d 503, 505 (1979), the California Supreme Court reversed a trial court's decision limiting the plaintiff's recovery on a *quantum meruit* claim to expenses incurred through services that conveyed a direct "benefit" on the defendant. The Court found that the plaintiff was entitled to recover full value of his labor because he had "rendered the very performance that defendant requested." *Id.* at 506.

The Court should accordingly decline Gap's request to modify the model instruction for *quantum meruit*.

**Disputed Instruction No. 12**

Gap's proposed instruction instructs the jury that Roots' quantum meruit claim is not timely filed if the jury finds that the services were performed before June 25, 2005. This instruction relies on an incorrect standard for determining when the statute of limitations for a *quantum meruit* claim accrues. As explained in Roots' trial brief, "a suit for breach of an implied contract, which is the

essence of a quantum meruit claim, accrues at the time of the breach." *Kramer v. Thomas*, 2006 WL 4729242, at *14 (C.D. Cal. Sept. 28, 2006). Thus, Roots' *quantum meruit* claim did not accrue when Roots performed the services at issue, but rather when Gap reneged on its promise to compensate Roots by making it a franchisee.

**Disputed Instruction No. 14**

The court should instruct the jury to apply the "benefit of the bargain" test to determine Roots' damages for the fraud claim. Fraud damages are generally governed by Cal. Civ. Code § 3333, which provides that a tort victim should receive "the amount which will compensate for all the detriment proximately caused thereby, whether it could have been anticipated or not." California courts have awarded fraud plaintiffs benefit of the bargain damages. *See Pepitone v. Russo*, 64 Cal. App. 3d 685, 689 n. 2 (1976) (holding "that the measure of damages provided by [§ 3333] is substantially the same as that for breach of contract prescribed by section 3300; *i.e.*, it tends to give the injured party the benefit of his bargain and insofar as possible to place him in the same position he would have been had the promisor performed the contract").

Gap asks the court to give an instruction limiting Roots' recovery on its fraud claim to out-of-pocket damages. The California legislature has enacted a separate statute limiting a subset of fraud claims – those arising from the "purchase, sale or exchange of property" – to out of pocket damages. *See* Cal. Civ. Code § 3343. That provision has no application here. In *Alliance Mortg. Co. v. Rothwell*, 10 Cal. 4th 1226, 1240 (1995), the California Supreme Court stated that by enacting § 3343 "the legislature has expressly provided that the 'out-of-pocket' rather than the 'benefit-of-the-bargain' measure of damages should apply" to cases under that section. In contrast, the Court interpreted § 3333 as a "'broader' measure of damages." *Id.* at 1241.

**Disputed Instruction No. 17**

Gap asks the Court to instruct the jury that if it finds Roots has proven both the fraud and quantum meruit claims, "the same damages that resulted from both claims can be awarded only once." This instruction is unnecessary and is likely to confuse the jury. The jury's reasoning in

awarding damages will be clear from the special verdict forms. Accordingly, the Court can ensure that the damages awarded are not duplicative.

**Disputed Instruction 21**

This proposed instruction is unnecessary. Ninth Circuit Model Instructions 1.6 and 1.7, which the parties have stipulated to include, will adequately explain to the jury what is, and what is not, evidence. Repeating these generally instructions with respect to damages is unnecessary, and is likely to confuse the jury.

**Disputed Instruction 23**

This proposed instruction unnecessary, and is likely to confuse the jury. There are no insurance issues in this case. Nor will the issue of insurance be discussed or mentioned at trial.

COVINGTON & BURLING LLP

By: /s/
RICHARD A. JONES

Attorneys for ROOTS READY MADE GARMENTS CO. W.L.L.