1 | RICHARD A. JONES (Bar No. 135248)
(rjones@cov.com)
2 | COVINGTON & BURLING LLP
One Front Street
3 | San Francisco, CA 94111
Telephone: (415) 591-6000
4 | Facsimile: (415) 591-6091

5 | (*Additional Counsel on Signature Page*)

6 | Attorneys for Plaintiff
Roots Ready Made Garments Co. W.L.L.

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROOTS READY MADE GARMENTS CO. W.L.L., <br><br> Plaintiff, <br><br> v. <br><br> THE GAP, INC., a/k/a, GAP, INC., GAP INTERNATIONAL SALES, INC., BANANA REPUBLIC, LLC, AND OLD NAVY, LLC, <br><br> Defendants. | Case No: C 07 3363 CRB <br><br> PLAINTIFF'S MOTION *IN LIMINE* NO. 1 TO EXCLUDE INADMISSIBLE LAY OPINION TESTIMONY <br><br> Date: September 26, 2008 <br> Time: 2:30 p.m. <br> Place: Courtroom 8, 19th Floor <br> Judge: Charles R. Breyer <br><br> **Trial Date: October 6, 2008** |

**NOTICE OF MOTION AND STATEMENT OF RELIEF SOUGHT**

PLEASE TAKE NOTICE, that on September 26, 2008 at 2:30 p.m., before the Honorable Charles R. Breyer, United States District Court for the Northern District of California, 450 Golden Gate Avenue, Courtroom 8, San Francisco, California, Plaintiff Roots Ready Made Garments Co. W.L.L. ("Roots") will, and hereby does move this Court for an order excluding improper lay opinion testimony under Rule 701 of the Federal Rules of Evidence.

**PRELIMINARY STATEMENT**

The Court should preclude Defendants The Gap, Inc. a/k/a Gap, Inc., Gap International Sales, Inc., Banana Republic, LLC, and Old Navy, LLC (collectively, "Gap") from introducing at trial lay opinion testimony elicited during the depositions of Roots' witnesses Ashraf Abu Issa, Sheikh Faisal Al Thani, and Naser Beheiry. Repeatedly during their depositions, these lay witnesses were asked improper questions that called for legal conclusions on issues ranging from the enforceability of a contract to the existence of an agency. Such testimony is inadmissible opinion testimony under Fed. R. Evid. 701 and should be excluded.

**BACKGROUND**

This case arises out of a business relationship between Gap and Roots relating to the sale of Gap merchandise in the Arabic-speaking countries of the Middle East and North Africa.

Throughout the course of discovery, Gap repeatedly attempted to elicit improper lay opinion testimony from Roots' witnesses, including Ashraf Abu Issa, Sheikh Faisal Al Thani, and Naser Beheiry (the "Lay Witnesses"), regarding the existence, scope, and enforceability of various contracts. Roots' former CEO, Abu Issa, was asked to opine on the meaning of various provisions of a contract between Roots and Gabana Gulf Distribution Ltd. ("Gabana") (Ex. 1: 123:5-19)[1]; the legal enforceability of a Letter of Understanding (Ex. 3: 25:3-20); the point in time at which Gap and Roots entered into a binding legal contract (Ex. 3: 48:23-49:3); the point

---

[1] All Exhibits cited in Plaintiff's Motions *In Limine* are exhibits to the accompanying Declaration of Bradley J. Nash, dated September 15, 2008.

in time that Roots was legally bound to purchase Gap's OP Inventory (Ex. 3: 100:24-101:12); the existence of an agency relationship between Roots and Gabana's principal, Francois Larsen (59:23-60:10); and the meaning of various contractual provisions (Ex. 3: 168:24-169:5; 154:22-155:17). Al Thani was asked to interpret the scope of Gabana's rights under the contract between Gap and Gabana (Ex. 2: 84:21-86:2; 94:13-95:5; 96:8-15). Naser Beheiry, finally, was asked to interpret the purpose and meaning of contract language. (Ex. 4: 88:5-89:12).

In its pretrial disclosures, Gap has indicated that it expects to present at trial the deposition testimony of Roots' witnesses, including Ashraf Abu Issa, Sheikh Faisal Al Thani, and Naser Beheiry. (Ex. 5).

## ARGUMENT

The testimony of the Lay Witnesses regarding their interpretations and understanding of contract provisions and other legal issues is inadmissible under Fed. R. Evid. 701 and should be excluded.

Under Federal Rule of Evidence 701, "opinion testimony by lay witnesses is limited to opinions which are rationally based on the perception of the witness and helpful to a clear understanding of his testimony or the determination of a *fact* in issue." *Evangelista v. InlandBoatman's Union of the Pacific*, 777 F.2d 1390, 1398 n.3 (9th Cir. 1985). The advisory committee notes make clear that the Rule "affords ample [assurance] against the admission of opinions which would merely tell the jury what result to reach. . . . [The Rule] also stands ready to exclude opinions phrased in terms of inadequately explored legal criteria." *Id.* In California, it was "long ago established the interpretation of a written instrument, even though it involves what might properly be called questions of fact, is essentially a judicial function to be exercised according to the generally accepted canons of interpretation so that the purposes of the instrument may be given effect." *Morrow v. Los Angeles Unified School District, et al.*, 149 Cal. App. 4th 1424, 1444-45 (2007) (internal citations omitted).

The testimony of the Lay Witnesses regarding such matters as the construction of contractual provisions; the existence and scope of legal rights under a contract; the

- 2 -

1  enforceability of a contract; the existence of an agency relationship; and the legal effect of a
2  contract is inadmissible lay opinion testimony.  In *Evangelista,* 777 F.2d at 1398 n.3, the
3  plaintiff attempted to proffer a declaration in which the chairman of a union that negotiated a
4  collective bargaining agreement stated that it was improper under the agreement for a
5  representative of the union to handle a grievance that contained a complaint against the
6  representative.  The Court rejected this evidence as improper lay opinion testimony, concluding
7  that the chairman's "opinion as to the correct construction of the collective bargaining
8  agreement – i.e., what is or is not the proper procedure for handling grievances – is an
9  inadmissible legal conclusion." *Id.*; *see also Morrow,* 149 Cal. App. 4th at 1444-45 (lay
10 witness' "statement amounts to an improper lay opinion as to the meaning and legal effect of the
11 contract.").  Here, as in *Evangelista*, any attempt by Gap to introduce any statements by the Lay
12 Witnesses interpreting contract terms and opining on the existence and enforceability of various
13 agreements would be similarly inappropriate.  Such testimony is inadmissible under *Evangelista*
14 and Fed. R. Evid. 701 and should be excluded.

## CONCLUSION

For the foregoing reasons, the Court should preclude Gap from introducing at trial the Lay Witnesses' inadmissible lay opinion testimony.

Respectfully submitted,

 /s Robert P. Haney_____
ROBERT P. HANEY