| | |
|---|---|
| 1 | KEKER & VAN NEST, LLP |
| | DARALYN J. DURIE - #169825 |
| 2 | CHRISTA M. ANDERSON - #184325 |
| | DAN JACKSON - #216091 |
| 3 | ROSE DARLING - #243893 |
| | REBEKAH PUNAK - #248588 |
| 4 | 710 Sansome Street |
| | San Francisco, CA 94111-1704 |
| 5 | Telephone: (415) 391-5400 |
| | Facsimile: (415) 397-7188 |
| 6 | |
| 7 | Attorneys for Defendants |
| | THE GAP, INC., a/k/a, GAP, INC., GAP INTERNATIONAL |
| 8 | SALES, INC., BANANA REPUBLIC, LLC, AND OLD NAVY, LLC |

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| ROOTS READY MADE GARMENTS CO. W.L.L., | Case No. C 07-03363 CRB |
| Plaintiff, | **DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION *IN LIMINE* NO. 1 TO EXCLUDE INADMISSIBLE LAY OPINION TESTIMONY** |
| v. | |
| THE GAP, INC., a/k/a, GAP, INC., GAP INTERNATIONAL SALES, INC., BANANA REPUBLIC, LLC, AND OLD NAVY, LLC | Date:   September 26, 2008<br>Time:   2:30 p.m.<br>Dept:   8<br>Judge:  Honorable Charles R. Breyer |
| Defendants. | **Trial Date: October 6, 2008** |

425698.01

DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION IN LIMINE NO. 1 TO EXCLUDE INADMISSIBLE LAY OPINION TESTIMONY
Case No. C 07-03363 CRB

## I. INTRODUCTION

Roots' Motion *in Limine* No. 1 should be moot because the evidence Roots seeks to exclude does not relate to the only issue remaining in this case—whether Gap fraudulently promised Roots franchise rights. It is clear from Roots' pre-trial filings, however, that Roots intends to try this case as if the Court never issued its summary judgment order. And Roots wants to do so while precluding Gap from putting in precisely the type of evidence that supported the Court's ruling in Gap's favor—evidence that, for example, Roots authorized Francois Larsen of Gabana to negotiate written agreements on Roots' behalf and understood that it was bound by those written agreements.

This Court should confine this case to the scope delineated in its summary judgment order, and preclude irrelevant evidence about purported promises and agreements other than the alleged franchise promise. But if the Court allows Roots to introduce any such evidence, Gap must be allowed to introduce the evidence described in Roots' Motion *in Limine* No. 1, which shows that Roots understood and agreed to the terms of the written agreements between Gap and Gabana and could not reasonably have relied on any contrary promises. This is, after all, now really just a fraud case, and it is absurd for Roots to attempt to preclude Gap from introducing evidence directly relevant to whether Roots reasonably relied on any promises Gap allegedly made.

Roots' only justification for excluding such evidence is that "lay opinions" on conclusions of law are inadmissible. But the evidence described in Roots' motion consists of the admissions of Roots' own witnesses. The "lay opinion" rule is intended to prevent witnesses from usurping the role of the Court in instructing the jury on the law; it does not apply to exclude a party's admissions about what it knew, understood, and agreed. Accordingly, the Court should deny Roots' Motion *in Limine* No. 1.

## II. ARGUMENT

The premise of Roots' first motion *in limine* is that the admissions of its own witnesses were "lay opinions" and inadmissible under Federal Rule of Evidence 701. But "it is well settled that the opinion rule does not apply to a party's admissions." *Owens v. Atchison, Topeka &*

1

DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION IN LIMINE NO. 1 TO EXCLUDE INADMISSIBLE LAY OPINION TESTIMONY
Case No. C 07-03363 CRB

425698.01

1  *Santa Fe R. Co.*, 393 F.2d 77, 79 (5th Cir. 1968); *accord United States v. Bakshinian*, 65 F.
2  Supp. 2d 1104, 1109 (C.D. Cal. 1999).[1]  Thus, for example, the court in *First National Mortgage*
3  *Co. v. Federal Realty Investment Trust*, No.C-03-02013 RMW, 2006 U.S. Dist. LEXIS 57113
4  (N.D. Cal. Aug. 3, 2006), held that a party's admission that he did not know whether his
5  company had the right to change its mind after signing a final proposal was relevant to prove
6  whether the party intended the agreement to be binding and "does not seek to instruct the jury on
7  the applicable law and thus is not a legal conclusion." *Id.* at *57.
8        Gap would not seek to use any of the admissions discussed in Roots' motion to "instruct
9  the jury on the applicable law," *id.*, but to counter evidence that Roots may seek to introduce that
10 it had some agreement with Gap or Gap made some promise that was independent from the
11 written agreements between Gap and Gabana, that Roots reasonably relied on any such promise,
12 that Francois Larsen was not authorized to enter into agreements affecting Roots' rights, or that
13 Roots' understanding of the relationship between the parties varied from what is stated in the
14 written agreements—in short, all of the issues that Roots lost on summary judgment.
15       Thus, addressing the specific portions of testimony Roots calls out in its motion:

