KEKER & VAN NEST, LLP
DARALYN J. DURIE - #169825
CHRISTA M. ANDERSON - #184325
DAN JACKSON - #216091
ROSE DARLING - #243893
REBEKAH PUNAK - #248588
710 Sansome Street
San Francisco, CA 94111-1704
Telephone: (415) 391-5400
Facsimile: (415) 397-7188

Attorneys for Defendants
THE GAP, INC., a/k/a, GAP, INC., GAP INTERNATIONAL SALES, INC., BANANA REPUBLIC, LLC, AND OLD NAVY, LLC

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

ROOTS READY MADE GARMENTS CO. W.L.L.,

Plaintiff,

v.

THE GAP, INC., a/k/a, GAP, INC., GAP INTERNATIONAL SALES, INC., BANANA REPUBLIC, LLC, AND OLD NAVY, LLC

Defendants.

Case No. C 07-03363 CRB

**DEFENDANTS' OPPOSITION TO ROOTS' MOTION IN LIMINE NO. 2 TO PRECLUDE GAP FROM ASSERTING AT TRIAL THAT ROOTS WAS NOT AUTHORIZED TO RESELL GAP MERCHANDISE TO OTHER FACILITIES**

Date: September 26, 2008
Time: 2:30 p.m.
Dept: 8
Judge: Honorable Charles R. Breyer

**Trial Date: October 6, 2008**

**PUBLIC VERSION**

DEFENDANTS' OPPOSITION TO ROOTS' MOTION IN LIMINE NO. 2 TO PRECLUDE GAP FROM ASSERTING AT TRIAL THAT ROOTS WAS NOT AUTHORIZED TO RESELL GAP MERCHANDISE TO OTHER FACILITIES
Case No. C 07-03363 CRB

425632.02

## I. INTRODUCTION

Roots second motion in limine provides further evidence that it intends to ignore the plain effect of the Court's summary judgment order and try this case on the basis of the failed allegations underlying its oral contract claims. Once again, Roots asserts that it purchased excess and ISP merchandise from Gap not in reliance on the written and fully integrated agreements between Gap and Gabana, but in reliance on various alleged statements and conduct purportedly at odds with those agreements. But the parol evidence still applies, and still bars Roots from introducing evidence to contradict the written agreements between Gap and Gabana. Order of Aug. 29, 2008 (Doc. 227) ("SJ Order"), at 7:1-10:11. Those agreements expressly preclude the types of distribution rights Roots now claims Gap led it to believe it possessed. In addition, Roots has no evidence—much less undisputed evidence—that Gap has ever adopted the position that Roots was authorized to distribute Gap merchandise in contravention of the terms of the written agreements.

Roots' motion also rests on a faulty premise: that evidence relating to the scope of its rights to sell or distribute Gap excess or ISP merchandise is relevant to any claim that remains to be tried to the jury. To the contrary, the only remaining issues for the jury relate to Roots' allegation that Gap fraudulently promised to make it a franchisee. *See* SJ Order, at 15:8-11; *see also*, Gap's Mot. in Lim. No. 4.[1] For each of these reasons, the Court should deny Roots' second motion in limine.

## II. ARGUMENT

To successfully claim equitable estoppel under California Code of Evidence § 623, Roots must show that Gap deliberately and intentionally misled it and that Roots reasonably relied on Gap's statements or conduct to its detriment. Cal. Code Evid. § 623; *Aragon-Haas v. Family Sec. Ins. Servs.*, 231 Cal. App. 3d 232, 241 (1991). Reliance based on alleged representations

[1] Gap's counterclaim for declaratory relief seeks only equitable relief and must be tried to the Court. *Granite States Ins. Co. v. Smart Modular Techs.*, 76 F.3d 1023, 1027 (9th Cir. 1996) (equitable issues should be resolved by the court).

1

DEFENDANTS' OPPOSITION TO ROOTS' MOTION IN LIMINE NO. 2 TO PRECLUDE GAP FROM ASSERTING AT TRIAL THAT ROOTS WAS NOT AUTHORIZED TO RESELL GAP MERCHANDISE TO OTHER FACILITIES
Case No. C 07-03363 CRB

425632.02

contrary to the specific terms of a written agreement is unreasonable as a matter of law. *Id.* (finding plaintiff's "alleged reliance and resulting detriment" unreasonable as a matter of law in light of clear contractual language that employment was terminable at will). Estoppel is generally a question of fact, for which Roots—as the party relying on the estoppel—bears the burden of proof. *State Comp. Ins. Fund v. Workers' Comp. Appeals Bd.*, 40 Cal. 3d 5, 16 (Cal. 1985).

**A. The "statements and conduct" upon which Roots purports to have relied are inadmissible under the parol evidence rule.**

In its summary judgment order, the Court found that Roots had no admissible evidence to support its allegations that Gap promised to grant it distribution rights in exchange for its purchase of 1.7 million pieces of excess inventory. SJ Order, 7:1-10:11. Roots now repackages those same allegations, going so far as to call them "undisputable facts," to support its argument that Gap should be equitably estopped from asserting what is clear under the written terms of the agreements—that Roots was not authorized to distribute Gap merchandise.