- Mr. Abu Issa's admissions that Roots could not "grant anything that we don't have from Gabana" and that Roots "manages rights granted to Gabana," and similar admissions from him, Mr. Beheiry and Mr. Al-Thani, would not be introduced if Roots' case is confined to the alleged franchise promise, but are admissible to counter any attempt Roots might make—contrary to this Court's summary judgment ruling and the parol evidence rule—to prove that Gap made some other promise at odds with the Gap-Gabana agreements on which Roots reasonably relied. Roots cannot seriously contend that its own witnesses' beliefs and understandings about Roots' relationship with Gap are not

---

[1] The rare exception is where the party admits "an opinion on an abstract question of law." 2 McCormick on Evidence § 256 (2006). Such was the case in *Evangelista v. Inlandboatmen's Union of Pac.*, 777 F.2d 1390 (9th Cir. 1985), on which Roots heavily relies. There, the party sought to introduce an unsigned declaration as proof of the abstract legal question of what procedure was "proper." *Id.* at 1398 n.3. The unsigned declaration in *Evangelista* is nothing like the sworn deposition testimony at issue here, which goes to the heart of Roots' own understanding of its relationship (or lack of one) with Gap, and whether, in light of that understanding, Roots could reasonably have relied on any of Gap's alleged promises.

2
DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION IN LIMINE NO. 1 TO EXCLUDE INADMISSIBLE LAY OPINION TESTIMONY
Case No. C 07-03363 CRB

425698.01

admissible on the issue of whether Roots reasonably relied on any promises Gap allegedly made. *See* Nash Decl. Ex. 1 at 123:5-19, Ex. 2 at 84:21-86:2, 94:13-96:15; Ex. 3 at 100:24-101:12, 154:22-155:17, Ex. 4 at 88:5-89:12;

- Abu Issa's claim that the letter of understanding between Gabana and Roots was not enforceable but was just "like minutes of meetings"—despite the fact that it was signed, includes provisions such as choice of law, and so on— goes to his credibility, and, again, if Roots is allowed to put on evidence attempting to show some independent agreement between Roots and Gap despite the Court's summary judgment order, then Abu Issa's and others' testimony about their extended efforts to reach an agreement with Gabana reflecting the terms of the Gap-Gabana contracts should be admitted as well. *See id.* Ex. 3 at 25:3-20;

- Abu Issa's testimony that he did not think Roots had an enforceable agreement after his conversations with Gap, and that Roots had no oral agreements other than the alleged agreement to buy excess inventory in exchange for ISP distribution rights, are relevant to disprove Roots' claim that any such oral agreements existed, which it should be barred from presenting in any event. Moreover, Roots' characterization of his testimony as a "legal conclusion" is absurd since he was the one supposedly engaged in the negotiation of oral contracts. *See id.* Ex. 3 at 48:23-49:3; and

- Abu Issa's admission that Francois Larsen was authorized to negotiate with Gap on Roots' behalf is relevant and admissible—as this Court has already determined—to disprove Roots' claim to the contrary, should it be allowed to rehash that rejected argument. *See id.* at 59:23-60:10.

None of these are "legal conclusions," they are straightforward party admissions of facts that should no longer in dispute, but which Gap cannot be precluded from proving if Roots' attempt to ignore the import of the Court's summary judgment order makes it necessary.

### III.   CONCLUSION

For the foregoing reasons, the Court should deny Roots' Motion *in Limine* No. 1.

3
DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION IN LIMINE NO. 1 TO EXCLUDE INADMISSIBLE LAY OPINION TESTIMONY
Case No. C 07-03363 CRB

425698.01

| | | |
|---|---|---|
| 1 | Dated: September 18, 2008 | KEKER & VAN NEST, LLP |
| 2 | | |
| 3 | | |
| 4 | | By:  /s/ Dan Jackson  <br>DAN JACKSON <br>Attorneys for Defendants |
| 5 | | GAP INTERNATIONAL SALES, INC., <br>THE GAP, INC., BANANA REPUBLIC, |
| 6 | | LLC, and OLD NAVY, LLC |
| 7 | | |
| 8 | | |
| 9 | | |
| 10 | | |
| 11 | | |
| 12 | | |
| 13 | | |
| 14 | | |
| 15 | | |
| 16 | | |
| 17 | | |
| 18 | | |
| 19 | | |
| 20 | | |
| 21 | | |
| 22 | | |
| 23 | | |
| 24 | | |
| 25 | | |
| 26 | | |
| 27 | | |
| 28 | | |

4
DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION IN LIMINE NO. 1 TO EXCLUDE INADMISSIBLE LAY OPINION TESTIMONY
Case No. C 07-03363 CRB

425698.01