Roots cannot premise an estoppel claim on the basis of alleged statements or promises at odds with the clear terms of these agreements. *See Cal. Med. Ass'n, Inc. v. Aetna U.S. Healthcare of Cal., Inc.*, 94 Cal. App. 4th 151, 172 (2001) ("When parties have an actual contract covering a subject matter, a court cannot—not even under the guise of equity jurisprudence—substitute the court's own concepts of fairness regarding that subject in place of the parties own contract."). Here, the written agreements that served "as the exclusive embodiment of [Roots] agreement with Gap" clearly preclude the type of distribution rights that Roots claims Gap led it to believe it possessed. *See* SJ Order, 7:27-8:1; Order of Jan. 28, 2008 (Doc. 125), at 6:22-7:1. Each of the written agreements between Gap and Gabana included a clause that: "All Authorized Goods purchased pursuant to this Agreement must be sold directly and exclusively by [Gabana] to Authorized Retailers for sale in Authorized Stores within the Territory." Punak Decl. in Supp. of Gap's Mot. for Summ. J. (Doc. 181) ("Punak Decl."), Exhs. 14-16, ¶ 1 (d), (f). The Court has already observed that the affect of this language is clear: "Regardless of the fact that the ISP Agreement did not give Gabana <u>exclusive</u> distribution rights,

2

DEFENDANTS' OPPOSITION TO ROOTS' MOTION IN LIMINE NO. 2 TO PRECLUDE GAP FROM ASSERTING AT TRIAL THAT ROOTS WAS NOT AUTHORIZED TO RESELL GAP MERCHANDISE TO OTHER FACILITIES
Case No. C 07-03363 CRB

425632.02

the contract did prohibit sub-distributorships. According to the agreement, Gabana could only sell ISP to retailers." Order of Jan. 28, 2008 (Doc. 125), at 6:21-7:1 (emphasis in original). Roots' claim that Gap led it to believe that it was authorized to distribute Gap merchandise is thus at odds with the clear terms of the Gap-Gabana agreements and is barred by the parol evidence rule.

**B. There is no evidence—much less undisputed evidence—to support Roots' equitable estoppel claim.**

Even if the parol evidence did not bar Roots equitable estoppel claim (it does), there is no evidence that Gap ever took a position contrary to the one it has asserted in this litigation—namely, that Roots' only rights with respect to Gap merchandise were through its role as an authorized *retailer* of Gabana.

Roots' claim that "Gap never took [the position] prior to this litigation" that Roots was prohibited from reselling Gap merchandise to other retailers is not to be credited. The clear language of the Gap-Gabana contracts expressly contains such a prohibition. As this Court noted, "the express contracts between Gabana and Gap provid[e] that Gabana would purchase the OP and sell it directly to retailers or not at all." Order of Oct. 18, 2007 (Doc. 80), at 2:28-3:2. And Gap has consistently interpreted the written agreements to accord with their plain meaning. Darling Decl., Exh. A (Bell dep.), at 77:9-78:1 [REDACTED]; Exh. B (Ehlen dep.), 72:21-24 (Gap employee Jon Ehlen testifying that he understood that Roots had been "approved as a retailer and not a distributor"); Exh. C (Young dep.), 88:14-18 [REDACTED] Gap also adopted the same position in the litigation between Gap and Gabana. *See, e.g.*, *Gabana Gulf Distrib., LTD v. Gap Int'l Sales, Inc.*, Case No. C 06 2584 CRB (EDL) (Doc. 204), at 3 (asserting in summary judgment motion that "[t]he [Gap-Gabana] contract permitted Gabana to sell the products only to retailers approved by Gap, not to other distributors.")

Through quotations taken out of context, Roots attempts to manufacture an "undisputed

3

DEFENDANTS' OPPOSITION TO ROOTS' MOTION IN LIMINE NO. 2 TO PRECLUDE GAP FROM ASSERTING AT TRIAL THAT ROOTS WAS NOT AUTHORIZED TO RESELL GAP MERCHANDISE TO OTHER FACILITIES
Case No. C 07-03363 CRB

425632.02

fact" that Gap has previously authorized Roots to sell Gap merchandise to other retailers. The documents Roots cites, however, prove no such thing. For example, Roots cites an email from Bell for the proposition that Gap knew that Roots was reselling merchandise outside of Qatar. But in that email, Bell expressly states: "We can work to approve these countries under our Distributor Contract with Gabana. However, it is necessary that we follow the process within that contract." Nash Decl., Ex. 12. Roots cites another email from Ehlen as purported evidence that he "expressly confirmed" that Roots' role included distributing merchandise to other retailers, but the email says nothing of the kind. To the contrary, Ehlen specifically states, "we do not recognize Roots as a distributor." *Id.*, Ex. 13. Ehlen further reiterated that Roots was an approved retailer of excess inventory and required to abide by the terms and conditions of the written agreement with Gabana. *Id.* Gap is thus not estopped from asserting that the contracts between Gap and Gabana meant exactly what they said—that authorized retailers such as Roots had no right to distribute Gap merchandise.

## III. CONCLUSION

Accordingly, the Court should deny Roots' second motion in limine.

Dated: September 18, 2008

KEKER & VAN NEST, LLP

By: /s/ Rebekah Punak

Rebekah Punak
Attorneys for Defendants
GAP INTERNATIONAL SALES, INC., THE GAP, INC., BANANA REPUBLIC, LLC, and OLD NAVY, LLC

4

DEFENDANTS' OPPOSITION TO ROOTS' MOTION IN LIMINE NO. 2 TO PRECLUDE GAP FROM ASSERTING AT TRIAL THAT ROOTS WAS NOT AUTHORIZED TO RESELL GAP MERCHANDISE TO OTHER FACILITIES
Case No. C 07-03363 CRB

425632.02